# LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

DRAFT

**As Revised through _____, 2005**

**[These Local Rules are available at: www.rid.uscourts.gov]**

**Draft for Public Comment**

**June 2005**

# TABLE OF CONTENTS

## *LOCAL RULES OF GENERAL APPLICATION*


| Local Rule | | | Page |
|---|---|---|---|
| LR Gen 101 | SCOPE AND PURPOSE OF RULES | | 1 |
| | (a) | Title | 1 |
| | (b) | Effective Date | 1 |
| | (c) | Applicability | 1 |
| | (d) | Previous Rules and Orders Superseded | 1 |
| | (e) | Construction | 1 |
| | (f) | "Court" | 1 |
| LR Gen 102 | DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION | | 2 |
| | (a) | In General | 2 |
| | (b) | Transmittal by Clerk | 2 |
| | (c) | Filing of Sealed Documents | 2 |
| | (d) | Unsealing of Documents | 3 |
| LR Gen 103 | COURTROOM PRACTICE | | 4 |
| | (a) | Addressing the Court | 4 |
| | (b) | Registering Objections | 4 |
| | (c) | Witnesses | 4 |
| | (d) | Exhibits | 4 |
| LR Gen 104 | REMOVAL AND COPYING OF DOCUMENTS | | 6 |
| | (a) | Removal of Documents | 6 |
| | (b) | Copies | 6 |
| LR Gen 105 | ASSIGNMENT OF CASES | | 7 |
| | (a) | New Cases | 7 |
| | (b) | Remanded Cases | 7 |
| | (c) | Emergency Matters | 7 |
| LR Gen 106 | REFERRALS TO AND FROM THE DISTRICTS OF NEW HAMPSHIRE AND MAINE | | 8 |
| | (a) | Jurisdiction and Rules | 8 |
| | (b) | Filing of Documents | 8 |
| | (c) | Notification of Pending Matters | 8 |
| | (d) | Trials and Other Proceedings | 8 |


DRAFT

| | | | |
|---|---|---|---|
| **LR Gen 107** | **REQUESTS FOR DAILY TRANSCRIPTS OF COURT PROCEEDINGS** | | **9** |
| **LR Gen 108** | **INTERPRETERS** | | **10** |
| | **(a)** | **Use of Interpreter** | **10** |
| | **(b)** | **Requests for Interpreters** | **10** |
| | **(c)** | **Number of Interpreters** | **10** |
| | **(d)** | **Auxiliary Aides for the Hearing Impaired** | **10** |
| | **(e)** | **Interpreter Expenses** | **11** |
| **LR Gen 109** | **BANKRUPTCY** | | **12** |
| | **(a)** | **References and Withdrawals of References of Bankruptcy Cases** | **12** |
| | **(b)** | **Filings in Bankruptcy Cases** | **12** |
| | **(c)** | **Jury Trials in Bankruptcy Court** | **12** |
| | **(d)** | **Reports and Recommendations by Bankruptcy Judge** | **12** |
| | **(e)** | **Appeals to Bankruptcy Appellate Panel** | **13** |
| | **(f)** | **Appeals to District Court** | **13** |
| | **(g)** | **Stays Pending Appeal to the District Court** | **14** |
| | **(h)** | **Local Bankruptcy Rules** | **15** |
| | **(i)** | **Applicability of Local Rules** | **15** |
| | **(j)** | **Discretion of Court** | **15** |
| **LR Gen 110** | **DISCLOSURE OF NON-PUBLIC INFORMATION** | | **17** |
| **LR Gen 111** | **PHOTOGRAPHING; RECORDING; BROADCASTING** | | **18** |
| | **(a)** | **Recording and Broadcasting Prohibited** | **18** |
| | **(b)** | **Ceremonies** | **18** |
| | **(c)** | **Handwritten Notes** | **18** |
| **LR Gen 112** | **SANCTIONS FOR NON-COMPLIANCE WITH LOCAL RULES** | | **19** |
| | **(a)** | **In General** | **19** |
| | **(b)** | **Notice and Opportunity to Be Heard** | **19** |
| **LR Gen 113** | **AMENDMENTS TO LOCAL RULES** | | **20** |
| | **(a)** | **In General** | **20** |
| | **(b)** | **Local Rules Review Committee** | **20** |
| | **(c)** | **Comments from Members of the Bar** | **20** |
| | **(d)** | **Emergency Amendments** | **20** |
| | **(e)** | **General Orders / Administrative Orders** | **20** |


DRAFT

## *LOCAL RULES GOVERNING ATTORNEY ADMISSIONS, APPEARANCES AND DISCIPLINE*

### *I. REGULATION OF ATTORNEY PRACTICE BEFORE THE COURT*


| | | | |
|---|---|---|---|
| **LR Gen 201** | **PRACTICE BEFORE THIS COURT** | | **22** |
| | **(a)** | **Requirement of Membership in Local Bar** | **22** |
| | **(b)** | **Exceptions to Requirement of Membership** | **22** |
| | **(c)** | **Filing of Documents** | **22** |
| **LR Gen 202** | **ELIGIBILITY AND PROCEDURE FOR ADMISSION** | | **23** |
| | **(a)** | **Requirements for Admission** | **23** |
| | **(b)** | **Procedure for Admission** | **23** |
| | **(c)** | **Board of Bar Examiners and Course of Instruction** | **25** |
| **LR Gen 203** | **CONTINUATION OF MEMBERSHIP IN BAR** | | **27** |
| | **(a)** | **Requirements** | **27** |
| | **(b)** | **Notifications** | **27** |
| | **(c)** | **Expiration and Renewal of Membership** | **28** |
| **LR Gen 204** | **PRO HAC VICE COUNSEL** | | **30** |
| | **(a)** | **Authorization to Appear and Practice** | **30** |
| | **(b)** | **Eligibility for *Pro Hac Vice* Admission** | **30** |
| | **(c)** | **Limit on Number** | **30** |
| | **(d)** | **Application** | **30** |
| | **(e)** | **Local Counsel** | **30** |
| | **(f)** | **Admission and Revocation** | **31** |
| | **(g)** | **Notification** | **32** |
| **LR Gen 205** | ***PRO SE* LITIGANTS** | | **33** |
| | **(a)** | **Eligibility to Appear *Pro Se*** | **33** |
| | **(b)** | **Filing of Documents** | **33** |
| | **(c)** | **Service on Party Acting *Pro Se*** | **33** |
| | **(d)** | **Notification** | **33** |
| **LR Gen 206** | **APPEARANCES AND WITHDRAWALS** | | **34** |
| | **(a)** | **In General** | **34** |
| | **(b)** | **Appearance** | **34** |
| | **(c)** | **Designation of Lead Counsel; Notices** | **34** |
| | **(d)** | **Withdrawal of Appearance** | **34** |


DRAFT

| | | | |
|---|---|---|---|
| **LR Gen 207** | **CONFLICT OF COURT APPEARANCES; EXCUSALS** | | **36** |
| | **(a)** | **Conflicting Appearances** | **36** |
| | **(b)** | **Excuse from Court Appearances** | **36** |

***II. ATTORNEY CONDUCT AND DISCIPLINE***

| | | | |
|---|---|---|---|
| **LR Gen 208** | **STANDARDS OF PROFESSIONAL CONDUCT** | | **38** |
| | **(a)** | **In General** | **38** |
| | **(b)** | **Prosecutors** | **38** |
| **LR Gen 209** | **BASIS FOR DISCIPLINARY ACTION** | | **39** |
| | **(a)** | **Conferred Jurisdiction** | **39** |
| | **(b)** | **Forms of Discipline** | **39** |
| | **(c)** | **Misconduct** | **39** |
| **LR Gen 210** | **DISCIPLINARY PROCEEDINGS** | | **40** |
| | **(a)** | **Definition of "Court"** | **40** |
| | **(b)** | **Initiation of Proceedings** | **40** |
| | **(c)** | **Commencement of Formal Proceedings** | **41** |
| | **(d)** | **Hearing** | **41** |
| **LR Gen 211** | **DISCIPLINARY ACTION BY COURT** | | **43** |
| **LR Gen 212** | **DISBARMENT BY CONSENT** | | **44** |
| | **(a)** | **Procedure** | |
| | **(b)** | **Confidentiality of Supporting Papers** | **44** |
| **LR Gen 213** | **CRIMINAL CONVICTIONS** | | **45** |
| | **(a)** | **Criminal Convictions** | **45** |
| | **(b)** | **Reversal of Conviction** | **45** |
| **LR Gen 214** | **ACTION TAKEN BY OTHER COURTS OR DISCIPLINARY AGENCIES** | | **46** |
| | **(a)** | **Show Cause Order** | **46** |
| | **(b)** | **Disciplinary action** | **46** |
| | **(c)** | **Effect of Decision by Other Tribunal** | **46** |
| **LR Gen 215** | **REINSTATEMENT OF MEMBERSHIP** | | **48** |
| | **(a)** | **Application for reinstatement** | **48** |
| | **(b)** | **Procedure on Application** | **48** |
| | **(c)** | **Conduct of hearing** | **49** |


DRAFT

| | | | |
|---|---|---|---|
| **LR Gen 216** | **PUBLIC ACCESS AND CONFIDENTIALITY** | | **50** |
| | **(a)** | **Publicly Available Records** | **50** |
| | **(b)** | **Respondent's Request** | **50** |

*LOCAL RULES APPLICABLE TO CIVIL PROCEEDINGS*

| | | | |
|---|---|---|---|
| **LR Cv 5** | **FORM AND FILING OF DOCUMENTS; REJECTION OF NON-CONFORMING DOCUMENTS** | | **51** |
| | **(a)** | **Form and Content of Documents** | **51** |
| | **(b)** | **Civil Cover Sheet** | **51** |
| | **(c)** | **Filing Fee** | **51** |
| | **(d)** | **Discovery Documents** | **52** |
| | **(e)** | **Place for Filing Documents** | **52** |
| | **(f)** | **Non-Conforming Documents** | **52** |
| **LR Cv 5.1** | **SERVICE AND PROOF OF SERVICE** | | **53** |
| | **(a)** | **Proof of Service** | **53** |
| | **(b)** | **Private Process Servers** | **53** |
| **LR Cv 5.2** | **NOTICE BY PUBLICATION** | | **54** |
| **LR Cv 7** | **MOTIONS** | | **55** |
| | **(a)** | **Form and Content** | **55** |
| | **(b)** | **Objections and Replies** | **55** |
| | **(c)** | **Copies** | **55** |
| | **(d)** | **Memoranda and Supporting Documents** | **55** |
| | **(e)** | **Need for Evidentiary Hearing** | **57** |
| **LR Cv 7.1** | **ORDERS** | | **58** |
| | **(a)** | **Preparation by Clerk** | **58** |
| | **(b)** | **By Counsel** | **58** |
| **LR Cv 9** | **REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT** | | **59** |
| **LR Cv 9.1** | **NOTICE OF RELATED ACTIONS OR PROCEEDINGS** | | **60** |
| **LR Cv 10** | **FORM OF PLEADINGS** | | **61** |

DRAFT

| | | |
|---|---|---|
| **LR Cv 11** | **SIGNING OF PLEADINGS AND REPRESENTATIONS BY ATTORNEYS** | **62** |
| **LR Cv 15** | **MOTIONS TO AMEND** | **63** |
| **LR Cv 16** | **INITIAL SCHEDULING CONFERENCE; SCHEDULING; MANAGEMENT** | **64** |
| | **(a) Initial Scheduling Conference** | **64** |
| | **(b) Preparation for Initial Scheduling Conference** | **64** |
| | **(c) Statement of Claims** | **64** |
| | **(d) Attendance of Trial Counsel** | **64** |
| **LR Cv 19** | **INDISPENSABLE PARTIES** | **65** |
| **LR Cv 22** | **INTERPLEADER FUNDS** | **66** |
| **LR Cv 23** | **CLASS ACTIONS** | **67** |
| | **(a) Form of Pleading** | **67** |
| | **(b) Certification of Class** | **67** |
| | **(c) Settlement of Class Action Claims** | **67** |
| **LR Cv 24** | **NOTIFICATION OF CLAIM OF UNCONSTITUTIONALITY** | **69** |
| | **(a) Federal Statutes** | **69** |
| | **(b) State Statutes** | **69** |
| | **(c) Notification** | **69** |
| **LR Cv 26** | **DISCOVERY** | **70** |
| | **(a) Discovery Conference** | **70** |
| | **(b) Discovery Plan** | **70** |
| **LR Cv 29** | **STIPULATIONS** | **71** |
| | **(a) In General** | **71** |
| | **(b) Stipulations Extending Time** | **71** |
| **LR Cv 32** | **USE OF DEPOSITIONS** | **72** |
| **LR Cv 33** | **INTERROGATORIES** | **73** |
| | **(a) Filing** | **73** |
| | **(b) Form of Response** | **73** |
| **LR Cv 34** | **REQUESTS FOR PRODUCTION** | **74** |
| | **(a) Filing** | **74** |
| | **(b) Form of Response** | **74** |
| | **(c) Objections** | **74** |

DRAFT

| | | |
|---|---|---|
| **LR Cv 36** | **REQUESTS FOR ADMISSION** | **75** |
| | **(a) Filing** | **75** |
| | **(b) Form of Response** | **75** |
| | **(c) Objections** | **75** |
| **LR Cv 37** | **MOTIONS TO COMPEL DISCOVERY** | **76** |
| | **(a) Form** | **76** |
| | **(b) Prerequisites to Filing Motion** | **76** |
| | **(c) Time for Compliance** | **76** |
| **LR Cv 38** | **JURY DEMAND** | **77** |
| **LR Cv 39** | **TIME LIMITS; USE OF RECORDED TESTIMONY** | **78** |
| | **(a) Opening Statements** | **78** |
| | **(b) Recorded Conversations or Testimony** | **78** |
| | **(c) Time Limits** | **79** |
| **LR Cv 39.1** | **VIEWS** | **80** |
| | **(a) In General** | **80** |
| | **(b) Conduct of View** | **80** |
| **LR Cv 39.2** | **CONTINUANCES** | **81** |
| | **(a) In General** | **81** |
| | **(b) Unavailability of Witnesses** | **81** |
| **LR Cv 39.3** | **MOTIONS IN LIMINE** | **82** |
| **LR Cv 39.4** | **SETTLEMENT** | **83** |
| | **(a) General** | **83** |
| | **(b) Jury Costs** | **83** |
| | **(c) Settlements on Behalf of Minors or Incompetents** | **83** |
| **LR Cv 41** | **DISMISSALS FOR LACK OF PROSECUTION** | **85** |
| **LR Cv 41.1** | **ADMINISTRATIVE CLOSURE OF CASES SUBJECT TO BANKRUPTCY STAY** | **86** |
| **LR Cv 44** | **PROOF OF OFFICIAL OR CERTIFIED RECORDS** | **87** |

DRAFT

| | | | |
|---|---|---|---|
| **LR Cv 47** | **SELECTION OF AND COMMUNICATION WITH JURORS** | | **88** |
| | **(a)** | **In General** | **88** |
| | **(b)** | **Voir Dire Questions** | **88** |
| | **(c)** | **Challenges** | **88** |
| | **(d)** | **Communication with Jurors** | **88** |
| **LR Cv 49** | **SPECIAL VERDICTS AND INTERROGATORIES** | | **89** |
| **LR Cv 51** | **WAIVER OF JURY INSTRUCTIONS** | | **90** |
| **LR Cv 53** | **ADR REFERRALS** | | **91** |
| **LR Cv 54** | **COSTS** | | **92** |
| | **(a)** | **Timing of Request** | **92** |
| | **(b)** | **Form of Request** | **92** |
| | **(c)** | **Taxation by Clerk** | **92** |
| | **(d)** | **Objections to Costs** | **92** |
| | **(e)** | **Resolution of Objections** | **92** |
| **LR Cv 54.1** | **ATTORNEYS' FEES** | | **93** |
| | **(a)** | **Time of Request** | **93** |
| | **(b)** | **Supporting Affidavits** | **93** |
| **LR Cv 54.2** | **JUROR COSTS** | | **94** |
| **LR Cv 55** | **MOTIONS FOR DEFAULT JUDGEMENT** | | **95** |
| **LR Cv 56** | **MOTIONS FOR SUMMARY JUDGMENT** | | **96** |
| | **(a)** | **Statement of Undisputed Facts** | **96** |
| | **(b)** | **Supporting Documents** | **96** |
| | **(c)** | **Successive Motions** | **96** |
| **LR Cv 58** | **PREPARATION AND ENTRY OF JUDGMENTS** | | **97** |
| | **(a)** | **Preparation by Clerk** | **97** |
| | **(b)** | **Preparation by Counsel** | **97** |
| **LR Cv 58.1** | **SATISFACTION OF JUDGMENTS** | | **98** |
| | **(a)** | **Entry by Clerk** | **98** |
| | **(b)** | **Payment into Court** | **98** |
| **LR Cv 62** | **SUPERSEDEAS BOND** | | **99** |

DRAFT

| | | | |
|---|---|---|---|
| **LR Cv 65** | **INJUNCTIONS** | | **100** |
| **LR Cv 65.1** | **SECURITY AND SURETIES** | | **101** |
| | **(a)** | **Security** | **101** |
| | **(b)** | **Individual Sureties** | **101** |
| | **(c)** | **Members of the Bar and Court Officers Ineligible** | **101** |
| | **(d)** | **Execution of Bond** | **101** |
| | **(e)** | **Approval of Bond** | **102** |
| | **(f)** | **Service** | **102** |
| | **(g)** | **Modification of Bond** | **102** |
| **LR Cv 65.2** | **SECURITY FOR COSTS** | | **103** |
| | **(a)** | **Security for Costs** | **103** |
| | **(b)** | **Failure to Furnish Security** | **103** |
| **LR Cv 67** | **PARTIES' FUNDS DEPOSITED WITH CLERK OF COURT** | | **104** |
| | **(a)** | **Procedure for Deposit of Funds** | **104** |
| | **(b)** | **Procedure for Withdrawals and Fund Transactions** | **104** |
| | **(c)** | **Deduction of Court Fees** | **104** |
| **LR Cv 68** | **SETTLEMENT** | | **105** |
| **LR Cv 69** | **WRITS OF EXECUTION; RELATED PROCEEDINGS** | | **106** |
| | **(a)** | **Execution** | **106** |
| | **(b)** | **Requests for Writ of Execution** | **106** |
| | **(c)** | **Return of Execution** | **106** |
| **LR Cv 72** | **MAGISTRATE JUDGES** | | **107** |
| | **(a)** | **Authority and Duties** | **107** |
| | **(b)** | **Vacating Referrals** | **107** |
| | **(c)** | **Appeals from Rulings on Nondispositive Matters** | **107** |
| | **(d)** | **Objections to Reports and Recommendations** | **107** |
| **LR Cv 73** | **CONSENT TO ORDER OF REFERENCE** | | **109** |
| | **(a)** | **Trial by Magistrate Judge** | **109** |
| | **(b)** | **Notification of Option to Consent** | **109** |

DRAFT

| | | |
|---|---|---|
| **LR Cv 81** | **REMOVAL FROM STATE COURT** | **110** |
| | **(a) Notice of Removal** | **110** |
| | **(b) Filing of State Court Record** | **110** |


## *LOCAL RULES APPLICABLE TO CRIMINAL PROCEEDINGS*


| | | |
|---|---|---|
| **LR Cr 6** | **GRAND JURY MATTERS** | **111** |
| | **(a) Terms of Grand Jury** | **111** |
| | **(b) Return and Filing of Indictments** | **111** |
| | **(c) Motions and Pleadings Concerning Grand Jury** | **111** |
| | **(d) Confidentiality of Grand Jurors** | **111** |
| | **(e) Grand Jury Security** | **111** |
| **LR Cr 10** | **TRIAL DATE** | **112** |
| **LR Cr 10.1** | **POST-ARRAIGNMENT MEETING** | **112** |
| **LR Cr 11** | **PLEAS AND PLEA AGREEMENTS** | **113** |
| | **(a) Time and Form** | **113** |
| | **(b) Disclosure of Defendant's Medication** | **113** |
| **LR Cr 12** | **PRETRIAL MOTIONS** | **114** |
| | **(a) Form and Content** | **114** |
| | **(b) Motions to Suppress** | **114** |
| | **(c) Discovery Motions** | **114** |
| | **(d) Duty to Address Speedy Trial Act** | **114** |
| | **(e) Need for Evidentiary Hearing** | **115** |
| | **(f) Speedy Trial Orders** | **115** |
| **LR Cr 16** | **DISCOVERY** | **116** |
| | **(a) Discovery and Pretrial Motions** | **116** |
| | **(b) Pretrial Disclosures** | **116** |
| | **(c) Deadline for Discovery** | **116** |
| **LR Cr 17.** | **SUBPOENAS** | **117** |
| | **(a) Subpoena *Duces Tecum*** | **117** |
| | **(b) Subpoena *Ad Testificandum*** | **117** |
| **LR Cr 17.1** | **PRETRIAL CONFERENCE** | **118** |
| **LR Cr 20** | **TRANSFER OF CRIMINAL PROCEEDINGS** | **119** |
| | **(a) Assignment of Transferred Cases** | **119** |
| | **(b) Related or Similar Cases** | **119** |


DRAFT

| | | | |
|---|---|---|---|
| **LR Cr 23** | **COURTROOM PRACTICE** | | **120** |
| | **(a)** | **Opening Statements** | **120** |
| | **(b)** | **Recorded Conversations or Testimony** | **120** |
| | **(c)** | **Time Limits** | **121** |
| **LR Cr 23.1** | **VIEWS** | | **122** |
| | **(a)** | **In General** | **122** |
| | **(b)** | **Conduct of View** | **122** |
| **LR Cr 24.** | **EMPANELMENT OF TRIAL JURORS** | | **123** |
| | **(a)** | **In General** | **123** |
| | **(b)** | **Objections to Empanelment by Magistrate Judge** | **123** |
| | **(c)** | **Voir Dire Questions** | **123** |
| | **(d)** | **Challenges for Cause** | **123** |
| | **(e)** | **Peremptory Challenges** | **123** |
| | **(f)** | **Communication with Jurors** | **124** |
| **LR Cr 26** | **MOTIONS IN LIMINE** | | **125** |
| **LR Cr 32** | **SENTENCING AND PRESENTENCE REPORTS** | | **126** |
| | **(a)** | **Sentences Outside of the Guideline Range** | **126** |
| | **(b)** | **Sentencing Witnesses; Expert Report** | **126** |
| | **(c)** | **Presentence Investigative Report** | **126** |
| **LR Cr 32.1** | **REVOKING OR MODIFYING SUPERVISED RELEASE** | | **128** |
| | **(a)** | **Proceedings Before a Magistrate Judge** | **128** |
| | **(b)** | **Modification of Supervised Release / Waiver of Hearing** | **128** |
| **LR Cr 44** | **PROCEEDINGS INVOLVING AN INDIGENT DEFENDANT** | | **129** |
| | **(a)** | **Appointment of Counsel by the Court** | **129** |
| | **(b)** | **CJA Attorneys-Fees and Expenses** | **129** |
| | **(c)** | **Continuing Duty of Representation** | **129** |
| **LR Cr 44.1** | **REPRESENTATION OF MULTIPLE DEFENDANTS** | | **130** |
| | **(a)** | **In General** | **130** |
| | **(b)** | **Certification** | **130** |

DRAFT

| | | | |
|---|---|---|---|
| **LR Cr 46** | **SECURITY AND SURETIES** | | **131** |
| | **(a)** | **Security** | **131** |
| | **(b)** | **Individual Sureties** | **131** |
| | **(c)** | **Members of the Bar and Court Officers Ineligible** | **131** |
| | **(d)** | **Execution of Bond** | **131** |
| | **(e)** | **Approval of Bond** | **132** |
| | **(f)** | **Modification of Bond** | **132** |
| **LR Cr 46.1** | **RETURN OF BOND** | | **133** |
| **LR Cr 47** | **MOTIONS AND SUPPORTING DOCUMENTS** | | **134** |
| | **(a)** | **Content** | **134** |
| | **(b)** | **Objections and Replies** | **134** |
| | **(c)** | **Copies** | **134** |
| | **(d)** | **Memoranda and Supporting Documents** | **134** |
| | **(e)** | **Need for Evidentiary Hearing** | **135** |
| **LR Cr 47.1** | **ORDERS** | | **136** |
| | **(a)** | **Preparation By Clerk** | **136** |
| | **(b)** | **By Counsel** | **136** |
| **LR Cr 57** | **FORM AND FILING OF DOCUMENTS** | | **137** |
| | **(a)** | **Form and Content of Documents** | **137** |
| | **(b)** | **Criminal Cover Sheet** | **137** |
| **LR Cr 57.1** | **APPLICATIONS FOR POST-CONVICTION RELIEF** | | **138** |
| | **(a)** | **Form** | **138** |
| | **(b)** | **Non-conforming Filing** | **138** |
| | **(c)** | **Assignment** | **138** |
| | **(d)** | **Ineffective Assistance of Counsel Claims** | **138** |
| **LR Cr 57.2** | **AUTHORITY OF MAGISTRATES IN CRIMINAL CASES** | | **139** |
| | **(a)** | **Authority and Duties** | **139** |
| | **(b)** | **Vacating Referrals** | **139** |
| | **(c)** | **Appeals From Rulings on Nondispositive Matters** | **139** |
| | **(d)** | **Objections to Reports and Recommendations** | **139** |
| **LR Cr 58** | **FORFEITURE OF COLLATERAL** | | **141** |
| | **(a)** | **Generally** | **141** |
| | **(b)** | **Forfeiture of Collateral Schedule** | **141** |

DRAFT

**FORMS**

**Form 1:** **Motion for Entry of Appearance Pro Hac Vice**
**Form 2:** **Certification of Defendant's Medication**
**Form 3:** **Advice of Rights and Waiver of Conflict of Interest Form**

**INDEX** **i**

DRAFT

# LOCAL RULES OF GENERAL APPLICATION

# AND ATTORNEY RULES

DRAFT

**Draft for Public Comment**

**June 2005**

**[ THIS PAGE INTENTIONALLY LEFT BLANK ]**

DRAFT

# *LOCAL RULES OF GENERAL APPLICATION*

## LR Gen 101 SCOPE AND PURPOSE OF RULES

**(a)** **Title.** These Local Rules are adopted pursuant to Title 28 United States Code, Section 2071, Rule 83 of the Federal Rules of Civil Procedure, and Rule 57 of the Federal Rules of Criminal Procedure, and shall be known and cited as the Local Rules of the United States District Court for the District of Rhode Island ("Local Rules" or "DRI LR ___").

**(b)** **Effective Date.** These Local Rules shall become effective on ____________ and shall apply to all cases then pending and thereafter filed.

**(c)** **Applicability.** These Local Rules and any amendments shall apply to all proceedings in the United States District Court for the District of Rhode Island; provided, however, that if the Court determines that exceptional circumstances exist in which application of a Rule would create an injustice or undue hardship, the Court may suspend the operation of that Rule under those circumstances. In addition to these rules, all parties must comply with any and all pretrial order(s) issued in any case.

DRAFT

**(d)** **Previous Rules and Orders Superseded.** All prior rules, standing orders and general orders are superseded and abrogated, to the extent that they conflict with these Local Rules.

**(e)** **Construction.** These Rules should be construed consistently with other applicable statutes and rules to secure the just, speedy and inexpensive determination of all proceedings before the Court.

**(f)** **"Court."** As used in these Rules, the term "Court" refers to the judge or judicial officer before whom a proceeding is pending, unless otherwise stated or unless the context in which the term is used plainly requires otherwise.

**CROSS-REFERENCE**

See LR Gen 113(e) **(**rules do not restrict Court from issuing general orders or administrative orders**)**.

## LR Gen 102 DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

**(a) In General.**

(1) Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed because it contains: (A) confidential personal or business information, (B) references to matters contained in the presentence report, and/or (C) other matters that should not be made public, the document shall be accompanied by a motion to seal, which explains why the document should be sealed.

(2) Unless the Court otherwise permits, if counsel or a party has good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, the document shall not be filed until such other party has been notified and afforded an opportunity to file a motion to seal.

DRAFT

(3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information.

(4) Unless otherwise ordered, the motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

**(b) Transmittal by Clerk.** Upon receipt of a motion to seal, the clerk shall docket the motion but not the documents which are the subject of the motion and shall immediately transmit the motion and documents to the chambers of the judge to whom the case has been assigned.

**(c) Filing of Sealed Documents.** In a criminal case, if the Court grants a motion to seal, the motion to seal, the order granting the motion to seal, and the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. In a civil case, unless otherwise ordered by the Court, the sealed envelope shall be marked with the number of the case and the docket number of the motion to seal and shall be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be docketed and filed in accordance with these Local Rules.

**(d) Unsealing of Documents.** Documents sealed by the Court may be unsealed at any time upon motion of a party or non-party or by the Court *sua sponte*.

**CROSS-REFERENCES**

See LR Gen 110 (restricting disclosure of nonpublic information).

See generally LR Cv 7 (regarding motions and memoranda) and LR Cr 47 (Motions and Supporting Affidavits).

DRAFT

## LR Gen 103 COURTROOM PRACTICE

(a) **Addressing the Court.** Counsel shall stand at the podium when addressing the Court and when examining and cross-examining witnesses unless the Court expressly excuses counsel from standing.

(b) **Registering Objections**. When registering an objection, counsel shall state the legal grounds for the objection (e.g., leading, hearsay, etc.) and/or the Rule of Evidence upon which counsel relies (e.g., 404(b)) but shall not argue or make any further comment unless requested by the Court.

(c) **Witnesses**.

(1) **Scheduling.** Counsel shall schedule witnesses in a manner that ensures that there will be no delays in trial.

(2) **Examination.** No witness may be examined by more than one attorney representing a party unless the Court otherwise permits.

(3) **Attorneys as Witnesses.** An attorney shall not testify in a case in which that attorney participates as counsel, except to the extent allowed by the Rules of Professional Conduct and permitted by the Court.

(d) **Exhibits.**

(1) **Custody.** Unless otherwise ordered by the Court, the Clerk shall maintain custody of all exhibits marked for identification and/or admitted into evidence in any proceeding. No exhibit shall be removed or withdrawn without permission of the Court.

(2) **Preservation.** When necessary in order to complete the record, the Court, in its discretion, may permit a party to photograph or otherwise copy a chalk, or print or otherwise reproduce any electronic images and markings thereon, or to preserve any other item shown to the fact-finder.

(3) **Disposition.** Unless otherwise ordered, within thirty (30) days after the final disposition of the case, exhibits may be removed from the Clerk's office by the party presenting the exhibit. Exhibits not so removed may be destroyed or otherwise disposed of by the Clerk.

**CROSS-REFERENCES**

See LR Cr 23 (courtroom practice in criminal cases) and LR Cv 39 (time limits and recorded testimony in courtroom in civil cases).

DRAFT

## LR Gen 104 REMOVAL AND COPYING OF DOCUMENTS

**(a) Removal of Documents.** Unless otherwise ordered by the Court, case files or documents filed with the Clerk as part of the record in a case shall not be removed from the Clerk's office except:

(1) by a judicial officer or Court employee using the documents for an official purpose; or

(2) by counsel or a member of the public examining the documents under the Clerk's supervision at a place designated by the Clerk for that purpose.

**(b) Copies.** Upon the request of any person, the Clerk, to the extent reasonable under the circumstances, shall provide copies of any public document filed in a case. The Clerk may charge a reasonable fee for copying.

DRAFT

## LR Gen 105 ASSIGNMENT OF CASES

**(a) New Cases.**

**(1) In General.** Except as otherwise provided in paragraph (a)(2) of this Rule, each new case shall be randomly assigned to a district judge and a magistrate judge in a manner that evenly distributes the cases among them by type of classification as determined under LR Cv 5(b) or LR Cr 57(b).

**(2) Related Cases.** A civil or criminal case which the cover sheet indicates, or which the Clerk believes may be related to a case previously filed in this Court shall be provisionally assigned to the judge to whom the related case was assigned. If the judge to whom the case is provisionally assigned determines that the case is not closely related, the judge shall return the case to the clerk for random assignment as provided in paragraph (a)(1) of this Rule.

**(3) Re-filed Cases.** A civil or criminal case that appears to involve substantially the same parties and issues as a case or proceeding that previously was brought in this Court and dismissed or otherwise terminated shall be provisionally assigned to the judge who originally was assigned the prior case or proceeding, or if already assigned, shall be transferred to the judge who originally was assigned the prior case or proceeding.

**(b) Remanded Cases.** Any case remanded to this Court shall be reassigned to the judge to whom the case previously was assigned, unless that judge determines that the interests of justice require that the case be assigned to a different judge.

**(c) Emergency Matters.** If immediate action is required with respect to some matter in a case and the judge to whom the case has been assigned is unavailable or otherwise unable to address that matter, the Clerk shall refer that matter to the Chief Judge. If the Chief
Judge is unavailable, the Clerk shall present the matter to the next most senior active judge who is able to hear it. The judge to whom such matter is referred shall act only to the extent necessary to meet the immediate need, and only until the judge to whom the case was assigned becomes available to hear it. If a judge to whom such a matter is referred determines that no immediate action is required, the request for immediate action shall not thereafter be presented to another judge.

**CROSS-REFERENCES**
<u>See</u> LR Gen 106 (Referrals to and from the Districts of New Hampshire and Maine).
<u>See</u> <u>also</u> LR Cv 9.1 (Notice of Related Actions or Proceedings).

DRAFT

## LR Gen 106 REFERRALS TO AND FROM THE DISTRICTS OF NEW HAMPSHIRE AND MAINE

When a case or other matter is referred to the District of New Hampshire or the District of Maine because all of the judges in this District have recused themselves, or when a judge of this District is designated to preside over a case filed in either of those districts, the following procedures shall apply:

**(a)** **Jurisdiction and Rules.** The originating court shall retain jurisdiction over the case, and the Local Rules of the originating court shall govern the case unless otherwise ordered by the judge who is presiding by designation. Any final judgment shall be entered by the originating court.

**(b)** **Filing of Documents**. Original documents shall be filed with the clerk of the originating court, and copies shall be filed with the clerk of the court to which the matter is referred. The case caption on all documents filed shall bear the file numbers of both courts.

DRAFT

**(c)** **Notification of Pending Matters.** When a case is referred to this District, the Clerk of this Court shall direct the parties to notify the Court in writing within fifteen (15) days of any pending motions or other matters in the case that require action by the Court. If no such notification is received, the Clerk shall terminate any pending motions or matters as "passed." The documents with respect to any pending motions or matters for which notification is received shall be separated by the Clerk and re-filed as of the date of receipt of the notice.

**(d)** **Trials and Other Proceedings.** Conferences and hearings may be held in either district. Jury trials shall be held in the district where the case originates unless all parties agree otherwise.

**CROSS-REFERENCE**

See also LR Gen 105 (Assignment of Cases).

## LR Gen 107 REQUESTS FOR DAILY TRANSCRIPTS OF COURT PROCEEDINGS

All requests for daily or expedited transcripts must be made in writing to the court reporter, if known, and if not, to the Clerk, with copies to opposing counsel, not later than five (5) business days before the hearing or trial to be transcribed.

**CROSS-REFERENCES**

See 28 U.S.C. § 753. See also Court Reporter Plan for the District of Rhode Island.

DRAFT

## LR Gen 108 INTERPRETERS

**(a) Use of Interpreter.** Whether a language or sign language interpreter is required in any proceeding shall be determined by the Court. No interpreter shall participate in any proceeding unless first approved by the Court.

**(b) Requests for Interpreters.**

**(1) Cases Brought by the United States.** In all criminal cases and in civil cases initiated by the United States, requests for interpreters shall be made to this Court's staff interpreter. The Federal Defender and counsel appointed by the Court representing an indigent client shall use the Court's staff interpreter, whenever possible, for all in-court proceedings.

Unless otherwise authorized by the Court, counsel for a party who intends to seek reimbursement for interpreter services provided outside of Court proceedings shall first request such services from the Court's staff interpreter. If the Court's staff interpreter is unable to provide such services, the staff interpreter will arrange for a suitable replacement.

DRAFT

**(2) Other Cases.** In all other cases, unless otherwise ordered by the Court, a party seeking to utilize an interpreter shall be responsible for obtaining and compensating the interpreter; provided, however, any such interpreter who participates in a proceeding before the Court must first be approved in accordance with subsection (a) of this Rule.

**(c) Number of Interpreters.** Unless the Court otherwise orders for good cause shown, no more than one interpreter shall be provided, at Court expense, to any party.

**(d) Auxiliary Aides for the Hearing Impaired**. Interpreter services, including services rendered by a properly qualified sign language interpreter, for a person who is hearing-impaired or who otherwise has a communication disability shall be obtained in the same manner as language interpreter services. When a party or witness in a proceeding is hearing-impaired, the Court, where and to the extent appropriate, may provide auxiliary aids, such as real time transcription in lieu of a sign language interpreter.

**(e) Interpreter Expenses.** The Court may require any party to or for whom interpreter services have been provided by the Court to reimburse the Court for the cost of such services, if the Court determines that such party has assets from which to make such reimbursement. The cost of such interpreter services shall be calculated in accordance with the schedule of fees established by law.

**CROSS-REFERENCES:**

See generally 28 U.S.C § 1827-1828 (provision of interpreter services in federal district courts); 28 U.S.C. 1920(6) (taxation of interpreter costs) and § 1918 (taxation of costs of prosecution).

See also Fed. R. Civ. P. 43(f) (concerning appointment and cost of interpreters in civil proceedings) and LR Cv 54 (taxation of costs in civil cases).

DRAFT

## LR Gen 109 BANKRUPTCY

(a) **References and Withdrawals of References of Bankruptcy Cases.** All cases arising under Title 11 shall be referred automatically to the bankruptcy judge(s) of this District. The reference of any case or proceeding or any portion thereof may be withdrawn at any time by the District Court, *sua sponte*, or, for good cause shown, upon the motion of any party. A motion for withdrawal of a reference shall not automatically stay any proceeding, but the District Court, in its discretion, may order a stay.

(b) **Filings in Bankruptcy Cases.** The bankruptcy clerk shall maintain all files in bankruptcy cases referred by the District Court. Except with respect to appeals, cases in which the reference has been withdrawn, or other matters pending before the District Court, all documents filed in such cases shall be filed with the bankruptcy clerk.

(c) **Jury Trials in Bankruptcy Court.** Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct jury trials in bankruptcy proceedings where the right to a jury trial applies and all parties have consented.

DRAFT

(d) **Reports and Recommendations by Bankruptcy Judge.**

(1) **Time for Objections.** Any objection to proposed findings of fact and/or rulings of law by a bankruptcy judge in a non-core proceeding shall be filed and served within ten (10) days after such proposed findings and rulings are served on the objecting party.

(2) **Content of Objections.** Any objection to the proposed findings of fact and/or rulings of law shall be accompanied by (A) a memorandum of law specifying the proposed findings and/or rulings to which objection is made and the basis for the objection(s), and (B) a transcript of any evidentiary hearing(s) before the bankruptcy judge. The memorandum shall comply with LR Cv 7(d).

(3) **Responses and Replies**. A response to an objection shall be served and filed within ten (10) days after the objection is served. The objecting party may serve and file a reply to the response within five (5) days thereafter. Any response and /or reply shall comply with LR Cv 7(d). Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an objection to a bankruptcy judge's proposed findings of fact and rulings of law.

**(e)** **Appeals to Bankruptcy Appellate Panel.** In accordance with 28 U.S.C. §158(c), when all parties consent, appeals from any judgment, order or decree of a bankruptcy judge which are referred to in 28 U.S.C. § 158(a) may be heard and determined by the Bankruptcy Appellate Panel for the First Circuit.

**(f)** **Appeals to District Court.** Except as otherwise provided in this subsection (f) or elsewhere in these rules, or unless otherwise ordered by the District Court, appeals or motions for leave to appeal to the District Court from any judgment, order or decree of a bankruptcy judge shall be governed by the applicable provisions of Rules 8001 - 8020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**(1)** **Notice of Appeal.** When a notice of appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the notice of appeal to the District Court clerk, together with a copy of the judgment, order or decree that is the subject of the appeal and the Appeal Cover Sheet. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

DRAFT

**(2)** **Motion for Leave to Appeal.** When a motion for leave to appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the motion to the District Court clerk, together with copies of the notice of appeal, the judgment, order or decree that is the subject of the proposed appeal, and any memorandum of counsel submitted in support of or in opposition to the motion. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

**(3)** **Extensions of Time by a Bankruptcy Judge.** Extensions of time for filing notices of appeal may be granted by the bankruptcy judge in accordance with Bankruptcy Rule 8002(c). Extensions of time for filing motions for leave to appeal and designations of the record or issues on appeal may be granted by the bankruptcy judge for a period not to exceed thirty (30) days.

**(4)** **Dismissal of Appeals by Bankruptcy Judge.** A bankruptcy judge may dismiss an appeal if

(A) the notice of appeal is not filed within the time specified in Bankruptcy Rule 8002;

(B) the appellant has failed to file a designation of the record or a statement of the issues within the time specified in Rule 8006 or any extension thereof; or

(C) the appellant has failed to comply with paragraph (5)(C) of this subsection.

**(5) Record on Appeal.** In addition to any other applicable requirements, an appellant, including a party whose motion for leave to appeal has been granted, shall ensure that the record transmitted by the bankruptcy clerk to the District Court clerk includes:

(A) the judgment, order or decree of the bankruptcy judge that is the subject of the appeal;

(B) any written decision(s) and a transcript of any oral decision(s) by the bankruptcy judge stating the reasons for the judgment(s), order(s) and/or decree(s) referred to in subparagraph (A);

(C) the record on appeal, as to which the appellant shall be responsible for seeing that each document is tabbed and arranged in reverse chronological order so that the documents appear in the same order as shown on the docket sheet;

(D) a statement of the issues on appeal; and,

(E) a certified copy of the docket sheet.

**(6) Form of and Schedule for Filing Briefs**. Unless otherwise ordered by the District Court or provided in these rules, the form and schedule for filing appellate briefs and memoranda shall be governed by Bankruptcy Rule 8009, except that:

(A) all briefs, memoranda and appendices thereto shall conform to the applicable requirements of LR Cv 7; and

(B) two (2) copies of any brief or memorandum shall be provided to the district judge to whom the appeal or motion for leave to appeal is assigned.

**(g) Stays Pending Appeal to the District Court.** When a motion is made in the District Court to stay a judgment, order or decree of a bankruptcy judge or for any other relief pending appeal, the movant shall file the following with its motion:

DRAFT

(1) a copy of the judgment, order or decree that the movant seeks to have stayed;

(2) a copy of the bankruptcy judge's order denying the movant's motion to stay;

(3) any written decision(s) and/or transcript(s) of any oral decision(s) of the bankruptcy judge stating the reasons for the orders referred to in paragraphs (1) and (2) of this subsection; and

(4) a memorandum of law setting forth the reasons why a stay should be granted and the legal authorities supporting the motion for a stay.

Such motion and any related objection(s) and replies shall be governed by the applicable provisions of LR Cv 7.

DRAFT

**(h) Local Bankruptcy Rules.**

**(1) Authority.** The bankruptcy judge(s) may make and amend rules governing practice and procedure in all matters referred to and pending before them; provided, however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court.

**(2) Notice to District Court.** The bankruptcy court must give notice to the District Court of any amendment to the bankruptcy court's local rules prior to such rules taking effect. After notice is given, such amendment shall take effect on the date specified by the bankruptcy court, unless abrogated by the District Court.

**(i) Applicability of Local Rules.** In proceedings before a bankruptcy judge, the local bankruptcy rules shall apply. In proceedings before the District Court, these Local Rules shall apply unless the Court otherwise directs.

**(j) Discretion of District Court.** This rule is not intended to restrict the District Court's discretion as to any aspect of any appeal.

**CROSS-REFERENCES**

See generally 28 U.S.C. § 151 et seq concerning cases and proceedings referred to, and appeals from, the Bankruptcy Court.

See Fed. R. Bankr. P. 9021 (entry of judgment) and 9033 (objections to bankruptcy judge's
proposed findings and recommendations in non-core proceedings).

As to appeals, see generally Fed. R. Bankr.P. 8001 - 8020.

DRAFT

## LR Gen 110 DISCLOSURE OF NON-PUBLIC INFORMATION

Unless authorized to do so by the Court, no counsel, party, court employee, intern, court security officer, United States Marshal or Deputy United States Marshal, shall disclose or disseminate to any unauthorized person information relating to any pending case that is not a part of the public record.

**CROSS-REFERENCES:**

See also LR Gen 208 (Standards of Professional Conduct) and Rule 3.6 of the Rhode Island Rules of Professional Responsibility (Trial Publicity).

DRAFT

## LR Gen 111 PHOTOGRAPHING; RECORDING; BROADCASTING

**(a)** **Recording and Broadcasting Prohibited.** Unless expressly authorized by the Court, no person shall photograph, record, or broadcast any proceeding, event or activity in or from any portion of the United States Courthouse or the John O. Pastore Building that is occupied by the Court. No devices of any kind, having the capability for sending or receiving communications, for making sound or video recordings, or for making, recording, or transmitting photographs or videos, shall be brought into such areas unless expressly authorized by the Court.

**(b)** **Ceremonies.** Among the limited exceptions that may be made, from time to time, by the Court are exceptions for photographing or tape recording ceremonial proceedings, such as the administration of oaths of office, dedication ceremonies and naturalization proceedings. Any such exceptions shall be subject to any terms and conditions established by the Court.

**(c)** **Handwritten Notes**. Nothing in subsection (a) of this Rule shall prevent any person from taking handwritten notes during a proceeding in Court, provided that such note-taking has been authorized by the presiding judicial officer.

DRAFT

## LR Gen 112 SANCTIONS FOR NON-COMPLIANCE WITH LOCAL RULES

**(a)** **In General.** Any counsel and/or party who violates these Local Rules may be sanctioned by the Court. Sanctions may include, but are not limited to, a monetary penalty to be paid (1) into a disciplinary account of the Court established for that purpose, and/or (2) to another party as compensation for any expenses and/or reasonable attorneys' fees, incurred by that party as a result of the violation.

**(b)** **Notice and Opportunity To Be Heard.** Before any sanction may be imposed for violation of these rules, the Court shall inform the attorney, party or individual that sanctions are being considered and afford such attorney, party or individual a reasonable opportunity to be heard.

DRAFT

**CROSS-REFERENCES**

See also LR Cv 5(f) (non-conforming filings).
See generally LR Gen 209 (basis for disciplinary action against attorneys).

## LR Gen 113 AMENDMENTS TO LOCAL RULES

**(a) In General.** The Court may amend these Rules at any time with or without the assistance of any Local Rules Review Committee.

**(b) Local Rules Review Committee.**

**(1) Establishment and Duties.** A Local Rules Review Committee may be established by the Court for the purpose of reviewing these Rules and recommending proposed amendments to the Court after consulting with the Bar and the public. The Committee shall report to the Court annually, or more frequently if required, on proposed amendments to these Rules.

**(2) Members.** The Committee shall consist of individuals who are members of the Bar of this Court and who regularly practice before this Court, as well as such *ex officio* members as the Court may designate.

**(3) Terms of Service.** Members of the Committee shall serve staggered three-year terms with the terms of one-third of the members expiring each year. At the expiration of his or her term, a Member who has served three years or less may be reappointed for one additional three-year term.

**(c) Comments from Members of the Bar.** Except as provided in subsection (d) of this Rule, prior to the adoption of any proposed amendment to these Rules, the Court will provide notice and opportunity for public comment by interested members of the bar in accordance with Fed. R. Civ. P. 83 and Fed. R. Crim. P. 57.

**(d) Emergency Amendments.** The Court may adopt *sua sponte* and without public comment any rule necessary to meet any condition of emergency. If such emergency rule is promulgated, public notice of it shall be given promptly after its adoption, and it shall be submitted for public consideration in accordance with subsection (c) during the next regular amendment cycle.

**(e) General Orders / Administrative Orders.** Nothing contained in these Rules shall restrict the Court from promulgating such General Orders, Administrative Orders, standing orders and/or other directives as its business may require.

DRAFT

# LOCAL RULES GOVERNING
# ATTORNEY ADMISSIONS, APPEARANCES AND DISCIPLINE

DRAFT

# *I. REGULATION OF ATTORNEY PRACTICE BEFORE THE COURT*

## LR Gen 201 PRACTICE BEFORE THIS COURT

**(a)** **Requirement of Membership in Local Bar.** In order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court unless these Local Rules expressly provide otherwise.

A person who is not a member of the Bar of this Court may not file any document in a case or sign any pleading or motion filed on behalf of a party unless these Local Rules expressly provide otherwise.

**(b)** **Exceptions to Requirement of Membership.** Notwithstanding the provisions of subsection (a), the following individuals may appear and/or practice before this Court:

**(1)** **Attorneys for the United States.** An attorney who is a member in good standing of the bar of another federal district court and each jurisdiction in which that attorney has been admitted to practice may appear and practice in this Court as an attorney for the United States or for any agency of the United States or for an officer of the United States in his or her official capacity.

DRAFT

**(2)** ***Pro Hac Vice* Counsel.** An attorney who satisfies the requirements of LR Gen 204(b) may appear and practice in this Court if admitted as *pro hac vice* counsel in accordance with the provisions of LR Gen 204.

**(3)** **Attorneys in Removal Cases.** An attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. §1441 et seq other than a party joining in the removal request, may appear and practice in this Court in that case.

**(4)** **Parties Appearing *Pro se*.** An individual who is not represented by counsel and who is a party to a pending case, may appear on his or her own behalf subject to the limitations set forth in LR Gen 205. A *pro se* party shall be subject to and required to comply with all other applicable provisions of these rules.

**(c)** **Filing of Documents.** The Clerk shall not accept for filing any document tendered by anyone who is not authorized to practice before this Court in accordance with the provisions of these Rules.

**CROSS-REFERENCES**

See LR Gen 204 (*pro hac vice* counsel) and LR Gen 205 (*pro se* parties).

## LR Gen 202 ELIGIBILITY AND PROCEDURE FOR ADMISSION

**(a) Requirements for Admission.** In order to be eligible for membership in the Bar of this Court, an attorney must:

(1) Be a member of good standing of the Bar of the Supreme Court of the State of Rhode Island; and

(2) Either:

(A) Have completed the course of instruction and have passed the examination on Federal Practice and Procedure given by this Court's Board of Bar Examiners, or

(B) Have at least five years of experience in practicing before federal courts and certify that he or she has read and understands these Local Rules;

and

(3) Establish to the satisfaction of this Court, that he or she is otherwise qualified and fit to be admitted to the Bar of this Court.

DRAFT

**(b) Procedure for Admission.**

**(1) Application for Admission.** An individual applying for admission pursuant to LR Gen 202(a)(2)(A) shall file with the Clerk a completed application form together with a current certificate from the Rhode Island Supreme Court that the applicant is a member in good standing of the Bar of that Court.

An individual applying for admission pursuant to LR Gen 202(a)(2)(B) shall file with the Clerk a completed application form accompanied by a current certificate from the Rhode Island Supreme Court that the applicant is a member in good standing of the Bar of that Court, together with a current certificate from a United States district court that the applicant is a member in good standing of the Bar of that court.

**(2) Filing fee.** An application for admission also shall be accompanied by a check payable to the"Board of Bar Examiners" in payment of the <u>application fee</u> established by the Court and by a check payable to "Clerk, U.S. District Court" in payment of the <u>admission fee</u> established by the Judicial Conference of the United States. The application fee shall not be refundable.

**(3)** **Review of Application.** In the case of an application pursuant to LR Gen 202(a)(2)(A), the Clerk shall examine the application, the court certificate and the records indicating whether the applicant has completed the course and passed the examination given by the Board of Bar Examiners. If the Clerk finds that those documents and records indicate that the applicant satisfies the prerequisite for admission, the Clerk shall notify the applicant and the Chairman of the Board of Bar Examiners and place the applicant on the list for admission. If the Clerk finds that the documents and records indicate that the applicant does not satisfy the prerequisites for admission, the Clerk shall notify the applicant and the Chief Judge of this Court.

In the case of an application pursuant to LR Gen 202(a)(2)(B) the application shall be reviewed by the Chair of the Board of Bar Examiners who shall recommend to the Chief Judge whether the application should be approved or rejected. The final decision shall be made by the Chief Judge who shall direct the Clerk to notify the applicant of the decision.

**(4)** **Admission Ceremony.** Admission to the Bar of this Court is effected by the granting of a motion made by the Chairman of the Board of Bar Examiners or his designee at an admission ceremony presided over by the Court. In the case of an individual admitted pursuant to LR Gen 202(a)(2)(B), admission is effected upon approval by the Chief Judge of the application for admission.

In order to be admitted, an applicant shall make the following oath or affirmation:

> I do solemnly swear that, to the best of my knowledge and ability, I will support and defend the Constitution of the United States against all enemies, foreign and domestic, and that I will bear true faith and allegiance to the same; that I take the obligation freely, without any mental reservation or purpose of evasion; and that I will demean myself as an attorney, proctor, and solicitor of this court, uprightly and according to the law. So help me God.

Upon making the prescribed oath or affirmation, the applicant shall be a member of the Bar of this Court.

DRAFT

**(c) Board of Bar Examiners and Course of Instruction.**

**(1) Board of Bar Examiners.**

**(A) Establishment of Board.** There shall be a Board of Bar Examiners which shall administer a course of instruction and an examination on federal practice and practice before this Court, in particular.

**(B) Membership.** The Board of Bar Examiners shall consist of nine (9) members or such other number as may be fixed from time to time by the Court. Examiners shall be individuals who are members of the Bar of this Court and who regularly practice before this Court. The Chair of the Board of Bar Examiners shall be appointed by the Chief Judge.

**(C) Term.** Examiners shall serve staggered three-year terms with the terms of one-third of the Examiners expiring on May 31 of each year. At the expiration of his or her term, an Examiner who has served three years or less may be reappointed for one additional three-year term.

DRAFT

**(2) Course of Instruction.** The course of instruction shall cover those subjects determined by the Court, in consultation with the Board of Bar Examiners, and shall include instruction on these Local Rules. Applicants for admission shall be required to attend all sessions unless excused by the Court or by the Chair of the Board of Bar Examiners, for good cause shown.

**(3) Bar Examination.**

**(A) Subjects of Examination.** The Bar examination shall be a written examination consisting of sections corresponding to the subjects covered in the course of instruction.

**(B) Grading.** The Board of Bar Examiners shall be responsible for preparing and grading the Bar examination and for notifying the Clerk of the results.

**(C) Passing Grade.** In order to pass the examination, an applicant must achieve a passing grade on at least all but one section of the examination.

**(4) Procedure for Review of Examination Results.**

(A) Any applicant who has been notified that he or she has failed the examination may request a review of the exam results by sending a letter to the Chair of the Board of Bar Examiners in care of the Clerk, United States District Court. The letter requesting review shall be sent within thirty (30) days of the date of notification.

(B) Each Examiner who has given the applicant a failing grade shall review the applicant's answers and shall either confirm that the applicant failed; or, if warranted, change the grade to a passing grade.

(C) If two or more Examiners confirm that the applicant failed the exam, the applicant shall be offered the opportunity to meet with each such Examiner to review the examination questions, answers and grade.

(D) After any such meeting, if two or more examiners still confirm that the applicant failed, the applicant may, by letter addressed to the Chairman request that the Board of Bar Examiners, *en banc*, review his or her exam and, either:

(i) Overrule any or all of the failing grades; or
(ii) Allow the applicant to retake the examination without waiting an additional year; or
(iii) Allow any other relief that the Board deems fair and just.

(E) If the Board denies the requested relief, the applicant may file a petition for review with the Chief Judge within 30 days after being notified of the denial.

DRAFT

**CROSS-REFERENCE**

See LR Gen 203(c) (renewal of bar membership).

## LR Gen 203 CONTINUATION OF MEMBERSHIP IN BAR

**(a) Requirements**. Unless otherwise permitted by the Court for good cause shown, in order to remain a member of the Bar of this Court, an attorney must:

(1) Remain a member in good standing of the court(s) that provided the certificate(s) referred to in LR Gen 202(b)(1); and

(2) Not be suspended, disbarred or found unfit, for any reason, to continue practicing law by this Court or by any other court or body having disciplinary authority over attorneys; and

(3) Not have been convicted of a "serious crime" as defined in LR Gen 213(a)(3); and

(4) Renew his or her membership when and as required by subsection (c) of this Rule.

Upon failure to satisfy any of the foregoing requirements, an attorney's membership in the Bar of this Court shall immediately cease and such attorney no longer shall be a member of the Bar of this Court unless and until reinstated in accordance with the provisions of LR Gen 215.

DRAFT

**(b) Notifications.**

**(1) By Counsel**. Each member of the Bar of this Court shall promptly notify the Court of:

(A) Any change in the member's name, address, telephone number, fax number, e-mail address, and/or law firm name shown on such member's application for admission; or, if the member has renewed his or her membership, on the most recent renewal application filed by the member.

(B) Any disciplinary proceedings initiated or disciplinary action taken against such member and/or any restrictions placed on such member's practice by any court or body having disciplinary authority over attorneys; and

(C) Any conviction of such member for any crime regardless of whether the conviction resulted from a plea of guilty or *nolo contendere*, was not followed by a term of imprisonment, and/or is pending appeal.

(2) **By the Court.** Any notice sent to a member of the Bar of this Court shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided by such member pursuant to subsection (b)(1)(A) of this Rule.

(c) **Expiration and Renewal of Membership**.

(1) **Expiration.** The membership of all members of the Bar of this Court shall expire on March 31, 2006, unless renewed in accordance with this subsection (c).

Thereafter, memberships may be renewed for successive two (2) year periods ending on March 31 of each second year ("membership expiration dates").

Membership for attorneys admitted after March 31, 2006 shall be for the period from the date of admission to the next membership expiration date.

(2) **Application for Renewal of Membership.** A member may apply for renewal of his or her membership by:

(A) Completing and filing a renewal application on the form provided by the Clerk which form shall include a certification that the applicant satisfies all of the requirements for continuation of membership set forth in Rule 203(a); and

(B) Paying the applicable renewal fee.

The application for renewal of membership shall be filed and the applicable fee shall be paid no later than twenty (20) days before membership expires.

(3) **Review of Application.**

(A) The Clerk shall examine the application; and, if the Clerk finds that it has been properly completed and that the applicant's answers indicate that the applicant satisfies all of the requirements for continued membership set forth in Rule 203(a), the Clerk shall place the applicant's name on a list for renewal of membership and shall submit the list to the Chief Judge for approval. If the Clerk finds that the application has not been properly completed or that the applicant does not satisfy the requirements for continuation of membership set forth in Rule 203(c), the Clerk shall notify the applicant and the Chief Judge.

(B) If the Clerk denies renewal of membership, the applicant may file a petition for review with the Chief Judge within thirty (30) days after being notified of the denial. A final decision on the renewal application shall be made by the Chief Judge who shall direct the Clerk to notify the applicant of the decision.

**(4)** **Effect of Failure to Renew.** Upon failure to renew membership in accordance with the foregoing provisions of this subsection (c), an attorney's membership will expire and that attorney may regain admission only by reapplying for admission pursuant to Rule 202.

**(5)** **Resignation.** A member of the Bar of this Court may voluntarily resign from membership by informing the Chief Judge in writing.

**CROSS-REFERENCE**

DRAFT

See LR Gen 202 (attorney admissions to bar) and LR Gen 215 (reinstatement of bar membership).

**LR Gen 204 *PRO HAC VICE* COUNSEL**

**(a)** **Authorization to Appear and Practice**. An attorney who is not a member of the bar of this Court may appear and practice before this Court in any case in which the attorney has been admitted to practice *pro hac vice*.

**(b)** **Eligibility for *Pro Hac Vice* Admission**. In order to be eligible for *pro hac vice* admission, an applicant must:

(1) Be a member in good standing of the bar of another state and another federal district court and the bar in every jurisdiction in which the attorney has been admitted to practice; and

(2) Not have been convicted of a "serious crime" as defined in Rule 213(a)(3); and

(3) Not have appeared before this Court in more than three (3) cases during the 12-month period preceding the application.; and

(4) Establish, to the satisfaction of this Court, that he or she is otherwise qualified and fit to be admitted to practice *pro hac vice* before this Court.

**(c)** **Limit on Number**. Unless otherwise permitted by the Court, for good cause shown, no more than three (3) *pro hac vice* counsel may be admitted to represent any party in a case.

**(d)** **Application**. An application for *pro hac vice* admission shall be made by completing and filing a form of motion provided by the Clerk (see **Form 1** annexed to these Rules), together with a check for the application fee fixed by the Court which shall be payable to the "Board of Bar Examiners." The application fee will not be refunded if the application is denied.

A motion for *pro hac vice* admission shall be signed both by the applicant and by local counsel affiliated with the applicant.

**(e)** **Local Counsel**. In order to be admitted and/or remain as *pro hac vice* counsel, an attorney shall be affiliated with local counsel who is a member of the Bar of this Court and who has entered an appearance as co-counsel.

DRAFT

Local counsel shall:

(1) Sign and be responsible to the Court for the content of all pleadings, motions, and other documents filed or served in the case; and

(2) Attend all court proceedings in the case unless excused by the judge for good cause shown; and

(3) Be fully prepared to assume sole responsibility for the conduct of the case in the event that *pro hac vice* counsel does not appear when required, has his or her *pro hac vice* status revoked or is unable to continue as counsel for any reason.

In order to ensure that local counsel is able to properly perform his or her duties, *pro hac vice* counsel shall consult with, involve and fully inform local counsel with respect to all matters affecting the case.

**(f) Admission and Revocation.**

DRAFT

(1) The district judge to whom a case has been assigned shall have discretion to grant or deny motions for admission *pro hac vice* based upon the applicant's qualifications, character, past conduct and any other factors that bear on the applicant's fitness to practice in this Court.

(2) Permission to appear *pro hac vice* may be revoked upon motion of a party or, *sua sponte*, by the district judge to whom the case is assigned if the judge determines that *pro hac vice* counsel has failed to satisfy any applicable requirement of these rules or that the proper administration of justice so requires.

(3) No formal hearing shall be required prior to revocation. However, before revoking *pro hac vice* status, the judge shall provide counsel with notice and an opportunity to explain why *pro hac vice* status should not be revoked to the extent that such opportunity can be afforded without disrupting or delaying the proceedings.

(4) The revocation of *pro hac vice* status shall not prevent the Court from taking any other disciplinary action against counsel pursuant to any applicable provision of these Local Rules.

**(g) Notification.**

(1) *Pro hac vice* counsel shall promptly notify the Court of any change in counsel's name, address, telephone number, fax number, e-mail address and/or law firm name from that shown on counsel's application for *pro hac vice* admission.

(2) Any notice sent to *pro hac vice* counsel shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided in counsel's application for *pro hac vice* admission or in any subsequent change of address provided by such counsel.

(3) When there is more than one *pro hac vice* counsel representing a party, the first counsel listed shall be considered lead *pro hac vice* counsel and the Clerk shall not be required to provide relevant notices to any other *pro hac vice* counsel for that party.

DRAFT

**CROSS-REFERENCE**

<u>See</u> LR Gen 201(b)(2) (appearance by *pro hac vice* counsel).

## LR Gen 205 - *PRO SE* LITIGANTS

**(a) Eligibility to Appear *Pro Se*.**

(1) An individual who is not represented by counsel, and who is a party in a pending case, may appear on his or her own behalf.

(2) An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this Court to appear on his or her behalf.

(3) A corporation, partnership, association or other entity may not appear *pro se*.

**(b) Filing of Documents**. Any document requiring a signature that is filed by a party appearing *pro se* shall bear the words "*pro se*" following that party's signature and shall state the party's address, telephone number, and fax number, if any.

DRAFT

**(c) Service on Party Acting *Pro Se*.** The Court may order any party who is appearing without an attorney to designate an address at which service upon that party can be made. Service may be made on such *pro se* party by mailing papers to that party at the designated address.

**(d) Notification**

(1) Every *pro se* litigant shall inform the Clerk in writing of any change of name, address, telephone number, and/or fax number within ten (10) days of such change.

(2) Any notice sent to and any paper served on a *pro se* litigant shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided by the litigant pursuant to subsection (b) or (c) of this Rule.

**CROSS-REFERENCE**

<u>See</u> LR Gen 201(b)(4) (appearance by *pro se* parties).

## LR Gen 206 APPEARANCES AND WITHDRAWALS

**(a) In General.** In order to appear on behalf of a party in this Court, counsel must be a member of the bar of this Court or must qualify under one of the exceptions set forth in LR 201(b).

**(b) Appearance.** The filing of a written entry of appearance or any other document signed on behalf of a party constitutes an entry of appearance for that party. Once counsel enters an appearance for a party, counsel shall be obliged to continue representing that party unless and until allowed to withdraw in accordance with these rules.

**(c) Designation of Lead Counsel; Notices.**

**(1) In General.** When a party is represented by more than one attorney from the same firm, the attorneys at that firm shall designate a lead counsel, and any notice sent to lead counsel shall constitute notice to all counsel at that firm.

DRAFT

**(2) Attorneys for the United States.** When the Government is represented by more than one attorney from an agency or department of the United States at any geographical location, the attorneys at that location shall designate a lead counsel, and any notice sent to lead counsel shall constitute notice to all counsel of the agency or department at that location.

**(d) Withdrawal of Appearance.** An attorney may withdraw his or her appearance on behalf of a party in the following manner:

(1) If there are no motions pending before the Court and no trial date has been set, the attorney may serve and file a notice of withdrawal on his or her client and all other parties, accompanied by an entry of appearance by successor counsel certifying that he or she is familiar with the case and is or will be fully prepared to address any matters pending in the case, including trial, without delaying the case; or

(2) Otherwise, the attorney must file a motion to withdraw, together with:

(A) An affidavit attesting to the fact that the party is not in the military service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act [50 App. U.S.C. § 501 *et seq*], as amended; and,

(B) A certification that:

(i) the client has been notified of the motion by both regular mail, postage prepaid, and by certified or registered mail, return receipt requested, or by any other method that satisfies the Court that notice has been given to the client; and,

(ii) the client has been advised that he or she may object to the motion and that any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matter scheduled in the case; and,

DRAFT

(C) The client's current address and a representation that counsel has made a reasonable effort to confirm that notices sent to that address are likely to be received by the client; and,

(D) A description of any motions or other matters pending in the case and a statement regarding the anticipated trial date.

**CROSS-REFERENCE**

<u>See</u> LR Gen 204 (admission and practice by *pro hac vice* attorneys).

## LR Gen 207 CONFLICT OF COURT APPEARANCES; EXCUSALS

**(a) Conflicting Appearances.** When counsel is notified to appear in this Court and counsel believes that he or she may be prevented from appearing because of a conflicting commitment to appear in a different court or before another judge of this Court, counsel shall immediately inform the judge who caused the notification to issue and shall provide that judge with the following information:

(1) the name and docket number of each case;

(2) the nature and scheduled time and expected duration of the other matter; and

(3) the date on which counsel was notified of the other matter and the name of the judge presiding over that matter.

**(b) Excuse from Court Appearances.**

DRAFT

**(1) How requested.** Counsel who wish to be excused from attendance in this Court at any time(s) shall submit a written request to be excused as far in advance as possible. The request shall be accompanied by four (4) copies and a stamped self-addressed envelope and shall state:

(A) the period of time for which the excuse is requested; and

(B) the reason for the request (e.g. family vacation), except that if the reason involves a matter that is confidential or private, the motion shall so state; and

(C) a list of any matters in which counsel is involved that have been scheduled or that counsel anticipates may be scheduled in this Court during the period for which the excuse is requested.

**(2) Service of Request.** If any matters are scheduled during the period for which an excuse is requested, the request shall be served on all other counsel in those matters. If the request is for a period of more than two weeks, the request shall be served upon counsel in each case pending before this Court in which counsel making the request has entered an appearance. If the time requested is less than two weeks, said request shall be filed with the Court only.

**CROSS-REFERENCE**

See LR Gen 206 (attorney appearances and withdrawals).

DRAFT

## *II. ATTORNEY CONDUCT AND DISCIPLINE*

### LR Gen 208 STANDARDS OF PROFESSIONAL CONDUCT

**(a)** **In General.** The Standards of Professional Conduct for attorneys appearing and/or practicing before this Court shall be the Rules of Professional Conduct as adopted by the Rhode Island Supreme Court, as the same may from time to time be amended, and any standards of conduct set forth in these Rules. Attorneys who are admitted or permitted to practice before this Court or who participate in any way in any cases pending in this Court shall comply with the Standards of Professional Conduct.

**(b)** **Prosecutors.** Attorneys prosecuting criminal cases also shall adhere to the standards of conduct established by law for prosecutors.

DRAFT

**CROSS-REFERENCE**

See LR Gen 209 (Basis for Disciplinary Action).

## LR Gen 209 BASIS FOR DISCIPLINARY ACTION

**(a)** **Conferred Jurisdiction**. Any attorney admitted or permitted to practice before this Court pursuant to LR Gen 202 or 204 shall be deemed to have conferred disciplinary jurisdiction upon this Court for any alleged attorney misconduct arising during the course of a case pending before this Court in which that attorney has participated in any way.

**(b)** **Forms of Discipline.** When an attorney, after notice and an opportunity to be heard, has been found to have engaged in misconduct, the Court may:

(1) Disbar or suspend the attorney from practicing before this Court, if the attorney is a member of the bar of this Court; or

(2) Publicly or privately reprimand or censure the attorney; or

(3) Take such other disciplinary action against the attorney as the circumstances may warrant, including but not limited to the imposition of monetary sanctions.

DRAFT

The provisions of this subsection (b) shall not limit, in any way, the authority of an individual judge to impose any sanctions or take any other disciplinary action that is permissible and appropriate pursuant to these Rules or otherwise.

**(c)** **Misconduct.** Misconduct for which an attorney may be disciplined pursuant to this Rule 209 may include:

(a) Violation of the Standards of Professional Conduct referred to in LR Gen 208;

(b) Intentional violation of these Local Rules or any order of this Court;

(c) Failure to promptly provide the notifications required by LR Gen 203(b)(1)(B) and/or (C);

(d) Conduct which resulted in suspension, disbarment or any other disciplinary action taken against the attorney by any other court or disciplinary body having disciplinary authority over attorneys; and/or

(e) Conviction of a crime.

**CROSS-REFERENCE**

See LR Gen 112 (Sanctions for Non-Compliance with Local Rules).

## LR Gen 210 DISCIPLINARY PROCEEDINGS

**(a) Definition of "Court."** As used in this Rule 210, the term "Court" refers to the active district judges of this Court, and any action taken or required by the "Court" refers to action by a majority of the active district judges.

**(b) Initiation of Proceedings.** Whenever allegations of misconduct by an attorney admitted or permitted to practice before this Court come to the Court's attention, whether by complaint or otherwise, and the applicable procedure is not otherwise provided for by these Rules, the Court may initiate disciplinary proceedings in any one or more of the following ways:

(1) If the matter has not already been referred by an individual judge to a disciplinary agency with jurisdiction over the attorney, the Court may refer the matter to such agency with a request that the agency report its actions to the Court. However, any action taken by the agency shall not necessarily preclude additional disciplinary action by this Court.

(2) Designate a magistrate judge or appoint special counsel to investigate the matter, to make appropriate recommendations to this Court, and to perform any other duty specified by the Court. The Court shall consider any recommendation made by the magistrate judge or special counsel but such recommendation will not be binding upon the Court.

DRAFT

(3) Provide written notice to the attorney specifying the alleged misconduct and affording the attorney an opportunity to explain, either verbally or in writing, why he or she believes that formal disciplinary proceedings should not be commenced.

(4) In cases where the attorney has been notified in accordance with subsection (3) and has failed to provide a satisfactory reason why formal disciplinary proceedings should not be commenced, or in cases where there does not appear to be any dispute with respect to the relevant facts, the Court may commence formal disciplinary proceedings in accordance with subsection (c) of this Rule.

**(c) Commencement of Formal Proceedings.**

(1) Formal disciplinary proceedings against an attorney shall be commenced by the issuance of an order by the Court directing the attorney to appear and show cause why disciplinary action should not be taken against the attorney for reasons stated in the order.

(2) The order may be served upon the attorney by mailing a copy to him or her at the address provided by the attorney pursuant to these Local Rules or by any other means reasonably calculated to provide notice to the attorney.

(3) The attorney shall file a written response to the show cause order and the allegations of misconduct contained therein within ten (10) days after service. If any issue of fact is raised in the response or if the attorney wishes to be heard in mitigation, the Court shall set the matter for hearing in accordance with subsection (d) of this Rule.

**(d) Hearing**

DRAFT

**(1) Forum.** In the Court's discretion, any hearing conducted pursuant to this Rule 210 may be conducted before a magistrate judge designated by the Court, a single district judge or all of the active judges of the Court who are eligible and able to participate. However, if the disciplinary proceeding was initiated by a complaint by a district judge or a magistrate judge; or, if a magistrate judge made any recommendation to the Court pursuant to Rule 210(b)(2), any such hearing shall not be conducted by that judge or magistrate judge. However, the fact that a district judge was the source of the complaint shall not preclude that judge from participating in any decision or other action by the Court unless that judge would be required to recuse himself or herself.

(A) If the hearing is conducted by a district judge, the Court may authorize that district judge to order whatever disciplinary action is appropriate under these rules without further action by the Court.

(B) If the hearing is conducted by a magistrate judge, the magistrate judge shall submit findings of fact and recommendations for disposition to the Court and the Clerk shall serve a copy of the findings and recommendations upon the attorney and any special prosecutor appointed by the Court.

(C) Within ten (10) days after being served, the attorney and/or any special prosecutor appointed by the Court may serve and file written objections to the report. Failure to file an objection within the ten-day period shall be deemed a waiver of any objection. Those portions of the magistrate judge's findings and recommendations to which objection is made shall be reviewed by the Court *de novo* based on the record compiled before the magistrate judge. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or it may receive further evidence or recommit the matter to the magistrate judge with instructions.

**(2)** **Conduct of Hearing.** The Court may elect to appoint a special prosecutor to present evidence at any disciplinary hearing and to cross-examine any witnesses.

The respondent attorney shall have a similar right to present evidence and cross-examine witnesses and to be represented by counsel.

DRAFT

**CROSS-REFERENCES**

See LR Gen 101(f) (defining "Court" generally); LR Gen 209 (Basis for Disciplinary Action) and LR Gen 211 (Imposition of Disciplinary Sanctions).

See also LR Cv 72 (authority of magistrate judges).

**LR Gen 211 DISCIPLINARY ACTION BY COURT**

Upon a finding by the Court, or an individual district judge acting pursuant to Rule 210(d)(1), that an attorney has engaged in misconduct, the Court or, if authorized, the district judge may enter an order imposing discipline in accordance with these rules.

**CROSS-REFERENCES**

See LR Gen 209 (Basis for Disciplinary Action) and LR Gen 210 (Disciplinary Proceedings).

DRAFT

## LR Gen 212 DISBARMENT BY CONSENT

**(a) Procedure.** Any attorney admitted to practice before this Court who is the subject of an investigation into, or is a respondent in a pending proceeding involving, allegations of misconduct may consent to disbarment, but only by delivering to this Court an affidavit stating that the attorney wishes to consent to disbarment and that:

(1) The attorney's consent is freely and voluntarily given and the attorney is not subjected to coercion or duress; and

(2) The attorney is fully aware of the implications of consenting; and

(3) The attorney is aware of the pending investigation or proceeding and that grounds exist for disciplinary action, the nature of which the attorney shall specifically set forth; and

(4) The attorney acknowledges that the material facts alleged are true; and

(5) The attorney so consents because the attorney knows that the attorney could not successfully defend himself against the charges.

DRAFT

Upon receipt of the required affidavit, the Court shall enter an order disbarring the attorney.

**(b) Confidentiality of Supporting Papers.** The order disbarring the attorney on consent shall be a matter of public record. However, the affidavit required under the provisions of this rule shall not be publicly disclosed or made available for use in any other proceeding except upon order of this Court.

**CROSS-REFERENCE**

<u>See</u> LR Gen 209 (Basis for Disciplinary Action) and LR Gen 216 (public access to and confidentiality of papers in disciplinary proceedings).

## LR Gen 213 CRIMINAL CONVICTIONS

**(a) Criminal Convictions**

**(1) Summary Suspension.** When a certified copy of a judgment is filed with this Court, showing that an attorney who is a member of the Bar of this Court or who is admitted to practice before this Court *pro hac vice* has been convicted of a serious crime in any court of the United States, the District of Columbia, any state, territory, commonwealth or possession of the United States, the Court shall enter an order immediately suspending that attorney from practicing before this Court, regardless of whether the conviction resulted from a plea of guilty or *nolo contendere*. A copy of such order shall immediately be served upon the attorney as provided in LR Gen 210(c)(2).

Upon good cause shown, the Court may set aside such order when it appears in the interest of justice to do so.

**(2) Disciplinary proceeding.** In addition to suspending the attorney, the Court shall issue a show cause order as provided in LR Gen 210(c), provided, however, that a disciplinary proceeding so instituted shall not be brought to final hearing until all appeals from the conviction are concluded.

DRAFT

A certified copy of a judgment of conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against that attorney based upon the conviction.

**(3) Serious Crime.** The term "serious crime" shall include any felony and any lesser crime, a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction where the judgment was entered, involves false swearing, misrepresentation, fraud, willful failure to file or filing false income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy with or solicitation of any other to commit a "serious crime."

**(b) Reversal of Conviction.** An attorney suspended under the provisions of this Rule will be reinstated immediately upon the filing of a certificate demonstrating that the conviction has been reversed but the reinstatement will not terminate any disciplinary proceeding then pending against the attorney.

**CROSS-REFERENCE**

<u>See</u> LR Gen 214 (effect of disciplinary actions taken by other courts or agencies).

## LR Gen 214 ACTION TAKEN BY OTHER COURTS OR DISCIPLINARY AGENCIES

**(a) Show Cause Order.** When a certified copy of a judgment or order is filed with this Court showing that an attorney who is a member of the Bar of this Court or who is admitted to practice before this Court *pro hac vice* has been disciplined or found incapacitated to practice by any other court of the United States, the District of Columbia, any state, territory, commonwealth or possession of the United States or by any agency having disciplinary authority over attorneys, whether by reason of misconduct, mental infirmity or addiction to drugs or intoxicants, this Court shall, forthwith:

(1) provide the attorney with a copy of the judgment or order; and

(2) issue an order directing the attorney to show cause, within ten (10) days after service of the order, why this Court should not impose the identical discipline and/or make a similar finding of incapacity.

In the event the action imposed in the other jurisdiction has been stayed there, any reciprocal action taken by this Court shall be deferred until such stay expires.

DRAFT

**(b) Disciplinary Action.** If the attorney fails to show cause within the aforesaid 10-day period, this Court shall impose the identical discipline or make the identical finding of incapacity.

**(c) Effect of Decision by Other Tribunal.**

(1) If, with respect to the action taken by the other tribunal, this Court finds:

(A) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or

(B) that there was such an infirmity of proof establishing the misconduct or incapacity as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the tribunal's conclusion on that subject;

(C) that the imposition of the same discipline or the making of the same finding by this Court would result in grave injustice; or

(D) that the conduct at issue is deemed by this Court to warrant substantially different action,

then this Court may enter such other orders as it deems appropriate.

(2) In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct or found incapacitated shall establish conclusively the misconduct or incapacity for purposes of any proceeding under this Rule. Where an attorney has been found to be incapacitated, the Court shall enter an order placing the attorney on inactive status, in which case the attorney may not practice before this Court unless and until reinstated pursuant to LR Gen 215.

**CROSS-REFERENCE**

See LR Gen 212 (Disbarment by Consent).

DRAFT

## LR Gen 215 REINSTATEMENT OF MEMBERSHIP

**(a) Application for Reinstatement.**

(1) An individual who has ceased to be a member of the bar of this Court for any reason, including disbarment, suspension, failure to comply with the requirements for continuation of membership, resignation or failure to renew membership in a timely manner, may apply for reinstatement by filing a completed application for reinstatement on a form provided by the Clerk.

(2) An attorney who has been suspended also shall file an affidavit of compliance with the provisions of the order of suspension along with the application for reinstatement.

(3) An attorney who has been disbarred after hearing or by consent may not apply for reinstatement until at least five (5) years after the effective date of disbarment.

(4) An attorney who was placed on inactive status because of incapacity also shall file, along with his or her application, a written waiver of any doctor/patient privilege with respect to treatment of the attorney during the period of incapacity. In addition, such attorney shall disclose the name of every psychiatrist, psychologist, physician and hospital or other institution by whom or in which the attorney has been examined or treated since being placed on inactive status and a written consent authorizing each of them to disclose any relevant information and provide any relevant records requested by the Court or special counsel.

DRAFT

**(b) Procedure on Application.** In ruling on an application for reinstatement, the Court may proceed in any of the following ways:

(1) Summarily approve or reject the application if the appropriate action to be taken is clear from the face of the application and there are no facts in dispute.

(2) Designate a magistrate judge or appoint a special counsel to investigate and recommend to the Court whether or not the application should be approved; provided, however, that such recommendation will not be binding upon the Court.

(3) Promptly schedule the matter for a hearing before the Court, a single district judge designated by the Court or a magistrate judge designated by the Court. However, if a magistrate judge has made a recommendation pursuant to this subsection, the hearing shall not be conducted by that magistrate judge.

(A) If the hearing is conducted by a district judge, the Court may authorize that district judge to rule on the application without further action by the Court.

(B) If the hearing is conducted by a magistrate judge, the matter shall be dealt with in the manner described in Rule 210(d)(1)(B)-(C).

**(c) Conduct of Hearing.** At the hearing, the applicant shall have the burden of demonstrating by clear and convincing evidence that he or she is qualified and fit to practice law before this Court and that the applicant's resumption of the practice of law before this Court will not adversely affect the interests of potential clients, public confidence in the integrity of the Bar of this Court or the proper administration of justice.

DRAFT

(1) The Court may elect or appoint a special counsel to present evidence at the hearing and to cross examine the witnesses.

(2) The applicant shall have a similar right to present evidence and cross examine witnesses and to be represented by counsel.

## LR Gen 216 PUBLIC ACCESS AND CONFIDENTIALITY

**(a)** **Publicly Available Records.** All filings, orders, and proceedings involving allegations of misconduct by an attorney shall be public, except:

(1) Any document filed or action taken pursuant to Rule 210(b) prior to the commencement of formal disciplinary proceedings under Rule 210(c); or

(2) When the Court, *sua sponte*, or in response to a motion for protective order, orders that such matters shall not be made public.

**(b)** **Respondent's Request.** The respondent-attorney may request that the Court make any matter public that would not otherwise be public under this rule.

**CROSS-REFERENCE**

DRAFT

See LR Gen 210 (Disciplinary Proceedings) and LR Gen 212(b) (confidentiality of papers in disbarment-by-consent proceedings).

------------------------------------------

# LOCAL RULES APPLICABLE TO CIVIL PROCEEDINGS

DRAFT

**Draft for Public Comment**

**June 2005**

**[ THIS PAGE INTENTIONALLY LEFT BLANK ]**

DRAFT

## LR Cv 5 FORM AND FILING OF DOCUMENTS; REJECTION OF NON-CONFORMING DOCUMENTS

**(a) Form and Content of Documents.** All documents filed in a case shall be on 8½" x 11" paper and shall include the following:

**(1) Captions.** All documents containing the caption of a case shall include the full caption showing the names of all parties. Documents filed after a case is docketed shall also include the name, case number and initial(s) of the judge to whom the case has been assigned.

**(2) Titles.** All documents shall bear a title that concisely states the precise nature of the document and identifies the party filing it.

**(3) Page Numbering.** Where a document is more than one page in length, the pages shall be numbered at the bottom center of each page.

DRAFT

**(4) Jury Demand.** Any pleading containing a demand for a jury trial shall set forth the demand to the right of the caption, below the case number.

**(5) Signing of Pleadings.** All documents filed on behalf of a party shall be signed by counsel representing the party on whose behalf the document is filed, or in the case of parties proceeding *pro se*, by the party himself or herself. The name, address and telephone number of the individual signing the document shall be typed or printed below the signature. Documents filed by attorneys also shall bear the attorney's bar number, and the name, address, fax number and e-mail address of the attorney's law firm.

**(b) Civil Cover Sheet.** Counsel filing a complaint in a civil case or any other document that requires a file to be opened shall contemporaneously file a completed AO Form JS-44 Civil Cover Sheet describing the type of case and identifying any related case previously filed or pending in this Court. The Clerk may reclassify a case if the cover sheet does not accurately describe its type. Cover sheets shall be provided by the Clerk upon request.

**(c) Filing Fee.** Any applicable filing fee prescribed by law shall be paid to the Clerk at the time of filing. If payment is made by check, the check shall be made payable to "Clerk, United States District Court."

**(d)** **Discovery Documents.** Unless otherwise ordered by the Court, disclosures made under Fed. R. Civ. P. 26(a)(1)-(3), deposition transcripts, interrogatories, requests for production, requests for admission, and answers and responses thereto, shall not be filed with the Court. The parties in possession of such documents shall be responsible for preserving them and making them available for use at trial and/or for other purposes required by the Court.

**(e)** **Place for Filing Documents.** The original and all copies of any document filed with the Court that is part of the record in a case shall be filed with the Clerk. Such documents shall not be filed in a judge's chambers, unless otherwise required by these rules or authorized by that judge. The Clerk will retain and docket original documents and will forward copies to the judicial officer to whom the case has been assigned.

**(f)** **Non-Conforming Documents.** Any document that does not comply with all pertinent requirements of these Rules shall be temporarily retained by the Clerk, who shall afford the attorney or party filing the document an opportunity to cure the deficiency. If the deficiency is not cured within a reasonable time, the Clerk shall forward the document to a judicial officer for appropriate action.

DRAFT

**CROSS-REFERENCES**

See LR Cv 5.1 (Service and Proof of Service), LR Cv 5.2 (Notice by Publication), LR Cv 7 (filing of motions and supporting materials) and LR Cv 56 (Motions for Summary Judgment).

See also 28 U.S.C.§1914(a) (governing filing fee for civil actions).

## LR Cv 5.1 SERVICE AND PROOF OF SERVICE

**(a) Proof of Service.**

(1) Proof of service of any document required to be served on a party or non-party shall be filed with the Court within three (3) days after service is made. In the case of documents required to be served personally, proof of service shall include a certification by the person making service that the documents were served, the date of service, and a description of the manner in which service was made.

(2) Failure to file proof of service will not necessarily affect the validity of the service.

**(b) Private Process Servers.**

(1) The Court, by order, may appoint qualified individuals to make service of civil process, and the Clerk shall maintain a list of those individuals who have been duly appointed as process servers pursuant to this subsection.

(2) To be considered for appointment, an applicant shall file an application on a form provided by the Clerk, together with an affidavit setting forth the applicant's age, citizenship, criminal record (if any), and relevant experience and qualifications for the service of process. In order to be appointed, an applicant must demonstrate:

(A) sufficient knowledge and/or other experience to perform the duties required by law; and

(B) sufficiently good character to discharge the duties of a process server.

(3) At the time of appointment, a process server shall post a bond with the Clerk in an amount fixed by the Court for the faithful performance of his or her duties.

(4) Appointments may be renewed annually upon the filing of an affidavit stating that all information in the original affidavit and application is correct, together with a bond in the required amount.

(5) A process server shall serve at the pleasure of the Chief Judge, and his or her appointment may be terminated by the Chief Judge without a hearing.

**CROSS REFERENCES**

See LR Cv 5 (Form and Filing of Documents) and LR Cv 5.2 (Notice by Publication).

DRAFT

## LR Cv 5.2 NOTICE BY PUBLICATION

Whenever notice by publication is required, proof of publication shall be in the form of an affidavit that provides:

(1) a copy of the notice as published;

(2) the date(s) of publication; and

(3) the name of the newspaper or other periodical in which the notice was published and the page number on which the notice appeared.

DRAFT

## LR Cv 7 MOTIONS

**(a) Form and Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons for the motion and any applicable points and authorities supporting the motion. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons.

**(b) Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.

DRAFT

(2) The movant may file and serve a reply memorandum not later than five (5) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion.

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

**(c) Copies.** Two (2) copies of every motion and memorandum shall be filed along with the original. The originals shall be retained in the Court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

**(d) Memoranda and Supporting Documents**

**(1) Page Limits.**

(A) Memoranda of Law. Unless permitted by the Court for good cause shown, memoranda in support of or in opposition to a motion shall not exceed ten (10) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, or a magistrate judge’s report and recommendation shall not exceed twenty (20) pages. Reply memoranda may not exceed five (5) pages.

(B) Appendices and Other Supporting Documents. Except as provided in paragraph (d)(2) of this Rule, appendices, exhibits and any other documents whatsoever, regardless of how they are labeled, that are attached to or filed in connection with a motion or any other document filed with the motion may not exceed a total of five (5) pages in the aggregate. Appendices, exhibits and other supporting documents filed in connection with a motion to dismiss or motion for summary judgment may not exceed a total of twenty (20) pages, exclusive of the statement of undisputed facts required by these Rules. The statement of undisputed facts and any statement of disputed facts may each not exceed ten (10) pages.

**(2) Exceptions to Page Limitations.** The page limitations on memoranda shall apply in all cases. The page limitations on appendices and other supporting documents shall not apply to:

(A) The record in:

(i) Bankruptcy appeals;

(ii) Cases alleging wrongful denial of ERISA benefits;

(iii) Administrative appeals, including but not limited to Social Security appeals and IDEA appeals; or

(iv) Any other case involving appeals from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below;

(B) discovery documents submitted with a motion to compel discovery;

(C) transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or 2255; or

(D) photocopies of statutes, cases and other authorities cited in memoranda of law. Such photocopies shall not be filed unless requested by a judicial officer. When requested, these materials shall be packaged together and clearly labeled with the name and number of the case, the identity of the party submitting them, and the title of the motion or other matter in that case to which they relate. Such material shall not be docketed but shall be delivered by the Clerk directly to the Judge to whom the case has been assigned.

DRAFT

**(3) Form of Memoranda.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cv 5(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately tabbed.

**(4) Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify the page and format restrictions for memoranda, appendices and/or exhibits shall be made by motion.

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall explain why a lengthier memorandum or appendix is required and state the length of the proposed memorandum. The proposed memorandum shall not be submitted with the motion to exceed page limits and shall not be filed unless and until the motion is granted.

DRAFT

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**CROSS -REFERENCES**

<u>See</u> LR Cv 37 (Motions to Compel Discovery), LR Cv 56 (Motions for Summary Judgment), and LR Cv 72(b)-(d) (objections to rulings and reports and recommendations of magistrate judge).

<u>See</u> <u>also</u> LR Gen 102 (motions to seal documents); LR Gen 110 (restricting dissemination of nonpublic case info); LR Cr 12 (discovery motions in criminal cases) and LR Cr 47 (motions generally in criminal cases).

## LR Cv 7.1 ORDERS

**(a)** **Preparation By Clerk.** Unless the Court otherwise directs, all orders shall be prepared by the deputy clerk assigned to the judge issuing the order.

**(b)** **By Counsel.** If the Court so directs, an order shall be prepared, in writing, by counsel and shall be served and filed with the Clerk within seven (7) days. Any order prepared by counsel shall contain:

(1) the name and signature of counsel presenting the order;

(2) a certification that counsel presenting the order has served a copy of the proposed order on all other counsel and *pro se* parties; and

(3) a statement as to whether other counsel or *pro se* parties object to the form of the order, or alternatively, that counsel presenting the order has been unable to determine whether other counsel or *pro se* parties object, despite having made a good faith effort to do so.

DRAFT

**CROSS REFERENCES**

See LR Cr 47.1 (form of orders in criminal cases)

## LR Cv 9 REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT

When a document is filed containing a request for a temporary restraining order, any other form of emergency relief, or the appointment of a three-judge court, such request shall be noted in all capital letters on the first page to the right of or immediately beneath the case caption. The basis for any such request shall be set forth in a memorandum of law attached to the request.

In addition, the party making the request shall promptly communicate the request to the deputy clerk for the judge to whom the case is assigned.

**CROSS-REFERENCE**

DRAFT

See LR Cv 7(d) (re: form and filing of memoranda and supporting materials).

**LR Cv 9.1 NOTICE OF RELATED ACTIONS OR PROCEEDINGS**

Whenever a case pending in this Court involves a claim, occurrence, or event which is at issue in a proceeding pending before another tribunal, any party or counsel having knowledge of such other proceeding shall promptly file a "Notice of Related Proceedings." Such notice shall identify the other proceeding, the tribunal before which it is pending, and the claim, occurrence, or event pending before that tribunal.

DRAFT

## LR Cv 10 FORM OF PLEADINGS

See LR Cv 5 (Form and Filing of Documents).

DRAFT

**LR Cv 11 SIGNING OF PLEADINGS AND REPRESENTATIONS BY ATTORNEYS**

See LR Gen 206 (Appearances and Withdrawals) and LR Gen 209 (basis for disciplinary action against attorneys practicing before the Court).

DRAFT

## LR Cv 15 MOTIONS TO AMEND

Any motion to amend a pleading shall be made promptly after the party seeking to amend first learns the facts that form the basis for the proposed amendment. A motion to amend a pleading shall be accompanied by:

(a) the proposed amended pleading; and

(b) a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary.

**CROSS REFERENCES**

See LR Civ 7 (Motions).

DRAFT

## LR Cv 16 INITIAL SCHEDULING CONFERENCE; SCHEDULING; MANAGEMENT

**(a)** **Initial Scheduling Conference.** The initial scheduling conference referred to in Fed. R. Civ. P. 16(a) may be conducted by the district judge to whom a case is assigned, or the magistrate judge assigned to the case.

**(b)** **Preparation for Initial Scheduling Conference.** In order to permit an informed discussion at the initial scheduling conference and in order to facilitate possible settlement of the case, counsel shall meet and confer prior to the conference and shall:

(1) Exchange relevant information and documents.

(2) Identify the facts that are in dispute.

(3) Identify the legal issues.

(4) Develop a plan for discovery.

(5) Explore the possibility of settlement.

(6) Discuss whether the case should be referred to a magistrate judge for a settlement conference or to the administrator of the Alternative Dispute Resolution ("ADR") program for some other form of ADR.

**(c)** **Statement of Claims.** At least five (5) days before the conference, counsel for each party asserting a claim (including a counterclaim, cross claim and/or affirmative defense) shall deliver to the Court a brief (2-3 page) written statement listing the elements that must be proven in order to prevail on that claim, counterclaim or defense.

**(d)** **Attendance of Trial Counsel.** Lead trial counsel and any local counsel are required to attend the conference, unless explicitly excused by the Court prior to the conference.

**CROSS REFERENCE S**

See also LR Cv 26 (Discovery).

DRAFT

## LR Cv 19 INDISPENSABLE PARTIES

See LR Cv 24 (regarding notification required to non-parties when the constitutionality of a statute is challenged).

DRAFT

## LR Cv 22 INTERPLEADER FUNDS

See LR Cv 67 (Parties' Funds Deposited with Clerk of Court).

DRAFT

## LR Cv 23 CLASS ACTIONS

**(a) Form of Pleading.** Any pleading asserting a claim by or against a class shall:

(1) bear, next to the caption, the designation "Class Action"; and

(2) contain a section entitled "Class Action Allegations" immediately after the allegation of jurisdictional grounds which shall contain:

(A) a reference to the specific provision(s) in Rule 23(b) of the Federal Rules of Civil Procedure, under which it is claimed that the action may be brought as a class action; and

(B) sufficient allegations to support the claim that the action may be brought as a class action, including but not limited to:

(i) the number or approximate number of the members of the class;

(ii) a description of who is in the class;

(iii) the basis upon which it is claimed that the party asserting the claim will fairly and adequately protect the interest of the class, or, if the claim is asserted against a class, that the named members of the class will fairly and adequately protect the interests of that class; and

(iv) the questions of law or fact claimed to be common to the class.

DRAFT

**(b) Certification of Class.** Within thirty (30) days after filing a pleading asserting a class action claim, the party asserting that claim shall file a motion to certify the class and to maintain the action as a class action. If a party asserting a class action claim fails to file such a motion, the Court *sua sponte*, or on motion of another party, may dismiss the class action claim and may award costs, expenses and counsel fees against the party asserting the class action claim.

**(c) Settlement of Class Action Claims.**

**(1) Motion for Approval.** Parties desiring to settle a class action claim shall file a "Joint Motion for Preliminary Approval of Proposed Class Action Settlement." The motion shall include:

(A) a copy of the settlement agreement describing all of the terms of the proposed settlement;

(B) a proposed order of notice that includes a proposed form of notice to class members, a description of the manner proposed for communicating notice to class members and the manner in which interested parties may communicate objections to the proposed settlement;

(C) a detailed explanation of how the settlement proceeds are to be distributed among the members of the class, including an itemization of the amounts allocated for attorneys' fees and expenses and the amount to be paid to each class member; and

(D) a proposed form of order to be entered by the Court preliminarily approving the proposed settlement.

**(2) Preliminary Review.** Upon receipt of the motion and any objection thereto, the Court shall preliminarily review the proposed settlement for the purpose of ascertaining whether it is sufficiently within the range of fairness, reasonableness and adequacy to justify notifying class members. The Court may appoint an expert or special master to assist in its determination. The Court, in its discretion or upon motion by the parties, may hold a hearing in connection with its preliminary review.

**(3) Notice.** If the proposed settlement is found to warrant the notification of class members, notice of the proposed dismissal, discontinuance, or settlement shall be given to all members of the class in such manner as the Court directs. The Court may make any other order it deems appropriate.

**(4) Approval of Class Action Settlement.** After reasonable notice has been given to all interested parties, the Court shall conduct a hearing to determine that the proposed settlement is fair, reasonable, and adequate.

**(5) Certificate of Compliance.** Not later than ninety (90) days after final approval of any settlement, counsel shall file a certification, properly documented, that the proceeds of the settlement have been disbursed as set forth in the order of final approval.

DRAFT

## LR Cv 24 NOTIFICATION OF CLAIM OF UNCONSTITUTIONALITY

**(a)** **Federal Statutes.** Whenever the constitutionality or validity of any Act of Congress affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the United States or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the Act or regulation in question and the nature of the challenge to its constitutionality or validity.

**(b)** **State Statutes.** Whenever the constitutionality or validity of any statute of the State of Rhode Island affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the State of Rhode Island or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the statute or regulation in question and the nature of the challenge to its constitutionality or validity.

DRAFT

**(c)** **Notification.** Immediately upon receipt of any notice referred to in subsection (a) of this Rule, the Clerk shall notify the United States Attorney in writing of such challenge. Immediately upon receipt of any notice referred to in subsection (b) of this Rule, the Clerk shall notify the Attorney General for the State of Rhode Island in writing of such challenge.

## LR Cv 26 DISCOVERY

**(a)** **Discovery Conference.** Unless the Court otherwise orders**,** within ten (10) days after the last answer or responsive pleading has been filed by all parties against whom claims have been asserted, the parties shall confer for the purposes specified by Fed. R. Civ. P. 26(f); provided, however, that if in lieu of an answer, a motion is filed that, if granted, would dispose of the entire case, the time for the parties' conference may be deferred until not later than ten (10) days after the answer is filed.

**(b)** **Discovery Plan.** Counsel may, but are not required to, present any written discovery plan. However, counsel shall be prepared to present any discovery plan verbally at the initial Rule 16 conference.

DRAFT

**CROSS-REFERENCES**

See also LR Cv 16 (initial scheduling conference), LR Cv 33 (interrogatories), LR Cv 34 (requests for production), LR Cv 36 (admissions), and LR Cv 37 (discovery motions).

## LR Cv 29 STIPULATIONS

**(a)** **In General.** All stipulations affecting a case before the Court, except stipulations which are made in open court and recorded by the court reporter, shall be in writing, shall be signed by all parties affected, and shall be promptly filed. Stipulations that fail to satisfy these requirements will not be given effect unless necessary to prevent injustice.

**(b)** **Stipulations Extending Time.** No stipulation extending the time specified in the Federal Rules of Civil Procedure or these Local Rules for the performance of any act shall be effective unless approved by the Court, except that Court approval is not required for a stipulation extending for not more than a total of thirty (30) days the time to answer a complaint.

DRAFT

**LR Cv 32 USE OF DEPOSITIONS**

See LR Cv 39(b)(use of recorded testimony).

DRAFT

## LR Cv 33 INTERROGATORIES

**(a)** **Filing.** Except in connection with motions to compel answers or more responsive answers, neither interrogatories nor answers or objections to interrogatories shall be filed with the Court.

**(b)** **Form of Response.** An answer or objection to an interrogatory shall recite the interrogatory and state the answer and/or ground(s) for objecting.

**CROSS-REFERENCE**

See LR Cv 26 (Discovery) and LR Cv 37 (Motions to Compel Discovery).

DRAFT

## LR Cv 34 REQUESTS FOR PRODUCTION

**(a) Filing.** Except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.

**(b) Form of Response.**

(1) A response or objection to a request for production shall recite the request and describe what was produced in response and/or the ground(s) for objecting.

(2) When documents produced in response to a request for production exceed fifty (50) pages, counsel for the party producing the documents shall affix Bates-stamped numbers to each page so that the documents produced can be readily identified and located.

DRAFT

**(c) Objections.** Each objection and the grounds therefor shall be stated separately. When an objection is made to any request, or sub-part thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection shall be deemed waived.

**CROSS-REFERENCES**

See LR Cv 26 (Discovery) and LR Cv 37 (Motions to Compel Discovery).

## LR Cv 36 REQUESTS FOR ADMISSION

**(a)** **Filing.** Except in connection with motions to compel further responses, neither requests for admissions nor responses or objections to requests for admissions shall be filed with the Court.

**(b)** **Form of Response.** A response or objection to a request for admission shall recite the request and state the response or objection to the request.

**(c)** **Objections.** When an objection is made to any request, or sub-part thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection shall be deemed waived.

DRAFT

**CROSS-REFERENCES**

See LR Cv 26 (Discovery) and LR Cv 37 (Motions to Compel Discovery).

**RULE 37 MOTIONS TO COMPEL DISCOVERY**

**(a)** **Form.** A motion to compel a response or further response to an interrogatory, request for production, or request for admission shall state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate. Motions to compel shall comply with the requirements of LR Cv 7.

**(b)** **Prerequisites to Filing Motion.** Within ten (10) days after an objection to an interrogatory, request for production or request for admissions is served, counsel for the parties concerned shall confer and attempt to resolve the objection by agreement.

**(c)** **Time for Compliance.** When a motion to compel discovery is granted, the required response shall be provided within ten (10) days or such other time as the Court may order.

DRAFT

**CROSS-REFERENCES**

See also LR Cv 7 (Motions), LR Cv 26 (Discovery), LR Cv 33 (Interrogatories), LR Cv 34 (Requests for Production) and LR Cv 36 (Requests for Admission).

## LR Cv 38 JURY DEMAND

See LR Cv 5(a)(4) (demand for jury trial).

DRAFT

## LR Cv 39 TIME LIMITS; USE OF RECORDED TESTIMONY

**(a) Opening Statements.** An opening statement shall not be argumentative and shall not exceed thirty (30) minutes unless otherwise permitted by the Court. Counsel for a defendant may make an opening statement either after the opening statement of the plaintiff, or after the plaintiff has rested. Counsel for a defendant may not make an opening statement after the plaintiff has rested unless evidence will be presented on behalf of that defendant.

**(b) Recorded Conversations or Testimony.**

(1) At least two (2) weeks prior to empanelment, counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall furnish the Court and counsel with:

(A) a chronologically arranged list showing the date of, participants in, and approximate playing time of each such recording; and

(B) a transcript of each such conversation.

DRAFT

(2) Before offering any recorded conversation, counsel shall edit out footage that contains no audible discussion or contains irrelevant material so that the jury will not be required to listen for protracted periods of time to portions of recordings that provide little or no assistance in determining the pertinent facts. In order to achieve that objective, counsel shall meet and confer, in advance, in an effort to resolve any disputes with respect to editing.

(3) Within seven (7) days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of an objection that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted portion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

(4) Any objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

(5) Any dispute regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

(6) Failure to comply with the provisions of this subsection (b) may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**(c) Time Limits.**

(1) The Court, in its discretion, may limit the time for any trial, hearing, or other proceeding, for any argument, or for the examination of any witness or completing the examination of any witness in such manner and upon such terms as may be just under the circumstances and with due regard for the defendant's constitutional right to a fair trial.

DRAFT

(2) Upon request by a party, the Court, in its discretion, may extend any time limits established pursuant to paragraph (c)(1) of this Rule. In determining whether to extend such time limits, the Court may consider:
(A) whether the party has adequately explained the purposes for which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter;
(B) whether the party has effectively and efficiently made full use of the time allocated to that party; and
(C) any other matters that may be relevant.

**CROSS-REFERENCES**

<u>See</u> LR Gen 103 (Courtroom Practice). <u>See</u> <u>also</u> LR Cr 23 (Courtroom Practice).

## LR Cv 39.1 VIEWS

**(a)** **In General.** A view may be conducted only with the prior approval of the Court. A request to take a view shall be made by motion filed sufficiently in advance of trial to permit other parties to respond and to permit the Court to resolve any disputes regarding the request prior to trial.

**(b)** **Conduct of View.** The manner in which any view is conducted shall be determined by the trial judge. During a view, counsel shall not make any statements audible to the jury unless permitted by the trial judge.

**CROSS-REFERENCES:**

DRAFT

See LR Cv 39 (courtroom practice re: time limits and use of recorded testimony).
See also LR Cr 23.1 (Views in criminal cases).

## LR Cv 39.2 CONTINUANCES

**(a)** **In General**. A request to continue a trial or hearing will be granted only for good cause shown. Any request for continuance shall be made as soon as counsel learns, or in the exercise of due diligence should have learned, of the reason for the request and, except in emergencies, far enough in advance to permit the Court to reschedule the matter without creating any hardship on other parties or interfering with the efficient conduct of the Court's business.

**(b)** **Unavailability of Witnesses.** The unavailability of a witness ordinarily will not constitute good cause for a continuance. Counsel shall take all reasonable steps necessary to ensure the presence of witnesses.

DRAFT

**CROSS-REFERENCES**

See LR Gen 206 (Appearances and Withdrawals); LR Gen 207 (Conflict of Court Appearances; Excusals).

## LR Cv 39.3 MOTIONS IN LIMINE

In order to avoid delays during trial, a motion in limine shall be filed at least seven (7) days before empanelment. Unless allowed by the Court for good cause shown, untimely motions in limine will not be considered.

**CROSS-REFERENCE**

See LR Cr 26 (motions in limine in criminal cases).

DRAFT

## LR Cv 39.4 SETTLEMENT

**(a)** **General.** When a case has been settled, counsel shall immediately notify the Court and shall file a dismissal stipulation or consent judgment within ten (10) days thereafter. In cases where a dismissal stipulation has not been filed or a consent judgment has not been filed and entered by the Court prior to the time of impanelment and/or trial, counsel shall appear for impanelment and/or trial, unless excused by the Court.

**(b)** **Jury Costs.** In cases that are settled later than one week before the date scheduled for impanelment of a jury, jury costs and/or attorneys' fees may be assessed equally against the parties and/or their counsel unless a party demonstrates to the Court's satisfaction that:

(1) The fees should be borne entirely or primarily by one or more parties on the ground that the tardiness of the settlement was due to that party's failure to make a good-faith effort to settle the case earlier; or

(2) No costs should be assessed because all parties made a reasonable good faith effort to settle the case earlier.

DRAFT

**(c)** **Settlements on Behalf of Minors or Incompetents.** In order to obtain court approval of any settlement on behalf of a minor or incompetent, a motion for approval must be filed and approved by the Court. Motions for approval shall be accompanied by the following:

(1) a report from the guardian, guardian *ad litem* or next friend explaining why the proposed settlement is in the best interest of the minor or incompetent and should be approved;

(2) a statement setting forth the terms of the settlement and precisely how and to whom the settlement proceeds will be distributed, including the amounts to be paid to counsel as fees and/or reimbursement for expenses incurred;

(3) a copy of any settlement agreement and/or release that is to be executed on behalf of the minor or incompetent;

(4) an explanation as to how the proceeds payable to the minor or incompetent are to be safeguarded to ensure that they will be applied to his or her benefit;

(5) a copy of any trust or other document establishing the method by which the funds payable to the minor or incompetent will be safeguarded to ensure that any amounts payable to the minor or incompetent will be applied for the minor's or incompetent's benefit; and

(6) in personal injury cases, a complete description of the injuries sustained, whether any of them are permanent, copies of all relevant medical reports, and an itemized statement of all past and future medical expenses that may have been or are likely to be incurred.

The documents referred to in paragraphs (4) - (6) may be filed under seal if necessary to safeguard the privacy of the minor or incompetent person.

**CROSS-REFERENCE**

See LR Cv 54 (Costs) and LR Gen 102 (filing of documents containing confidential information).

DRAFT

## LR Cv 41 DISMISSALS FOR LACK OF PROSECUTION

In cases where service of process is not made and proof of service is not filed within the time prescribed by law, the Court may issue an order to show cause as to why the case should not be dismissed for lack of prosecution. If good cause is not shown within the time prescribed by the show cause order, the Court may dismiss the case.

### CROSS-REFERENCES

See LR Cv 5.1 (Service and Proof of Service) and LR Cv 41.1 (Administrative Closure of Cases subject to Bankruptcy Stay).

DRAFT

## LR Cv 41.1 ADMINISTRATIVE CLOSURE OF CASES SUBJECT TO BANKRUPTCY STAY

If a petition in bankruptcy that triggers the automatic stay provision of the Bankruptcy Code is filed with respect to any party to a pending civil action, the civil action may be administratively closed as to that party, subject to being reopened at such time as the stay is no longer in effect.

**CROSS-REFERENCE**

See LR Cv 41 (Dismissals for Lack of Prosecution).

DRAFT

## LR Cv 44 PROOF OF OFFICIAL OR CERTIFIED RECORDS

A party that intends to offer into evidence an official record pursuant to Fed. R. Civ. P. 44, a public document pursuant to Fed. R Evid. 902(1)–(3), or a certified record pursuant to Fed. R. Evid. 902(4) or (11)–(12) may serve such record on the opposing party at least twenty (20) days prior to trial, together with a request that the opposing party admit the authenticity of such document. The authenticity of such document shall be deemed admitted by the party served unless, within ten (10) days thereafter, that party serves and files an objection.

DRAFT

## LR Cv 47 SELECTION OF AND COMMUNICATION WITH JURORS

**(a)** **In General.** Jury empanelment shall be conducted in the manner determined by the presiding judicial officer and prescribed by any applicable statutes or rules of civil procedure.

**(b)** **Voir Dire Questions.** If and when directed by the Court, counsel shall submit a list of any questions that counsel requests the Court to ask prospective jurors during voir dire examination. Proposed questions for the jury voir dire shall be served and submitted to the Court at least three (3) days prior to empanelment.

**(c)** **Challenges.** Challenges of individual prospective jurors for cause shall be made on the record but out of the hearing of the other prospective jurors. At the discretion of the Court, challenges may be made orally or by executing challenge slips and presenting them to the Clerk.

DRAFT

(1) Unless the Court otherwise orders, in any case in which there is a single plaintiff and a single defendant entitled to an equal number of peremptory challenges, the challenges shall be exercised alternately and one by one, with the plaintiff exercising the first challenge.

(2) In any other case, the order of challenges shall be determined by the Court.

**(d)** **Communication with Jurors.** No attorney, party, or agent of an attorney or party shall communicate directly or indirectly with a juror during the trial of a case.

**CROSS-REFERENCE**

See LR Cr 24 (empanelment of trial jurors in criminal cases).

## LR Cv 49 SPECIAL VERDICTS AND INTERROGATORIES

Any request for a special verdict or for interrogatories to the jury shall be filed and served before the close of the evidence and shall include the proposed special verdict and/or interrogatories, together with citations to the authorities relied upon in making the request.

DRAFT

## LR Cv 51 WAIVER OF JURY INSTRUCTIONS

The failure to submit a request for instructions or an objection to a requested instruction in accordance with the orders of the Court may be deemed a waiver of the right to make such request or objection and/or a waiver of any claim or defense for which no request was submitted.

### CROSS-REFERENCES

See LR Cv 5(a)(4) (demand for jury trial).
See also LR Cv 49 (special verdicts and jury interrogatories).

DRAFT

## LR Cv 53 ADR REFERRALS

See LR Cv 16(b)(6) (consideration of referral of cases for Alternative Dispute Resolution proceedings).

DRAFT

## LR Cv 54 COSTS

**(a)** **Timing of Request.** Within ten (10) days after entry of judgment, a party seeking an award of costs shall file and serve on all other parties a motion for an award of costs, together with a proposed bill of costs. Failure to file a proposed bill of costs within that time shall constitute a waiver of any claim for costs unless the Court otherwise orders, for good cause shown.

**(b)** **Form of Request.**

(1) A bill of costs shall be prepared on forms provided by the Clerk's Office and shall specify each item of costs claimed.

(2) A motion for an award of costs shall be supported by a memorandum of law and an affidavit that:

(A) the amounts listed in the proposed bill of costs are correct; and

(B) all services reflected in the bill of costs were actually performed and were necessary to the presentation of the movant's case; and

(C) all disbursements reflected in the bill of costs represent obligations actually incurred and necessary to the presentation of the movant's case.

DRAFT

**(c)** **Taxation by Clerk.** Upon receipt of a proposed bill of costs, the Clerk shall tax those costs which appear to be properly claimed, and shall notify all parties of the costs allowed.

**(d)** **Objections to Costs.** The taxation of costs by the Clerk shall be final unless modified by the Court. Any objection to the costs taxed by the Clerk shall be served and filed within five (5) days after notification and shall be supported by a memorandum of law stating the reason for the objection and the authorities upon which the objector relies.

**(e)** **Resolution of Objections.** Within ten (10) days after an objection is filed, all interested parties shall meet and confer in an effort to resolve the objections. The meeting shall be initiated by the objecting party, who shall notify the Court promptly as to whether the objections have been resolved. If all objections have not been resolved, the Court will make a final determination with respect to the taxation of costs.

**CROSS-REFERENCES**

See 28 U.S.C. §1924 (affidavit in support of each item of costs).
See also LR Cv 54.1 (Attorneys' Fees); LR Cv 62 (Supersedeas Bond); and LR Cv 65.1 (Security and Sureties).

## LR Cv 54.1 ATTORNEYS' FEES

**(a) Time of Request.** Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.

**(b) Supporting Affidavits.**

(1) A motion for attorneys' fees shall be accompanied by an affidavit of counsel that includes:

(A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized;

(B) a statement of the reason(s) why these services were reasonably necessary;

(C) the fee customarily charged by counsel in like cases;

(D) a description of any fee agreement made with counsel's client regarding the case; and

(E) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.

(2) A motion for attorneys' fees also shall be accompanied by an affidavit regarding the reasonableness of the requested fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

DRAFT

**CROSS-REFERENCES**

<u>See</u> LR Cv 7 (form of motions and memoranda) and LR Cv 54 (Costs).

**LR Cv 54.2 JUROR COSTS**

See LR Cv 39.4(b) (Payment of Juror Costs in connection with settlement).

DRAFT

## LR Cv 55 MOTIONS FOR DEFAULT JUDGMENT

A motion for entry of default or entry of a default judgment made against a party not represented by counsel shall be accompanied by a certification that:

(a) Notice of the motion was given to the party against whom a default or default judgment is sought by both regular mail, postage prepaid, and by certified or registered mail, return receipt requested. A copy of the return receipt shall be appended to the certification.

(b) To the best of the movant's knowledge, the address set forth in such certification is the last known address of that party; and

(c) The party against whom a default or default judgment is sought is not in the military service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

DRAFT

**CROSS-REFERENCE**

See LR Cv 5.2 (Notice by Publication).

## LR Cv 56 MOTIONS FOR SUMMARY JUDGMENT

**(a) Statement of Undisputed Facts.**

(1) In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law.

(2) Each "fact" in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed.

(3) For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion.

(4) An objecting party also may file a Statement of Disputed and/or Undisputed Facts setting forth disputed facts and/or additional undisputed facts that the objecting party contends preclude summary judgment. Any denied or controverted fact must be supported by affidavit or other evidentiary materials.

(5) Statements and denials of "undisputed facts" shall be considered representations of counsel subject to the provisions of Fed. R. Civ. P. 11.

**(b) Supporting Documents.** Unless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments permitted by Rule 7(d) of these Local Rules.

**(c) Successive Motions.** No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown.

**CROSS-REFERENCE**

<u>See</u> LR Cv 7 (form of motions and memoranda in support).

DRAFT

## LR Cv 58 PREPARATION AND ENTRY OF JUDGMENTS

**(a)** **Preparation by Clerk.** Unless the Court otherwise orders, the Clerk shall promptly prepare, enter and docket any judgment stated by a judge in open court and any other judgment which the Clerk is authorized to enter without order of the Court.

**(b)** **Preparation by Counsel.** If the Court so directs, any judgment orally announced in open court shall be prepared in writing by counsel for the successful party and served and filed with the Clerk within five (5) days. A judgment prepared by counsel shall contain a certification that counsel presenting the judgment:

(1) has served a copy of the proposed judgment on the opposing party or that party's counsel;

(2) has determined that the opposing party/counsel has no objection to the form of the judgment; or, alternatively, that counsel presenting the judgment has been unable to obtain a response from the opposing party/counsel despite having made a good faith effort to do so.

DRAFT

**CROSS-REFERENCE**

<u>See also</u> LR Cv 7.1 (Orders).

## LR Cv 58.1 SATISFACTION OF JUDGMENTS

**(a) Entry by Clerk.** Satisfaction of a money judgment shall be entered by the clerk without order of the court:

(1) upon payment into Court of the amount of the judgment, plus any costs taxed, interest added, and any fees due;

(2) upon the filing of a satisfaction of judgment by the judgment creditor, or the creditor's attorney;

(3) if the judgment is in favor of the United States, upon the filing of a satisfaction of judgment executed by the United States Attorney; or

(4) upon registration of a certified copy of a satisfaction of judgment entered in another district court.

DRAFT

**(b) Payment Into Court.** When satisfaction is made by payment of money into court, that fact shall be noted in the entry of satisfaction.

**CROSS-REFERENCE**

See LR Cv 69 (Writs of Execution; Related Proceedings)

## LR Cv 62 SUPERSEDEAS BOND

Unless the Court otherwise orders, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus an additional ten percent (10%) of that amount to cover interest and any award for delay, plus an amount established by law or directed by the Court to cover costs.

### CROSS-REFERENCES

See also LR Cv 54 (Costs) and LR Cv 65.1 (Security and Sureties).

DRAFT

**LR Cv 65 INJUNCTIONS**

See LR Cv 9 (designating requests for special action on pleadings).

DRAFT

## LR Cv 65.1 SECURITY AND SURETIES

**(a) Security.** Except as otherwise provided by law or by order of the Court, a bond or similar undertaking must be secured by:

(1) the deposit of cash or obligations of the United States in the amount of the bond; or

(2) the guaranty of a company or corporation holding a certificate of authority from the Secretary of the Treasury pursuant to 31 U.S.C. § 9304 et seq; or

(3) the guaranty of an individual resident of this District who owns and pledges as security real property in which such individual has equity that exceeds the amount of the bond.

**(b) Individual Sureties.** An individual acting as surety pursuant to paragraph (a)(3) of this rule shall execute and file an affidavit that includes:

DRAFT

(1) the individual's full name, occupation, and residential and business addresses; and

(2) a statement that the affiant will not encumber or dispose of the property while the bond remains in effect; and

(3) a statement from the clerk of the city or town wherein the property is located setting forth the assessed value of the property, or, alternatively, an appraisal by a licensed appraiser; and

(4) a title report from a member of the bar of the state in which the property is located certifying that such individual is the record owner of the property and listing the amount(s) of all liens and mortgages on the property, including all but the current year's real estate taxes.

**(c) Members of the Bar and Court Officers Ineligible.** No member of the bar or officer or employee of the Court may be surety or guarantor of any bond or undertaking in any proceeding in this Court.

**(d) Execution of Bond.** Except as otherwise provided by law, it shall be sufficient if a bond or similar undertaking is executed by the surety or sureties alone, and not by the party on whose behalf such security is provided.

**(e)** **Approval of Bond.** Except as otherwise provided by law, the Clerk may approve a bond the amount of which has been fixed by the Court or by statute or rule and which is secured in the manner provided by subsections (a)(1) - (a)(3) of this Rule.

**(f)** **Service.** The party on whose behalf a bond is given shall promptly after approval and filing of the bond serve a copy of it on all other parties to the proceeding.

**(g)** **Modification of Bond.** The amount or terms of a bond or similar undertaking may be changed at any time as justice requires, by order of the Court on its own motion or on motion of a party.

**CROSS-REFERENCES**

See LR Cv 62 (Supersedeas Bond) and LR Cv 65.2 (Security for Costs).

DRAFT

## LR Cv 65.2 SECURITY FOR COSTS

**(a)** **Security for Costs.** The Court may require any party to furnish security for costs in an amount and on such terms as are just. The Court may modify an order to furnish security for costs at any time.

**(b)** **Failure to Furnish Security.** The failure of a party to furnish security for costs, after being directed to do so, may be grounds for an involuntary dismissal under Fed. R. Civ. P. 41(b), or an entry of default under Fed. R. Civ. P. 55.

**CROSS-REFERENCES**

See LR Cv 54 (Costs) and 65.1 (Security and Sureties).

DRAFT

## LR Cv 67 PARTIES' FUNDS DEPOSITED WITH CLERK OF COURT

**(a) Procedure for Deposit of Funds.**

(1) Any party who seeks to deposit funds into the Registry of the Court pursuant to Title 28 U.S.C. § 2041 or Fed. R. Civ. P. 67 or other rule or law must first file a motion in the form required by LR Cv 7. The motion must be accompanied by a proposed order specifying the amount of funds to be deposited, the name and address of a local financial institution into which the funds are to be deposited, and the type of account desired. The financial institution and the type of account must be approved in advance by the Clerk of Court.

(2) The motion and proposed order shall be served on all other parties of record in the case.

(3) Upon the granting of the motion, the party shall promptly deliver to the Clerk's Office a check for the amount to be deposited, together with a copy of the signed order.

DRAFT

**(b) Procedure for Withdrawals and Fund Transactions.** Any party seeking to withdraw monies from the Registry of the Court must file and serve a motion for the withdrawal of monies from the Registry, together with a proposed order stating the exact amount to be disbursed to each party, and each party's name, address and tax identification number. All transactions regarding Registry funds shall be made only with the approval of the Court.

**(c) Deduction of Court Fees.** Any order obtained by a party that directs the Clerk to invest in an interest-bearing account or investment funds deposited in the Registry of the Court shall contain wording which directs the Clerk to deduct from the income earned on the funds deposited or invested a fee in the amount of ten percent (10%) of the income earned, whenever such income becomes available for such deduction, and without further order of the Court. Such a provision shall be included in the order regardless of the nature of the case in which the deposit was made.

**CROSS-REFERENCES**

<u>See</u> Local Rule 7 (Motions).
<u>See also</u> 28 U.S.C. §§2041-2043 (deposit and withdrawal of court registry funds).

## LR Cv 68 SETTLEMENT

See LR Cv 39.4 (Settlement).

DRAFT

## LR Cv 69 WRITS OF EXECUTION; RELATED PROCEEDINGS

**(a)** **Execution.** Except where stayed by statute, rule or order of the Court, a party in whose favor judgment has been entered may execute on the judgment ten (10) days after judgment has been entered.

**(b)** **Requests for Writ of Execution.** A request for a writ of execution shall be accompanied by an affidavit that states:

(1) the amount due on the judgment and an explanation of how that amount has been calculated;

(2) that a demand for payment has been made and refused; and

(3) what efforts have been made to recover the judgment.

DRAFT

**(c)** **Return of Execution.** An officer to whom a writ of execution is delivered shall make return thereon to the clerk within the time prescribed in the writ unless the Court otherwise directs. If no time is prescribed, the return shall be made immediately after execution or, if execution is not made, within sixty (60) days after delivery.

When a sale is made pursuant to a writ of execution, the return shall be made within thirty (30) days after the sale unless a different time is prescribed by law or by the Court.

**CROSS-REFERENCE**

See LR Cv 58.1 (Satisfaction of Judgments).

## LR Cv 72 MAGISTRATE JUDGES

**(a)** **Authority and Duties.** A full-time or recalled magistrate judge shall perform any duties assigned by the Court or by a district judge and, in doing so, may exercise all powers conferred upon full-time magistrate judges pursuant to 28 U.S.C. § 636.

**(b)** **Vacating Referrals.** A district judge who has referred any matter to a magistrate judge may, in his or her discretion, vacate the reference at any time.

**(c)** **Appeals from Rulings on Nondispositive Matters.**

**(1)** **Time for Appeal.** Any appeal from an order or other ruling by a magistrate judge in a nondispositive matter shall be filed and served within ten (10) days after such order or ruling is served on the appellant.

**(2)** **Content of Appeal.** Any such appeal shall consist of a notice of appeal setting forth the basis for the appeal, a memorandum of law which complies with LR Cv 7(d), and a transcript of any evidentiary hearing(s) before the magistrate judge and/or any statements by the magistrate judge of the reasons for the order or ruling.

DRAFT

**(3)** **Responses and Replies**. A response to an appeal shall be served and filed within ten (10) days after the notice of appeal is served. The appellant may serve and file a reply to the response within five (5) days thereafter. Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an appeal of a magistrate judge's order or ruling. Any response and/or reply shall comply with LR Cv 7(d).

**(d)** **Objections to Reports and Recommendations.**

**(1)** **Time for Objections.** Any objection to a Report and Recommendation by a magistrate judge shall be filed and served within ten (10) days after such Report and Recommendation is served on the objecting party.

**(2)** **Content of Objections.** An objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law specifying the findings and/or recommendations to which objection is made, the basis for the objection, and a transcript of any evidentiary hearing(s) before the magistrate judge. The memorandum shall comply with LR Cv 7(d).

**(3)** **Responses and Replies**. A response to an objection shall be served and filed within ten (10) days after the objection is served. The objecting party may serve and file a reply to the response within five (5) days thereafter. Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an objection to a magistrate judge's Report and Recommendation. Any response and/or reply shall comply with LR Cv 7(d).

**CROSS-REFERENCES**

See LR Cv 7(d) (re: form of memorandum in support of objections to magistrate judge's Report and Recommendations); LR Cv 73 (civil consent jurisdiction), and LR Cr 57.2 (duties of magistrate judge in criminal matters).

See also:

- Fed.R.Civ.P. 72(a) (duties of, and appeals from rulings by, magistrate judges on nondispositive matters).
- Fed.R.Civ.P. 72(b) (duties of, and appeals from rulings by, magistrate judges on dispositive matters).
- Fed.R.Civ.P. 73 (civil consent references to magistrate judges).
- 28 U.S.C. §636 (setting forth jurisdiction and duties of magistrate judges).

DRAFT

## LR Cv 73 CONSENT TO ORDER OF REFERENCE

**(a) Trial by Magistrate Judge.** A full-time or recalled magistrate judge may conduct a jury or non-jury trial in a civil case if all parties agree and the district judge to whom the case has been assigned approves.

**(b) Notification of Option to Consent.**

(1) When a civil action or notice of removal is filed, the Clerk, with the permission of the district judge to whom the case is assigned, shall give written notice to the parties of the option to consent to a trial before, or other disposition of the case by, a magistrate judge and shall provide the parties with a consent form. The notice shall inform the parties that they are free to withhold consent without adverse consequences; that the form is to be returned to the Clerk only if all parties consent; and that if all parties consent, the executed form must be returned within thirty (30) days.

DRAFT

(2) At any time thereafter, the district judge to whom the case has been assigned may again authorize the Clerk to advise the parties of their opportunity to consent to a trial before, or other disposition of the case by, a magistrate judge, in which case the Clerk shall send a similar notice to the parties.

(3) A district judge or magistrate judge shall not be informed of a party's response to the Clerk's notification unless all parties have consented to a trial before a magistrate judge.

**CROSS-REFERENCES**

See LR Cv 72 (magistrate judge authority in civil cases).
See also 28 U.S.C. § 636(c) (magistrate judge consensual jurisdiction) and Fed .R.Civ.P. 73 (civil trials by consent before magistrate judges).

## LR Cv 81 REMOVAL FROM STATE COURT

**(a) Notice of Removal.** A notice of removal pursuant to 28 U.S.C. § 1446 shall be accompanied by a copy of the complaint filed in the case being removed. In addition, the party filing the notice shall promptly:

(1) file a copy of the notice in the Court from which the case is being removed; and

(2) serve copies of the notice on all other parties.

**(b) Filing of State Court Record.** Within ten (10) days after filing a notice of removal, the party filing the notice shall file certified or attested copies of the docket sheets and all documents filed in the case being removed arranged in the following order:

(1) the docket sheet(s); and

(2) the documents filed in the court from which the case is being removed, arranged in the same order as they appear on the docket sheet. Each document shall be numerically tabbed.

DRAFT

**CROSS-REFERENCE**

28 U.S.C. § 1441 et seq. (governing removal of cases from state court).

--------------------------------

# LOCAL RULES APPLICABLE TO CRIMINAL PROCEEDINGS

DRAFT

**Draft for Public Comment**

**June 2005**

DRAFT

**[ THIS PAGE INTENTIONALLY LEFT BLANK ]**

## LR Cr 6 GRAND JURY MATTERS

**(a) Terms of Grand Jury.**

(1) Grand juries shall be chosen and grand juries shall serve in accordance with the Court's Jury Selection Plan.

(2) Upon request by the United States Attorney and approval by the Court, a special grand jury may be chosen and convened to serve for such term as the Court may provide.

**(b) Return and Filing of Indictments.** All grand jury indictments shall be returned to a district judge or a magistrate judge in open court unless otherwise directed by a district judge. Every indictment shall be filed immediately with the clerk, and an arraignment shall be scheduled promptly before a magistrate judge, unless otherwise ordered.

**(c) Motions and Pleadings Concerning Grand Jury.** All motions and other documents filed with the clerk relating to grand jury matters (including but not limited to motions to compel, motions to quash, and motions to grant immunity) shall be sealed by the clerk, whether or not a separate motion to seal is filed.

DRAFT

**(d) Confidentiality of Grand Jurors.** The names of any individuals drawn or selected to serve on a grand jury shall not be made public or disclosed to any person other than an authorized Court employee or authorized representative of the United States Attorney, unless the Court orders otherwise pursuant to 28 U.S.C. §1867(f).

**(e) Grand Jury Security.** When a grand jury is in session, the area surrounding the grand jury room shall be secured, and no unauthorized persons shall be permitted access to such area.

**CROSS-REFERENCES**

<u>See</u> LR Gen 102 (Documents Containing Confidential Information).

<u>See</u> <u>also</u> 28 U.S.C. § 1867(f) (confidentiality of jury selection documents) and Fed.R.Crim.P. 6(e)(restricting disclosure of grand jury proceedings).

## LR Cr 10 TRIAL DATE

At arraignment the judicial officer conducting the arraignment shall set a date on or after which the case shall be considered ready for trial.

**CROSS REFERENCE**

See LR Cr 16 (criminal discovery matters).

------------------------------------

DRAFT

## LR Cr 10.1 POST-ARRAIGNMENT MEETING

Within five (5) days after arraignment, counsel shall confer in an effort to reach an agreement regarding discovery and any other matters that may be the subject of any motion that counsel intends to file.

**CROSS REFERENCE**

See LR Cr 16 (criminal discovery matters).

## LR Cr 11 PLEAS AND PLEA AGREEMENTS

**(a)** **Time and Form.** In cases where a plea agreement is reached, the government shall notify the Court of the existence of the plea agreement as soon as possible and file a written plea agreement with the Court at least one (1) week prior to jury empanelment. The Court will consider the timeliness of the filing of a plea agreement when determining whether, in calculating the guideline sentence range, the defendant should receive a reduction for acceptance of responsibility. The Court will not accept any plea agreement that is not in writing.

**(b)** **Disclosure of Defendant's Medication.** At least two (2) days before the plea hearing, defense counsel shall provide the presiding judicial officer with a certificate indicating whether the defendant is currently taking any medication. The certificate shall be substantially in the form set forth in **Form 2** annexed to these Rules. If the defendant is taking medication, the certificate shall include a statement that counsel has ascertained from appropriate medical personnel that the medication does not impair the defendant's ability to enter into a plea agreement.

DRAFT

## LR Cr 12 PRETRIAL MOTIONS

**(a) Form and Content.** Every pretrial motion and any objection thereto shall comply with the requirements of LR Cr 47 of these Local Rules.

**(b) Motions To Suppress.** Motions to suppress evidence shall specify the precise evidence sought to be excluded and the legal basis and/or other grounds on which exclusion is sought.

**(c) Discovery Motions**.

(1) All motions for discovery shall specify exactly what the movant seeks.

(2) No motions seeking discovery shall be filed unless counsel first confers with opposing counsel to determine if the information sought will be provided without the need for the filing of a motion.

DRAFT

(3) Any motion for discovery shall bear a certification by counsel for the movant:

(A) that all counsel concerned have conferred in good faith and have been unable to resolve the dispute(s); or

(B) that counsel for the movant has made a good faith attempt to confer with opposing counsel but that opposing counsel has failed to respond.

**(d) Duty to Address Speedy Trial Act.**

(1) All motions shall address:

(A) whether or not any delay occasioned by the making, hearing, or granting of that motion will constitute, in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h); and if so, the estimated number of days to be excluded or how such excludable time shall be determined; and

(B) whether any previous motion(s) dealing with the same subject matter has, in the past, resulted in excludable time; and if so, the number of days that were excluded.

(2) Any party objecting to a motion shall include with the objection a statement as to whether it agrees or disagrees with the moving party's calculation under subsection (d)(1) of this rule.

(3) A party that requests a continuance and contends that the resulting delay should be excluded under 18 U.S.C. § 3161(h)(8) shall set forth reasons to support a finding that the ends of justice served by the granting of a continuance outweigh the interests of the public and the defendant in a speedy trial.

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**(f) Speedy Trial Orders.** Any order presented by counsel granting a motion for a continuance and excluding the resulting delay from the calculation of time under the Speedy Trial Act shall state the Court's finding that the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial.

DRAFT

**CROSS REFERENCES:**

See LR Cr 26 (Motions in Limine); LR Cr 47 (motions generally); and Local Rule 47.1 (Orders).

See also 18 U.S.C. §§ 3161 et seq (Speedy Trial Act).

## LR Cr 16 DISCOVERY

**(a) Discovery and Pretrial Motions.** Within five (5) days after arraignment, the attorney for the government and the attorney for the defendant shall exchange written requests for disclosure of material and information pursuant to Fed. R. Crim. P. 16(a) and (b), unless within the five-day period, the party entitled to disclosure notifies the other in writing that it is waiving all or part of its discovery rights provided under Fed. R. Crim. P. 16(a) or (b).

**(b) Pretrial Disclosures.** Unless otherwise agreed by the parties or ordered by the Court:

**(1) Disclosure by the Government.** All disclosures made by the government pursuant to Fed. R. Crim. P.16(a)(1) shall be made within five (5) days of any such request.

**(2) Disclosure by the Defendant.** All disclosures made by the defendant pursuant to Fed. R. Crim. P. 16(b)(1) shall be made within ten (10) days of the government's compliance with that defendant's discovery request.

DRAFT

**(c) Deadline for Discovery.** All discovery shall close on the 20th day following arraignment, unless the Court otherwise orders.

### CROSS-REFERENCES

See LR Cr 12(c) (discovery motions) and LR Cr 23(b) (recorded conversations).

## LR Cr 17 SUBPOENAS

**(a) Subpoena *Duces Tecum***

**(1) Subpoenas for the Production Before Trial.**

(A) A subpoena *duces tecum* for the production, before trial, of documents, objects or other materials described in Fed. R. Crim. P. 17(c)(1) may be issued only upon the granting of a motion made in accordance with LR Cr 47. Any such motion shall be served on all other parties, unless the Court, for good cause shown, permits the subpoena to be issued *ex parte*.

(B) "Good cause" for the issuance of an *ex parte* subpoena *duces tecum* shall require, among other things, a showing that the documents sought are relevant to the proceeding in question and that disclosure of the subpoena (or of the documents sought) could unfairly harm the party's case.

(C) All other parties shall be entitled to inspect any item produced unless otherwise ordered by the Court.

(D) Any such subpoena, whether issued *ex parte* or upon notice, shall be returnable to the Court.

**(2) Subpoenas for the Production At Trial or Hearing.** All subpoenas for the production of documents, objects, and other material described in Fed. R. Crim. P. 17(c)(1) at trial or at an evidentiary hearing shall be made returnable to the Court at the place, date, and time of such trial or hearing, unless otherwise ordered by the Court.

**(b) Subpoena *Ad Testificandum*.** Except as provided in Fed. R. Cr. P. 17(f)(subpoenas for depositions) or as otherwise ordered by the Court, a subpoena for the attendance of witnesses may be issued only to require the appearance of a witness at trial or at an evidentiary hearing, and such subpoena shall be returnable to the Court at the time and place of such trial or hearing.

**CROSS-REFERENCES:**

See LR Gen 103(c) (Witnesses). See also Fed.R.Cr.P. 17(f) (subpoenas for depositions).

## LR Cr 17.1 PRETRIAL CONFERENCE

Both lead trial counsel and local counsel, if any, shall attend all pretrial conferences, unless the Court otherwise permits for good cause shown.

**CROSS-REFERENCES**

See LR Cr 12 (Pretrial Motions) and LR Cr 47 (Motions).

DRAFT

## LR Cr 20 TRANSFER OF CRIMINAL PROCEEDINGS

**(a)** **Assignment of Transferred Cases.** Where criminal proceedings have been transferred from another district to this District for plea and sentencing proceedings pursuant to Fed. R. Crim. P. 20, the clerk's office shall open a new case file and assign a new docket number to the transferred case.

**(b)** **Related or Similar Cases.** In the event that cases related to a transferred case are pending in this District, the transferred case shall be provisionally assigned to the district judge to whom the related case is assigned, and that judge shall determine whether to retain the transferred case or return it to the clerk's office for random assignment.

DRAFT

**CROSS-REFERENCE**

See LR Gen 105(a) and (b) (assignment of related cases and remanded cases).

## LR Cr 23 COURTROOM PRACTICE

**(a)** **Opening Statements**. An opening statement shall not be argumentative and shall not exceed thirty (30) minutes unless otherwise permitted by the Court. Counsel for the defendant may make an opening statement either after the opening statement of the government, or after the government has rested. Counsel for a defendant may not make an opening statement after the government has rested unless evidence will be presented on behalf of that defendant.

**(b)** **Recorded Conversations or Testimony.**

(1) At least two weeks prior to empanelment, counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall furnish the Court and counsel with:

(A) a chronologically arranged list showing the date of, participants in, and approximate playing time of each such recording; and

(B) a transcript of each such conversation.

(2) Before offering any recorded conversation, counsel shall edit out footage that contains no audible discussion or contains irrelevant material so that the jury will not be required to listen for protracted periods of time to portions of recordings that provide little or no assistance in determining the pertinent facts. In order to achieve that objective, counsel shall meet and confer, in advance, in an effort to resolve any disputes with respect to editing.

(3) Within seven (7) days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of an objection that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted portion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

(4) Any objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

DRAFT

(5) Any dispute regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

(6) Failure to comply with the provisions of this subsection (b) may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**(c) Time Limits.**

(1) The Court, in its discretion, may limit the time for any trial, hearing, or other proceeding, for any argument, or for the examination of any witness or completing the examination of any witness in such manner and upon such terms as may be just under the circumstances and with due regard for the defendant's constitutional right to a fair trial.

DRAFT

(2) Upon request by a party, the Court, in its discretion, may extend any time limits established pursuant to subsection (c)(1) of this Rule. In determining whether to extend such time limits, the Court may consider:

(A) whether the party has adequately explained the purposes for which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter;

(B) whether the party has effectively and efficiently made full use of the time allocated to that party; and

(C) any other matters that may be relevant.

**CROSS-REFERENCES**

See LR Cr 23.1 (Views) and LR Gen 103 (Courtroom Practice).
See also LR Cv 39 (Courtroom Practice in civil cases).

## LR Cr 23.1 VIEWS

**(a)** **In General.** A view may be conducted only with the prior approval of the Court. A request to take a view shall be made by motion filed sufficiently in advance of trial to permit other parties to respond and to permit the Court to resolve any disputes regarding the request prior to trial.

**(b)** **Conduct of View.** The manner in which any view is conducted shall be determined by the trial judge. During a view, counsel shall not make any statements audible to the jury unless permitted by the trial judge.

**CROSS-REFERENCES:**

DRAFT

See LR Cr 23 (Courtroom Practice). See also LR Cv 39.1 (Views in civil cases).

## LR Cr 24 EMPANELMENT OF TRIAL JURORS

**(a)** **In General.** Jury empanelment shall be conducted in the manner determined by the presiding judicial officer and prescribed by any applicable statutes or rules of criminal procedure.

**(b)** **Objection to Empanelment by Magistrate Judge.** A defendant who objects to jury empanelment by a magistrate judge must communicate such objection to the Court at least five (5) days prior to empanelment. A defendant who signs a consent to jury empanelment by a magistrate judge waives any right to object to such empanelment.

**(c)** **Voir Dire Questions.** If and when directed by the Court, counsel shall submit a list of any questions that counsel requests the Court to ask prospective jurors during voir dire examination. Proposed questions for the jury voir dire shall be served and submitted to the Court at least three (3) days prior to empanelment.

**(d)** **Challenges for Cause.** Challenges of individual prospective jurors for cause shall be made on the record but out of the hearing of the other prospective jurors. At the discretion of the Court, challenges may be made orally or by executing challenge slips and presenting them to the Clerk.

DRAFT

**(e)** **Peremptory Challenges.** Peremptory challenges shall be exercised orally or by executing challenge slips which shall thereupon be presented to the clerk. Such challenges shall be exercised in the order prescribed by the presiding judicial officer.

**(1)** **Order of Challenges**. Unless the Court otherwise orders, in cases where the government is entitled to six (6) peremptory challenges and the defendant or defendants jointly to ten (10) peremptory challenges, the challenges shall be exercised in the following order:

| | |
|---|---|
| Government | 1 |
| Defendant | 2 |
| Government | 1 |
| Defendant | 2 |
| Government | 1 |
| Defendant | 2 |

| | |
|---|---|
| Government | 1 |
| Defendant | 2 |
| Government | 1 |
| Defendant | 1 |
| Government | 1 |
| Defendant | 1 |

**(2)** **Alternate Jurors.** Unless the Court otherwise orders, peremptory challenges to alternate jurors shall be exercised alternately by the government and the defendants, with the government exercising the first challenge.

**(3)** **Foreperson**. The Court may select one of the jurors to act as foreperson or may leave it to the jurors to select a foreperson.

DRAFT

**(f)** **Communication with Jurors.** No attorney, party, or agent of an attorney or party shall communicate directly or indirectly with a juror during the trial of a case.

**CROSS REFERENCE:**

See LR Cv 47 (Selection of and Communications with Jurors).

## LR Cr 26 MOTIONS IN LIMINE

Unless otherwise permitted by the Court, for good cause shown, motions in limine shall be filed at least seven (7) days before empanelment. Untimely motions in limine will not be considered.

**CROSS-REFERENCE**

See LR Cv 39.3 (motions in limine in civil cases).

DRAFT

## LR Cr 32 SENTENCING AND PRESENTENCE REPORTS

**(a) Sentences Outside of the Guideline Range.** Any request for a sentence outside of the applicable guideline range shall be made by a motion filed and served at least seven (7) days prior to the date scheduled for sentencing and shall be accompanied by a memorandum setting forth the factual and legal grounds for the request.

**(b) Sentencing Witnesses; Expert Report.** If defense counsel intends to present any witness, including any expert witness, and/or any report produced by an expert, at the sentencing hearing, counsel shall inform the Court and the government of such intent and shall provide the government with a copy of any such report at least seven (7) days prior to the sentencing hearing, unless otherwise ordered.

**(c) Presentence Investigative Report.**

**(1) Objections to Report.** Any party who objects to a presentence report, or any portion thereof, shall file such objection(s) in writing with the probation officer within fourteen (14) days after receipt of the report.

DRAFT

**(2) Receipt of the Report**. The presentence report shall be deemed to have been received by the parties at the earlier of:

(A) when a copy of the report is physically delivered to such party or counsel representing such party,

(B) one day after the report's availability has otherwise been made known to a party or counsel, or

(C) three (3) days after a copy of the report or notice of its availability is mailed to such party or counsel representing such party.

**(3) Confidentiality of Presentence Reports.**

(A) Presentence reports prepared pursuant to Fed. R. Crim. P. 32(d) shall not be disclosed by the Probation Office or made public except:

(i) to the defendant or his counsel, to the United States Attorney, or to agencies with statutory responsibilities requiring review of a report; or

(ii) as may be ordered by the Court.

(B) When a demand for disclosure of a presentence report and/or for testimony regarding a presentence report is made by way of subpoena or other judicial process to a probation officer of this Court, the probation officer shall file a petition seeking instruction from the Court with respect to responding to the subpoena. In either event, no disclosure shall be made except upon an order issued by this Court.

**CROSS-REFERENCE**

See LR Cr 11 (Pleas).

DRAFT

## LR Cr 32.1 REVOKING OR MODIFYING SUPERVISED RELEASE

**(a)** **Proceedings Before a Magistrate Judge.** Upon referral from a district judge, a magistrate judge may hear petitions for the revocation or modification of probation or supervised release and issue a report and recommendation containing proposed findings of fact and a recommended disposition. Any objection to the magistrate judge's report and recommendation, and any response to an objection, shall be filed with the Clerk in accordance with LR Gen 109.

**(b)** **Modification of Supervised Release / Waiver of Hearing.** A defendant may waive a hearing on the modification or revocation of his supervised release by executing a proper waiver form.

DRAFT

**CROSS-REFERENCES**

See LR Cr 57.2 (duties assigned to magistrate judges generally); and Fed.R.Crim.P. 32.1(b)(1)(A), (b)(2) and (c)(2)(A) (regarding waiver by release of one or both revocation/modification hearings).

See also 18 U.S.C. § 3401(*i*) (authorizing magistrate judges to conduct hearings on revocation or modification of supervised release and to issue reports and recommendations based on such hearing).

## LR Cr 44 PROCEEDINGS INVOLVING AN INDIGENT DEFENDANT

**(a) Appointment of Counsel by the Court.**

(1) If, based on a financial affidavit of a defendant, the Court determines that the defendant is financially unable to retain private counsel, the Court shall appoint the Federal Defender to represent that defendant.

(2) If the Federal Defender is unable to represent the defendant due to a conflict of interest or for any other reason, the Federal Defender shall submit a written request to the Chief Judge that an attorney on the Court's Criminal Justice Act Panel (CJA Attorney) be appointed to represent the defendant.

(3) If the Court determines that a defendant has some assets from which to pay attorneys' fees, the Court may, at any time, order the defendant to pay all or any portion of any attorneys' fees incurred.

**(b) CJA Attorneys - Fees and Expenses.** An attorney appointed to represent an indigent defendant under the Criminal Justice Act shall complete and file a voucher for fees and expenses on the appropriate forms promptly after completing the services rendered and no later than forty-five (45) days after disposition of the case.

DRAFT

**(c) Continuing Duty of Representation**. Immediately after sentencing, counsel shall:

(1) inform the defendant of any right that the defendant may have to appeal his conviction and/or sentence; and

(2) consult with the defendant to determine whether the defendant desires to appeal; and, if so, take whatever steps may be necessary to file a notice of appeal and protect any appellate rights that the defendant may have unless and until other appellate counsel is appointed by the Court of Appeals.

**CROSS REFERENCES:**

See LR Gen 108 (Interpreters) and LR Gen 206 (Appearances and Withdrawals).
See also 18 U.S.C. §3006A (appointment of counsel for indigent) and the Criminal Justice Act Plan for the District of Rhode Island.

## LR Cr 44.1 REPRESENTATION OF MULTIPLE DEFENDANTS

**(a)** **In General.** Unless otherwise expressly permitted by the Court, no attorney, or group of attorneys who are associated together in the practice of law, shall represent multiple defendants, witnesses or targets of a grand jury investigation in the same criminal case.

**(b)** **Certification.** In order to assist the Court in determining whether joint representation should be permitted, counsel seeking to provide joint representation shall provide the Court with the following:

(1) a written certification by counsel that, after careful investigation of potential conflicts of interest, it is clear that no actual conflict is foreseeable; and

(2) a written certification by each person to be represented, giving informed consent to such multiple representation and waiving the right to separate representation and, when applicable, waiving the attorney/client privilege.

Such certifications shall be in a form substantially as set forth in **Form 3** annexed to these rules.

DRAFT

**CROSS REFERENCES:**

See LR Cr 44 (Proceedings Involving an Indigent Defendant).
See also LR Gen 209 (Basis for Disciplinary Action).

## LR Cr 46 SECURITY AND SURETIES

**(a) Security.** Except as otherwise provided by law or by order of the Court, a bond or similar undertaking must be secured by:

(1) the deposit of cash or obligations of the United States in the amount of the bond; or

(2) the guaranty of a company or corporation holding a certificate of authority from the Secretary of the Treasury pursuant to 31 U.S.C. § 9304 et seq; or

(3) the guaranty of an individual resident of this District who owns and pledges as security real property in which such individual has equity that exceeds the amount of the bond.

**(b) Individual Sureties.** An individual acting as surety pursuant to paragraph (a)(3) of this rule shall execute and file an affidavit that includes:

(1) the individual's full name, occupation, and residential and business addresses; and

(2) a statement that the affiant will not encumber or dispose of the property while the bond remains in effect; and

(3) a statement from the clerk of the city or town wherein the property is located setting forth the assessed value of the property, or, alternatively, an appraisal by a licensed appraiser; and

(4) a title report from a member of the bar of the state in which the property is located certifying that such individual is the record owner of the property and listing the amount(s) of all liens and mortgages on the property, including all but the current year's real estate taxes.

**(c) Members of the Bar and Court Officers Ineligible.** No member of the bar or officer or employee of the Court may be surety or guarantor of any bond or undertaking in any proceeding in this Court.

**(d) Execution of Bond.** Except as otherwise provided by law, it shall be sufficient if a bond or similar undertaking is executed by the surety or sureties alone, and not by the party on whose behalf such security is provided.

DRAFT

**(e)** **Approval of Bond.** Except as otherwise provided by law, the Clerk may approve a bond the amount of which has been fixed by the Court, or by statute or rule, and which is secured in the manner provided by subsections (a)(1) - (a)(3) of this Rule.

**(f)** **Modification of Bond.** The amount or terms of a bond or similar undertaking may be changed at any time, as justice requires, by order of the Court on its own motion or on motion of a party.

**CROSS-REFERENCES**

See LR Cr 46.1 (Return of Bond) and LR Cv 65.1 (security and sureties in civil cases).

DRAFT

**LR Cr 46.1 RETURN OF BOND**

No item surrendered as a condition of bail shall be returned, nor shall any obligation of surety discharged, except upon written order of the Court.

**CROSS REFERENCE:**

See LR Cr 46 (Security and Sureties).

DRAFT

## LR Cr 47 MOTIONS AND SUPPORTING DOCUMENTS

**(a) Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and be accompanied by a separate memorandum of law setting forth the reasons why such relief should be granted and any applicable points and authorities supporting the request. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons.

**(b) Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a memorandum setting forth the reasons for the objection and any applicable points and authorities supporting the objection.

DRAFT

(2) The movant may file and serve a reply memorandum not later than five (5) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments originally made in support of the motion.

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

**(c) Copies.** Two (2) copies of every motion, objection and reply and memorandum in support, together with any permitted appendices, shall be filed along with the original. The originals shall be retained in the court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

**(d) Memoranda and Supporting Documents.**

**(1) Page Limits.**

(A) In General. Unless otherwise permitted by the Court for good cause shown, memoranda in support of motions and objections shall not exceed fifteen (15) pages. Reply memoranda may not exceed five (5) pages.

(B) Appendices and Other Supporting Documents. Except as provided in paragraph (d)(3) of this Rule, appendices, exhibits and any other documents of any kind, however denominated, that are attached to or filed in connection with a motion or objection may not exceed a total of fifteen (15) pages in the aggregate.

**(2) Format.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cr 57(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately tabbed.

**(3) Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify the page and format restrictions for memoranda, motions, objection, replies, appendices and/or exhibits shall be made by motion.

DRAFT

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall state the reasons for the request and the number of pages in the proposed document(s). The proposed document(s) shall not be submitted unless and until the motion to exceed is granted.

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**CROSS -REFERENCES**

See LR Cr 12 (Pretrial Motions) and LR Cr 57(a)(form of documents filed).
See also LR Gen 102 (sealing of documents) and LR Cv 7 (motions generally in civil cases).

## LR Cr 47.1 ORDERS

**(a)** **Preparation By Clerk.** Unless the Court otherwise directs, all orders shall be prepared by the deputy clerk assigned to the judge issuing the order.

**(b)** **Preparation by Counsel.** If the Court so directs, an order shall be prepared, in writing, by counsel and shall be served and filed with the Clerk within seven (7) days. Any order prepared by counsel shall contain:

(1) the name and signature of counsel presenting the order;

(2) a certification that counsel presenting the order has served a copy of the proposed order on all other counsel and *pro se* parties; and

(3) a statement as to whether other counsel or *pro se* parties object to the form of the order, or alternatively, that counsel presenting the order has been unable to determine whether other counsel or *pro se* parties object, despite having made a good faith effort to do so.

DRAFT

**CROSS-REFERENCE**

See LR Cv 7.1 (form of orders in civil cases).

## LR Cr 57 FORM AND FILING OF DOCUMENTS

**(a) Form and Content of Documents.** All documents filed in a criminal case shall be on 8½" x 11" paper and shall include the following:

**(1) Captions.** All documents containing the caption of a case shall include the full caption showing the names of all parties. Documents filed after a case is docketed also shall include the name, case number and initial(s) of the Judge to whom the case has been assigned.

**(2) Titles.** All documents shall bear a title that concisely states the precise nature of the document and identifies the party filing it.

**(3) Page Numbering.** Where a document is more than one page in length, the pages shall be numbered at the bottom center of each page.

DRAFT

**(4) Signing of Documents.** All documents filed on behalf of a party shall be signed by counsel representing the party on whose behalf the document is filed, or in the case of a defendant proceeding *pro se*, by the defendant himself or herself. The name, address and telephone number of the individual signing the document shall be typed or printed below the signature. Documents filed by attorneys shall also bear the attorney's bar number, and the name, address, fax number and e-mail address of the attorney's agency or law firm.

**(b) Criminal Cover Sheet.** When an information or indictment or any other document in a criminal case that requires a file to be opened is filed, the government shall contemporaneously file a completed criminal action cover sheet describing the type of case and identifying any related case previously filed or pending in this Court. The Clerk may reclassify a case if the cover sheet does not accurately describe its type. Cover sheets shall be provided by the Clerk upon request.

**CROSS-REFERENCE**

See LR Cv 5 (form and filing of documents in a civil case).

## LR Cr 57.1 APPLICATIONS FOR POST-CONVICTION RELIEF

**(a)** **Form**. Any *pro se* petition for post-conviction relief filed pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255 shall be on a form provided by the Clerk's Office. The Clerk shall make the form available upon request and without charge.

**(b)** **Non-conforming Filing.** If the petition is not filed on the form referred to in subsection (a) of this rule, or on a substantially similar form, or if it is not properly completed, the Clerk shall promptly notify the petitioner in writing of the deficiency. If the petitioner fails to file a corrected petition within twenty (20) days after such notification, the Clerk shall present the petition to a judicial officer to determine whether the petition should be dismissed.

**(c)** **Assignment.** Petitions for relief pursuant to 28 U.S.C. § 2255 shall be assigned to the district judge who sentenced the petitioner. If that district judge is unable to review the petition, the petition shall be randomly assigned to another district judge. Petitions for relief pursuant to 28 U.S.C. § 2254 shall be randomly assigned.

**(d)** **Ineffective Assistance of Counsel Claims.** If a petitioner makes a claim of ineffective assistance of counsel based on counsel's failure to file a direct appeal, the petitioner shall append to his petition a sworn statement regarding the discussions the petitioner had with counsel regarding an appeal, specifically stating:

(1) whether counsel asked whether the petitioner wished to appeal; and

(2) whether petitioner ever told counsel that he wished to appeal.

DRAFT

**CROSS REFERENCES**

See LR Gen 105 (Assignment of Cases) and LR Cr 44(c) (continuing duty of appointed counsel after sentencing).

## LR Cr 57.2 AUTHORITY OF MAGISTRATES IN CRIMINAL CASES

**(a) Authority and Duties.** A full-time or recalled magistrate judge shall perform any duties assigned by the Court or by a district judge and, in doing so, may exercise all powers conferred upon full-time magistrate judges pursuant to 28 U.S.C. § 636.

**(b) Vacating Referrals.** A district judge who has referred any matter to a magistrate judge may, in his or her discretion, vacate the reference at any time.

**(c) Appeals from Rulings On Nondispositive Matters.**

**(1) Time for Appeal.** Any appeal from an order or other ruling by a magistrate judge in a nondispositive matter shall be filed and served within ten (10) days after such order or ruling is served on the appellant.

**(2) Content of Appeal.** Any such appeal shall consist of a notice of appeal setting forth the basis for the appeal, a memorandum of law which complies with LR Cr 47, and a transcript of any evidentiary hearing(s) before the magistrate judge and/or any statements by the magistrate judge of the reasons for the order or ruling.

DRAFT

**(3) Responses and Replies**. A response to an appeal shall be served and filed within ten (10) days after the notice of appeal is served. The appellant may serve and file a reply to the response within five (5) days thereafter. Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an appeal of a magistrate judge's order or ruling. Any response and/or reply shall comply with LR Cr 47.

**(d) Objections to Reports and Recommendations.**

**(1) Time for Objections.** Any objection to a Report and Recommendation by a magistrate judge shall be filed and served within ten (10) days after such Report and Recommendation is served on the objecting party.

**(2) Content of Objections.** An objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law specifying the findings and/or recommendations to which objection is made, the basis for the objection, and a transcript of any evidentiary hearing(s) before the magistrate judge. The memorandum shall comply with LR Cr 47.

**(3)** **Responses and Replies**. A response to an objection shall be served and filed within ten (10) days after the objection is served. The objecting party may serve and file a reply to the response within five (5) days thereafter. Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an objection to a magistrate judge's Report and Recommendation. Any response and/or reply shall comply with LR Cr 47.

**CROSS-REFERENCES**

See LR Cr 47 (re: form of memorandum in support of objections to magistrate judge's Report and Recommendations) and LR Cv 72 (duties of magistrate judge in civil matters).

See also:

- Fed.R.Crim.P. 58 (duties of magistrate judge in misdemeanor and petty offense cases);
- 28 U.S.C. §636 (setting forth jurisdiction and duties of magistrate judges);
- 18 U.S.C. §§3401-3402 (setting forth magistrate judges' jurisdiction to conduct trials of misdemeanors); and
- 18 U.S.C. §§ 3141-3146 (bail; release and detention orders).

DRAFT

## LR Cr 58 FORFEITURE OF COLLATERAL

**(a)** **Generally**. A person who is charged with a petty offense referred to in subsection (b) of this Rule, may, in lieu of appearance, post collateral in the amount indicated for the offense, waive appearance before a magistrate judge, and consent to the forfeiture of that collateral, unless either the charging document makes the appearance mandatory or the offense charged is not posted on the Forfeiture of Collateral Schedule approved by the Court.

**(b)** **Forfeiture of Collateral Schedule**. The offenses for which collateral may be posted and forfeited in lieu of appearance by the person charged, together with the amounts of the collateral to be posted, are set forth in the Forfeiture of Collateral Schedule on file in the Clerk's Office, as such schedule may be amended from time to time by the Court.

**CROSS-REFERENCE**

DRAFT

<u>See</u> LR Cr 57.2 (setting forth duties of magistrate judges).

-----------------------

**Form 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

______________________________
Plaintiff(s)

v. C.A. No.__________________

______________________________
Defendant(s)

MOTION FOR ENTRY OF APPEARANCE
PRO HAC VICE

Plaintiff/Defendant __________________________________ hereby moves that ________________be admitted PRO HAC VICE in the above case as associate trial counsel with local associate counsel identified below, on the following grounds:

DRAFT

- The case involves the following complex area of the law, in which ______________ counsel specializes:
- ____________ counsel's long-standing representation of the client: _______________________________________
- The local trial bar lacks experience in the field of: ________________________________________________.
- The case involves complex legal questions under the law of a foreign jurisdiction with which ___________________ counsel is familiar, specifically : ________________________________________________.
- The case requires extensive discovery in a foreign jurisdiction convenient to __________________ counsel, as follows:_______________________________________.
- It is a criminal case, and_____________________ counsel is defendant's counsel of choice.
- Other:___________________________________________.

(Plaintiff/Defendant)

By:___________________
Attorney for____________
______________________

DATED:_____________

**Form 1 (cont'd)**

## ATTORNEY'S CERTIFICATION FOR PRO HAC VICE ADMISSION

I hereby certify as follows:

(1) I am a member in good standing of the bar of the State(s) of ____________________ and of the following Federal District Court and/or Court of Appeals Bar(s)__________________________________ __________________, and my eligibility to practice before those courts has not been restricted in any way.

(2) I have never been disciplined or sanctioned by any court or other body having disciplinary authority over attorneys; there are no disciplinary proceedings pending against me at this time; and I have never had my *pro hac vice* status revoked by any court. (If applicant has been sanctioned, disciplined or had any *pro hac vice* status revoked, please provide a full explanation.)

(3) I have never been convicted of any crime other than minor traffic offenses. (If applicant has been convicted, please provide full explanation.)

(4) During the past 12 months I have not appeared or applied to be admitted in more than three (3) cases in this district. (If you have appeared or applied for *pro hac vice* admission, please provide the dates, case names and name of the judge who presided).

(5) I understand my obligation to notify this Court immediately of any changed circumstances that affect my answers to the preceding questions.

DRAFT

(6) I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as adopted by this Court as the standard of conduct for all attorneys appearing before it.

(7) For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, as set out in LR Gen 204, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

---

I certify that I have read and join in the foregoing motion, and acknowledge and agree to observe the requirements of LR Gen 204 in its entirety and as it relates to the participation and responsibilities of Local associate counsel.

| | |
|---|---|
| ______________________ Name | ______________________ Local Associate Counsel |
| | ______________________ R.I. Bar ID # |
| ______________________ Firm Name | ______________________ Firm Name |
| ______________________ Business Address | ______________________ Business Address |
| ______________________ | ______________________ |
| ______________________ | ______________________ |
| ________ Tel. # ________ Fax # | ________ Tel. # ________ Fax # |

---

**Order :** This motion is hereby ____________________________.

______________________________
U.S. District Judge
Date: ____________________________

*pro hac vice motion (rev. 6/05)*

**Form 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Criminal No.

CERTIFICATION OF DEFENDANT'S MEDICATION

DRAFT

As counsel for ______________________, I hereby certify that I have conferred with my client and he or she has advised me that he or she **is not taking** any form of medication.

Date:_________________________ ______________________________
Attorney Signature

As counsel for ______________________, I hereby certify that I have conferred with my client and determined that he or she **is taking** the following medication(s) in the indicated dosages:

| Medication | Dosage |
| --- | --- |
| ________________________ | ____________ |
| ________________________ | ____________ |
| ________________________ | ____________ |

Furthermore, I certify that I have conferred with _________________________ _____________________________, defendants' physician, who has stated that the above medication(s) in the dosage(s) indicated do not impair the defendant's ability to understand the nature of the charges against him, the terms of the Plea Agreement between the defendant and the government, or the consequences of pleading guilty to those charges.

Date:__________________________ _______________________________
Attorney Signature

# ADVICE OF RIGHTS AND WAIVER OF CONFLICT OF INTEREST FORM

The United States Constitution gives every defendant the right to effective assistance of counsel. Whenever two or more defendants have been jointly charged or have been joined together for trial and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated with each other in the practice of law, your lawyer may have trouble representing all of the defendants with the same fairness. This conflict of interest may deny you the right to effective assistance of counsel. Such conflicts are always a potential problem because different defendants may have different degrees of involvement. Each defendant has the right to a lawyer who represents him and only him.

DRAFT

This kind of conflict of interest can be dangerous to a defendant in a number of ways. A few examples are:

The government may offer to recommend a lesser sentence to one defendant if he cooperates with the government. His lawyer ought to advise him on whether or not to accept this offer. But if the lawyer advises him to accept the offer, it may harm the cases of the other defendants, who are also his, or his associate's, clients.

The government may let a defendant who is not as involved as other defendants plead guilty to lesser charges than the other defendants. After the guilty plea, however, the government may require the defendant to testify. The lawyer who represents more than one defendant might recommend that the first defendant not plead guilty to protect the other defendants that he, or his associate, represents; or the lawyer might recommend that the first defendant plead guilty, which might harm the cases of the other defendants.

Sometimes one of the defendants represented by a lawyer, or his associate, will take the stand to testify in his own behalf. In order to represent the other defendants fairly the lawyer should question the defendant on the stand as completely as possible. However, he may not be able to do that because he cannot ask the defendant as a witness about anything that defendant has told him in confidence.

The best defense for a defendant often is the argument that while the other defendants may be guilty, he is not. A lawyer representing two or more defendants, either personally or through an associate, cannot effectively make such an argument.

Evidence that helps one defendant might harm another defendant's case. When one lawyer represents two or more defendants, or two lawyers who are associated in the practice of law represent joint defendants, one lawyer might object to evidence that could help one defendant if it harms the other defendant's case.

The court advises defendants against representation by a lawyer who also represents other defendants in the same case or is associated in the practice of law with a lawyer representing another defendant in this case. The court urges each defendant to obtain a lawyer who will represent him and only him. Each defendant has the right to a lawyer of his own. Each defendant can also give up that right, if he chooses.

DRAFT

---

I have read the above statement, and I understand it fully. I know I have a right to be represented exclusively by my own attorney of my own, but I wish to give up that right.

I want ____________________ as my lawyer, even though he represents one or more other defendants in this case or is associated in the practice of law with a lawyer who represents another defendant in this case. I understand that a conflict of interests might arise which would not be in my best interest.

________________________ ________________________________

Date Defendant

________________________

Witness, Counsel for Defendant

# *CONSOLIDATED TOPIC INDEX TO LOCAL RULES*


| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| ADR REFERRALS | Cv 16(b), Cv 53 |
| AGREEMENTS WITH OTHER DISTRICTS | |
| With Districts of New Hampshire and Maine | 106 |
| Referrals from | 106 |
| AMENDMENTS | |
| Amended Pleadings | Cv 15 |
| Motions to Amend | Cv 15 |
| APPEALS | |
| Bankruptcy | 109 |
| Proceedings After Remand | 105(b) |
| APPEARANCES | |
| Conflict of Court Appearances | 207 |
| Conflicting Appearances | 207(a) |
| Excusals | 207(b) |
| Counsel | 206(a) |
| Individuals, Pro Se | 205 |
| Withdrawal | 206(c) |
| APPLICABILITY OF LOCAL RULES | |
| Applicability | 101(c) |
| Construction of | 101(e) |
| Effective Date | 101(b) |
| Title | 101(a) |
| ARRAIGNMENT | |
| Post Arraignment Meeting | Cr 10.1 |
| Trial Date | Cr 10 |
| ASSIGNMENT OF CASES | |
| Emergency Matters | 105(c) |
| Generally | 105(a) |
| Re-filed Actions | 105(a) |
| Remand | 105(b) |
| ATTORNEYS | |
| Appearances | 206 |
| Bar of the District Court | |
| Admission Requirements | 202(a) |
| Board of Bar Examiners and Course of Instruction | 202(c) |
| Eligibility | 202(a) |
| Exceptions | 201(b) |
| Procedure for Admission | 202(b) |
| Conduct, standards for | 208 |
| Conferred Disciplinary Jurisdiction | 209(a) |


DRAFT

***SUBJECT MATTER*** ***RULE NO.***


| | |
|---|---|
| Continuation of Membership in Bar | 203 |
| Criminal Convictions | 213 |
| Disbarment by Consent | 212 |
| Disciplinary Proceedings | 210 |
| Actions by Other Courts or Agencies | 214 |
| Action by District Court | 211 |
| Misconduct | 209 (c) |
| Practice Before this Court | 201 |
| Pro Hac Vice Counsel | 204 |
| Admission and Revocation | 204 (f) |
| Application | 204 (d), Form 1 |
| Eligibility | 204 (b) |
| Limit | 204 (c) |
| Local Counsel | 204 (e) |
| Reinstatement of Membership | 215 |
| Withdrawal of Appearance | 206(c) |
| ATTORNEYS' FEES | |
| Supporting Affidavits | Cv 54.1(b) |
| Timing | Cv 54.1(a) |
| BANKRUPTCY CASES | |
| Appeals to Bankruptcy Appellate Panel | 109(e) |
| Appeals to District Court | 109(f) |
| Applicability of Local Rules | 109(i) |
| Discretion of District Court | 109(j) |
| Filings | 109(b) |
| Jury Trials | 109(c) |
| Local Bankruptcy Rules | 109(h) |
| References of | 109(a) |
| Reports and Recommendations by Bankruptcy Judge | 109(d) |
| Stays Pending Appeal to District Court | 109(g) |
| Withdrawals of References | 109(a) |
| BAR OF THE DISTRICT COURT | |
| Admission Requirements | 202 |
| Board of Bar Examiners and Course of Instruction | 202 (c) |
| Eligibility | 202 (a) |
| Exceptions | 201 (b) |
| Procedure for Admission | 202 (b) |
| Continuation of Membership | 203 |
| Pro Hac Vice | 204 |
| Reinstatement to | 215 |
| BILL OF COSTS | |
| Form of Request | Cv 54(b) |
| Objections | Cv 54(d) |
| Resolution of Objection | Cv 54(e) |
| Taxation by Clerk | Cv 54(c) |
| Timing of Request | Cv 54(a) |


DRAFT

| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| BONDS | |
| Approval | Cv 65.1(e) |
| Execution | Cv 65.1(d) |
| Modification | Cv 65.1(g) |
| Supersedeas | Cv 62 |
| Sureties | Cv 65.1(b) |
| CIVIL ACTIONS | |
| Continuance | Cv 39.2 |
| Dismissal for Lack of Prosecution | Cv 41 |
| Filing of | Cv 5 |
| Release of Information by Courthouse Personnel | 110 |
| CLAIM OF UNCONSTITUTIONALITY | |
| Notification of | Cv 24 |
| CLASS ACTIONS | |
| Certification of Class | Cv 23(b) |
| Form of Pleading | Cv 23(a) |
| Settlements | Cv 23(c) |
| Approval | Cv 23(c) |
| Certificate of Compliance | Cv 23(c)(5) |
| Motion for | Cv 23(c)(1) |
| Notice | Cv 23(c)(3) |
| Of settlement | Cv 23(c)(4) |
| Preliminary Review | Cv 23(c)(2) |
| CLERK | |
| Exhibits | 103(d) |
| Custody of | 103(d)(1) |
| Disposition | 103(d)(3) |
| Exhibits | 103(d)(2) |
| Filing Original Documents with | Cv 5(e) |
| Judgments Entered by | Cv 58(a) |
| Orders Entered by | Cv 7.1, Cr 47.1 |
| Parties' Funds Deposited with | Cv 67 |
| Deduction of Court Fees | Cv 67 (c) |
| Procedure for Deposit | Cv 67(a) |
| Procedure for Withdrawal | Cv 67 (b) |
| Transmittal of Sealed Documents | 102(b) |
| COMPLAINTS | |
| Captions | Cv 5(a) |
| Filing of | Cv 5 |
| CONDUCT | |
| Counsel at Trial | 103 |
| Misconduct of Attorneys; Discipline | 209(c) |
| Professional Standards for | 208 |


DRAFT

***SUBJECT MATTER*** ***RULE NO.***

CONFERENCES
Attorney Discovery Conference.......... Cv 26(a)
Attendance of Trial Counsel .......... Cv 16(d)
Initial Scheduling.......... Cv 16(a)
ADR, Possibility for.......... Cv 16(b)(6)
Attendance of Trial Counsel.......... Cv 16(d)
Preparation for.......... Cv 16(b)
Post-Arraignment meeting.......... Cr 10.1
Pre-trial Conference.......... Cr 17.1
Settlement, Possibility of.......... Cv 16(b)

CONFIDENTIAL MATERIAL
Motions To Seal .......... 102

CONFIDENTIALITY
Disclosure of Non-public Information.......... 110

CONFLICTS
Court Appearances, of.......... 207
Conflicting Appearances.......... 207(a)
Excusals.......... 207(b)

CONSENT
To Trial or Disposition before Magistrate Judge.......... Cv 73

CONSTRUCTION
Local Rules, of.......... 101(e)

CONTINUANCES
Absence of Witness.......... Cv 39.2(b)
Generally.......... Cv 39.2(a)

COSTS
Attorneys fees.......... Cv 54.1
Failure to Furnish Security for.......... Cv 65.2(b)
Form of Request.......... Cv 54(b)
Interpreters.......... 108(e)
Objections to.......... Cv 54(d)
Resolution of.......... Cv 54(e)
Parties' Funds Deposited With Clerk.......... Cv 67
Deduction of Court Fees.......... Cv 67(c)
Procedure for Deposit.......... Cv 67(a)
Procedure for Withdrawal.......... Cv 67(b)
Security for.......... Cv 65.2(a)
Taxation by Clerk.......... Cv 54(c)
Timing of Request for .......... Cv 54(a)

COURT
Definition of term as used in Local Rules .......... 101(f)

DRAFT

***SUBJECT MATTER*** ***RULE NO.***


COURT INTERPRETERS........................................................................................ 108
Obtaining services of .................................................................................... 108(b)
Use of ............................................................................................................. 108(a)

COURTHOUSE PERSONNEL
Release of Information by.............................................................................. 110

COURTROOM PHOTOGRAPHING, RECORDING, BROADCASTING
Ceremonies..................................................................................................... 111(b)
Prohibited....................................................................................................... 111(a)

COURTROOM PRACTICE
Addressing the Court...................................................................................... 103(a)
Attorneys as Witnesses.................................................................................. 103(c)
Conduct of Counsel........................................................................................ 208
Court Interpreters........................................................................................... 108
Examination of Witnesses.............................................................................. 103(c)
Exhibits........................................................................................................... 103(d)
Custody...................................................................................................... 103(d)(1)
Disposition................................................................................................. 103(d)(3)
Preservation................................................................................................ 103(d)(2)
Jury Empaneling............................................................................................. Cv 47, Cr 24
Jury Instructions............................................................................................. Cv 51
Objections, registering of............................................................................... 103(b)
Opening Statements........................................................................................ Cv 39(a), Cr 23(a)
Photographing; Recording; Broadcasting....................................................... 111
Recorded Conversations................................................................................. Cr 23(b)
Time Limits..................................................................................................... Cr 23(c)
Recorded Conversations or Testimony .......................................................... Cv 39(b)
Views.............................................................................................................. Cv 39.1, Cr 23.1
Witnesses........................................................................................................ 103(c)
Attorneys as Witnesses.............................................................................. 103(c)(3)
Examination................................................................................................ 103(c)(2)
Scheduling.................................................................................................. 103(c)(1)

DEFAULT
Judgments....................................................................................................... Cv 55

DEPOSITIONS
Use of at Trial................................................................................................. Cv 39(b), Cr 23

DISABILITIES
Communication, Assistance for Persons with................................................. 108(d)

DISBARMENT
By Consent ..................................................................................................... 212
Reinstatement ................................................................................................. 215

| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| DISCIPLINARY/DISCIPLINE | |
| Jurisdiction | 209(a) |
| Proceedings | 210 |
| Action Taken by Other Courts or Tribunals | 214 |
| Attorneys Convicted of Crimes | 213 |
| Disbarment by Consent | 212 |
| DISCLOSURE OF NON-PUBLIC INFORMATION | 110 |
| DISCOVERY | |
| Conference | Cv 26(a) |
| Deadline for Discovery | Cr 16(c) |
| Disclosures | Cv 26, Cr 16(a) |
| Filing of | Cv 5(d) |
| Generally | Cr 16 |
| Initial Scheduling Conference | Cv 16(a) |
| Motions | Cv 7, Cr 12 |
| Motions to Compel | Cv 37 |
| Conference of Counsel as Prerequisite | Cv 37(b) |
| Form | Cv 37(a) |
| Time for Compliance with Ruling | Cv 37(c) |
| Plan | Cv 26(b) |
| Post-Arraignment Meeting | Cr 10.1 |
| Pretrial Conference | Cr 17.1 |
| DISMISSALS | |
| Bankruptcy Appeals | 109(e), (f) |
| Lack of Prosecution | Cv 41 |
| DISTRICT COURT | |
| Bar of | 201 |
| DISTRICTS | |
| New Hampshire and Maine, Referrals to and from | 106 |
| EXCUSALS | |
| Conflict of Court Appearances; Excusals | 207 |
| EXECUTION | |
| Writs of | Cv 69 |
| EXHIBITS | |
| Custody | 103(d)(1) |
| Disposition | 103(d)(3) |
| Preservation | 103(d)(2) |
| FAILURE TO COMPLY | |
| Sanctions for Failure to Comply with Local Rules | 112 |
| FEES | |
| Attorneys' Fees | Cv 54.1 |
| Filing Fees | Cv 5(c) |


DRAFT

***SUBJECT MATTER*** ***RULE NO.***

FILINGS
Bankruptcy Papers ..... 109(b)
Discovery ..... Cv 5(d)
Fees ..... Cv 5(c)
Form and Filing ..... Cv 5, Cr 57
Interrogatories ..... Cv 33(a)
Motions ..... Cv 7(b)
Original Documents ..... Cv 5(e)
Requests for Admission ..... Cv 36(a)
Requests for Production ..... Cv 34(a)

FINDINGS AND RECOMMENDATIONS
Recommendation, by Magistrate Judge ..... Cv 72, Cr 57.2
Review of, by Magistrate Judge ..... Cv 72, Cr 57.2

FORFEITURE OF COLLATERAL
Forfeiture of Collateral Schedule ..... Cr 58(b)
Generally ..... Cr 58(a)

FORM AND FILING OF PAPERS OR DOCUMENTS
Captions ..... Cv 5(a), Cr 57(a)
Cover Sheet ..... Cv 5(b), Cr 57(c)
Fees ..... Cv 5(c)
Form of Papers ..... Cv 5(a), Cr 57(a)
Jury Demand ..... Cv 5(a)(4)
Non-Conforming Documents ..... Cv 5(f)
Page Numbering ..... Cv 5(a)(3), Cr 57(a)(3)
Removal of Documents from Court ..... 104
Signing of ..... Cv 5(a)(5), Cr 57(a)(4)
Titles ..... Cv 5(a)(2), Cr 57(a)(2)

FORM OF PLEADINGS
Form and Filing ..... Cv 5, Cr 57
Service ..... Cv 5.1

FORMS
Pro Hac Vice ..... LR Gen 204

FUNDS
Deduction of Court Fees ..... Cv 67(c)
Parties' Funds Deposited With Clerk of Court ..... Cv 67
Procedure for Deposit of ..... Cv 67(a)
Procedure for Withdrawal ..... Cv 67(b)

GRAND JURY
Grand Jurors, confidentially of ..... Cr 6(d)
Empaneling ..... Cr 6(a)
Indictments ..... Cr 6(b)
Motions and Pleadings ..... Cr 6(c)
Sealing of, ..... Cr 6(c)
Security ..... Cr 6(e)
Terms ..... Cr 6(a)

DRAFT

| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| HEARING IMPAIRED | |
| Assistance for | 108(d) |
| INDIGENT DEFENDANTS | |
| CJA Attorneys | Cr 44(b) |
| Continuing Duty to Represent | Cr 44(c) |
| Interpreters | 108 |
| Right to Court Appointed Counsel Generally | Cr 44(a) |
| INJUNCTIONS | Cv 65, Cv 9 |
| INTERPRETERS | 108 |
| INTERROGATORIES | |
| Filing | Cv 33(a) |
| Objections | Cv 33(b) |
| JUDGES | |
| Bankruptcy, Reference to | 109(a) |
| Magistrate Judges | Cv 72, Cv 73 |
| Three-Judge Court | Cv 9 |
| JUDGMENTS | |
| Costs | Cv 54 |
| Default | Cv 55 |
| Entered by Clerk | Cv 58(a) |
| Satisfaction of | Cv 58.1 |
| Entry by Clerk | Cv 58.1(a) |
| Payment into Court | Cv 58.1(b) |
| JURISDICTION | |
| Conferred Disciplinary Jurisdiction | 209(a) |
| of Bankruptcy Judges | 109(a) |
| of Magistrate Judges | Cv 72, 73, Cr 57.2 |
| Dispositive matters | Cv 72, Cr 57.2 |
| Nondispositive matters | Cv 72, Cr 57.2 |
| Civil Consent Trials and Dispositions | Cv 73 |
| JURORS | |
| Alternates | Cr 24(e)(2) |
| Communication with | Cv 47(d), Cr 24(f) |
| Foreperson | Cr 24(e)(3) |
| Empaneling | Cv 47, Cr 24 |
| Objections to Empanelment by Magistrate Judge | Cr 24(b) |
| Challenge for Cause | Cv 47(c), Cr 24(d) |
| Peremptory Challenge | Cv 47(c), Cr 24(e) |
| Voir Dire Questions | Cv 47(b), Cr 24(c) |


DRAFT

| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| JURY | |
| Communication with Jurors | Cv 47(d), Cr 24(f) |
| Empaneling of | Cv 47, Cr 24 |
| Challenges for Cause | Cv 47(c), Cr 24(d) |
| Generally | Cv 47(a), Cr 24(a) |
| Peremptory Challenges | Cv 47(c), Cr 24(c) |
| Voir Dire Questions | Cv 47(b), Cr 24(b) |
| Instructions, Waiver of | Cv 51 |
| Form of | Cv 51.1(d) |
| Objections to | Cv 51.1(c) |
| Supplemental | Cv 51.1(e) |
| Waiver | Cv 51 |
| Jury Demand Filing | Cv 5(a)(4) |
| JURY INSTRUCTIONS | |
| Waiver | Cv 51 |
| JURY VERDICTS | Cr 31 |
| LOCAL RULES | |
| Construction of | 101(e) |
| Effective Date | 101(b) |
| Sanctions for Failure to Comply | 112 |
| Scope and Purpose | 101 |
| MAGISTRATE JUDGES | |
| Duties | Cv 72(a), Cr 57.2(a) |
| Authority Generally | Cv 72(a), Cr 57.2(a) |
| Authority of Recalled Magistrate Judges | Cv 72(a), Cr 57.2(a) |
| Consent Authority | Cv 73 |
| Objections to Report and Recommendations | Cv 72(d), Cr 57.2(d) |
| Appeals from Ruling | Cv 72(c), Cr 57.2(c) |
| MAINE | |
| Referrals to and from | 106 |
| MEMORANDUM | |
| Filing of | Cv 7(d), Cr 47(d) |
| Form | Cv 7(d)(3), Cr 47(d)(3) |
| In Support of Motions | Cv 7(b), Cr 47(b) |
| In Support of Appeals from Magistrate Judge's Ruling | Cv 72(c), Cr 57.2(c) |
| In Support of Objections to Reports and Recommendations | Cv 72(d), Cr 57.2(d) |
| Page Limitations | Cv 7(d)(1), Cr 47(d)(1) |
| Requests to Modify | Cv 7(d)(4), Cr 47(d)(3) |
| MISCONDUCT | |
| Attorney | 209(c) |
| Attorney's Convicted of Crimes | 213 |
| Disciplinary Proceedings | 210 |
| Publicly Available Records | 216(a) |

DRAFT

***SUBJECT MATTER*** ***RULE NO.***


MOTIONS
Generally .......... Cv 7, Cr 47
Accompanying Memoranda.......... Cv 7(a), (d), Cr 47(a), (d)
Form.......... Cv 7(d)(3), Cr 47(d)(2)
Page Limits.......... Cv 7(d)(1), Cr 47(d)(1)
Requests to Modify Page and Format Restrictions.......... Cv 7(d)(4), Cr 47(d)(3)
Amend, to.......... Cv 15
Class Action, determination of.......... Cv 23(c)(1)
Compel Discovery.......... Cv 37
Copies.......... Cv 7(c), Cr 47(c)
Default Judgments.......... Cv 55
Discovery Motions.......... Cv 37, Cr 12(c)
Duty to Address Speedy Trial Act .......... Cr 12(d)
Filing.......... Cv 7(b), Cr 47(b)
Form and Content.......... Cv 7(a), Cr 47(a)
In Limine.......... Cv 39.3, Cr 26
Response.......... Cv 7(b), Cr 47(b)
Objection to.......... Cv 7(b), Cr 47(b)
Objections and Replies.......... Cr 47(b)
Particularity Required.......... Cr 12(c)(1)
Post Conviction Relief.......... Cr 57.1
Pre-trial Motions.......... Cr 12
Sealed Documents.......... 102
Summary Judgment.......... Cv 56
Statement of Disputed Facts.......... Cv 56(a)(4)
Statement of Undisputed Facts.......... Cv 56(a)
Successive Motions.......... Cv 56(c)
Suppress, Motions to.......... Cr 12(b)

NEW HAMPSHIRE
Referrals to and from.......... 106

NOTICE
Of Related Actions or Proceedings .......... Cv 9.1

NOTICE BY PUBLICATION
Procedures for.......... Cv 5.2

NOTIFICATION OF CLAIM OF UNCONSTITUTIONALITY
Generally.......... Cv 24

OBJECTIONS
Copies.......... Cv 7(c), Cr 47(c)
Duty to Address Speedy Trial Act .......... Cr 12(d)
Memorandum and Supporting Documents.......... Cv 7(d), Cr 47(d)
Page Limits.......... Cv 7(d)(1), Cr 47(d)(1)
Requests to Modify Page and Format Restrictions.......... Cv 7(d)(4), Cr 47(d)(3)
Requests for Admission, to.......... Cv 36(c)
Requests for Production, to .......... Cv 34(c)

OFFICIAL RECORDS
Proof of.......... Cv 44


DRAFT

***SUBJECT MATTER*** ***RULE NO.***

ORDER OF REFERENCE
Consent to........................................ Cv 73

ORDERS
Preparation by Clerk ........................................ Cv 7.1(a), Cr 47.1(a)
Preparation by Counsel........................................ Cv 7.1(b), Cr 47.1(b)

PARTIES
Funds Deposited with Clerk of Court........................................ Cv 67
Indispensable........................................ Cv 24

PHOTOGRAPHING; RECORDING; BROADCASTING........................................ 111

PLEADINGS AND FILINGS
Bankruptcy........................................ 109(b)
Captions........................................ Cv 5(a)(1), Cr 57(a)(1)
Civil Cover Sheet........................................ Cv 5(b)
Criminal Cover Sheet........................................ Cr 57(b)
Fees........................................ Cv 5(c)
Form of Papers........................................ Cv 5(a), Cr 57(a)
Jury Demand........................................ Cv 5(a)(4)
Place of Filing........................................ Cv 5(e)
Removal of........................................ 104
Service........................................ Cv 5.1(a)
Signing........................................ Cv 5(a)(5), Cr 57(a)(4)
Titles........................................ Cv 5(a)(2), Cr 57(a)(2)

PLEAS AND PLEA AGREEMENTS
Disclosure of Defendant's Medication........................................ Cr 11(b), Form 1
Time and Form........................................ Cr 11(a)

PLEADINGS
Proof of Service........................................ Cv 5.1(a)

POST ARRAIGNMENT MEETING........................................ Cr 10.1

POST CONVICTION RELIEF
Assignment of Applications for ........................................ Cr 57.1(c)
Form of Applications for ........................................ Cr 57.1(a)
Ineffective Assistance of Counsel Due to Lack of Appeal........................................ Cr 57.1(d)
Non-Conforming Application ........................................ Cr 57.1(b)

PRETRIAL
Conference........................................ Cv 16, Cr 17.1
Discovery........................................ Cv 26(a)
Motions........................................ Cr 12

PRETRIAL CONFERENCE
Attendance........................................ Cv 16(d), Cr 17.1
Initial Scheduling Conference ........................................ Cv 16(a)
Preparation by Attorneys for ........................................ Cv 16(b)

DRAFT

***SUBJECT MATTER*** ***RULE NO.***


PRETRIAL MOTIONS
Duty to Address Speedy Trial Act.................................................................. Cr 12(d)
Evidentiary Hearing, Need for........................................................................ Cr 12(e)
Form and Content............................................................................................ Cv 7(a), Cr 12(a)
Motions, Types of............................................................................................. Cv 7, Cr 12, Cr 47
Discovery Motions...................................................................................... Cr 12(c)
Motions to Suppress................................................................................... Cr 12(b)
Orders, Preparation of....................................................................................... Cr 47.1
By Clerk....................................................................................................... Cv 7.1(a), Cr 47.1(a)
By Counsel.................................................................................................. Cv 7.1(b), Cr 47.1(b)

PROFESSIONAL CONDUCT
Conferred Disciplinary Jurisdiction................................................................. 209(a)
Disciplinary Proceedings.................................................................................. 210
Action Taken by Other Courts..................................................................... 214
Attorneys Convicted of Crimes..................................................................... 213
Disbarment by Consent................................................................................ 212
Forms of Discipline.......................................................................................... 209(b)
Misconduct....................................................................................................... 209 (c)
Standards for..................................................................................................... 208

PROOF
Official or Certified Records............................................................................ Cv 44

PUBLIC ACCESS
Ceremonies....................................................................................................... 111(b)
Handwritten Notes............................................................................................ 111(c)
Photographing................................................................................................... 111(a)
Recordings and Broadcasting........................................................................... 111(a)
Release of Information ..................................................................................... 110
Voice Recordings.............................................................................................. 111(a)

PUBLICATION
Notice by.......................................................................................................... Cv 5.2

RECORDED CONVERSATIONS.......................................................................... Cr 23(b)

RECORDED TESTIMONY
Use of at Trial ................................................................................................... Cv 39(b), Cr 23(b)

RECORDS
Of Bankruptcy Appeals..................................................................................... 109(f)
Proof of Official or Certified............................................................................. Cv 44

REPORTS AND RECOMMENDATIONS
by Magistrate Judge .......................................................................................... Cv 72, Cr 57.2
Review of, by District Judge ........................................................................... Cv 72, Cr 57.2

REFERRALS TO AND FROM THE DISTRICTS OF
NEW HAMPSHIRE AND MAINE...................................................................... 106


DRAFT

***SUBJECT MATTER*** ***RULE NO.***

REINSTATEMENT
After Disbarment or Suspension.......... 215

RELEASE OF INFORMATION.......... 110

REMOVAL
Filing of State Court Record of.......... Cv 81(b)
Notice.......... Cv 81(a)
State Court, from.......... Cv 81

REMOVAL AND COPYING OF DOCUMENTS.......... 104

REPRESENTATION OF MULTIPLE DEFENDANTS
Generally.......... Cr 44.1(a)
Certification by Counsel .......... Cr 44.1(b), Form 3

REQUESTS
Admission, for.......... Cv 36
Filing.......... Cv 36(a)
Form of Response.......... Cv 36(b)
Objections.......... Cv 36(c)
Production, for.......... Cv 34
Filing.......... Cv 34(a)
Form of Response.......... Cv 34(b)
Objections.......... Cv 34(c)
Three-Judge Court.......... Cv 9

SANCTIONS FOR NON-COMPLIANCE WITH
LOCAL RULES.......... 112

SATISFACTION OF JUDGMENTS
Entry by Clerk .......... Cv 58.1(a)
Payment into Court .......... Cv 58.1(b)

SEALED DOCUMENTS .......... 102

SECURITY AND SURETY
Approval of Bond.......... Cv 65.1(e), Cr 46(e)
Execution of Bond.......... Cv 65.1(d), Cr 46(d)
Individual Surety.......... Cv 65.1(b), Cr 46(b)
Members of the Bar and Court Officers Ineligible.......... Cv 65.1(c), Cr 46(c)
Modification of Bond.......... Cv 65.1(g), Cr 46(f)
Return of Surety.......... Cr 46.1
Security.......... Cv 65.1(a), Cr 46(a)
Service.......... Cv 65.1(f)

SENTENCING
Generally.......... Cr 32

SERVICE
Private Process Servers.......... Cv 5.1(b)
Proof of.......... Cv 5.1(a)

DRAFT

| ***SUBJECT MATTER*** | ***RULE NO.*** |
|---|---|
| SETTLEMENT | |
| Class Action | Cv 23(c) |
| Generally | Cv 39.4(a) |
| Jury Costs | Cv 39.4(b) |
| Minors | Cv 39.4(c) |
| SPECIAL ACTION | |
| Emergency Relief | Cv 9 |
| Temporary Restraining Order | Cv 9 |
| Three-Judge District Court | Cv 9 |
| SPECIAL VERDICTS AND INTERROGATIONS | |
| Generally | Cv 49 |
| SPEEDY TRIAL ACT | Cr 12(d) |
| STANDARDS | |
| Professional Conduct, for | 208 |
| Disciplinary Proceedings | 210 |
| Forms of Discipline | 209(b) |
| Misconduct | 209(c) |
| STATE COURT | |
| Removal from | Cv 81 |
| Filing of State Court Record | Cv 81(b) |
| Notice of | Cv 81(a) |
| STIPULATIONS | |
| Extending Time | Cv 29(b) |
| Generally | Cv 29(a) |
| SUBPOENAS | |
| Duces Tecum | Cr 17(a) |
| Ad Testificandum | Cr 17(b) |
| SUMMARY JUDGMENT | |
| Statement of Undisputed Facts | Cv 56(a) |
| Successive Motions | Cv 56(c) |
| Supporting Documents | Cv 56(b) |
| SUPERSEDEAS BOND | |
| Generally | Cv 62 |
| SUPERVISED RELEASE | |
| Proceedings before Magistrate Judge | Cr 32.1(a) |
| Modification / Waiver | Cr 32.1(b) |

DRAFT

| ***<u>SUBJECT MATTER</u>*** | ***<u>RULE NO.</u>*** |
|---|---|
| SURETIES | |
| Approval of Bond | Cv 65.1(e), Cr 46(e) |
| Execution of Bond | Cv 65.1(d), Cr 46(d) |
| Individual | Cv 65.1(b), Cr 46(b) |
| Members of the Bar and Court Officers | Cv 65.1(c), Cr 46(c) |
| Modification of Bond | Cv 65.1(g), Cr 46(f) |
| Security | Cv 65.1(a), Cr 46(a) |
| Service of | Cv 65.1(f) |
| TEMPORARY RESTRAINING ORDER | Cv 9 |
| THREE-JUDGE DISTRICT COURT | |
| Request for | Cv 9 |
| TIME LIMITS | Cv 39(c), Cr 23(c) |
| TITLE | |
| Of Local Rules | 101 |
| TRANSCRIPTS | 107 |
| TRANSFER OF CRIMINAL PROCEEDINGS | |
| Assignment | Cr 20(a) |
| Related or Similar Case | Cr 20(b) |
| TRIAL DATE | Cr 10 |
| TRIALS | |
| Attorneys as Witnesses | 103(c)(3) |
| Bankruptcy | 109(c) |
| Conduct of Counsel | 103, 208 |
| Continuances | Cv 39.2, Cr 12(f) |
| Examination of Witnesses | 103, Cv 39(c), Cr 23(c) |
| Exhibits | 103(d) |
| Jury Impaneling and Conduct | Cv 47, Cr 24 |
| Opening Statements | Cv 39(b), Cr 23(a) |
| Recorded Testimony/Evidence | Cv 39(b), Cr 23(b) |
| Time Limits, Court Imposed | Cv 39(c), Cr 23(c) |
| Time Limits, Requests for Additional Time | Cv 39(c), Cr 23(c) |
| Views | Cv 39.1, Cr 23.1 |
| UNCONSTITUTIONALITY | |
| Claim of | Cv 24 |
| VERDICTS | |
| Special | Cv 49 |
| VIEWS | Cv 39.1, Cr 23.1 |
| VOIR DIRE | |
| Jurors | Cv 47, Cr 24 |
| Questions | Cv 47(b), Cr 24(c) |


DRAFT

***SUBJECT MATTER*** ***RULE NO.***

WITNESSES
Attorneys as.......... 103(c)(3)
Continuance Securing Presence of Witness .......... Cv 39.2(b)
Examination of.......... 103(c)
Scheduling.......... 103(c)
Unavailability.......... Cv 39.2(b)

WRITS
Execution, of.......... Cv 69(a)
Request for.......... Cv 69(b)
Return on.......... Cv 69(c)

---------------------------

DRAFT