Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

August 9, 2005

Clerk's Office
U.S. District Court
One Exchange Terrace
Providence, RI 02903

Dear Sir or Madam:

Pursuant to the "Notice of Proposed Amendments to Local Rules" issued by the Court on June 21, enclosed please find our organization's written comments on the Draft Local Rules of the U.S. District Court for the District of Rhode Island.

We trust you will find our comments helpful and that you will give them careful consideration. We appreciate the opportunity to present our views on this proposal.

Sincerely,

Steven Brown
Executive Director

Enclosure

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

# COMMENTS ON DRAFT LOCAL RULES OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

## I. GENERAL COMMENTS

### A. Insufficiency of Notice and Comment Period

This proposal constitutes the first comprehensive revision to the Local Rules in more than 20 years. With appendices, the proposed draft is 184 pages long. The Rhode Island Affiliate, American Civil Liberties Union ("ACLU") is concerned about the relatively brief time period – less than sixty days – offered for comment on such a major overhaul of the Local Rules. We believe that this time period is insufficient for the careful review that such a detailed and far-reaching revision warrants.

We would observe that the standard procedure for notice and comment for proposed revisions to even discrete sections of the national federal rules is six months. In addition, in proposing a complete stylistic revision to the Federal Rules of Civil Procedure in February 2005, the Judicial Conference, in recognition of the size of the undertaking, has extended the usual six-month period to ten months (December 2005). Here, the District Court is proposing a complete overhaul of its local rules which is not only stylistic, but substantive, and therefore warrants a longer period to review and provide comments. Additional time would also give interested parties an opportunity to compare how some of the significant proposals contained in this draft – for example, the rules governing the type of information that should not be electronically filed [LR Gen 102(a)], disclosure of non-public information [LR Gen 110], or the appointment of special prosecutors [LR Gen 210(b)(2)] – compare with the practices and rules of other U.S. District Courts.

As the Court will see below, the ACLU is submitting a number of recommendations regarding the first two sections of this proposal. Although the ACLU has a similar strong interest in the third section – the draft local rules applicable to criminal proceedings – we have not had enough time to address them.

In light of the importance of these rules and the breadth of their scope, the ACLU respectfully requests that the Court, after its review of any comments offered at this time, resubmit these proposed rules, with any revisions accepted by the Court, for a second round of public comment.

B. Need to Conform to Uniform Numbering System.

We urge that the use of proposed "Local General Rules" be abandoned. Instead, each rule should be linked numerically to its civil and/or criminal rule counterpart. The use of a third set of numbers, not keyed either to the existing national civil or criminal rule numbering system, creates confusion and may create traps for the unwary practitioner who does not realize that it is not sufficient to examine the local-rule counterpart to the applicable civil or criminal rule to determine if there is a local rule relating to the relevant issue. Thus, for example, Fed.R.Civ.P. 43(f) deals specifically with interpreters, but a proposed Local General Rule on the subject is designated LR Gen 108.

As the Court is aware, Fed.R.Civ.P. 83(a)(1) and Fed.R.Civ.P. 57(a) each require that local rules "conform to any uniform numbering system prescribed by the Judicial Conference of the United States." This requirement means that district court rules should be keyed in numbering to the analogous national rule. Thus, the Local Rules of the District of Massachusetts contain a preface that specifically notes that, "[a]t the request of the Committee on Rules and Practice of the Judicial Conference of the United States," the local civil rules were renumbered to key them to the Fed.R.Civ.P. numbering system.

As the Notes of the Advisory Committee on the adoption of amended Rule 83(a)(1) point out, lack of uniform numbering has the potential to "create unnecessary traps for counsel and litigants." In short, the use of "local general rules" which do not tie into either the criminal or civil numbering systems is both confusing and inconsistent with the Federal Rules. We would urge that the numbering of these proposed Local Rules be revised to conform to this mandate.

Where there is no national counterpart, a local general rule pertaining to civil matters could appear as a subsection of Rule 83. See, once again for an example, the Local Rules of the District of Massachusetts, which do not contain "local general rules."

Below are the comments we have prepared on specific proposed rules. Where applicable, we have copied the text of the rule at issue, and indicated our proposed revisions through <u>underlining</u> for new language and ~~strikethrough~~ for proposed deletion of language, followed by a brief commentary explaining our recommendation.

## II. COMMENTS ON THE DRAFT LOCAL RULES OF GENERAL APPLICATION

### A. General Comments.

For the reasons noted in Section I of these comments, *supra*, we believe that the entirety of the "LR Gen" rule concept inappropriately perpetuates precisely what the Advisory Committee said that uniform numbering was designed to fix. It can create traps for the unwary and confusion as to where to look for applicable information. To the extent applicable, we would urge that these "LR Gen" rules appear in conforming locations of the Civil and Criminal Rules.

### B. Comments on Specific Rules

1. LR Gen 101 SCOPE AND PURPOSE OF RULES

Amend LR Gen 101(d) as follows:

(d) Previous Rules and Orders Superseded. All prior rules, standing orders and general orders are superseded and abrogated~~, to the extent that they conflict with these Local Rules~~.

Comment: In light of the comprehensive nature of these new rules, we do not believe that practitioners should be required to scour prior rules and orders of the Court in order to determine whether there are any conflicts between the two. Indeed, whether a conflict exists could often be a matter of interpretation, leading to uncertainty that is clearly avoidable. Therefore, these new rules should incorporate any standing rules or orders that the Court intends to maintain so that attorneys can rely upon this one document to guide them in complying with appropriate local rules of practice.

2. LR Gen 102 DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

Amend LR Gen 102 as follows:

(a) In General.
(1) Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed because it contains: ~~(A) confidential personal or business information, (B) references to matters contained in the presentence report, and/or (C) or other matters that should not be made public,~~ <u>presumptively confidential information under these or other federal court rules or decisions,</u> the document shall be accompanied by a motion to seal, which explains why the document should be sealed. <u>The motion should specify the desired duration of the sealing order.</u>
(2) Unless the Court otherwise permits, if counsel or a party has good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, the document shall not be filed

until such other party has been notified and afforded an opportunity to file a motion to seal.
(3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information. Counsel should consider alternatives that will minimize the information subject to any sealing order.
(4) Unless otherwise ordered, the motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.
(5) The Court shall rule on the motion to seal within five days.

(b) Transmittal by Clerk. Upon receipt of a motion to seal, the clerk shall docket the motion and memorandum but not the unredacted documents which are the subject of the motion and shall immediately transmit the motion and documents to the chambers of the judge to whom the case has been assigned.

(c) Filing of Sealed Documents. In a criminal case, if the Court grants a motion to seal, ~~the motion to seal, the order granting the motion to seal, and~~ the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. In a civil case, unless otherwise ordered by the Court, the sealed envelope shall be marked with the number of the case and the docket number of the motion to seal and shall be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be docketed and filed in accordance with these Local Rules.

(d) Unsealing of Documents. Documents sealed by the Court may be unsealed at any time upon motion of a party or non-party or by the Court sua sponte. A ruling on any request to unseal documents shall be made within 10 days.

Comment: As currently proposed, LR Gen 102(a)(1) provides little guidance to practitioners as to what information being filed can and should be deemed confidential. We suggest that the rule explicitly tie this determination to those records already considered confidential by other court rules. Due to time constraints, we have not been able to research this thoroughly, but it was our understanding that the Judicial Conference had been working on guidelines on the types of information that should not be posted electronically. If such guidelines exist, we would urge that this rule reference them in order to provide more meaningful direction to attorneys as to what should and should not be sealed. As much clarity as possible is particularly important in this instance, because there are serious consequences to ambiguity. While the ACLU strongly supports a presumption of openness in judicial records, unduly vague guidelines could on occasion potentially harm legitimate privacy interests, since the consequences of improper electronic disclosure are hard to undo. On the other hand, overly-cautious efforts to protect privacy can significantly harm the public's long-standing right to access to judicial records, especially in light of the attendant delays inherent in seeking to unseal documents.

Related to this, in order to protect the public's right to know and to access to the courts, and in recognition of the presumptively public nature of court proceedings and records (*see In re*

*Providence Journal Company*, 293 F.3d 1 (1st Cir. 2002)), we also believe it is important that a specified timeframe be in place for the Court to rule on motions to seal. We have proposed five days in a new subsection 102(a)(5), and a ten day time period for the Court to rule on motions to unseal in subsection 102(d). Tracking the language of First Circuit Local Rule 11(c), the ACLU also suggests that the Rule expressly state that the motion to seal specify a suggested duration and that counsel seek to limit the information subject to any sealing order.

The proposed changes to subsections 102(b) and 102(c) clarify that only the potentially confidential material that is submitted does not get filed.

3. LR Gen 103 COURTROOM PRACTICE

Amend LR Gen 103(c)(3) and 103(d)(2) as follows:

(c) Witnesses.
*****
(3) Attorneys as Witnesses. An attorney shall not testify in a ~~case~~ trial in which that attorney participates as counsel, except to the extent allowed by the Rules of Professional Conduct and permitted by the Court.

(d) Exhibits.
*****
(2) Preservation. When necessary in order to complete the record, the Court~~, in its discretion, may~~ shall permit a party to photograph or otherwise copy a chalk, or print or otherwise reproduce any electronic images and markings thereon, or to preserve any other item shown to the fact-finder.

Comment: The proposed change to LR Gen 103(c)(3) is merely a clarification. Regarding preservation of exhibits in 103(d)(2), we propose that the language be made mandatory, rather than discretionary. If the copying is, as the rule indicates, "necessary in order to complete the record," any copying should be a matter of right.

4. LR Gen 104 REMOVAL AND COPYING OF DOCUMENTS

Amend LR Gen 104(b) as follows:

(b) Copies. Upon the request of any person, the Clerk shall, promptly or within a reasonable time ~~to the extent reasonable~~ under the circumstances, ~~shall~~ provide copies of any public document filed in a case. The Clerk may charge a reasonable fee for copying, not to exceed 25 cents a page for documents copyable on common business or legal size paper.

Comment: Our proposed amendments are designed to ensure prompt public access to court documents, while still recognizing that a fulfillment of a request need not be immediate, but within a reasonable time under the circumstances. We also propose a reasonable limit of 25 cents a page for

copying. By contrast, Rhode Island's Access to Public Records Act, R.I.G.L. §38-2-4, establishes a maximum 15 cents per page charge for copying.

5. LR Gen 105 ASSIGNMENT OF CASES

Amend LR Gen 105(b) as follows:

(b) Remanded Cases. Any case remanded to this Court for a new trial shall be assigned to a different judge. Any case remanded to this Court for any other reason shall be reassigned to the judge to whom the case previously was assigned, unless that judge determines that the interests of justice require that the case be assigned to a different judge.

Comment: The Court's proposed rule is a complete reversal from the current Rule 7(g), which provides that cases remanded for a new trial are reassigned to a different judge. In order to avoid any appearances of bias, the ACLU considers the current practice to be more appropriate. Should the Court adopt a rule allowing for assignment of a remanded case to the judge originally assigned, exceptions should be made, as we propose, for specific instances where the possible perception of bias might be greatest, and more particularly, for cases remanded for a new trial. *See*, e.g., D. Mass. L.R. 40.1(k).

6. LR Gen 107 REQUESTS FOR DAILY TRANSCRIPTS OF COURT PROCEEDINGS

Amend LR Gen 107 as follows:

All requests for daily or expedited transcripts must be made in writing to the court reporter, if known, and if not, to the Clerk, with copies to opposing counsel. If the trial has been scheduled sufficiently in advance, the request shall be made not later than five (5) business days before the hearing or trial to be transcribed.

Comment: The ACLU proposes a clarifying amendment to this rule. There are certain hearings, particularly requests for temporary restraining orders and, in some instances, preliminary injunctions, where it may be impossible for the attorney to provide five days advance notice about the need for expedited transcripts.

7. LR Gen 110 DISCLOSURE OF NON-PUBLIC INFORMATION

Amend LR Gen 110 as follows:

~~Unless authorized to do so by the Court, no counsel, party, court employee, intern, court security officer, United States Marshal or Deputy United States Marshal, shall disclose or disseminate to any unauthorized person information relating to any pending case that is not a part of the public record.~~

Comment: The ACLU is extremely concerned about this proposed rule and its effect on free speech rights. The rule constitutes a blanket prior restraint on protected speech. The proposed rule requires strict constitutional scrutiny as it implicates protected First Amendment rights. While in certain contexts and based upon certain circumstances, the United States Supreme Court has recognized that First Amendment free speech rights must be balanced against a criminal defendant's Sixth Amendment fair trial rights, that balancing is often subtle and fact specific. The ACLU is concerned that the draft rule contains no such balancing, but rather is a rule of unlimited application, and applies to both civil and criminal proceedings.

Generally, rules addressing extrajudicial comments from attorneys expressly incorporate limitations requiring that there be a "substantial likelihood" of prejudicing fair trial rights. See, e.g., R.I. Rule of Professional Conduct 3.6(a); D.R.I. L.R. 39. *See also, Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991) (upholding the constitutionality of "substantial likelihood of material prejudice" standard as permissible balance between lawyers' First Amendment rights and the states' interest in fair trials).

Also, unlike the rules cited above, the proposed rule does not take into account the different constitutional implications presented by various factual contexts, such as civil vs. criminal cases, jury vs. non-jury cases, pending vs. completed investigations, etc. Also, the proposed rule goes beyond limiting the First Amendment rights of attorneys and includes all "parties."

Finally, the rule contains numerous vague, overbroad and undefined terms. These include the terms "unauthorized person," "information relating to a pending case," and "part of the public record." Such vagueness is particularly troublesome in the First Amendment context. In terms of overbreadth, this rule as presently written literally forbids counsel from discussing non-public facts with a potential witness, and parties from discussing such facts with relatives, customers, trade groups and the like.

The ACLU urges the Court to eliminate this proposed rule and rely on the incorporation, via L.R. Gen. 208, of R.I. Rule of Professional Conduct 3.6.

8. LR Gen 111 PHOTOGRAPHING; RECORDING; BROADCASTING

Amend LR Gen 111(a) and 111(c) as follows:

(a) Recording and Broadcasting Prohibited. Unless expressly authorized by the Court, no person shall photograph, record, or broadcast any proceeding, event or activity ~~in or from~~ <u>inside</u> any portion of the United States Courthouse or the John O. Pastore Building that is occupied by the Court. No devices of any kind, having the capability for sending or receiving communications, for making sound or video recordings, or for making, recording, or transmitting photographs or videos, shall be brought into such areas unless expressly authorized by the Court<u>; provided, however, this prohibition shall not apply to cell phones, laptops or similar devices in the possession of legal counsel</u>.

*****

(c) Handwritten Notes. Nothing in subsection (a) of this Rule shall prevent any person from taking handwritten notes during a proceeding in Court, provided that such note-taking ~~has been authorized by the presiding judicial officer~~ is not disruptive of court proceedings.

Comment: Our proposed amendment to 111(a) is intended to clarify that the ban on courthouse photography, recording, etc. applies only to the interior of the courthouse itself. As currently proposed, the language could be interpreted as applying to photography or recording taken on the Courthouse's outside steps or sidewalk. In addition, the Court's proposed rule would overturn current practice by banning attorneys from possessing cell phones or laptop computers in the courthouse. On the assumption that this was not intended, we have proposed an amendment to address this issue as well.

Our proposed amendment to 111(c) would authorize spectators to take handwritten notes so long as it was not disruptive. Requiring individuals to obtain advance judicial approval is problematic for a number of reasons: people should not be required to identify themselves in order to take notes; in many instances, a person will not be aware of this approval process until they appear at the hearing or trial itself, when it is too late to seek approval; some spectators are bound to be intimidated by any approval procedure; and there are no standards in place as to when approval would be granted. There are many reasons that members of the public, just like members of the news media, might want to take notes of a court proceeding. The only compelling justification for limiting this is to prevent disruption, something that note-taking normally will not create. Although our comments address the ability of spectators to take notes, we would point out that, as written, LR Gen 111(c)'s ban on note-taking without advance approval applies, as written, to counsel and parties as well. Our proposal would cover all individuals in the courtroom.

9. LR Gen 112 SANCTIONS FOR NON-COMPLIANCE WITH LOCAL RULES

Amend LR Gen 112 as follows:

~~**LR Gen 112 SANCTIONS FOR NON-COMPLIANCE WITH LOCAL RULES**~~
~~**(a) In General.** Any counsel and/or party who violates these Local Rules may be sanctioned by the Court. Sanctions may include, but are not limited to, a monetary penalty to be paid (1) into a disciplinary account of the Court established for that purpose, and/or (2) to another party as compensation for any expenses and/or reasonable attorneys' fees, incurred by that party as a result of the violation.~~
~~**(b) Notice and Opportunity To Be Heard.** Before any sanction may be imposed for violation of these rules, the Court shall inform the attorney, party or individual that sanctions are being considered and afford such attorney, party or individual a reasonable opportunity to be heard.~~

Comment: The ACLU opposes inclusion of an additional sanction process beyond the parameters of the Civil and Criminal Rules themselves as unnecessarily duplicative of and/or inconsistent with those rules. For example, Fed.R.Civ.P. 11 provides a comprehensive scheme for considering rules

and other violations, as does Fed.R.Civ.P. 37 as to discovery violations, with a well-developed body of case law. Neither the Civil nor the Criminal Rules provide for sanctions for a violation of *every* rule, but LR Gen 112 indiscriminately equates all of the Local Rules as of equal significance to the Court's proceedings. It thereby invites distracting and disruptive side litigation on whether or not a party has failed to conform completely with every new requirement. LR Gen 112 purports to establish an objective test (neither willfulness nor subjective knowledge is mentioned), such that an opposing party with unlimited resources may engage in a battle of attrition by raising technical violations of the rules, seeking attorneys' fees and/or other sanctions, and by being able to invoke LR Gen 112 as a defense to any assertion that the challenge was presented for an improper purpose in violation of Fed.R.Civ.P. 11. The civil liberties bar and litigants encountered similar experiences in the use of the 1983 version of Fed.R.Civ.P. 11, and in response to such concerns, that Rule was substantially revised in 1993. LR Gen 112 is written in the 1983 mode of Fed.R.Civ.P. 11 and will invite satellite litigation and increase court involvement, time and expense.

The Court is in the process of completely overhauling its local rules and establishing a new scheme with substantively different rules. If it experiences widespread or serious noncompliance with the rules that is not otherwise subject to sanction under existing standards, it can then consider adoption of a separate basis for sanction.

We also question (but given the shortness of time have not been able to examine) whether the district court, in adopting local rules, has the authority to create a new basis for the award of attorneys' fees to the opposing party for a violation of local rules.

10. LR Gen 113 AMENDMENTS TO LOCAL RULES

Amend LR Gen 113(d) and 113(e) as follows:

(d) Emergency Amendments. The Court may adopt sua sponte and without public comment any rule necessary to meet any condition of emergency. If such emergency rule is promulgated, public notice of it shall be given promptly after its adoption, and it shall be submitted for public consideration in accordance with subsection (c) ~~during the next regular amendment cycle~~ within sixty days. An emergency rule shall expire within 180 days unless ratified after completion of the public rule-making process provided in subsection (c).

(e) General Orders / Administrative Orders. Nothing contained in these Rules shall restrict the Court from promulgating such General Orders, Administrative Orders, standing orders and/or other directives as its business may require, provided that they are not in conflict with these rules and comply with any applicable rule-making procedures of 28 U.S.C. §2071 et seq.

Comment: The proposed change to 113(d) would put the rule into conformance with the Rules Enabling Act, 28 U.S.C. §2071(d), which allows for the emergency promulgation of rules but further requires that the Court "promptly thereafter" afford notice and opportunity for comment. The proposed change to subsection (e) is in the same vein.

## III. COMMENTS ON THE DRAFT LOCAL RULES GOVERNING ATTORNEY ADMISSIONS, APPEARANCES AND DISCIPLINE

1. LR Gen 201 PRACTICE BEFORE THIS COURT

Amend LR Gen 201(c) as follows:

~~(c) Filing of Documents. The Clerk shall not accept for filing any document tendered by anyone who is not authorized to practice before this Court in accordance with the provisions of these Rules.~~

Comment: The ACLU requests deletion of this proposed rule, as we believe it is in direct conflict with Fed.R.Civ.P. 5(e), which bars clerks from refusing to accept papers for filing solely because they are not "presented in proper form." *See* also our comments to LR Cv 5(f), *infra*.

2. LR Gen 202 ELIGIBILITY AND PROCEDURE FOR ADMISSION

Amend LR Gen 202(b)(3) and (b)(4) as follows:

(b) Procedure for Admission.
******
(3) Review of Application. In the case of an application pursuant to LR Gen 202(a)(2)(A), the Clerk shall examine the application, the court certificate and the records indicating whether the applicant has completed the course and passed the examination given by the Board of Bar Examiners. If the Clerk finds that those documents and records indicate that the applicant satisfies the prerequisite for admission, the Clerk shall notify the applicant and the Chairman of the Board of Bar Examiners and place the applicant on the list for admission. If the Clerk finds that the documents and records indicate that the applicant does not satisfy the prerequisites for admission, the Clerk shall notify the applicant and the Chief Judge of this Court. <u>Said notification shall specify the reasons for this determination.</u>
In the case of an application pursuant to LR Gen 202(a)(2)(B) the application shall be reviewed by the Chair of the Board of Bar Examiners who shall recommend to the Chief Judge whether the application should be approved or rejected. The final decision shall be made by the Chief Judge who shall direct the Clerk to notify the applicant of the decision.

(4) Admission Ceremony. Admission to the Bar of this Court is effected by the granting of a motion made by the Chairman of the Board of Bar Examiners or his designee at an admission ceremony presided over by the Court. In the case of an individual admitted pursuant to LR Gen 202(a)(2)(B), admission is effected upon approval by the Chief Judge of the application for admission.
In order to be admitted, an applicant shall make the following oath or affirmation:
I do solemnly swear <u>[or affirm]</u> that, to the best of my knowledge and ability, I will support and defend the Constitution of the United States against all enemies, foreign

and domestic, and that I will bear true faith and allegiance to the same; that I take the obligation freely, without any mental reservation or purpose of evasion; and that I will demean myself as an attorney, proctor, and solicitor of this court, uprightly and according to the law. [So help me God.]
Upon making the prescribed oath or affirmation, the applicant shall be a member of the Bar of this Court.

Comment: The proposed amendment to (b)(3) makes clear that a rejected applicant for admission will be informed of the reasons for the rejection. The proposed amendment to (b)(4) clarifies the power of an applicant to affirm, rather than swear.

3. LR Gen 203 CONTINUATION OF MEMBERSHIP IN BAR

Amend LR Gen 203 as follows:

**(a) Requirements.** Unless otherwise permitted by the Court for good cause shown, in order to remain a member of the Bar of this Court, an attorney must:
(1) Remain a member in good standing of the court(s) that provided the certificate(s) referred to in LR Gen 202(b)(1); and
(2) Not be suspended, disbarred or found unfit, for any reason, to continue practicing law by this Court or by any other court or body having disciplinary authority over attorneys; and
(3) Not have been convicted of a "serious crime" as defined in LR Gen 213(a)(3); and
(4) Comply with periodic registration ~~Renew his or her membership~~ when and as required by subsection (c) of this Rule.
Upon failure to satisfy any of the foregoing requirements, an attorney's membership in the Bar of this Court shall immediately cease and such attorney no longer shall be a member of the Bar of this Court unless and until reinstated in accordance with the provisions of LR Gen 215.

**(b) Notifications.**
**(1) By Counsel.** Each member of the Bar of this Court shall promptly notify the Court of:
(A) Any change in the member's name, address, telephone number, fax number, e-mail address, and/or law firm name shown on such member's application for admission; or, ~~if the member has renewed his or her membership~~, on the most recent registration ~~renewal application~~ filed by the member.
(B) Any disciplinary proceedings initiated or disciplinary action taken against such member and/or any restrictions placed on such member's practice by any court or body having disciplinary authority over attorneys; and (C) Any conviction of such member for any crime regardless of whether the conviction resulted from a plea of guilty or *nolo contendere*, was not
followed by a term of imprisonment, and/or is pending appeal.
**(2) By the Court.** Any notice sent to a member of the Bar of this Court shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided by such member pursuant to subsection (b)(1)(A) of this Rule.

(c) ~~Expiration and Renewal of Membership~~ Periodic Registration of Members.
(1) ~~Expiration. The membership of Aall~~ **Updated Registration.** All members of the Bar of this Court shall update their registration ~~expire~~ on or after January 1, 2006, but no later than ~~on~~ March 31, 2006~~, unless renewed in accordance with this subsection (c)~~. Thereafter, each member shall update his or her membership~~s may be renewed for successive two (2) year periods ending~~ biannually, no later than ~~on~~ March 31 of each even-numbered ~~second~~ year ("membership ~~expiration~~ registration dates~~"). Membership for attorneys admitted after March 31, 2006 shall be for the period from the date of admission to the next membership expiration date.~~
(2) **Periodic Registration** ~~**Application for Renewal**~~ **of Membership.** A member shall register ~~may apply for renewal of his or her membership~~ by:
(A) Completing and filing ~~a renewal application on~~ the registration form provided by the Clerk which form shall include a certification that the applicant satisfies all of the requirements for continuation of membership set forth in Rule 203(a); and
(B) Paying the applicable ~~renewal~~ fee.
The ~~application for renewal of membership~~ registration shall be filed and the applicable fee shall be paid no later than twenty (20) days before membership expires. Any practicing attorney who is unable to comply with these requirements due to illness, financial or personal difficulties, may petition the Court, with proper documentation, for an exemption to this rule.

Comment: LR Gen 203 proposes to strip current members of the District Court bar of their admission to practice. We consider this a property interest which cannot be rescinded without due process of law. We have revised the draft to conform in spirit to Article IV, Rule 1 of the Rules of the Rhode Island Supreme Court, entitled "Periodic Registration of Attorneys."

4. LR Gen 210 DISCIPLINARY PROCEEDINGS

Amend LR Gen 210(b)(2) and (d)(1) as follows:

**(b) Initiation of Proceedings.** Whenever allegations of misconduct by an attorney admitted or permitted to practice before this Court come to the Court's attention, whether by complaint or otherwise, and the applicable procedure is not otherwise provided for by these Rules, the Court may initiate disciplinary proceedings in any one or more of the following ways:
****
(2) Designate a magistrate judge or, when necessary in the interest of justice, appoint special counsel to investigate the matter, to make appropriate recommendations to this Court, and to perform any other duty specified by the Court. The Court shall consider any recommendation made by the magistrate judge or special counsel but such recommendation will not be binding upon the Court.
****

(d) Hearing
(1) Forum. In the Court's discretion, any hearing conducted pursuant to this Rule 210 may be conducted before a magistrate judge designated by the Court, a single district

judge or all of the active judges of the Court who are eligible and able to participate. However, if the disciplinary proceeding was initiated by a complaint by a district judge or a magistrate judge; or, if a magistrate judge made any recommendation to the Court pursuant to Rule 210(b)(2), any such hearing shall not be conducted by that judge or magistrate judge. ~~However, the fact that a district judge was the source of the complaint shall not preclude that judge from participating in any decision or other action by the Court unless that judge would be required to recuse himself or herself.~~

Comment: As proposed, subsection (b)(2) of this rule authorizes the appointment of "special counsel" to investigate allegations of misconduct by an attorney. Misconduct is broadly defined in LR Gen 209 to include *any* violation of "Standards of Professional Conduct" or an intentional violation of *any* of the local rules. Although these may be civil proceedings, we believe the extraordinary use of special counsel by the courts should be limited to only circumstances where such an appointment is truly necessary. We therefore suggest the addition of language akin to that contained in Fed.R.Crim.P. 42(a)(2). As the First Circuit noted in *In re Special Proceedings*, 373 F.3d 37, 42 (1st Cir. 2004), that standard is a quite flexible one, but it at least has the benefit of somewhat confining the use of outside counsel to only situations where it is truly appropriate.

Proposed subsection (d)(1) first states, quite appropriately in our view, that hearings on Rule 210 motions shall not be heard by the judge initiating the complaint. However, the last sentence in the rule suggests the opposite. Perhaps the latter language is designed to be limited to situations where a panel, rather than one judge, hears the motion. In either event, however, we believe that the judge who initiated the complaint should not participate in deciding the merits of the charge. We therefore recommend deletion of that final sentence.

5. LR Gen 215 REINSTATEMENT OF MEMBERSHIP

Amend LR Gen 215(a)(4) as follows:

(a) Application for Reinstatement.

****

(4) An attorney who was placed on inactive status because of incapacity also shall file, along with his or her application, a written waiver of any doctor/patient privilege with respect to <u>relevant</u> treatment of the attorney during the period of incapacity. In addition, such attorney shall disclose the name of every psychiatrist, psychologist, physician and hospital or other institution by whom or in which the attorney has been examined or treated <u>related to the incapacity</u> since being placed on inactive status and a written consent authorizing each of them to disclose any relevant information and provide any relevant records requested by the Court or special counsel.

Comment: Our proposed amendment is designed to protect the confidentiality of an attorney's medical records by clarifying that the Court is entitled to receive only those records which are related to the attorney's incapacity that led to his or her inactive status.

6. LR Gen 216 PUBLIC ACCESS AND CONFIDENTIALITY

Amend LR Gen 216(a)(2) as follows:

(a) Publicly Available Records. All filings, orders, and proceedings involving allegations of misconduct by an attorney shall be public, except:
(1) Any document filed or action taken pursuant to Rule 210(b) prior to the commencement of formal disciplinary proceedings under Rule 210(c); or
(2) When the Court, sua sponte, or in response to a motion for protective order, orders that such matters shall not be made public; provided, however, that any finding of misconduct shall be public.
(b) Respondent's Request. The respondent-attorney may request that the Court make any matter public that would not otherwise be public under this rule.

Comment: This amendment clarifies that any final findings of misconduct shall be public records. Once such a finding has been made, the public's right to know should trump any countervailing confidentiality interests.

## IV. COMMENTS ON THE DRAFT LOCAL RULES APPLICABLE TO CIVIL PROCEEDINGS

1. LR Cv 5 FORM AND FILING OF DOCUMENTS; REJECTION OF NON-CONFORMING DOCUMENTS

Amend LR Cv 5(f) as follows:

~~(f) Non-Conforming Documents. Any document that does not comply with all pertinent requirements of these Rules shall be temporarily retained by the Clerk, who shall afford the attorney or party filing the document an opportunity to cure the deficiency. If the deficiency is not cured within a reasonable time, the Clerk shall forward the document to a judicial officer for appropriate action.~~

Comment: The ACLU requests deletion of this proposed rule, as we believe it is in direct conflict with Fed.R.Civ.P. 5(e), which bars clerks from refusing to accept papers for filing solely because they are not "presented in proper form." As written, this proposed rule directs the Clerk not to file or record the document in the docket, but only to "temporarily retain" it. We believe that the document must be docketed ("The clerk shall not refuse to accept *for filing*..." Fed.R.Civ.P. 5(e) (emphasis added)), although it is subject to being stricken by a judicial officer after appropriate review and opportunity to be heard. *See also* our comments to LR Gen 201, *supra*.

2. LR Cv 7 MOTIONS

Amend LR Cv 7(d) as follows:

**(d) Memoranda and Supporting Documents**
**(1) Page Limits.**
(A) Memoranda of Law. Unless permitted by the Court for good cause shown, memoranda in support of or in opposition to a motion shall not exceed ~~ten (10)~~ fifteen (15) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, or a magistrate judge's report and recommendation shall not exceed twenty (20) pages. Reply memoranda may not exceed ~~five (5)~~ seven (7) pages.

[VERSION 1]: **(B) Appendices and Other Supporting Documents.** ~~Except as provided in paragraph (d)(2) of this Rule, appendices,~~ Appendices, exhibits and any other documents whatsoever, regardless of how they are labeled, that are attached to or filed in connection with a motion or any other document filed with the motion ~~may not exceed a total of five (5) pages in the aggregate~~ shall include only those documents or portions of documents necessary for resolution of the motion. ~~Appendices, exhibits and other supporting documents filed in connection with a motion to dismiss or motion for summary judgment may not exceed a total of twenty (20) pages, exclusive of the statement of undisputed facts required by these Rules. The statement of undisputed facts and any statement of disputed facts may each not exceed ten (10) pages.~~

**UNDER VERSION 1, DELETE ALL OF SUBSECTION LR Cv 7(d)(2).**

[VERSION 2]: **(B) Appendices and Other Supporting Documents.** Unless permitted by the Court for good cause shown or excepted ~~Except as provided~~ in paragraph (d)(2) of this Rule, appendices, exhibits and any other documents whatsoever, regardless of how they are labeled, that are attached to or filed in connection with a motion or any other document filed with the motion may not exceed a total of ~~five (5)~~ ten (10) pages in the aggregate. Appendices, exhibits and other supporting documents filed in connection with a motion to dismiss ~~or motion for summary judgment~~ may not exceed a total of twenty (20) pages~~, exclusive of the statement of undisputed facts required by these Rules. The statement of undisputed facts and any statement of disputed facts may each not exceed ten (10) pages.~~

**(2) Exceptions to Page Limitations.** The page limitations on memoranda shall apply in all cases. The page limitations on appendices and other supporting documents shall not apply to:
(A) The record in:
(i) Bankruptcy appeals;
(ii) Cases alleging wrongful denial of ERISA benefits;
(iii) Administrative appeals, including but not limited to Social Security appeals and IDEA appeals; or
(iv) Any other case involving appeals from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below;
(B) discovery documents submitted with a motion to compel discovery;
(C) transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or 2255; ~~or~~
(D) photocopies of statutes, cases and other authorities cited in memoranda of law. Such photocopies shall not be filed unless requested by a judicial officer. When requested, these materials shall be packaged together and clearly labeled with the name and number of the case, the identity of the party submitting them, and the title of the motion or other matter in that case to which they relate. Such material shall not be docketed but shall be delivered by the Clerk directly to the Judge to whom the case has been assigned~~.~~;
(E) affidavits or other portions of the record submitted in support of or opposition to a motion for summary judgment;
(F) materials submitted in support of applications for the award of attorneys' fees; or
(G) proposed amended pleadings.

Comment: Fed.R.Civ.P. 56 requires the Court to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." The combination of Local Rules limiting the page length of exhibits and appendices (which would include affidavits), and prohibiting the filing of answers to interrogatories, deposition transcripts, admissions, and production of documents means that, unless the Court approves it, a party opposing summary judgment would be limited to whatever the party can fit into 20 pages of materials. We believe that such a limitation is inconsistent with the requirements of Rule 56 and therefore invalid.

We further believe that the page limitations set by the proposed rules interfere with and prejudice litigants' abilities to adequately advocate their positions. We request that page limits for memoranda in support of or in opposition to a motion be increased to fifteen pages, as is the case in proposed LR Cr. 47 (d)(1)(A), and that the page limit for reply memoranda be changed to seven pages, the lowest page limit adopted by any of the sister district courts in the First Circuit. Also, the page limitations on supporting documents has proven to be unduly restrictive. Many documents submitted in support of various motions routinely consist of more than five pages.

Likewise, documents needed to support dispositive motions often exceed twenty pages. We suggest a better approach would be to incorporate language in the rule advising that attorneys should refrain from including documents or portions of documents not necessary for the resolution of the accompanying memorandum. A quick review of the Local Rules from District Courts in surrounding states revealed that the courts in Massachusetts, New Hampshire, Maine, Puerto Rico, Connecticut and Vermont contain no limitation on attachments. (See Appendix.)

If the Court nonetheless sees fit to continue with a page limitation on supporting documents, then subsection (d)(2), which would otherwise be unnecessary under our proposal, should be amended to include the new subsections (E), (F) and (G) as underlined. Attorneys acting on behalf of the ACLU frequently seek attorneys' fees from the Court. These motions require substantial supporting materials, including detailed time records and supporting affidavits. It is not possible to provide the information required by the Court within the page limitations proposed in this rule. We therefore suggest adding requests for attorneys' fees as one of the delineated exceptions. The final proposed exemption, for proposed amended pleadings is, we believe, self-explanatory.

Finally, page limitation cross-references should appear in Local Rule subsections related to their specific counterparts. Thus, Local Rules relating to Civil 56 should refer the reader back to Local Rule 7, or those portions of this local rule relating to summary judgment should be omitted here and restyled as part of Local Rule 56.

3. LR Cv 23 CLASS ACTIONS

Amend LR Cv 23(b) as follows:

~~**(b) Certification of Class.** Within thirty (30) days after filing a pleading asserting a class action claim, the party asserting that claim shall file a motion to certify the class and to maintain the action as a class action. If a party asserting a class action claim fails to file such a motion, the Court *sua sponte*, or on motion of another party, may dismiss the class action claim and may award costs, expenses and counsel fees against the party asserting the class action claim.~~

Comment: We believe this requirement, which imposes an absolute 30-day limitation for seeking class action status, is inconsistent with Fed.R.Civ.P. 23(c). According to the Advisory Committee Note to the 2003 amendment to Rule 23, Rule 23(c) was revised to remove the requirement that the Court determine whether to certify "as soon as practicable after commencement of an action," and replaced with a requirement that the determination be made "at an early practicable time." The

Advisory Committee Note makes clear that the change was designed to recognize that there are often good reasons to defer the initial certification decision to allow the parties to engage in discovery and collect information. We further believe it would be inappropriate to punish attorneys with the imposition of attorneys' fees merely for failure to timely file a class certification motion. There should be no fees to speak of that are incurred by defense counsel in this limited situation, and any such award would be more punitive than compensatory.

4. LR Cv 24 NOTIFICATION OF CLAIM OF UNCONSTITUTIONALITY

Amend LR Cv 24(a) and 24(b) as follows:

(a) Federal Statutes. Whenever the constitutionality ~~or validity~~ of any Act of Congress affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the United States or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the Act or regulation in question and the nature of the challenge to its constitutionality or validity.

(b) State Statutes. Whenever the constitutionality ~~or validity~~ of any statute of the State of Rhode Island affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the State of Rhode Island or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the statute or regulation in question and the nature of the challenge to its constitutionality or validity.

Comment: It is unclear to us why this proposed rule refers to the "validity" as well as the constitutionality of statutes, or exactly what a challenge to the "validity" as opposed to the constitutionality of a challenge law might encompass. We urge deletion of this language.

5. LR Cv 37 MOTIONS TO COMPEL DISCOVERY

Amend LR Cv 37(a) as follows:

(a) Form. A motion to compel a response or further response to an interrogatory, request for production, or request for admission shall state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate. ~~Motions to compel shall comply with the requirements of LR Cv 7.~~

Comment: The reference to LR Cv 7 is confusing in this context and should be deleted. In fact, it is unclear how this rule meshes particularly with LR Cv 7(a) which somewhat inconsistently states that motions to compel discovery "shall include within the motion a brief statement of reasons." The Court should address this ambiguity with an amendment in order to avoid confusion.

6. LR Cv 39 TIME LIMITS; USE OF RECORDED TESTIMONY

Amend LR Cv 39(c)(1) as follows:

(c) Time Limits.
(1) The Court, in its discreti
on, may limit the time for any trial, hearing, or other proceeding, for any argument, or for the examination of any witness or completing the examination of any witness in such manner and upon such terms as may be just under the circumstances ~~and with due regard for the defendant's constitutional right to a fair trial.~~

Comment: This rule of civil procedure inadvertently contains language referring to a criminal defendant's right to a fair trial.

7. LR Cv 39.4 SETTLEMENT

Amend LR Cv 39.4(b) as follows:

~~(b) Jury Costs. In cases that are settled later than one week before the date scheduled for impanelment of a jury, jury costs and/or attorneys' fees may be assessed equally against the parties and/or their counsel unless a party demonstrates to the Court's satisfaction that:~~
~~(1) The fees should be borne entirely or primarily by one or more parties on the ground that the tardiness of the settlement was due to that party's failure to make a good-faith effort to settle the case earlier; or~~
~~(2) No costs should be assessed because all parties made a reasonable good faith effort to settle the case earlier.~~

Comment: The ACLU urges the deletion of 39.4(b). As a practical matter, a rule providing for the possible imposition of costs and fees in cases settled shortly before trial can actually have the opposite effect of what is intended. It can serve as an additional hurdle for parties to overcome when they are seeking to settle, or are perhaps on the verge of settling, a case. That is, the possible addition of unknown additional costs may prevent parties from agreeing to a settlement after long negotiations have otherwise finally gotten them to the point of avoiding a trial.

If the Court nonetheless sees fit to adopt this rule, we urge deletion of the rule's assessment of *attorneys' fees*, (as opposed to costs) against one or both of the parties payable to the Court. The Court may incur an expense in impaneling the jury, but it does not incur attorneys' fees. At a minimum, therefore, the reference to such fees in this rule should be eliminated.

8. LR Cv 54.1 ATTORNEYS' FEES

Amend LR Cv 54.1 as follows:

(a) Time of Request. Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.
(b) Supporting Affidavits. Unless extended by the Court for good cause shown, a motion for attorneys' fees shall be accompanied by the affidavits described in (1) and (2) below. A party seeking to extend the time to submit the required affidavits shall provide a fair estimate of the amount sought.
(1) A motion for attorneys' fees shall be accompanied by an affidavit of counsel that includes:
(A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized.
(B) a statement of the reason(s) why these services were reasonably necessary;
(C) the fee customarily charged by counsel in like cases;
~~(D) a description of any fee agreement made with counsel's client regarding the case~~; and
~~(E)~~ (D) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.
(2) A motion for attorneys' fees also shall be accompanied by an affidavit regarding the reasonableness of the requested fee rate from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

Comment: As worded, this proposed rule would place an enormous burden on successful plaintiffs' attorneys in civil rights cases where fee awards are available. The attorney would have to file not only all supporting documents within 14 days, but also find an attorney willing to review the reasonableness of the requested fee (as opposed to the reasonableness of the requested fee *rate*). This would require an independent attorney to essentially review the entire record of a case in order to properly certify the reasonableness of the fee request. We are hopeful this is not what was intended. If so, it would raise many subsidiary questions. For example, could the reviewing attorney be paid for his or her services by the plaintiffs' lawyer, and would that payment be recoverable as costs? We urge revision of this rule to comport with current practice, where, after filing a motion for fees within the 14 day period to place the opposing side on notice that fees will be sought, an attorney has additional time to gather supporting documentation. Similarly, the affidavit from a supporting attorney should involve only the reasonableness of the fee rate, not the entire fee request itself. We would also note that in many instances the information required to be submitted in an attorneys' fees application will exceed the page limitations established by LR Cv 7, but this is not one of the exceptions contained in that rule.

9. LR Cv 56 MOTIONS FOR SUMMARY JUDGMENT

Amend LR Cv 56 as follows:

(a) Statement of Undisputed Facts.
(1) In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law.
(2) Each "fact" in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed. The Statement shall not exceed ten (10) pages.
(3) For purposes of a motion for summary judgment, any fact alleged and adequately supported in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion.
(4) An objecting party also may file a Statement of Disputed and/or Undisputed Facts setting forth disputed facts and/or additional undisputed facts that the objecting party contends preclude summary judgment. The Statement shall not exceed ten (10) pages. Any denied or controverted fact must be supported by affidavit or other evidentiary materials.
~~(5) Statements and denials of "undisputed facts" shall be considered representations of counsel subject to the provisions of Fed. R. Civ. P. 11.~~
**(b) Supporting Documents.** Unless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments ~~permitted by Rule 7(d) of these Local Rules.~~

Comment: We believe the proposed amendment to LR Cv 56(a)(3) comports with the current case law, requiring the Court to make an independent assessment of the facts. Other changes reference our previous comments on the page limits provisions of LR Cv 7. We also recommend omission of subparagraph (a)(5) as it duplicates Fed.R.Civ.P. 11, contrary to the mandates of Fed.R.Civ.P. 83.

10. LR Cv 72 MAGISTRATE JUDGES

Comment: See our previous comments on the page limits provisions of LR Cv 7.

## V. COMMENTS ON THE DRAFT LOCAL RULES APPLICABLE TO CRIMINAL PROCEEDINGS

Our Affiliate has not had time to thoroughly review the portion of the proposed rules dealing with criminal proceedings. We would simply reiterate the comments we have provided on the Civil Rules to the extent they are applicable to similar Rules in this section. For example, our comments on the page limitations contained in LR Cv 7 apply, we submit, with even greater force to proposed LR Cr 47, in light of the criminal defense context.

# APPENDIX

## PAGE LIMITATIONS CONTAINED IN U.S. DISTRICT COURT RULES IN SURROUNDING STATES

| State | Memoranda on Non-Dispositive Motions | Memoranda on Dispositive Motions | Reply Memoranda | Attachments |
|---|---|---|---|---|
| Rhode Island (L.R. 7.1) | 10 pages | 20 pages | 5 pages | 5 (nondispositive)<br>20 (dispositive)<br>10 (undisputed facts ) |
| Massachusetts (L.R. 7.1) | 20 pages | 20 pages | - | No Rule |
| New Hampshire (L.R. 7.1) | 15 pages | 25 pages | 10 pages | Appendices over 50 pages must be bound |
| Maine (L.R. 7) | 10 pages | 20 pages | 7 pages | No Rule |
| Puerto Rico (L.R. 7.1) | 15 pages | 25 pages | 10 pages | Appendices over 50 pages must be bound. |
| Connecticut (L.R. 7) | 40 pages | 40 pages | 10 pages | No Rule |
| Vermont (L.R. 7.1) | 15 pages | 25 pages | 10 pages | No Rule |