Roger Williams University
RALPH R. PAPITTO SCHOOL OF LAW

Criminal Defense Clinic

August 10, 2005

Clerk of the Court
United States District Court
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

**Re: Proposed Local Criminal Rule 24(e)(3)**

To Whom it May Concern:

I have read with great interest the proposed local rule with respect to the selection of the jury foreperson in criminal cases. Having just published a law review article that is quite critical of the current local rule, Rule 15(e)(3), which requires the trial judge to select the foreperson, I was pleased to see that the proposed rule, Criminal Rule 24(e)(3), would ameliorate to some degree the problems that I see with that practice. I am writing in a effort to persuade the Court to go further than the proposed rule, which would still allow the trial court to make the selection, and to adopt a rule that would require that the selection to be left to the jurors themselves.

I am enclosing for the Court's review a reprint of my recent article, entitled *Mixed Signals and Subtle Cues: Jury Independence and Judicial Appointment of the Jury Foreperson*, which has just been published in the Catholic University Law Review. In that article, I take the position that the judicial selection of the jury foreperson, particularly if the selection is made in a non-random fashion, violates the defendant's Sixth Amendment right to have a jury deliberate, decide the facts of the case, and reach a verdict without outside influence or interference from the trial judge.

My argument relies on several central premises. First, I argue that jurors, like most people, generally respond to unfamiliar situations by looking for guidance from those in a position of authority. Because the trial judge is the ultimate authority figure in the courtroom, the jurors will naturally look to the trial judge for clues about how to behave. Next, I argue that a trial judge, as a human being and, usually, as a former practicing trial lawyer, will naturally form opinions about a case that is tried in his or her courtroom. Those opinions are reasonably likely to be conveyed to the jurors in a variety of forms despite the best of intentions by the trial judge, but we should certainly endeavor to minimize that occurrence. Connecting these concepts and relying on social science research, I argue that the judicial selection of the foreperson simply

150 Washington Street
Providence, RI 02903-3309
(401) 276-4880
Fax (401) 276-4899
http://law.rwu.edu

invites the jurors to draw conclusions about why that selection was made and permits the trial judge, not the jurors themselves, to grant to one juror a significant and disproportionate amount of power in the jury room. Any potential benefits of the practice are far outweighed by the dangers, particularly since those dangers involve the deprivation of the defendant's constitutional right to have a jury deliberate without outside influence from the trial judge. All of these arguments are, of course, much further developed in my article.

I would welcome any opportunity to provide the Court with further information or commentary on this issue. I appreciate the Court's consideration of my views.

Sincerely,

Andrew Horwitz
Professor of Law and
Director of Clinical Programs

cc w/encl.: Chief Judge Ernest C. Torres
Judge Mary M. Lisi
Judge William E. Smith
Senior Judge Ronald R. Lagueux
Senior Judge Francis J. Boyle
Judge Magistrate David L. Martin
Judge Magistrate Lincoln D. Almond
Senior Magistrate Judge Jacob Hagopian
Senior Magistrate Judge Robert W. Lovegreen