RECEIVED

AUG 11 2005

David A. DiMarzio, Clerk of Court
U.S. District Court
District of Rhode Island

August 10, 2005

By Hand

David A. DiMarzio, Esq.
Chief Clerk
United States District Court
One Exchange Terrace
Providence, Rhode Island 02903

Re: Proposed Local Rules

Dear Mr. DiMarzio:

We write as Presidents of the Rhode Island Bar Association and The Rhode Island Chapter of the Federal Bar Association respecting proposed new Local Rules for the United States District Court. Several members of the Rhode Island Bar Association's Federal Court Bench/Bar Committee and the Federal Bar Association (Rhode Island Chapter) have met on an ad hoc basis to review and discuss the proposed new Local Rules. We can report only on some initial comments and observations. We have not yet, for example, been able to solicit comments from members on rules concerning criminal and bankruptcy law practice. We therefore ask the Court to extend the comment period for two months so both associations can canvas additional members and report more fully their concerns and suggestions.

Although we are not in a position to comment formally on behalf of our respective organizations, based on the discussions this group has had to date we can relay some initial observations and suggestions:

- LR "Gen" rules: That in view of F.R.C.P. 83, "Gen" rules be repositioned to the corresponding "Cv" and "Cr" rules. LR Gen 105, for example, would be incorporated into LR Cv 5. LR Gen 108 could be incorporated into LR Cv 43.

- LR Gen 101(d): That the old local rules be superceded entirely, thereby removing any question of whether or not old rules conflict with new rules and therefore continue in application.

- LR Gen 102(a)(2): When an opposing party wishes to have an opponent's proposed filing sealed, the opposing party may not be able to append to its motion the document to be sealed.

- LR Gen 102(c): That the rule specify that only that portion of the document which is the subject of a granted motion to seal actually be placed in a sealed envelope.

- LR Gen 102(d): That in the case where the Court sua sponte contemplates unsealing documents, parties be given notice and an opportunity to be heard before the unsealing.

- LR Gen 103(c)(3): That the phrase "in a case" be replaced with "at trial."

- LR Gen 103(d)(2): That the phrase "in its discretion, may" be replaced with the word "shall."

- LR Gen 104(b): That the phrase "to the extent reasonable under the circumstances, shall..." be replaced with "shall provide copies within a reasonable time." That the rule also address copying DVD's, CD's, video and audio tapes.

- LR Gen 105(b): That the phrase "to the judge to whom the case previously was assigned" be replaced with "to a judge other than to whom the case was previously assigned."

- LR Gen 107: Because counsel may not know until the day of a hearing or trial, or at some point thereafter, that a daily or expedited transcript may be needed, that the five-day limitation be replaced with a more qualitative limitation such as, “as soon as possible.”

- LR Gen 110: That this rule be deleted or significantly narrowed. As written, it would limit counsel in interviewing witnesses, conducting depositions, using mock juries and in other essential case preparations (possible revisions under consideration).

- LR Gen 111(a): That the second sentence be omitted.

- LR Gen 111(c): That a blanket exception be included for counsel in the case.

- LR Gen 112: That the Court weigh both the seriousness and willfulness of an infraction when imposing sanctions.

- LR Gen 113(d): That this rule provide for the automatic expiration of emergency amendments unless the amendments are ratified by the Court following a notice and comment period.

- LR Gen 113(e): That this provision be omitted in light of 113(a).

- LR Gen 201(a): For the phrase "may not file any document" to substitute "may not file or serve any document."

- LR Gen 201(c): That this rule be revised to allow papers to be filed by parties appearing pro se.

- LR Gen 203(c)(1): That this rule be modified to require periodic registration, rather than re-application for membership. That bar membership not expire without notice.

- LR Gen 203(c)(3): That this rule establish standards that the Chief Judge considers in determining whether to approve or disapprove of an application.

- LR Cv 5(a): That this rule require listing all parties in the caption on the complaint and amended complaint only. On all other documents require only the name of the lead plaintiff and defendant.

- LR Cv 5(f): That the Court accept for filing non-conforming documents, subject to later rejection by a judicial officer consistent with F.R.C.P. 5(e).

- LR Cv 7(a): That the rule except motions for relief from page limitations from the requirement of filing a separate memorandum.

- LR Cv 7(b): In the case of dispositive motions that the rule be revised to enlarge time to respond to twenty days; extend time for filing reply memoranda to ten days.

- LR Cv 7(d)(1): That page limits be extended to fifteen pages (25 for dispositive motions) and ten pages for reply memoranda.

- LR Cv 7(d)(2): That no page limits apply to appendicies or, alternatively, that exceptions at a minimum include contracts in cases involving contract disputes, proposed amended pleadings in the case of a motion to amend, and documents proposed to be sealed in the case of a motion to file documents under seal.

- LR Cv 37(c): That time for compliance be no less than twenty days.

- LR Cv 39.2(b): That the Court consider striking this provision.

- LR Cv 39.3: That the Court consider requiring the motion to be filed no more than 60 days after receipt of the opposing party's pretrial memorandum.

- LR Cv 39.4(b): That the Court consider striking this rule or limiting it to instances where settlement is reached after jury empanelment.

- LR Cv 56(c): That the Court consider striking this provision.

Both our organizations are interested in the proposed Local Rules and want to assist the Court as much as they can to frame rules that best meet the needs of the bench and bar alike. Members have expressed serious reservations about aspects of the Local Rules, such as non-disclosure of "non-public" information, incorporation of the old local rules, automatic expiration of bar membership and page limitations. With respect to nomenclature, it was noted that the proposed rules inconsistently and without definition use the terms "associate trial counsel" (LR Gen 204(d) - Form 1), "lead counsel" (LR Gen 206(c)(1)), and make reference to the designation of counsel for notification purposes (e.g., LR Gen 204(g)(3) and 206(c)(1)). Without clarification use of these terms can result in some confusion for counsel and for parties trying to comply with the rules.

Some of the issues raised in the proposed rules are sufficiently complex to deserve more studied consideration. We have not been able to complete the task of commenting on these rules and simply need more time to think through all the implications and to propose constructive changes. In light of the complexity of the project, and the time already invested in drafting the rules, we ask the Court to look favorably on the request to extend the comment period for an additional 60 days.

In the meantime we hope the preliminary observations and suggestions in this letter are of assistance to the Court.

Very truly yours,

George Lieberman (by [illegible])

George Lieberman, Esq.
President
Federal Bar Association
Rhode Island Chapter

Phillip M. Weinstein, Esq.
President
Rhode Island Bar Association