ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401·274·7200
Fax 401·751·0604 / 351·4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617·482·0600
Fax 617·482·0604

www.apslaw.com

RECEIVED
AUG 11 2005
David A. DiMarzio, Clerk of Court
U.S. District Court
District of Rhode Island

August 11, 2005

**VIA HAND DELIVERY**

David A. DiMarzio
Clerk of Court
United States District Court
for the District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

**Re: Comments on Proposed Amendments to Local Rules**

Dear Mr. DiMarzio:

I write to provide my comments on certain proposed amendments to the Local Rules for the United States District Court for the District of Rhode Island.

At the outset, I want to commend the Court and its personnel for its hard work on this extensive and difficult project. Having served several years ago on a Federal Court Bench/Bar committee to assist in rewriting these Local Rules, and having recently served as Chair of the Supreme Court Bench/Bar Rules Subcommittee, I know that a project of this magnitude is time-consuming and at times a thankless endeavor. As an attorney who has practiced in this Court for a decade or so, I am particularly appreciative that the Court has sought to revise its Local Rules in such a comprehensive way.

Based on my experience practicing in this Court and other federal district courts, I offer the following comments which are organized by rule number.

LR Gen 101(c)

The last sentence of the proposed rule states that "In addition to these rules, all parties must comply with any and all pretrial order(s) issued in any case." What if the Local Rules and a Pretrial Order are in conflict? I presume the latter would apply. Let me suggest the following amendment: "In addition to these rules, all parties must comply with any and all pretrial order(s) issued in any case, except where they conflict in which case the pretrial order(s) shall govern."

LR Gen 101(d)

The proposed rule states that all prior rulings, standing orders and general orders are superseded and abrogated, *to the extent that they conflict with the Local Rules*. For purposes of clarification, I would recommend that the Court explicitly state which standard orders and general orders are in effect and which are not. For instance, from my reading of the proposed amendments, the so-called "Important Notice" that the Court issued several years ago governing response dates for non-dispositive motions has been abrogated and that LR Cv 7 now sets 10 days for responding to all motions, dispositive and non-dispositive. If I am mistaken, this would be an example of a special order that should be explicitly listed in LR Gen 101(d) as not being abrogated.

LR Gen 106

It is my understanding that local Rhode Island counsel does not have to be retained in cases transferred from other federal districts. Perhaps this rule should so state.

LR Gen. 107

The proposed rule requires, among other things, that counsel order an expedited transcript no later than five business days *before* the hearing. It is often the case, however, that the need for an expedited transcript does not become apparent until after the hearing has concluded. For example, an expedited transcript may become necessary because there have been comments made by the Court or by opposing counsel during a hearing. While I see the need for a five-day rule for daily *trial* transcripts, the rule should not be so restrictive as to require five days advanced notice for seeking expedited hearing transcripts. I would recommend that the Rule be limited to daily transcripts, not expedited hearing transcripts and thus would suggest deleting the words "or expedited" from the first line and "hearing or" from the last line.

LR Gen 110

There has been a lot of discussion in the media about this proposed rule. My comment would be that the rule, as presently written, is ambiguous and should be revised. Specifically, it is not clear who an "unauthorized person" might be in a given situation. Also, the rule should not be so limited that attorneys only can disclose information in the public record. For instance, there may be perfectly legitimate information of one's own client relating to a pending case that is appropriately disseminated which has yet to be part of the record. My recommendation would be for the Court to indicate it intends to ensure compliance with Rule 306 of the Rhode Island Rules of Professional Conduct concerning Trial Publicity.

LR Gen 111(c)

I would suggest amending this proposed rule governing handwritten notes to make clear it does not apply to attorneys. I recommend adding the following language at the end of the rule: "except that no authorization is necessary for counsel for any party."

LR Gen 203(c)

If the Court is inclined to impose membership renewal and an associated fee on federal court practitioners, the renewal should be for five years, rather than two years, and the fee itself should be no more greater than (and perhaps keyed to) the fee to be a member of the Rhode Island Bar Association. Two years seems to be too short a period for a continuing renewal, and a fee consistent with the amount the Bar Association charges would bring symmetry to the fees required of attorneys to practice in Rhode Island.

LR Cv 5(a)(4)

This proposed rule requires a jury demand to be set forth to the right of the caption, below the case number. I want to point out that this amendment is a significant change from the prior practice of placing the demand at the end of the pleading, and thus it is likely to be forgotten in many cases. I question whether this is really necessary, particularly given that the civil cover sheet alerts the clerk that a jury demand has been made (at least in the case of the plaintiff).

LR Cv 7(b)(2)

This proposed rule only allows five days after service for the filing of a reply brief. Given attorneys' busy schedules, my experience is that five days often is insufficient time to draft and file a reply (even with Saturdays, Sundays and the occasional holiday excluded). I would recommend that a party be given 10 days. This should be sufficient time in the vast majority of cases, will reduce the need to move for more time and will not affect the Court's schedule since hearings normally are not scheduled for many weeks after all briefing has been completed.

This comment would apply equally to the same five-day response time set forth in LR Cv 54(d) and LR Cv 72(c)(3).

LR Cv 7(d)(1)(B)

While I understand the wisdom of page limits for briefs and memoranda, I question whether artificial limits for appendices, exhibits and affidavits should be imposed. There are *many* cases in which a party must attach pertinent materials in excess of the page limits, such as a contract, interrogatory responses and affidavits. A "one-size-fits-all" rule places burdens on counsel to anticipate with exactitude the materials that will be needed to support a particular pleading prior to the filing deadline, to discard what may be potentially relevant material simply in order to fit into an artificial page limit or to seek and obtain an extension in advance of the filing deadline. While I certainly appreciate the volume of material the Court must read, the page limits on the briefs and memoranda themselves should appreciably address that problem without the need for the supporting material to be so limited. Additionally, an artificial page limit may place counsel in jeopardy in the event an appeal must be taken and the appropriate material had not been appended in an effort to comply with the limits. I would recommend that page limits for appendices, exhibits and affidavits be eliminated, but that the Court admonish counsel that they should use their best judgment to provide the Court only what is necessary for resolution of the matter at issue.

LR Cv 23(b)

This proposed rule, like its predecessor, requires a motion for class action to be filed within 30 days after filing a pleading asserting a class-action claim. This rule may be inconsistent with Fed. R. Civ. P. 23(c) which requires the Court to determine "at an early practicable time" whether to certify the lawsuit as a class action. Often, this "early practicable time" will be well after 30 days and may be after significant class-related discovery has been taken. *See* Advisory Committee Notes to 2003 Amendments. Thus, the proposed rule should not force a party to move for class certification within a strict 30-day deadline. I would recommend the following change: "Within the earliest practicable time after filing a pleading asserting a class action claim, . . ."

LR Cv 29(b)

The last line should be revised to read: ". . . to answer or to otherwise respond to a complaint." This reflects that a motion, in addition to an answer, may be filed in response to a complaint.

Rule 37

I believe the heading should read: LR Cv 37

Rule 37(b) is a major change from existing practice, requiring the parties to confer *whenever* an objection to an interrogatory, request for production or request for admission has been served. Since it is my experience that an objection of some kind is *always* filed in response to a discovery request of any kind, this proposed rule would require conferences all the time, even if the requesting party is not serious about challenging an objection. I see the wisdom of requiring parties to confer prior to filing a motion to compel, but that is already required by Fed. R. Civ. P. 37(a)(2)(A). A rule requiring a conference merely whenever an objection is filed will not encourage resolution; rather it will foster conflict by requiring counsel to battle over objections that may never really have been an issue. The better rule is that if a party wishes to bring a matter to the Court's attention for resolution, a conference is required. I recommend this provision be deleted.

Rule 37(c) requires a response in 10 days to a successful motion to compel. This will be a very onerous burden in most circumstances, particularly when a significant document production is at issue. It seems to me that no deadline should be set forth in the Rules, but if one is necessary, then the default should be 30 days. This is a more realistic deadline and consistent with common practice today in both federal and state courts.

LR Cv 39.3

This proposed rule reflects that motions in limine should be filed at least 7 days before empanelment, unless good cause is shown to allow them to be filed during trial. It is often the case, however, that the grounds for a motion in limine do not become evident until the time of trial. I presume the good-cause standard would apply in those circumstances, although I would note that the proposed rule might place counsel in the difficult position of having to prove to the Court that the grounds were not apparent prior to trial. It might be better that the 7-day deadline should be directory rather than mandatory as follows: "Counsel shall endeavor to file all motions in limine at least 7 days prior to empanelment."

In any event, I do not read this proposal as prohibiting renewal of motions in limine during trial. It is often the case that motions in limine which are filed in advance must be renewed during trial in order to preserve the issue for appeal. *See* Fed. R. Evid. 103(a) and Advisory Committee Notes to 2000 Amendment.

ADLER POLLOCK & SHEEHAN P.C.



I appreciate the opportunity to provide these comments and hope they have been helpful to the Court.

Very truly yours,

David A. Wollin

DAVID A. WOLLIN
DAW;cv

341352_1.doc