Edwards & Angell LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611

**Patricia A. Sullivan**
(401) 276-6437 (direct dial)
(888) 325-9067 (direct fax)
psullivan@edwardsangell.com

August 12, 2005

Civil Clerk's Office
U.S. District Court
For District of Rhode Island
Two Exchange Terrace
Providence, RI 02903

**Re: In re Draft Local Rules of the United States District Court For the District of Rhode Island**

**Comments of Edwards & Angell, LLP**

Dear Sir or Madam:

Enclosed please find the Comments of Edwards & Angell, LLP on the Draft Local Rules of the United States District Court for the District of Rhode Island.

Very truly yours,

Patricia A. Sullivan

Enclosure

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE PROPOSED AMENDMENTS TO THE )**
**LOCAL RULES OF THE UNITED STATES )**
**DISTRICT COURT FOR THE DISTRICT )**
**OF RHODE ISLAND )**

**COMMENTS OF EDWARDS & ANGELL, LLP REGARDING THE PROPOSED AMENDMENTS TO THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

Edwards & Angell, LLP hereby submits these Comments regarding its preliminary observations on the Proposed Amendments to the Local Rules of the United States District Court for the District of Rhode Island. As an initial matter, we want to compliment the Court and its staff on its efforts with respect to the Proposed Amendments to the Court's Local Rules. Our review of the Proposed Amendments clearly indicates that a substantial amount of time and judicial resources went into the creation of the Proposed Amendments. In short, we applaud the Court's efforts to modernize the Local Rules.

In addition to the following comments on individual rules, we bring to the attention of the Court our concern that the time afforded for comment was inadequate to permit a thorough review. As a result, these Comments do not address the proposed Rules Applicable to Criminal Proceedings because we were unable, in the time available, to review them. Moreover, we do not believe that our analysis of the proposed Rules Applicable to Civil Proceedings was extensive enough to be deemed (by us) adequate. Our comments on individual rules, which are enclosed herewith, need to be considered with this concern in mind. Thus, we did not have time to research each Rule; as a result, we were unable to examine what is the analogous rule in other jurisdictions; we did not adequately analyze the internal inconsistencies within these Rules; and we do not believe we have adequately identified the extent to which these Rules are inconsistent with other Rules or statutes or raise serious constitutional issues, particularly First Amendment and due process issues.

Based on the foregoing, we respectfully request that the Court appoint a committee of the bench, the bar, and a representative from an area law school to work on creating a second draft and presenting it for a second round of public comment. We would be happy to participate or otherwise assist in any way in this extremely important effort.

Date: August 12, 2005

Respectfully submitted,

Edwards & Angell LLP

EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

| **PROPOSED RULE** | **COMMENT** |
|---|---|
| LR Gen 101 – 216 | Instead of using Proposed Rules of General Application, we believe it would be preferable that the Proposed Rules directly correspond with the uniform numbering utilized in the Federal Rules of Civil Procedure. |
| LR Gen 101 (d) | Proposed Rule defines scope and purpose of the Rules, and states that all prior rules, standing orders and general orders are superseded "to the extent that they conflict with these Local Rules." The Proposed Rule is ambiguous with respect to what prior rules or orders are still in effect. This will result in serious confusion and undermine the goals behind the promulgation of these Rules. Therefore, the Proposed Rule should be clarified by making clear that they are written on a clean slate and that the Court's previously issued rules and orders are entirely abrogated.<br><br>**Suggested edit:**<br><br>**Revise the Rule to specifically state that all preexisting rules, standing orders and general orders are superseded.** |
| LR Gen 102 (d) | Proposed Rule provides that the Court may unseal documents *sua sponte*.<br><br>**Suggested edit:**<br><br>**Include at the conclusion of the sentence: "provided that counsel shall be given notice and have an** |



PRV_748719_1

| | |
|---|---|
| | **opportunity to be heard prior to the unsealing of the documents.** |
| LR Gen 103 (c) (3) | Proposed Rule sets forth certain rules relating to courtroom practice. Subsection (c)(3) provides that an attorney may not testify in his/her case except where the Rules of Professional Conduct allow "and [it is] permitted by court." It should be sufficient if the Rules of Professional Conduct permit the testimony.<br><br>**Suggested edit:**<br><br>**Delete the phrase "and permitted by the Court."** |
| LR Gen 103 (d) (2) | Proposed Rule provides that the Court "in its discretion, may" permit a party to copy or reproduce items shown to the fact-finder. The Proposed Rule should be revised so as to make the language mandatory, instead of discretionary.<br><br>**Suggested edit:**<br><br>**Delete the phrase "in its discretion, may" and insert "shall".** |
| LR Gen 105 (b) | Proposed Rule states that remanded cases are assigned to the judge whom the case was previously assigned, a deviation from the present rule.<br><br>**Suggested edit:**<br><br>**The phrase "to the judge whom the case was previously assigned" be replaced with "to a judge other than to whom the case was previously assigned."** |
| LR Gen 107 | The requirement for five (5) days notice for an expedited transcript is unreasonable given that counsel may not know until the hearing if expedition is necessary. Indeed, expedited transcripts are frequently requested as a result of unanticipated developments and this rule would make that impossible.<br><br>**Suggested edit:**<br><br>**Delete the reference to expedited transcripts.** |
| LR Gen 109 (h) (1) | Proposed Rule deviates from the current practice in that the Local Bankruptcy Rules 9010-1 permits the Bankruptcy Court to admit lawyers to practice before the Bankruptcy Court *pro hac vice*. It is our understanding that the Local Bankruptcy Rule was developed through a committee process and was carefully and thoughtfully discussed before it was adopted. The Local Bankruptcy |

| | |
|---|---|
| | Rule should not be abrogated, and the current practice should be continued.<br><br>**Suggested edit:**<br><br>**Delete "provided however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court."** |
| LR Gen 110 | Proposed Rule prohibits disclosure by, among others, lawyers, to any "unauthorized person" of any non-public information about a pending case. The scope of this rule is overly broad and unnecessarily limits First Amendment rights. We believe that the Rhode Island Rules of Professional Conduct sufficiently reflect the Court's and attorneys' interests in ensuring a litigant's right to a fair trial.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Gen 111 (a) | Proposed Rule prohibits devices having the capability of making video recordings or transmitting photographs from the courthouse. Many cell phones now have this capability but are permitted pursuant to Administrative Order 2000-02 – Second Amended Order Re: Cellular Telephones, Tape Recorders and Personal Digital Assistants ("PDAs"). This Rule should be made consistent with that Order and the Order itself should be incorporated into the Local Rules.<br><br>**Suggested edit:**<br><br>**Delete the entire second sentence. Add a Rule capturing the essence of Administrative Order 2000-02.** |
| LR Gen 111 (c) | Proposed Rule bans handwritten notes unless permitted by the Court. This Rule should be the opposite, permitting the taking of notes unless expressly prohibited; alternatively, if the prohibition is continued, the Rule should include an exception for counsel involved in the litigation.<br><br>**Suggested edit:**<br><br>**Nothing in subsection (a) of this Rule shall prevent any person from taking handwritten notes during a** |

| | |
|---|---|
| | **proceeding in Court, unless the presiding judicial officer has specifically prohibited such note-taking.** |
| LR Gen 201 (a) – first paragraph | Proposed Rule limits appearances to persons who are members of the local bar or as provided by the Local Rules. It is overly restrictive in that it disregards other exceptions that may be created by an order of the Court, by Rules of Criminal or Civil Procedure, by the Rules for Multidistrict Litigation or by a federal statute.<br><br>**Suggested edit:**<br><br>**In order to appear in and/or practice before this Court, a person must be a member of the Bar of the Court unless these Local Rules, the Federal Rules of Civil or Criminal Procedure, the Rules for Multidistrict Litigation, an Order of this Court or a federal statute expressly provides otherwise.** |
| LR Gen 201 (a) – second paragraph | Proposed Rule does not distinguish between the ministerial action of handing a document to the clerk for filing from the action governed by Rule 11 of signing a pleading. It needs to be made clear that any person can present a document to the clerk for filing.<br><br>**Suggested edit:**<br><br>**A person who is not a member of the Bar of this Court may not sign any pleading or motion filed on behalf of a party unless these Local Rules, the Federal Rules of Civil or Criminal Procedure, the Rules for Multidistrict Litigation, an Order of this Court, or a federal statute expressly provides otherwise.** |
| LR Gen 201 (c) | Proposed Rule does not distinguish between the ministerial action of handing a document to the clerk for filing from the action governed by Rule 11 of signing a pleading. It needs to be made clear that any person can present a document to the clerk for filing.<br><br>Proposed Rule also is at variance with Fed. R. Civ. P. 5 (e), which bars the Clerk from rejecting anything presented for filing.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Gen 203 (a) | Proposed Rule provides that in order to remain a member of the Bar of this Court, an attorney must, *inter alia*, not have been convicted of a "serious crime" as defined in LR |



PRV_748719_1

| | |
|---|---|
| | Gen 213(a). The Proposed Rule provides that, upon failure to satisfy this requirement, an attorney's membership in the Bar of the Court "shall immediately cease . . . ." This provision, however, contradicts the provisions in LR Gen 210 and LR Gen 213, which provide the attorney an opportunity to be heard. Additionally, the Proposed Rule violates an attorney's procedural due process right to fair notice of the charge and opportunity to be heard on his or her disbarment. See In re Ruffalo, 390 U.S. 544, 550 (1968) (holding that notice and opportunity to respond should be given to an attorney when faced with the prospect of disbarment); In re Williams, 398 F.3d 116, 119 (1st Cir. 2005) (stating that when considering a reciprocal enforcement of a state court disbarment, a federal court will ordinarily afford the respondent attorney an opportunity to respond). |
| LR Gen 203 (c) | Proposed Rule provides attorneys' membership in the bar will cease on March 31, 2006, and thereafter at successive two (2) year intervals, unless the itemized requirements are met. The Proposed Rule further provides that attorneys avoid effective disbarment by completing a renewal application on the "form" provided by the Clerk and paying the applicable renewal fee. The Proposed Rule, however, does not indicate the requirements to be set forth in the "form," nor how attorneys are to be made aware of the form. Instead of abrupt termination of bar admission for the failure to perform a ministerial action, a periodic registration system similar to what is used in other jurisdictions is suggested.<br><br>**Suggested edit:**<br><br>**Delete Rule. In lieu of the Proposed Rule, a viable alternative would be to follow the procedure utilized by the state courts, which mails a renewal application to each attorney in advance of his or her expiration date.** |
| LR Gen 204 (c) | Proposed Rule limits the number of *pro hac vice* admittances to three per party. This limit serves no purpose other than to limit the flexibility of a litigant to choose counsel in particular situations. In a complex matter this impairs the ability of a firm to choose the best person for a task. The absence of a limit on the number of counsel will have no impact on the ability of the Court to require each law firm (or each party) to designate a single contact person; this practice is consistent with the procedure employed in other forums, like the Multidistrict |

| | |
|---|---|
| | Panel. It also will have no impact on the ability of the Court to require the appearance of the principal responsible attorney or principal trial counsel at certain proceedings.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Gen 204 (e) (3) | Proposed Rule does not take the rights of litigants into account in requiring *pro hac vice* counsel to be ready to assume responsibility for the conduct of the case. It effectively requires parties to incur the expense of keeping double set of attorneys ready throughout the duration of a matter.<br><br>**Suggested edit:**<br><br>**At end of Rule 204 (e) (3) add:**<br><br>**", provided that the Court shall ensure that the transition from *pro hac vice* counsel to local counsel proceeds with due regard to the due process rights of the litigants."** |
| LR Gen 204 (f) (2) | Proposed Rule makes no provision for notice and hearing prior to the revocation of *pro hac vice* admission. Numerous cases hold that procedural due process rights apply to such action by the Court. See, e.g., Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1211 (11th Cir. 1985) (*pro hac vice* attorney may not be disqualified "without notice of the charge against him or an opportunity to explain and sanctions must be imposed in accordance with the due process of law"); Johnson v. Trueblood, 629 F.2d 302, 303 (3rd Cir. 1980) ("some type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's pro hac vice status").<br><br>**Suggested edit:**<br><br>**Add at beginning of Proposed Rule: "Upon notice and opportunity for hearing, and considering the due process rights of litigants and their attorneys, . . ."** |
| LR Gen 204 (f) (3) | In denying the right to a hearing, the Proposed Rule allows the Court to completely disregard the due process rights of litigants and their attorneys when revoking the appearance of *pro hac vice* counsel. See, e.g., Martens v. Thomann, 273 F.3d 159, 176 (2d Cir. 2001) (holding that lower court |

| | |
|---|---|
| | abused its discretion in failing to provide attorneys notice and opportunity to respond before revoking their *pro hac vice* status). Moreover, the language excusing even an opportunity to explain why *pro hac vice* status should not be revoked in situations that would "disrupt" or "delay" the proceedings is vague and subject to an overly broad interpretation. The decided cases on this point recognize only a limited exception where immediate action is necessary to maintain the order and integrity of the courtroom. See, e.g., United States v. Dinitz, 538 F.2d 1214, 1220 (5th Cir. 1976).<br><br>**Suggested edit:**<br><br>**Except in situations necessary to maintain the immediate order and integrity of the courtroom, before revoking *pro hac vice* status, the judge shall provide counsel and the parties with notice and an opportunity to be heard, and the court shall consider the due process rights of the parties in taking any action.** |
| LR Gen 204 (g) (3) | Proposed Rule is confusing regarding to what "list" it refers. As with LR Gen 206(c)(1), it is suggested that the Court require a party to designate an attorney(s) for notification purposes. Under the current proposal, each party could designate one attorney for each law firm that has entered an appearance. If this approach is adopted, after a *pro hac vice* request is granted, the party must designate one *pro hac vice* attorney for purposes of notification.<br><br>**Suggested edit:**<br><br>**Upon the granting of any *pro hac vice* motion, the Clerk shall require such counsel to designate a single *pro hac vice* attorney for the party for the purpose of receiving relevant notices. The Clerk shall not be required to provide notification to any other *pro hac vice* counsel for that party.** |
| LR Gen 206 (c) (1) | Proposed Rule refers to "lead counsel" without definition of its meaning. The Rule does not clarify the relationship of this term to the references to counsel in Fed. R. Civ. P. 16 (c)-(d). The term seems to reflect a vague concept and is different from terms used elsewhere in the Local Rules (e.g., "associate trial counsel"; "lead trial counsel"), which actually reflects three different roles for counsel:<br>• Counsel for receipt of notices relevant to the party |



PRV_748719_1

| | |
|---|---|
| | • Principal responsible counsel for the case<br>• Trial counsel<br>This Rule appears to refer to "notification counsel" and that should be clarified.<br><br>**Suggested edit:**<br><br>**When more than one attorney from the same firm enters an appearance on behalf of a party, at the time of the making of the entry of appearance a second (or more) attorney(s), that party shall designate in writing a single attorney from the firm to receive relevant notification from the Clerk and the Court, and any notice sent to such attorney shall constitute notice to all counsel in the firm.** |
| Form 1 (Motion for Entry of Appearance *Pro Hac Vice*) | The text of the first sentence of the form refers to "associate trial counsel." This term is not defined and is inconsistent with other aspects of the Rules and with evolving practice, in that *pro hac vice* counsel are generally the principal counsel for the party, relying on local counsel for assistance with the Local Rules and practice, and in interfacing with the Court.<br><br>**Suggested edit:**<br><br>**Delete "associate trial".**<br><br>The sixth bullet point on the form omits reference to civil litigants and the right of a civil party to counsel of choice.<br><br>**Suggested edit:**<br><br>**______ counsel is the party's counsel of choice.** |
| Form 1 (Attorney's Certification for Pro Hac Vice Admission) – item 4 | The fourth paragraph of the Form requires each *pro hac vice* applicant to certify that he/she has not appeared or applied to appear in more than three cases in the prior twelve months. It also requires the applicant to list any appearances or applications to appear; this requirement is vague in that it appears to have no reference to time. The Local Rules have no prohibition on more than three appearances in a single year, yet this paragraph of the form suggests that it is prohibited or discouraged. The form also is unclear whether the applicant must list all cases for the firm or just for the individual. For a large firm, finding every *pro hac vice* application and admission may be difficult (particularly if the requirement is not time limited). This paragraph does not appear to accomplish |

| | |
|---|---|
| | any purpose other than making *pro hac vice* admission more difficult. It should be deleted.<br><br>**Suggested edit:**<br><br>**Delete paragraph 4 of the Attorney Certification.** |
| LR Cv 5 (f) | Proposed Rule provides that if a document does not comply with the requirements of the Rules, that the Clerk shall only temporarily retain it and provide the attorney an opportunity to cure the deficiency. The Proposed Rule conflicts with Fed. R. Civ. P. 5(e), which prevents the Clerk from refusing to accept any document presented for filing.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Cv 7 (b)(1) | Proposed Rule provides that an objection to a motion must be filed within ten (10) days of service of the motion. The rule is silent as to whether the number of days is inclusive or exclusive of weekends and holidays. Accordingly, the Proposed Rule remains ambiguous as to whether this period of time is calculated inclusive of weekends and holidays.<br><br>**Suggested edit:**<br><br>**Insert the following sentence between the first and second sentences of Rule 7(b)(1): "This period of time does not include weekends or federal holidays as set forth in Fed. R. Civ. P. 6(a)."** |
| LR Cv 7 (b) (2) | Proposed Rule now explicitly provides for a reply memorandum; however, the Proposed Rule also provides that it must be filed and served within five (5) days after service of the objection. This period of time is viewed as an inadequate period of time for a reply, especially given that the underlying motion may not be heard by the Court for some time after the pleadings are filed.<br><br>**Suggested edit:**<br><br>**"The movant may file and serve a reply memorandum not later than (10) days after the service of the objection. This period of time does not include weekends or federal holidays as set forth in Fed. R. Civ. P. 6(a)."** |
| LR Cv 7 (d) (1) (A-B) | Proposed Rule sets forth the various page limits for |

| | |
|---|---|
| | memoranda filed in support of or in opposition to a motion, as well as for the statement of undisputed or disputed facts. While the imposition of page limitations is consistent with the trend followed by the local rules of other courts, we believe that the limitations contained in the Proposed Rule are far too short. The court may not be aware of the adverse impact that the proposed page limitations (which are the current limitations set forth in Amended General Order #2002-01) have had on parties, for whom the cost of litigation has been increased as attorneys and clients expend valuable time and resources in their efforts to comply with limitations that are below a reasonable number for proper treatment of an issue and therefore affect virtually every case of any complexity. Practitioners in civil cases in this District are consistently confronted with the prospect of exceeding the page limitations. We believe that the page limitations should be either be eliminated or increased to a level consistent with what is used in other jurisdictions.<br><br>**Suggested edit:**<br><br>**Delete Rule. Alternatively, increase page limit for memoranda in support or in opposition to a motion from ten (10) to twenty (20) pages; increase page limit for memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, or a magistrate judge's report and recommendation from twenty (20) to thirty (30) pages; increase page limit for reply memoranda from five (5) pages to ten (10) pages; increase page limit for statements of undisputed and disputed facts from ten (10) pages to thirty (30) pages.** |
| LR Cv 7 (d) (1) (B) | Proposed Rule sets forth the page limits for Appendices and other supporting documents. This limitation could have due process implications for a litigant barred from submitting appropriate evidence. The arbitrary limit should be eliminated and the Rule should require counsel to include only necessary and non-duplicative material.<br><br>**Suggested edit:**<br><br>**Delete Rule and substitute "Appendices and other supporting documents shall be limited to the material reasonably necessary to support the position of the proponent and parties shall not include, but rather shall refer the Court by specific citation or reference, to material already in the record.** |

| | |
|---|---|
| LR Cv 16 (d) | Proposed Rule refers to the attendance of "lead trial counsel." The term is not defined and is different from the requirements of Fed. R. Civ. P. 16(c). It also does not mesh with LR Gen 206 (c)(1). All of these matters should be clarified so that the parties have a clear understanding who is required to attend. |
| LR Cv 23 (b) | Proposed Rule mandates the filing of the motion for class certification within thirty (30) days after filing a pleading with a class action claim. This forces the parties to begin this important briefing at an extremely early stage of the case, likely before the defendant has answered the complaint. The Rule should be altered to mesh with Fed. R. Civ. P. 23(c) and with the other events that occur in the early stages of a case to permit an orderly briefing process.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Cv 24 | Proposed Rule provides that whenever the constitutionality or validity of any federal or state statute is challenged, the party making such a challenge shall file a written notice identifying the statute in question and the nature of the challenge. As used in the Proposed Rule, the term "validity" is vague.<br><br>**Suggested edit:**<br><br>**Delete "or validity".** |
| LR Cv 29 | Proposed Rule requires all parties affected by a stipulation to sign it and that the stipulation be filed promptly to be effective. It also eliminates the requirement that parties file a stipulation of dismissal within ten (10) days of entering a settlement. This section also allows the parties to agree to not more than a total of a thirty (30) day extension to answer the complaint. The rule should be amended to make it clear that such a right to extend applies not only to a party answering the complaint, but also responding to the complaint in another manner (e.g., motion to dismiss).<br><br>**Suggested edit:**<br><br>**Remove the requirement that the stipulation be filed "promptly"; add the phrase "or respond to" after "answer" in proposed section (b).** |
| LR Cv 34 | Proposed Rule now requires that (i) a response or objection to a request must recite the request and describe |

| | |
|---|---|
| | what was produced in response and/or the grounds for objecting; (ii) any production over fifty (50) pages must be bates-stamped; and (iii) objections must be stated with specificity and include all grounds upon which the objecting party relies or is otherwise deemed waived (subsection (c)). It may be burdensome to describe the types of documents being produced, especially in a large production. Subsection (c) may lead to some confusion as to the level of specificity required to state an objection and whether the basis is adequately stated to avoid waiver.<br><br>**Suggested edits:**<br><br>**Delete section (b)(1) of Proposed Rule. Delete section (c) of Proposed Rule.** |
| LR Cv 37 | Proposed Rule requires that a party state the response or request for admission in the motion and the reasons the party believes the response is inadequate. Section (b) of the Proposed Rule requires counsel for the parties to meet and confer within ten (10) days after an objection to discovery is served. While the meet and confer obligation is reasonable, the 10 day time period should be eliminated altogether. The proposed rule also requires a party to respond to a motion within 10 days and otherwise comply with LR Cv 7. As with other instances where a ten day period of time is set out, the method of counting and the relationship to Fed. R. Civ. P. 6 (a) should be clear.<br><br>**Suggested edits:**<br><br>**Delete reference to LR Cv 7 in section (a) of the Proposed Rule. Delete section (b)(1) of the Proposed Rule. Clarify whether the ten (10) days to respond is subject to Fed. R. Civ. P. Rule 6 - <u>see</u> suggested edits to LR Cv 7, <u>supra</u>.** |
| LR Cv 39 | Proposed Rule imposes a thirty (30) minute time limit on opening statements unless otherwise permitted by the Court. This seems to be an arbitrary limit and does not take the complexity or size of the case into account.<br><br>**Suggested edit:**<br><br>**Eliminate the thirty minute limit on opening statements.** |
| LR Cv 39.2 | Proposed Rule prevents continuances of hearings unless good cause is shown. The Rule also requires a request for |

| | |
|---|---|
| | continuance to be made as soon as counsel learns reasons for the request so that the court can reschedule the matter without creating a hardship or interfering with the business of the Court. The Rule also makes clear that the unavailability of witnesses ordinarily will not constitute good cause for a continuance. This significantly changes existing Local Rule 20(c), which allows a party to move for a continuance in order to a secure a witness.<br><br>Proposed Rule also requires a higher burden on the party seeking the continuance, even if the hearing is scheduled far in advance and there is no objection from the other party. The same is true for the unavailability of a witness.<br><br>**Suggested edit:**<br><br>**Delete rule.** |
| LR Cv. 39.4 (a) | Proposed Rule requires that counsel shall immediately notify Court and file a dismissal stipulation or consent judgment within ten (10) days. Proposed Rule may have unintended effect of hindering settlement.<br><br>**Suggested edit:**<br><br>**Add ", provided that the Court shall permit additional time for the filing of the dismissal stipulation or consent order upon application of the parties.** |
| LR Cv. 39.4 (b) | Proposed Rule will have unintended effect of hindering settlements, at the point when the parties are best able to assess the strengths and weaknesses of their position – on the brink of or during trial. This undermines one of the reasons for judicial involvement in civil matters, to facilitate the resolution of disputes. The Rule should be eliminated.<br><br>**Suggested edit:**<br><br>**Delete Rule.** |
| LR Cv 47 (a) – (c) | Proposed Rule removes requirement that a jury consist of only six members, leaving it to the court's discretion as to the number of jurors up to twelve pursuant to Fed. R. Civ. P. 48.<br><br>Proposed Rule also omits the mechanism for whether and how alternate jurors should be chosen leaving the process to the presiding judicial officer. |



PRV_748719_1

| | |
|---|---|
| | The Proposed Rule does not specify that voir dire and jury selection will be conducted by the "struck" method. Written voir dire questions must be submitted to the court three days before empanelment.<br><br>By leaving much of the process to the presiding judicial officer's discretion, the proposed rules create additional uncertainty for trial attorneys preparing for imminent trial. In contrast, the more detailed mechanisms for jury selection, voir dire, alternative jurors, and challenges set forth in the existing rules allow for easier more complete preparation and reduce potential confusion.<br><br>**Suggested edit:**<br><br>**Delete Rule. Continue use of existing rule.** |
| LR Cv 47(d) | Proposed Rule omits the existing requirement that parties and their counsel seek leave of court to converse with a jury after a verdict is rendered but before the jury is discharged. Proposed Rule should clarify whether leave of Court is required to converse with a jury after a verdict is rendered. |
| LR Cv 54.1 (a) | Proposed Rule requires that the party moving for fees provide, through affidavit, "the fee customarily charged by counsel in like cases . . . any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct" and "an affidavit from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community."<br><br>Proposed Rule also requires that a request for attorneys' fees must be filed within fourteen (14) days after the entry of judgment.<br><br>Fourteen days may be a short period of time to provide the extensive documentary support required under the Proposed Rule especially in unique or complex matters or where litigation has been pending for a substantial period of time or has a complex procedural background. The short period for preparation may also be a concern where the attorneys' fees greatly exceed the amount of the judgment and therefore constitute the core of the litigation. If the time period cannot be lengthened, perhaps there should be a explicit provision allowing for an extension of time by motion. In the alternative, the issue of the award of fees and the appropriate amount could be separated in |

| | |
|---|---|
| | complex cases. Thus, an affidavit from a disinterested attorney and the calculation of fees could be required only after the court has found that an award of attorneys' fees is appropriate but has yet to set the amount. |
| LR Cv 56 (a) (5) | Proposed Rule sets forth in greater detail the contents of the Statement of Undisputed Facts. The Statement must now include numbered paragraphs, a citation to the evidence supporting the fact, and the page and line of the document to which the reference is made. Also, statements and denials of "undisputed facts" shall be considered representations of counsel subject to the provisions of Fed. R. Civ. P. 11. The requirement that each undisputed fact be accompanied by a cite and, presumably that the supporting document be attached, will cause practitioners to frequently run afoul of the page limit for supporting documents. See Comment to LR Cv 7(d)(1)(A-B).<br><br>Additionally, Rule 11 requires only that attorneys make certain that "allegations and other factual contentions" have evidentiary support or are likely to have evidentiary support. The Proposed Rule, however, appears to require, not only that there be evidentiary support in the record for a statement, but that the statement become a representation of counsel to the court. These principles are potentially contradictory, and the language of the Proposed Rule should be stricken.<br><br>**Suggested edit:**<br><br>**Delete subparagraph 5 and delete references to limitations on the number of pages for statement or for supporting documents.** |



PRV_748719_1