YESSER
GLASSON
&DINEEN

*Counselors at Law*

August 12, 2005

John W. Dineen
John A. Glasson*
Roger C. Ross

*also admitted in Massachusetts

Gary Yesser (1945-1998)

David A. DiMarzio
Clerk of the Court
U.S. District Court
One Exchange Terrace
Providence, RI 02903

Re: Proposed Local Rules

Dear Mr. DiMarzio:

I am responding to the invitation for comments on the proposed local rules. I have reviewed all but the proposed local rules on criminal practice, so my comments will be limited to civil practice issues.

1. LR Gen 105(a)(3). I have never been certain what constitutes a "related case" when one is filing a new civil action. The new rule still does not spell out what qualifies as involving "substantially the same parties and the same issues." It may leave the attorney in a position to appear either as failing to point out the other cases or as being presumptuous in listing a different case as related. If a narrower definition is not possible, perhaps the civil cover sheet should indicate that the attorney is merely suggesting, and not declaring, that another case may be related.

2. LR Gen 110. I read this rule to be inclusive of <u>any</u> information about a case that is not already in the Court's publicly available file. I understand that there are situations where disclosure of certain information could jeopardize other concerns, but I think those situations could be specified in the rule, as a limited list of exceptions, with the general rule being that parties and counsel are otherwise free to speak about a case. This situation may be analagous to the limitations on free speech rights of police officers and firefighters, where specified and narrow categories of information may not be disclosed, and all other topics are unrestricted.

   I also think it is important to note that it is not only the "rights" of litigants and lawyers that are involved. The public, via the media, should have the opportunity to receive as much information as possible about court proceedings so that there is greater understanding of the complexities and conflicting interests

One Providence Washington Plaza / Providence, Rhode Island 02903 / TEL 401 331-3550 / FAX 401 331-9267

that are often involved. If lawyers, and parties, always have to say that they cannot talk about something, the public perception is that secrecy rules the day, and public trust in the system of law and courts may decline.

3. LR Gen. 111. Subsection (a) appears to cover cell phones (even when off) and a variety of modern personal computer devices. The Marshals will be storing and retrieving a large volume of items. I am not sure if a Marshal's permission would constitute Court authorization. Also, Rule 111(a) could affect the common practice of reporters asking questions, recording statements, or filming people right around the Courthouse entrance, front steps, doorway, or lobby, especially in bad weather. It's not clear to me that even the front steps are not a "portion of the United States Courthouse."

4. LR Gen 202(b)(4). The actual wording does not provide the option to swear or affirm, although the word affirmation does appear before and after the actual quote.

5. LR Gen 203. Since all Rhode Island attorneys are governed by state bar and disciplinary procedures, and since the state system and the federal court are already interconnected in terms of eligibility to practice, I do not see the need for the additional requirement of the successive renewals every two years. Clearly in an individual case, for cause, any attorney is subject to termination of the privilege to practice in Federal Court, and I assume the State Supreme Court immediately reports discipline results to the U.S. District Court.

6. LR Gen 205(b). I suspect many pro se litigants will either not know they must put those words after their signature or will forget to do it on each document. Will that require rejection of the document by the clerk?

7. LR Gen 207(b)(2). A very minor comment: In the last sentence of (b)(2), I would change "less than two weeks" to "two weeks or less."

8. LR Gen 215. The reinstatement application may well occur a number of years after cessation of membership. Certainly 215(a)(4) should require all records from physicians and others who may have some knowledge of the problem area, but this wording would require the applicant to list every dentist, foot doctor, colonoscopy, routine check-up, skin-cancer screening, etc., a potentially large "haystack" when it is really the "needles" that are important.

   Also, under LR Gen 215, I do not see a mechanism to at least request that part (or all) of the medical records and hearing procedures be kept confidential and not become public records.

9. CV 5(a)(1). Some case captions involve multiple pages, if all names are listed every time. I would suggest that all documents other than the complaint and answer may use the "et al" mechanism to cut down on unnecessary page length.

10. CV 5(a)(5). At the risk of confessing to be a Luddite, I think some lawyers still do not have, or use, e-mail addresses.

11. CV 5(b). Once again, the problem I have had is not knowing the definition of a "related case."

12. CV 7. I'm not sure there is any solution to the practical problem involved in filing a motion to extend time or to exceed page limits and then not knowing the disposition of that motion as the original deadline approaches.

13. CV 9.1. Occasionally a "claim" may be involved in a case in this District, while being simultaneously pending in many cases all over the country. This has happened in the Social Security area, for one example. Would a general reference to a multitude of cases suffice?

14. CV 24. There are three terms used here that I believe need clarification. Is "validity" something in addition to, or to be distinguished from, "constitutionality"? Secondly, aside from an express challenge, how would a party be "intending to raise" such a challenge? Lastly, are there some statutes that can be challenged on constitutional grounds without "affecting the public interest"? I assumed that any statutory challenge would trigger the notice provisions.

15. CV 39(c). Does the reference to a fair trial belong in this section on civil rules?

16. CV 54.1. If the fees motion is not filed until fourteen days after entry of judgment, then the appeal time is now running on the judgment, and both the parties and the court may not have sufficient time to resolve the issue of fees. An appeal may be filed due to uncertainty about the overall outcome. A delay in entry of the final (appealable) judgment is often the most practical solution.

    In CV 54.1(b)(2), I would like to see an exception to the affidavit requirement, for good cause shown (e.g. no "similar cases" or no attorney affidavit forthcoming despite good faith efforts).

17. CV 56(a)(3). I think "deemed admitted" is too generous. I would suggest… "any fact alleged, and adequately supported…"

18. CV56(a)(4). If the objecting party sets forth new "additional" facts, it seems there should be a mechanism for the original moving party to respond, with the

response limited to the "additional" facts.

Thank you for your consideration, and I hope that my comments are of use.

Sincerely,

John W. Dineen