RECEIVED
AUG 12 2005
David A. DiMarzio, Clerk of Court
U.S. District Court
District of Rhode Island

BLISH & CAVANAGH LLP
COUNSELLORS AT LAW

August 12, 2005

Joseph V. Cavanagh, Jr.
William R. Landry
Edmund L. Alves, Jr.
Stephen J. Reid, Jr.
Karen A. Pelczarski
Scott T. Spear
Kristin E. Rodgers

Staci L. Kolb
Thomas E. Romano
Mary Cavanagh-Dunn

John H. Blish
Of Counsel

***Via Hand-Delivery***

David DiMarzio, Clerk of the Court
United States District Court
For The District Of Rhode Island
One Exchange Terrace
Providence, RI 02903

***Re: Proposed LR Gen 110***

Dear Mr. DiMarzio:

I am writing to you on behalf of Access/R.I., The Associated Press, the Providence Journal Company, the Rhode Island Broadcasters' Association, the Rhode Island Press Association and the New England Society of Newspaper Editors in connection with the request of the United States District Court for the District of Rhode Island for public comment about proposed updates to the Local Rules of the Court.

In particular, my comments are addressed to LR Gen 110 which is drafted as follows:

**LR Gen 110 DISCLOSURE OF NON-PUBLIC INFORMATION**

**Unless authorized to do so by the Court, no counsel, party, court employee, intern, court security officer, United States Marshall or Deputy United States Marshall, shall disclose or disseminate to any unauthorized person information relating to any pending case that is not a part of the public record. ("the Proposed Rule")**

Because of the widespread concern about the potential harm to First Amendment rights which the Proposed Rule would cause, if adopted by the Court, my clients are aware of and join in support of the comments and points set forth in the Letter dated August 11, 2005, and submitted by The Reporters Committee For Freedom of the Press. Rather than repeat each of the concerns set forth in that comprehensive Letter, I will highlight certain essential concerns of my clients about the Proposed Rule and its impact on the media and the public.

Commerce Center · 30 Exchange Terrace · Providence, Rhode Island 02903-1765 · Tel (401) 831-8900 · Fax (401) 751-7542
www.blishcavlaw.com · Tax ID# 050421848

BLISH & CAVANAGH LLP
COUNSELLORS AT LAW



One would expect that the purpose of the Proposed Rule is to prohibit the unauthorized disclosure of confidential information. The judiciary has an interest in and the power to control access to and disclosure of confidential information. An appropriate process which protects that interest is unobjectionable and in the public interest. However, as drafted, the Proposed Rule is overbroad and unnecessarily runs counter to First Amendment interests of the public, the media, and the participants in open and full access to judicial proceedings and information related thereto. On its face, the Proposed Rule is tantamount to a blanket gag order which, if adopted, would inpermissably restrict the dissemination of information about which the public is entitled to know.

The public right of access to information concerning the judicial branch of the government is well-established. This right of access can be legally curtailed only under special circumstances, such as, where Sixth Amendment fair trial rights or a similar compelling interest outweighs the public's right to open access. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07, 26 (1982); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976); Sheppard v. Maxwell, 384 U.S. 333, 362-63 (1966). As held by the United States Supreme Court in Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984), "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest". While Press-Enterprise involved access to court proceedings, similar standards have been applied by courts when assessing the validity of gag orders. See, e.g., Ohio ex rel. National Broadcasting co., Inc. v. Court of Common Pleas of Lake County, 556 N.E.2d 1120 (Ohio 1990). Moreover, it is beyond question that before a court can limit participants' exercise of their First Amendment rights of freedom of speech, the court must conduct a hearing and make specific findings which show that without a gag order a serious threat exists to the administration of justice, see Chase v. Robson, 435 F.2d 1059, 1061 (7th Cir. 1970) or, in a criminal case, to a defendant's right to a fair trial exists. National Broadcasting Co., Inc. v. Cooperman, 501 N.Y.S.2d 405, 409 (N.Y. App. Div. 1986). As explained in the Reporters Committee letter, a split exists among federal courts as to the appropriate scrutiny standard for gag orders on trial participants. Significantly, the Proposed Rule does not require a hearing with findings based upon any recognized standards in the case law. The Proposed Rule automatically prohibits dissemination of information that "is not a part of the public record". Under the circumstances, it fails to pass muster under even the most moderate standards because there is, in fact, no hearing process or any standard of scrutiny.

This important omission is hopefully simply an oversight since proposed LR GEN 102 relating to " DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION" does require a judicial determination based on a motion to seal before documents filed

with the Court can be sealed and ordered to be confidential. This approach suggests the Court's awareness of the necessity to find, upon motion, special reasons to justify a departure from the well-established policy that court records are open to the public. In a similar vein, any imposition of restrictions on any person's right to disclose any information regarding judicial matters must be accompanied by an open hearing with specific findings relating to the particular reasons why a gag and/or sealing order is warranted.

I respectfully suggest that the Proposed Rule is not needed. The general presumption of openness and free and full disclosure of information should be the rule; the exception should be the unusual circumstance where, after careful scrutiny, a restriction might be imposed only after a showing of a demonstrated need. Any failure by parties, counsel or others to comply with a gag and/or sealing order can be met with the sanction of contempt or, with respect to court employees, with appropriate disciplinary action. Moreover, rules are already in place which, under certain circumstances, limit statements by attorneys. While the United States Supreme Court, in Gentile v. State of Nevada, 501 U.S. 1030, 1056 (1991), found the Nevada rule relating to an attorney's extrajudicial statements void for vagueness as applied to him, the Court held that the "substantial likelihood of material prejudice" test set forth in the rule did not violate the First Amendment. The Federal Court here has adopted a similar rule which applies to all counsel practicing in the Rhode Island federal court. See D.R.I. R 39. In addition, Rhode Island counsel are bound by Art. V, Rule 3.6 of the Rhode Island Rules of Professional Conduct which embraces the "substantial likelihood" test.

In conclusion, and for the reasons discussed above and in the Letter of the Reporters Committee, the Proposed Rule is overbroad and constitutes an impermissible infringement on First Amendment rights. The failure to require a hearing, with findings based upon an appropriate scrutiny test, amounts to a rule which would serve as a blanket gag order. It would undoubtedly be challenged and result in unnecessary litigation. I respectfully urge the Court to reconsider the appropriateness of having any rule relating to the dissemination of information, since it would appear that the existing sanctions such as civil and/or criminal contempt, attorney regulations, and employee disciplinary options adequately deal with the infrequent circumstance where the Court might find it essential to impose a restriction on public access to and/or dissemination of information relating to judicial proceedings. If the Court nevertheless still intends to adopt a local rule regarding this sensitive subject of control of information, I submit that such a "rule" be expressly limited to "confidential" information which has been sealed only after hearing with adequate notice, and only after finding that there exists a serious and imminent threat of prejudicing a fair trial or the fair administration of justice.

BLISH & CAVANAGH LLP
COUNSELLORS AT LAW



If it would be helpful in any way, I would welcome the opportunity to discuss these matters further with you and/or the Court.

Very truly yours,

Joseph V. Cavanagh, Jr. (ker)

Joseph V. Cavanagh, Jr.