**RICHARD E. FLEURY**
ATTORNEY AT LAW
4172 Post Road
East Greenwich, RI 02818-4201
(401) 884-6565
FAX (401) 885-6983

August 30, 2005

Honorable Ernest C. Torres
Chief Judge
United State District Court
One Exchange Terrance
Providence, R.I. 02903

Dear Chief Judge Torres:

I thank you and your staff for providing me with a mailed copy of the proposed local rules.

I am writing this letter to express my comments as a sole practitioner. I expect that most of the comments that you receive will be from large firms and/or special interests groups, so I thought I might use this opportunity to express my concerns about the proposed rules and their affect on sole practitioners such as myself.

A portion of my background I believe is necessary for you to determine that I am not without some significant experience in the Federal Courts, albeit many years ago. I began my career as a law clerk to Judge Lawrence Gobow in the Eastern District of Michigan. The early part of my career consisted almost exclusively of practice in various Federal Courts including, but not limited to, the

Eastern District of Michigan, the Western District of Michigan, the Northern District of Ohio and the Sixth Circuit Court of Appeals. After moving to Rhode Island, I have handled matters both in the District Court of Rhode Island and the First Circuit Court of Appeals, although I admit I do not appear frequently in any of the above forums.

I have reviewed relevant portions of the proposed local rules. First, let me state that the greatest plurality of the rules make sense and reflect a thoughtful analysis of practice in the Federal Court. Therefore, I support the proposed changes if certain particular areas of concern are addressed.

I have the following concerns:

1. **Internet or E-mail Filings**

I have attended seminars relative to the use of the Internet and/or E-mail by attorneys. I have determined that the use of them poses a security risk for the confidentiality of my clients and also an area of major risk for any attorney practicing law. Large firms are able to afford information technology personnel to address these concerns. As a sole practitioner the safest most cost effective means by which for me to conduct my practice is **not** to use the Internet or E-mail as a portion of my practice.

As you are no doubt aware the Bankruptcy Court has effectively banned me from practicing in that court due to the fact that it accepts only online filings. I know that the proposed local rules at this point do not require such online filings. I would request that the local rules **specifically** permit any counsel or party to file in the traditional manner, thereby reversing the present practice of the Bankruptcy Court. No client should be denied the use of counsel of choice, including a sole practitioner, due to a local rule. All filings should be permitted to be made in the traditional paper form.

2. **Membership Renewal**

Generally, I agree with the proposed requirement that all members of the Rhode Island Federal Bar renew membership every two (2) years. It allows the Court and other parties practicing in the jurisdiction to receive accurate information about any practicing attorney. However, I am concerned that the rules authorize the charging of a fee for such membership renewal. I am concerned that the biannual fee will effectively cause many members of the federal bar and sole practitioners not to renew their membership. Renewal should not be a costly process which takes the place of annual Congressional appropriations. In any event,

no such fee should be viewed as a means to raise revenue for the local Federal Court with which to operate. Any such renewal fee should be minimal, such as, five or ten dollars and used only to defray a portion of the costs of renewal.

3. **Relief from the Local Rules**

My experience leads me to conclude that all of the local rules should not apply to each and every case and/or to each and every portion of every case. I have personally observed case where, seemingly meritorious cases, allow large firms or special interest whose clients are better able to afford litigation to "paperwork" or otherwise inundate a local practitioner with allowable uses of the court rules. My review of the proposed rules did not reveal a general rule allowing relief from any or all portions of the court rules. All rules don't fit all cases. Accordingly, I would request that each and every Federal Judge be instructed by the local rules to liberally grant a waiver or relief from any rule upon cause shown by any party made upon verbal or written request.

I understand that the restructuring of any rules has to be fair to all attorneys and parties who come before the Federal Court. The above comments express my "two-cents" which I am confident you will weigh in promulgating a final draft.

Very truly yours,

Richard E. Fleury

REF:hm