Edwards & Angell LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611

**Patricia A. Sullivan**
401.276.6437
*fax 888-325-9067*
psullivan@edwardsangell.com

September 30, 2005

Civil Clerk's Office
U.S. District Court
For District of Rhode Island
Two Exchange Terrace
Providence, RI 02903

**Re:** **<u>In re Proposed Amendments To Local Rules</u>**
**M.C. No. 05-0098T**

Dear Sir or Madam:

Enclosed please find Supplemental Comments of Edwards & Angell, LLP on Proposed Amendments to the Local Rules of the United States District Court for the District of Rhode Island.

Very truly yours,

Patricia A. Sullivan

Patricia A. Sullivan

Enclosure



BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: Proposed Amendments To Local Rules | ) ) ) ) | M.C. No. 05-0098T |

**SUPPLEMENTAL COMMENTS OF EDWARDS & ANGELL, LLP ON PROPOSED AMENDMENTS TO THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

Edwards & Angell, LLP hereby submits these supplemental comments regarding the Proposed Amendments to the Local Rules of the United States District Court for the District of Rhode Island. On August 12, 2005, we submitted our preliminary observations regarding the Proposed Local Rules, but because the Court afforded members of the bar additional time to submit comments we are now able to submit this more detailed analysis of the Rules.

A Joint Committee of the Rhode Island Chapter of the Federal Bar Association and the Rhode Island Bar Association (the "Committee") resulted in comprehensive comments on the Proposed Local Rules, which have been filed with this Court. We do not repeat the Committee's comments in their entirety in this submission, but believe that its thoughtful and thorough analysis should be adopted in whole. However, because the Committee did not address all of the Local Rules addressed in our initial submission, we have set forth our analysis of the Rules not addressed by the Committee in this document. We have not undertaken a review of the Proposed Local Rules Applicable to Criminal Proceedings because we are not qualified to perform such an analysis, but believe that the Committee's comments with respect to these Rules should be considered by this Court.

**TABLE OF CONTENTS:**

Preface....1

L.R. Gen 103....3

L.R. Gen 107....4

L.R. Gen 109....5

L.R. Gen 204....9

L.R. Gen 206....12

*Pro Hac Vice* Attorney Certification Form....14

L.R. Cv 16....16

L.R. Cv 24....17

L.R. Cv 29....18

L.R. Cv 34....18

L.R. Cv 39....20

**PROPOSED RULE:**

**LR Gen 103 COURTROOM PRACTICE**

**(a) Addressing the Court.** Counsel shall stand at the podium when addressing the Court and when examining and cross-examining witnesses unless the Court expressly excuses counsel from standing.

**(b) Registering Objections.** When registering an objection, counsel shall state the legal grounds for the objection (e.g., leading, hearsay, etc.) and/or the Rule of Evidence upon which counsel relies (e.g., 404(b)) but shall not argue or make any further comments unless requested by the Court.

**(c) Witnesses.**

**(1) Scheduling.** Counsel shall schedule witnesses in a manner that ensures that there will be no delays in trial.

**(2) Examination.** No witness may be examined by more than one attorney representing a party unless the Court otherwise permits.

3) **Attorneys as Witnesses.** An attorney shall not testify in a case in which that attorney participates as counsel, except to the extent allowed by the Rules of Professional Conduct and permitted by the Court.

**(d) Exhibits.**

**(1) Custody.** Unless otherwise ordered by the Court, the Clerk shall maintain custody of all exhibits marked for identification and/or admitted into evidence in any proceeding. No exhibit shall be removed or withdrawn without permission of the Court.

**(2) Preservation.** When necessary in order to complete the record, the Court, in its discretion, may permit a party to photograph or otherwise copy a chalk, or print or otherwise reproduce any electronic images and markings thereon, or to preserve any other item shown to the fact-finder.

**(3) Disposition.** Unless otherwise ordered, within thirty (30) days after the final disposition of the case, exhibits may be removed from the Clerk's office by the party presenting the exhibit. Exhibits not so removed may be destroyed or otherwise disposed of by the Clerk.

**COMMENTS:** A review of Proposed Local Rule 103, broken down by its subsections, is as follows:

LR 103(c)(3):

The Proposed Local Rule sets forth certain rules relating to courtroom practice. Subsection (c)(3) provides that an attorney may not testify in his/her case except where the Rules of Professional Conduct allow "and [it is] permitted by court." It should be sufficient if the Rules of Professional Conduct permit the testimony.

LR 103(d)(2):

The Proposed Local Rule provides that the Court "in its discretion, may" permit a party to copy or reproduce items shown to the fact-finder. The Proposed Rule should be revised so as to make the language mandatory, instead of discretionary.

**RECOMMENDATION:** Amend LR 103(c)(3) and 103(d)(2) as follows:

**(c) Witnesses.**

**(3) Attorneys as Witnesses.** An attorney shall not testify in a case in which that attorney participates as counsel, except to the extent allowed by the Rules of Professional Conduct ~~and permitted by the Court~~.

**(d) Exhibits.**

**(2) Preservation.** When necessary in order to complete the record, the Court~~, in its discretion, may~~ shall permit a party to photograph or otherwise copy a chalk, or print or otherwise reproduce any electronic images and markings thereon, or to preserve any other item shown to the fact-finder.

**PROPOSED RULE:**

**LR Gen 107 REQUESTS FOR DAILY TRANSCRIPTS OF COURT PROCEEDINGS**

All requests for daily or expedited transcripts must be made in writing to the court reporter, if known, and if not, to the Clerk, with copies to opposing counsel, not later than five (5) business days before the hearing or trial to be transcribed.

**COMMENTS:** The Proposed Local Rule's requirement for five (5) days notice for an expedited transcript is unreasonable given that counsel may not know until the hearing if expedition is necessary. Indeed, expedited transcripts are frequently requested as a result of unanticipated developments and this rule would make that impossible.

**RECOMMENDATION:** Amend LR 107 as follows:

All requests for daily ~~or expedited~~ transcripts must be made in writing to the court reporter, if known, and if not, to the Clerk, with copies to opposing counsel, not later than five (5) business days before the hearing or trial to be transcribed.

**PROPOSED RULE:**

**LR Gen 109 BANKRUPTCY**

**(a)** **References and Withdrawals of References of Bankruptcy Cases.** All cases arising under Title 11 shall be referred automatically to the bankruptcy judge(s) of this District. The reference of any case or proceeding or any portion thereof may be withdrawn at any time by the District Court, *sua sponte*, or, for good cause shown, upon the motion of any party. A motion for withdrawal of a reference shall not automatically stay any proceeding, but the District Court, in its discretion, may order a stay.

**(b)** **Filings in Bankruptcy Case.** The bankruptcy clerk shall maintain all files in bankruptcy cases referred by the District Court. Except with respect to appeals, cases in which the reference has been withdrawn, or other matters pending before the District Court, all documents filed in such cases shall be filed with the bankruptcy clerk.

**(c)** **Jury Trials in Bankruptcy Court.** Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct jury trials in bankruptcy proceedings where the right to a jury trial applies and all parties have consented.

**(d)** **Reports and Recommendations by Bankruptcy Judge.**

**(1)** **Time for Objections.** Any objection to proposed findings of fact and/or rulings of law by a bankruptcy judge in a non-core proceeding shall be filed and served within ten (10) days after such proposed findings and rulings are served on the objecting party.

**(2)** **Content of Objections.** Any objection to the proposed findings of fact and/or rulings of law shall be accompanied by (A) a memorandum of law specifying the proposed findings and/or rulings to which objection is made and the basis for the objection(s), and (B) a transcript of any evidentiary hearing(s) before the bankruptcy judge. The memorandum shall comply with LR Cv 7(d).

**(3)** **Responses and Replies.** A response to an objection shall be served and filed within ten (10) days after the objection is served. The objecting party may serve and file a reply to the response within five (5) days thereafter. Any response and /or reply shall comply with LR Cv 7(d). Unless otherwise permitted or required

by the Court, nothing further shall be filed in support of or in opposition to an objection to a bankruptcy judge's proposed findings of fact and rulings of law.

(e) **Appeals to Bankruptcy Appellate Panel.** In accordance with 28 U.S.C. § 158(c), when all parties consent, appeals from any judgment, order or decree of a bankruptcy judge which are referred to in 28 U.S.C. § 158(a) may be heard and determined by the Bankruptcy Appellate Panel for the First Circuit.

(f) **Appeals to District Court.** Except as otherwise provided in this subsection (f) or elsewhere in these rules, or unless otherwise ordered by the District Court, appeals or motions for leave to appeal to the District Court from any judgment, order or decree of a bankruptcy judge shall be governed by the applicable provisions of Rules 8001 - 8020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

(1) **Notice of Appeal.** When a notice of appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the notice of appeal to the District Court clerk, together with a copy of the judgment, order or decree that is the subject of the appeal and the Appeal Cover Sheet. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

(2) **Motion for Leave to Appeal.** When a motion for leave to appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the motion to the District Court clerk, together with copies of the notice of appeal, the judgment, order or decree that is the subject of the proposed appeal, and any memorandum of counsel submitted in support of or in opposition to the motion. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

(3) **Extensions of Time by a Bankruptcy Judge.** Extensions of time for filing notices of appeal may be granted by the bankruptcy judge in accordance with Bankruptcy Rule 8002(c). Extensions of time for filing motions for leave to appeal and designations of the record or issues on appeal may be granted by the bankruptcy judge for a period not to exceed thirty (30) days.

(4) **Dismissal of Appeals by Bankruptcy Judge.** A bankruptcy judge may dismiss an appeal if

(A) the notice of appeal is not filed within the time specified in Bankruptcy Rule 8002;

(B) the appellant has failed to file a designation of the record or a statement of the issues within the time specified in Rule 8006 or any extension thereof; or

(C) the appellant has failed to comply with paragraph (5)(C) of this subsection.

(5) **Record on Appeal.** In addition to any other applicable requirements, an appellant, including a party whose motion for leave to appeal has been granted, shall ensure that the record transmitted by the bankruptcy clerk to the District Court clerk includes:

(A) the judgment, order or decree of the bankruptcy judge that is the subject of the appeal;

(B) any written decision(s) and a transcript of any oral decision(s) by the bankruptcy judge stating the reasons for the judgment(s), order(s) and/or decree(s) referred to in subparagraph (A);

(C) the record on appeal, as to which the appellant shall be responsible for seeing that each document is tabbed and arranged in reverse chronological order so that the documents appear in the same order as shown on the docket sheet;

(D) a statement of the issues on appeal; and,

(E) a certified copy of the docket sheet.

(6) **Form of and Schedule for Filing Briefs.** Unless otherwise ordered by the District Court or provided in these rules, the form and schedule for filing appellate briefs and memoranda shall be governed by Bankruptcy Rule 8009, except that:

(A) all briefs, memoranda and appendices thereto shall conform to the applicable requirements of LR Cv 7; and

(B) two (2) copies of any brief or memorandum shall be provided to the district judge to whom the appeal or motion for leave to appeal is assigned.

(g) **Stays Pending Appeal to the District Court.** When a motion is made in the District Court to stay a judgment, order or decree of a bankruptcy judge or for any other relief pending appeal, the movant shall file the following with its motion:

(1) a copy of the judgment, order or decree that the movant seeks to have stayed;

(2) a copy of the bankruptcy judge's order denying the movant's motion to stay;

(3) any written decision(s) and/or transcript(s) of any oral decision(s) of the bankruptcy judge stating the reasons for the orders referred to in paragraphs (1) and (2) of this subsection; and

(4) a memorandum of law setting forth the reasons why a stay should be granted and the legal authorities supporting the motion for a stay.

Such motion and any related objection(s) and replies shall be governed by the applicable provisions of LR Cv 7.

**(h) Local Bankruptcy Rules.**

**(1) Authority.** The bankruptcy judge(s) may make and amend rules governing practice and procedure in all matters referred to and pending before them; provided, however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court.

**(2) Notice to District Court.** The bankruptcy court must give notice to the District Court of any amendment to the bankruptcy court's local rules prior to such rules taking effect. After notice is given, such amendment shall take effect on the date specified by the bankruptcy court, unless abrogated by the District Court.

**(i) Applicability of Local Rules.** In proceedings before a bankruptcy judge, the local bankruptcy rules shall apply. In proceedings before the District Court, these Local Rules shall apply unless the Court otherwise directs.

**(j) Discretion of District Court.** This rule is not intended to restrict the District Court's discretion as to any aspect of any appeal.

**COMMENTS**: Subsection (h) (2) of the Proposed Local Rule deviates from the current practice in Rhode Island Bankruptcy Court. Presently, Local Bankruptcy Rule 9010-1 permits the Bankruptcy Court to admit lawyers to practice before the Bankruptcy Court *pro hac vice*. It is our understanding that this Local Bankruptcy Rule was developed through a committee process and was carefully and thoughtfully discussed before it was adopted. The Local Bankruptcy Rule should not be abrogated, and the current practice should be continued.

**RECOMMENDATION**: Amend LR 109(h)(1) as follows:

**(h) Local Bankruptcy Rules.**

**(1) Authority.** The bankruptcy judge(s) may make and amend rules governing practice and procedure in all matters referred to and pending before them~~;~~ ~~provided, however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court~~.

**PROPOSED RULE:**

**LR Gen 204 *PRO HAC VICE* COUNSEL**

**(a)** **Authorization to Appear and Practice.** An attorney who is not a member of the bar of this Court may appear and practice before this Court in any case in which the attorney has been admitted to practice *pro hac vice*.

**(b)** **Eligibility for *Pro Hac Vice* Admission.** In order to be eligible for *pro hac vice* admission, an applicant must:

(1) Be a member in good standing of the bar of another state and another federal district court and the bar in every jurisdiction in which the attorney has been admitted to practice; and

(2) Not have been convicted of a "serious crime" as defined in Rule 213(a)(3); and

(3) Not have appeared before this Court in more than three (3) cases during the 12-month period preceding the application; and

(4) Establish, to the satisfaction of this Court, that he or she is otherwise qualified and fit to be admitted to practice *pro hac vice* before this Court.

**(c)** **Limit on Number.** Unless otherwise permitted by the Court, for good cause shown, no more than three (3) *pro hac vice* counsel may be admitted to represent any party in a case.

**(d)** **Application.** An application for *pro hac vice* admission shall be made by completing and filing a form of motion provided by the Clerk (see **Form 1** annexed to these Rules), together with a check for the application fee fixed by the Court which shall be payable to the "Board of Bar Examiners." The application fee will not be refunded if the application is denied.

A motion for *pro hac vice* admission shall be signed both by the applicant and by local counsel affiliated with the applicant.

**(e)** **Local Counsel:** In order to be admitted and/or remain as *pro hac vice* counsel, an attorney shall be affiliated with local counsel who is a member of the Bar of this Court and who has entered an appearance as co-counsel.

Local counsel shall:

(1) Sign and be responsible to the Court for the content of all pleadings, motions, and other documents filed or served in the case; and

(2) Attend all court proceedings in the case unless excused by the judge for good cause shown; and

(3) Be fully prepared to assume sole responsibility for the conduct of the case in the event that *pro hac vice* counsel does not appear when required, has his or her *pro hac vice* status revoked or is unable to continue as counsel for any reason.

In order to ensure that local counsel is able to properly perform his or her duties, *pro hac vice* counsel shall consult with, involve and fully inform local counsel with respect to all matters affecting the case.

**(f) Admission and Revocation.**

(1) The district judge to whom a case has been assigned shall have discretion to grant or deny motions for admission *pro hac vice* based upon the applicant's qualifications, character, past conduct and any other factors that bear on the applicant's fitness to practice in this Court.

(2) Permission to appear *pro hac vice* may be revoked upon motion of a party or, *sua sponte*, by the district judge to whom the case is assigned if the judge determines that *pro hac vice* counsel has failed to satisfy any applicable requirement of these rules or that the proper administration of justice so requires.

(3) The revocation of *pro hac vice* status shall not prevent the Court from taking any other disciplinary action against counsel pursuant to any applicable provision of these Local Rules.

**(g) Notification.**

(1) *Pro hac vice* counsel shall promptly notify the Court of any change in counsel's name, address, telephone number, fax number, e-mail address and/or law firm name from that shown on counsel's application for *pro hac vice* admission.

(2) Any notice sent to *pro hac vice* counsel shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided in counsel's application for *pro hac vice* admission or in any subsequent change of address provided by such counsel.

(3) When there is more than one *pro hac vice* counsel representing a party, the first counsel listed shall be considered lead *pro hac vice* counsel and the Clerk shall not be required to provide relevant notices to any other *pro hac vice* counsel for that party.

**COMMENTS:** A review of Proposed Local Rule 204, broken down by its subsections, is as follows:

LR 204(c):

The Proposed Local Rule limits the number of *pro hac vice* admittances to three per party. This limit serves no purpose other than to limit the flexibility of a litigant to choose counsel in particular situations. In a complex matter this impairs the ability of a firm to choose the best person for a task. The absence of a limit on the number of counsel will have no impact on the ability of the Court to require each law firm (or each party) to designate a single contact person; this practice is consistent with the procedure employed in other forums, like the Multidistrict Panel. It also will have no impact on the ability of the Court to require the appearance of the principal responsible attorney or principal trial counsel at certain proceedings.

LR 204(e)(3):

The Proposed Local Rule does not take the rights of litigants into account in requiring *pro hac vice* counsel to be ready to assume responsibility for the conduct of the case. It effectively requires parties to incur the expense of keeping double set of attorneys ready throughout the duration of a matter.

LR 204(f)(2):

The Proposed Local Rule makes no provision for notice and hearing prior to the revocation of *pro hac vice* admission. Numerous cases hold that procedural due process rights apply to such action by the Court. See, e.g., Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1211 (11th Cir. 1985) (*pro hac vice* attorney may not be disqualified "without notice of the charge against him or an opportunity to explain and sanctions must be imposed in accordance with the due process of law"); Johnson v. Trueblood, 629 F.2d 302, 303 (3rd Cir. 1980) ("some type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's pro hac vice status").

**RECOMMENDATION:** Amend LR 204(c), LR 204(e)(3) and LR 204(f)(2) as follows:

~~**(c) Limit on Number.** Unless otherwise permitted by the Court, for good cause shown, no more than three (3) *pro hac vice* counsel may be admitted to represent any party in a case.~~

**(e) Local Counsel:** In order to be admitted and/or remain as *pro hac vice* counsel, an attorney shall be affiliated with local counsel who is a member of the Bar of this Court and who has entered an appearance as co-counsel.

(3) Be fully prepared to assume sole responsibility for the conduct of the case in the event that *pro hac vice* counsel does not appear when required, has his or her *pro hac vice* status revoked or is unable to continue as counsel for any reason, provided that the Court shall ensure that the transition from *pro hac vice* counsel to local counsel proceeds with due regard to the due process rights of the litigants.

**(f) Admission and Revocation.**

(2) Upon notice and opportunity for hearing, and considering the due process rights of litigants and their attorneys, pPermission to appear *pro hac vice* may be revoked upon motion of a party or, *sua sponte*, by the district judge to whom the case is assigned if the judge determines that *pro hac vice* counsel has failed to satisfy any applicable requirement of these rules or that the proper administration of justice so requires.

**PROPOSED RULE:**

**LR Gen 206 APPEARANCES AND WITHDRAWALS**

**a) In General.** In order to appear on behalf of a party in this Court, counsel must be a member of the bar of this Court or must qualify under one of the exceptions set forth in LR 201(b).

**(b) Appearance.** The filing of a written entry of appearance or any other document signed on behalf of a party constitutes an entry of appearance for that party. Once counsel enters an appearance for a party, counsel shall be obliged to continue representing that party unless and until allowed to withdraw in accordance with these rules.

**(c) Designation of Lead Counsel; Notices.**

**(1) In General.** When a party is represented by more than one attorney from the same firm, the attorneys at that firm shall designate a lead counsel, and any notice sent to lead counsel shall constitute notice to all counsel at that firm.

**(d) Withdrawal of Appearance.** An attorney may withdraw his or her appearance on behalf of a party in the following manner:

(1) If there are no motions pending before the Court and no trial date has been set, the attorney may serve and file a notice of withdrawal on his or her client and all other parties, accompanied by an entry of appearance by successor counsel certifying that he or she is familiar with the case and is or will be fully prepared to address any matters pending in the case, including trial, without delaying the case; or

(2) Otherwise, the attorney must file a motion to withdraw, together with:

(A) An affidavit attesting to the fact that the party is not in the military service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act [50 App. U.S.C. § 501 *et seq*], as amended; and,

(B) A certification that:

(i) the client has been notified of the motion by both regular mail, postage prepaid, and by certified or registered mail, return receipt requested, or by any other method that satisfies the Court that notice has been given to the client; and,

(ii) the client has been advised that he or she may object to the motion and that any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matter scheduled in the case; and,

(C) The client's current address and a representation that counsel has made a reasonable effort to confirm that notices sent to that address are likely to be received by the client; and,

(D) A description of any motions or other matters pending in the case and a statement regarding the anticipated trial date.

**COMMENTS:** The Proposed Local Rule refers to "lead counsel" without definition of its meaning. The Proposed Rule does not clarify the relationship of this term to the references to counsel in Fed. R. Civ. P. 16 (c)-(d). The term seems to reflect a vague concept and is different from terms used elsewhere in the Local Rules (e.g., "associate trial counsel"; "lead trial counsel"), which actually reflects three different roles for counsel:

- Counsel for receipt of notices relevant to the party
- Principal responsible counsel for the case
- Trial counsel

This Rule appears to refer to "notification counsel" and that should be clarified.

**RECOMMENDATION:** Amend LR 206(c)(1) as follows:

**(c) Designation of Lead Counsel; Notices.**

**(1) In General.** When ~~a party is represented by more than one attorney from the same firm, the attorneys at that firm shall designate a lead counsel, and any notice sent to lead counsel shall constitute notice to all counsel at that firm.~~ more than one attorney from the same firm enters an appearance on behalf of a party, at the time of the making of the entry of appearance a second (or more) attorney(s), that party shall designate in writing a single attorney from the firm to receive relevant notification from the Clerk and the Court, and any notice sent to such attorney shall constitute notice to all counsel in the firm.

**PROPOSED FORM:**

**Form 1 (Attorney's Certification for *Pro Hac Vice* Admission)**

I hereby certify as follows:

(1) I am a member in good standing of the bar of the State(s) of ________________ and of the following Federal District Court and/or Court of Appeals Bar(s) ______________________, and my eligibility before those courts has not been restricted in any way.

(2) I have never been disciplined or sanctioned by any court or other body having disciplinary proceedings pending against me at this time; and I have never had my pro hac vice status revoked by any court. (If applicant has been sanctioned, disciplined or had any pro hac vice status revoked, please provide a full explanation).

(3) I have never been convicted of any crime other than minor traffic offenses. (if applicant has been convicted, please provide full explanation.)

(4) During the past 12 months I have not appeared or applied to be admitted in more than three (3) cases in this district. (If you have appeared or applied for *pro hac vice* admission, please provide the dates, case names and name of the judge who presided.)

(5) I understand my obligation to notify this Court immediately of any changed circumstances that affect my answers to the preceding questions.

(6) I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as adopted by this Court as the standard of conduct for all attorneys appearing before it.

(7) For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, as set out in LR Gen 204, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

**COMMENTS:** The fourth paragraph of the Form requires each *pro hac vice* applicant to certify that he/she has not appeared or applied to appear in more than three cases in the prior twelve months. It also requires the applicant to list any appearances or applications to appear; this requirement is vague in that it appears to have no reference to time. The Local Rules have no prohibition on more than three appearances in a single year, yet this paragraph of the form suggests that it is prohibited or discouraged. The form also is unclear whether the applicant must list all cases for the firm or just for the individual. For a large firm, finding every *pro hac vice* application and admission may be difficult (particularly if the requirement is not time limited).

This paragraph does not appear to accomplish any purpose other than making *pro hac vice* admission more difficult. It should be deleted.

**RECOMMENDATION:** Amend Form 1 as follows:

I hereby certify as follows:

(1) I am a member in good standing of the bar of the State(s) of _______________ and of the following Federal District Court and/or Court of Appeals Bar(s) ____________________, and my eligibility before those courts has not been restricted in any way.

(2) I have never been disciplined or sanctioned by any court or other body having disciplinary proceedings pending against me at this time; and I have never had my pro hac vice status revoked by any court. (If applicant has been sanctioned, disciplined or had any pro hac vice status revoked, please provide a full explanation).

(3) I have never been convicted of any crime other than minor traffic offenses. (if applicant has been convicted, please provide full explanation.)

~~(4) During the past 12 months I have not appeared or applied to be admitted in more than three (3) cases in this district. (If you have appeared or applied for *pro hac vice* admission, please provide the dates, case names and name of the judge who presided.)~~

(4)~~(5)~~ I understand my obligation to notify this Court immediately of any changed circumstances that affect my answers to the preceding questions.

(5)~~(6)~~ I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as adopted by this Court as the standard of conduct for all attorneys appearing before it.

(6)~~(7)~~ For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, as set out in LR Gen 204, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

**PROPOSED RULE:**

**LR Cv 16 INITIAL SCHEDULING CONFERENCE; SCHEDULING; MANAGEMENT**

**(a)** **Initial Scheduling Conference.** The initial scheduling conference referred to in Fed. R. Civ. P. 16(a) may be conducted by the district judge to whom a case is assigned, or the magistrate judge assigned to the case.

**(b)** **Preparation for Initial Scheduling Conference.** In order to permit an informed discussion at the initial scheduling conference and in order to facilitate possible settlement of the case, counsel shall meet and confer prior to the conference and shall:

(1) Exchange relevant information and documents.

(2) Identify the facts that are in dispute.

(3) Identify the legal issues.

(4) Develop a plan for discovery.

(5) Explore the possibility of settlement.

(6) Discuss whether the case should be referred to a magistrate judge for a settlement conference or to the administrator of the Alternative Dispute Resolution ("ADR") program for some other form of ADR.

**(c)** **Statement of Claims.** At least five (5) days before the conference, counsel for each party asserting a claim (including a counterclaim, cross claim and/or affirmative defense) shall deliver to the Court a brief (2-3 page) written statement listing the elements that must be proven in order to prevail on that claim, counterclaim or defense.

**(d)** **Attendance of Trial Counsel.** Lead trial counsel and any local counsel are required to attend the conference, unless explicitly excused by the Court prior to the conference.

**COMMENTS:** The Proposed Local Rule refers to the attendance of "lead trial counsel." The term is not defined and is different from the requirements of Fed. R. Civ. P. 16(c). It also does not mesh with LR Gen 206 (c)(1). All of these matters should be clarified so that the parties have a clear understanding who is required to attend.

**PROPOSED RULE:**

**LR Cv 24 NOTIFICATION OF CLAIM OF UNCONSTITUTIONALITY**

**(a)** **Federal Statutes.** Whenever the constitutionality or validity of any Act of Congress affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the United States or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the Act or regulation in question and the nature of the challenge to its constitutionality or validity.

**(b)** **State Statutes.** Whenever the constitutionality or validity of any statute of the State of Rhode Island affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the State of Rhode Island or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the statute or regulation in question and the nature of the challenge to its constitutionality or validity.

**(c)** **Notification.** Immediately upon receipt of any notice referred to in subsection (a) of this Rule, the Clerk shall notify the United States Attorney in writing of such challenge. Immediately upon receipt of any notice referred to in subsection (b) of this Rule, the Clerk shall notify the Attorney General for the State of Rhode Island in writing of such challenge.

**COMMENTS:** The Proposed Local Rule provides that whenever the constitutionality or validity of any federal or state statute is challenged, the party making such a challenge shall file a written notice identifying the statute in question and the nature of the challenge. As used in the Proposed Local Rule, the term "validity" is vague.

**RECOMMENDATION:** Amend LR Cv 24(a) and (b) as follows:

**(a)** **Federal Statutes.** Whenever the constitutionality ~~or validity~~ of any Act of Congress affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the United States or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the Act or regulation in question and the nature of the challenge to its constitutionality ~~or validity~~.

**(b)** **State Statutes.** Whenever the constitutionality ~~or validity~~ of any statute of the State of Rhode Island affecting the public interest, or any regulation thereunder, is or is intended to be drawn into question in any suit or proceeding to which the State of Rhode Island or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately file a written notice identifying the statute or regulation in question and the nature of the challenge to its constitutionality ~~or validity~~.

**PROPOSED RULE:**

**LR Cv 29 STIPULATIONS**

**(a)** **In General.** All stipulations affecting a case before the Court, except stipulations which are made in open court and recorded by the court reporter, shall be in writing, shall be signed by all parties affected, and shall be promptly filed. Stipulations that fail to satisfy these requirements will not be given effect unless necessary to prevent injustice.

**(b)** **Stipulations Extending Time.** No stipulation extending the time specified in the Federal Rules of Civil Procedure or these Local Rules for the performance of any act shall be effective unless approved by the Court, except that Court approval is not required for a stipulation extending for not more than a total of thirty (30) days the time to answer a complaint.

**COMMENTS:** The Proposed Local Rule requires all parties affected by a stipulation to sign it and that the stipulation be filed promptly to be effective. It also eliminates the requirement that parties file a stipulation of dismissal within ten (10) days of entering a settlement. This section also allows the parties to agree to not more than a total of a thirty (30) day extension to answer the complaint. The rule should be amended to make it clear that such a right to extend applies not only to a party answering the complaint, but also responding to the complaint in another manner (e.g., motion to dismiss).

**RECOMMENDATION:** Amend LR Cv 29(a) and (b) as follows:

**(a)** **In General.** All stipulations affecting a case before the Court, except stipulations which are made in open court and recorded by the court reporter, shall be filed in writing~~,~~ and shall be signed by all parties affected~~, and shall be promptly filed~~. Stipulations that fail to satisfy these requirements will not be given effect unless necessary to prevent injustice.

**(b)** **Stipulations Extending Time.** No stipulation extending the time specified in the Federal Rules of Civil Procedure or these Local Rules for the performance of any act shall be effective unless approved by the Court, except that Court approval is not required for a stipulation extending for not more than a total of thirty (30) days the time to answer or respond to a complaint.

**PROPOSED RULE:**

**LR Cv 34 REQUESTS FOR PRODUCTION**

**(a)** **Filing.** Except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.

**(b) Form of Response.**

(1) A response or objection to a request for production shall recite the request and describe what was produced in response and/or the ground(s) for objecting.

(2) When documents produced in response to a request for production exceed fifty (50) pages, counsel for the party producing the documents shall affix Bates-stamped numbers to each page so that the documents produced can be readily identified and located.

**(c) Objections.** Each objection and the grounds therefore shall be stated separately. When an objection is made to any request, or sub-part thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection shall be deemed waived.

**COMMENTS:** The Proposed Local Rule now requires that (i) a response or objection to a request must recite the request and describe what was produced in response and/or the grounds for objecting; (ii) any production over fifty (50) pages must be bates-stamped; and (iii) objections must be stated with specificity and include all grounds upon which the objecting party relies or is otherwise deemed waived (subsection (c)). It may be burdensome to describe the types of documents being produced, especially in a large production. Subsection (c) may lead to some confusion as to the level of specificity required to state an objection and whether the basis is adequately stated to avoid waiver.

**RECOMMENDATION:** Amend LR Cv 34 as follows:

**(a) Filing.** Except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.

**(b) Form of Response.**

~~(1) A response or objection to a request for production shall recite the request and describe what was produced in response and/or the ground(s) for objecting.~~

(~~2~~1) When documents produced in response to a request for production exceed fifty (50) pages, counsel for the party producing the documents shall affix Bates-stamped numbers to each page so that the documents produced can be readily identified and located.

~~**(c) Objections.** Each objection and the grounds therefore shall be stated separately. When an objection is made to any request, or sub-part thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection shall be deemed waived.~~

**PROPOSED RULE:**

**LR Cv 39 TIME LIMITS; USE OF RECORDED TESTIMONY**

**(a) Opening Statements.** An opening statement shall not be argumentative and shall not exceed thirty (30) minutes unless otherwise permitted by the Court. Counsel for a defendant may make an opening statement either after the opening statement of the plaintiff, or after the plaintiff has rested. Counsel for a defendant may not make an opening statement after the plaintiff has rested unless evidence will be presented on behalf of that defendant.

**(b) Recorded Conversations or Testimony.**

(1) At least two (2) weeks prior to empanelment, counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall furnish the Court and counsel with:

(A) a chronologically arranged list showing the date of, participants in, and approximate playing time of each such recording; and

(B) a transcript of each such conversation.

(2) Before offering any recorded conversation, counsel shall edit out footage that contains no audible discussion or contains irrelevant material so that the jury will not be required to listen for protracted periods of time to portions of recordings that provide little or no assistance in determining the pertinent facts. In order to achieve that objective, counsel shall meet and confer, in advance, in an effort to resolve any disputes with respect to editing.

(3) Within seven (7) days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of an objection that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted portion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

(4) Any objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

(5) Any dispute regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

(6) Failure to comply with the provisions of this subsection (b) may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**(c) Time Limits.**

(1) The Court, in its discretion, may limit the time for any trial, hearing, or other proceeding, for any argument, or for the examination of any witness or completing the examination of any witness in such manner and upon such terms as may be just under the circumstances and with due regard for the defendant's constitutional right to a fair trial.

(2) Upon request by a party, the Court, in its discretion, may extend any time limits established pursuant to paragraph (c)(1) of this Rule. In determining whether to extend such time limits, the Court may consider:

(A) whether the party has adequately explained the purposes for which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter;

(B) whether the party has effectively and efficiently made full use of the time allocated to that party; and

(C) any other matters that may be relevant.

**COMMENTS:** The Proposed Local Rule imposes a thirty (30) minute time limit on opening statements unless otherwise permitted by the Court. This seems to be an arbitrary limit and does not take the complexity or size of the case into account.

**RECOMMENDATION:** Amend LR Cv 39(a) as follows:

**(a) Opening Statements.** An opening statement shall not be argumentative ~~and shall not exceed thirty (30) minutes unless otherwise permitted by the Court~~. Counsel for a defendant may make an opening statement either after the opening statement of the plaintiff, or after the plaintiff has rested. Counsel for a defendant may not make an opening statement after the plaintiff has rested unless evidence will be presented on behalf of that defendant.

Respectfully Submitted,

DATED: 9/30/05

Edwards & Angell, LLP

EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)