FILED

SEP 30 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

September 30, 2005

David A. DiMarzio, Chief Clerk
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, Rhode Island 02903

In re: Proposed Amendments to Local Rules, M.C. No. 05-0098/T

Dear Mr. DiMarzio:

In behalf of the Rhode Island Bar Association and the Rhode Island Chapter of the Federal Bar Association, we submit with this letter comments for the Court's consideration with respect to the proposed Local Rules for the United States District Court for the District of Rhode Island. We hope the comments we submit today will be of assistance to the Court. If the Court has any questions with respect to any of the comments, we would be happy to respond.

Very truly yours,

Philip M. Weinstein, President
Rhode Island Bar Association

George E. Lieberman, President
Federal Bar Association Rhode Island Chapter

Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: Proposed Amendments To Local Rules | ) ) ) ) | M.C. No. 05-0098/T |

**COMMENTS ON PROPOSED AMENDMENTS TO LOCAL RULES SUBMITTED BY THE RHODE ISLAND BAR ASSOCIATION AND FEDERAL BAR ASSOCIATION RHODE ISLAND CHAPTER**

The following comments on the proposed new local rules are submitted by the Rhode Island Bar Association and the Rhode Island Chapter of the Federal Bar Association. All members of the Federal Court Bench/Bar Committee and FBA Chapter were invited to participate in the work of a joint committee established to make recommendations to both bar associations. The joint committee consisted of Bob Duffy, Scott Kilpatrick, Lynette Labinger, George Lieberman, Brooks Magratten, Howard Merten, Richard Ratcliffe, Pat Sullivan and Terry White. All comments have been reviewed by the full joint committee and represent a consensus view.

# TABLE OF CONTENTS

Preface....................4
L.R. Gen 101(d)....................5
L.R. Gen 102....................6
L.R. Gen 105....................10
L.R. Gen 109....................12
L.R. Gen 110....................13
L.R. Gen 111....................18
L.R. Gen 112....................20
L.R. Gen 113....................22
L.R. Gen 201....................25
L.R. Gen 203....................28
L.R. Cv 5(f)....................32
L.R. Cv 7....................33
L.R. Cv 23....................40
L.R. Cv 39.2....................45
L.R. Cv 39.3....................46
L.R. Cv 39.4....................47
L.R. Cv 54.1....................49
L.R. Cv 56....................53
L.R. Cr 16....................55
L.R. Cr 23....................57

L.R. Cr 26 ....................................................................................................................59

L.R. Cr 44.1 ..................................................................................................................60

L.R. Cr 47 ....................................................................................................................61

**PREFACE: LOCAL RULES GEN 101-216**

**COMMENTS:** The joint committee concurs with the comments of Edwards and Angell, LLP (E&A) and the American Civil Liberties Union (ACLU) that the Proposed Rules correspond with the numbering utilized in the Federal Rules of Civil Procedure.[1] The comments are consistent with and supported by the 1996 Summary of the Report of Judicial Conference committee on the Rules of Practice and Procedure:

> The advantages of establishing a uniform numbering system for local court rules patterned on the national rules have long been recognized. A uniform numbering system will assist the bar in locating rules applicable to a particular subject, reduce the possibilities of traps for unwary counsel, and ease incorporation of local rules into indexing services and computer services. For example, an attorney researching a court's local court rules regarding summary judgments would review the court's local rule number 56.
>
> The Judicial Conference in September 1988 approved and urged district courts to adopt a uniform numbering system for their local rules addressing civil practice, patterned on the Federal Rules of Civil Procedure. JCUS-SEP 88, p. 103. Many district courts complied with the request. The courts of appeals were requested by your committee to adopt a uniform numbering system in 1991. Almost all appellate courts renumbered their local rules to comply with the request.

A uniform numbering system has been adopted for the bankruptcy rules by the Judicial Conference Advisory Committee on Bankruptcy Rules. We offer to assist the Court in renumbering the proposed rules to the extent that the Court believes such assistance would be helpful.

---

[1] See, e.g., L.R., D.Mass.

**PROPOSED RULE:**

**L.R. Gen 101 (d) SCOPE AND PURPOSE OF RULES**

> **(d) Previous Rules and Orders Superseded.** All prior rules, standing orders and general orders are superseded and abrogated, to the extent that they conflict with these Local Rules.

**COMMENTS**: We concur with the comments of E&A and ACLU that all prior rules and orders be abrogated by the Proposed Local Rules. To the extent the Court believes that any such prior rules or orders should remain in effect, we respectfully suggest that such rules or orders be incorporated into and made a part of the new local rules.

Of the local rules of the 91 United States District Courts studied,[2] none had a provision giving continued vitality to previously adopted "non-conflicting" rules or orders. Many district courts have local rules abrogating prior rules and orders. One exception is the Middle District of Pennsylvania, which has a rule providing that "unless revoked expressly all standing orders now in effect shall remain in effect . . . ." Even this exception is significantly different from the proposed rule because it does not require a determination of whether an existing rule or order conflicts with the new proposed local rules.

Accordingly, we suggest that L.R. Gen. 101(d) be amended so that it provides that all prior rules and orders are superseded and abrogated.

**RECOMMENDATION:** Amend as follows:

All prior rules, standing orders, ~~and~~ general orders and administrative orders are superseded and abrogated. ~~to the extent that they conflict with these Local Rules.~~

---

[2]Access to sites of certain courts, particularly those located in the areas subject to hurricane Katrina, was not possible.

**PROPOSED RULE:**

**LR Gen 102 DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION**

**(a) In General.**

(1) Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed because it contains: (A) confidential personal or business information, (B) references to matters contained in the presentence report, and/or (C) other matters that should not be made public, the document shall be accompanied by a motion to seal, which explains why the document should be sealed.

(2) Unless the Court otherwise permits, if counsel or a party has good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, the document shall not be filed until such other party has been notified and afforded an opportunity to file a motion to seal.

(3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information.

(4) Unless otherwise ordered, the motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

**(b) Transmittal by Clerk.** Upon receipt of a motion to seal, the clerk shall docket the motion but not the documents which are the subject of the motion and shall immediately transmit the motion and documents to the chambers of the judge to whom the case has been assigned.

**(c) Filing of Sealed Documents.** In a criminal case, if the Court grants a motion to seal, the motion to seal, the order granting the motion to seal, and the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. In a civil case, unless otherwise ordered by the Court, the sealed envelope shall be marked with the number of the case and the docket number of the motion to seal and shall be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be docketed and filed in accordance with these Local Rules.

(d) **Unsealing of Documents.** Documents sealed by the Court may be unsealed at any time upon motion of a party or non-party or by the Court *sua sponte*.

**COMMENTS:** We are mindful that various interests must be balanced in any decision to seal documents and the extent of such sealing orders. Comments submitted by the ACLU have addressed some of those concerns. We also suggest that there are concerns that the proposed rule would have a chilling effect on the filing of relevant documents and information with the Court. The aspects that are of concern include the following:

LR 102(a)(1), (b)

That a document for which a party has a good faith basis for believing that it should be sealed must be filed in an unsealed state. It is recognized that the proposed rule directs the Clerk of the Court to transmit the proposed-sealed document to the chambers of the assigned judge. However, the degree of sensitivity of such information can vary greatly, and the fact that the document would remained unsealed as it is delivered to the clerk, is transported to the judge's chambers, and is delivered to the judge's clerk, and then awaits the Court's attention is of concern to members of the Bar. It is suggested that the local rule clarify that proposed sealed documents be filed in a sealed envelope, and be held provisionally under seal until ruled upon by the Court. This would be consistent with the Local Rule 83.11, District of New Hampshire. The effect would also be consistent with the Local Rule 7.2(d) of the District of Massachusetts, which provides that motions for impoundment must be ruled upon prior to the submission of the subject material, unless the Court orders otherwise. It is also suggested that only one copy of the documents and redacted material be filed, in order to limit the risk of inadvertent disclosure.

The proposed rule provides that the proposed-sealed document be filed along with a motion to seal, which explains why the document should be sealed. The proposed rule should clarify that any unredacted information contained in the motion or memorandum should be submitted in a sealed envelope as well.

LR 102(c)

The proposed rule provides that where a motion to seal is denied then the motion and documents which had been proposed to be sealed shall be docketed and filed. This has raised a concern with respect to documents that a party desires to file in support of its matter, but which it may choose not to file if there is a chance that they would be made part of the public record. It is suggested that the rule provide that where the motion is denied, the any materials tendered under provisional seal, be immediately returned to the movant. This would be consistent with Local Rule 83.11(c) of the District of New Hampshire. It would also be consistent with the effect of Local Rule 7.2(d) of the District of Massachusetts, which provides that motions for impoundment must be ruled upon prior to the submission of the subject material, unless the Court orders otherwise.

LR 102(d)

The proposed rule provides that documents which have been sealed by the Court may be

unsealed at any time upon motion of a party or non-party or by the Court *sua sponte*. It is a concern that, while it may be implicit, the rule does specify that notice and an opportunity to be heard shall be afforded to the party on whose motion the documents were sealed or an otherwise affected party.

**RECOMMENDATION:** Amend as follows:

**(a) In General.**

(1) Documents filed with the Court may not be sealed unless ordered by the Court. If counsel or a party filing a document has a good faith basis for believing that a document should be sealed because it contains: (A) confidential personal or business information, (B) references to matters contained in the presentence report, and/or (C) other matters that should not be made public, one copy of the document shall be filed in a sealed envelope accompanied by a motion to seal, which explains the relief sought ~~why the document should be sealed~~, and accompanied by a memorandum, setting forth the factual and legal basis for the movant's position. If said memorandum contains redacted material, a copy of the unredacted memorandum shall also be contained within the same or a separate envelope as the documents proposed to be sealed. The clerk shall accept the sealed envelope under provisional seal, pending an order of the Court.

(2) Unless the Court otherwise permits, if counsel or a party has good reason to believe that a document that such counsel or party proposes to file contains material that another party would maintain is confidential, counsel shall confer on the issue and the document shall not be filed until such other party has been notified and afforded an opportunity to file a motion to seal

(3) If only a portion of a document contains confidential information, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excises the confidential information.

(4) Unless otherwise ordered, the motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

**(b) Transmittal by Clerk.** Upon receipt of a motion to seal, the clerk shall docket the motion but not the documents which are the subject of the motion and shall immediately transmit the motion and documents to the chambers of the judge to whom the case has been assigned.

**(c) Filing of Sealed Documents.** In a criminal case, if the Court grants a motion to seal, the motion to seal, the order granting the motion to seal, and the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. In a civil case, unless otherwise ordered by the Court, the sealed envelope shall be marked with the number of the case and the docket number of the

motion to seal and shall be retained by the clerk in a secure location until further order of the Court. If the Court denies the motion to seal, the motion and the documents accompanying the motion shall be immediately returned to the movant ~~docketed and filed in accordance with these Local Rules~~.

(d) **Unsealing of Documents.** Documents sealed by the Court may be unsealed at any time upon motion of a party or non-party or by the Court *sua sponte*, provided that the parties are provided notice and an opportunity to be heard.

**PROPOSED RULE:**

**LR Gen 105 ASSIGNMENT OF CASES**

**(a) New Cases.**

(1) **In General.** Except as otherwise provided in paragraph (a)(2) of this Rule, each new case shall be randomly assigned to a district judge and a magistrate judge in a manner that evenly distributes the cases among them by type of classification as determined under LR Cv 5(b) or LR Cr 57(b).

(2) **Related Cases.** A civil or criminal case which the cover sheet indicates, or which the Clerk believes may be related to a case previously filed in this Court shall be provisionally assigned to the judge to whom the related case was assigned. If the judge to whom the case is provisionally assigned determines that the case is not closely related, the judge shall return the case to the clerk for random assignment as provided in paragraph (a)(1) of this Rule.

(3) **Re-filed Cases.** A civil or criminal case that appears to involve substantially the same parties and issues as a case or proceeding that previously was brought in this Court and dismissed or otherwise terminated shall be provisionally assigned to the judge who originally was assigned the prior case or proceeding, or if already assigned, shall be transferred to the judge who originally was assigned the prior case or proceeding.

**(b) Remanded Cases.** Any case remanded to this Court shall be reassigned to the judge to whom the case previously was assigned, unless that judge determined that the interests of justice require that the case be assigned to a different judge.

**(c) Emergency Matters.** If immediate action is required with respect to some matter in a case and the judge to whom the case has been assigned is unavailable or otherwise unable to address that matter, the Clerk shall refer that matter to the Chief Judge. If the Chief Judge is unavailable, the Clerk shall present the matter to the next most senior active judge who is able to hear it. The judge to whom such matter is referred shall act only to the extent necessary to meet the immediate need, and only until the judge to whom the case was assigned becomes available to hear it. If a judge to whom such a matter is referred determines that no immediate action is required, the request for immediate action shall not thereafter be presented to another judge.

**COMMENTS:** The rule represents a marked departure from current practice in this district, which provides that when an appellate court remands a case to this Court for a new trial, the case should be reassigned to a judge other than the judge before whom the first trial was held. We concur with comments of E&A and the ACLU that the current rule should be maintained insofar as it pertains to cases remanded for a new trial. We respectfully suggest that this would remove appearance of potential bias as well as the undeterminable yet likely effect prior evidence or arguments in the first trial may have on the new trial. We agree with the proposed rule insofar as it pertains to cases remanded for proceedings other than a new trial. Although this would be a

departure from current practice, we believe that no contravening interest outweighs the efficiencies which would result in the proposed rule change in all remanded matters other than new trials. We also suggest, with regard to LR 105(c), that if the Chief Judge is unavailable a clerk present the emergency matter to the next most senior active judge who is available (rather than able) to hear it.

**RECOMMENDATIONS:** Amend subparts (b) and (c) as follows:

**(b)** **Remanded Cases.** Any case remanded to this Court for a new trial shall be reassigned to a judge other than the judge to whom the case previously was assigned. All other cases remanded to this Court shall be reassigned to the judge to whom the case previously was assigned, unless that judge determines that the interests of justice require that the case be assigned to a different judge.

**(c)** **Emergency Matters.** If immediate action is required with respect to some matter in a case and the judge to whom the case has been assigned is unavailable or otherwise unable to address that matter, the Clerk shall refer that matter to the Chief Judge. If the Chief Judge is unavailable, the Clerk shall present the matter to the next most senior active judge who is ~~able~~ available to hear it. The judge to whom such matter is referred shall act only to the extent necessary to meet the immediate need, and only until the judge to whom the case was assigned becomes available to hear it. If a judge to whom such a matter is referred determines that no immediate action is required, the request for immediate action shall not thereafter be presented to another judge.

**PROPOSED RULE:**

**LR Gen 109 BANKRUPTCY**

**(a) References and Withdrawals of References of Bankruptcy Cases.** All cases arising under Title 11 shall be referred automatically to the bankruptcy judge(s) of this District. The reference of any case or proceeding or any portion thereof may be withdrawn at any time by the District Court, *sua sponte*, or, for good cause shown, upon the motion of any party. A motion for withdrawal of a reference shall not automatically stay any proceeding, but the District Court, in its discretion, may order a stay.

**(b) Filings in Bankruptcy Case.** The bankruptcy clerk shall maintain all files in bankruptcy cases referred by the District Court. Except with respect to appeals, cases in which the reference has been withdrawn, or other matters pending before the District Court, all documents filed in such cases shall be filed with the bankruptcy clerk.

**(c) Jury Trials in Bankruptcy Court.** Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct jury trials in bankruptcy proceedings where the right to a jury trial applies and all parties have consented.

**(d) Reports and Recommendations by Bankruptcy Judge.**

(1) **Time for Objections.** Any objection to proposed findings of fact and/or rulings of law by a bankruptcy judge in a non-core proceeding shall be filed and served within ten (10) days after such proposed findings and rulings are served on the objecting party.

(2) **Content of Objections.** Any objection to the proposed findings of fact and/or rulings of law shall be accompanied by (A) a memorandum of law specifying the proposed findings and/or rulings to which objection is made and the basis for the objection(s), and (B) a transcript of any evidentiary hearing(s) before the bankruptcy judge. The memorandum shall comply with LR Cv 7(d).

(3) **Responses and Replies.** A response to an objection shall be served and filed within ten (10) days after the objection is served. The objecting party may serve and file a reply to the response within five (5) days thereafter. Any response and /or reply shall comply with LR Cv 7(d). Unless otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an objection to a bankruptcy judge's proposed findings of fact and rulings of law.

**(e) Appeals to Bankruptcy Appellate Panel.** In accordance with 28 U.S.C. § 158(c), when all parties consent, appeals from any judgment, order or decree of a bankruptcy judge which are referred to in 28 U.S.C. § 158(a) may be heard and determined by the Bankruptcy Appellate Panel for the First Circuit.

**(f) Appeals to District Court.** Except as otherwise provided in this subsection (f) or elsewhere in these rules, or unless otherwise ordered by the District Court, appeals or motions for leave to appeal to the District Court from any judgment, order or decree of a bankruptcy judge shall be governed by the applicable provisions of Rules 8001 - 8020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**(1) Notice of Appeal.** When a notice of appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the notice of appeal to the District Court clerk, together with a copy of the judgment, order or decree that is the subject of the appeal and the Appeal Cover Sheet. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

**(2) Motion for Leave to Appeal.** When a motion for leave to appeal is filed with the bankruptcy clerk, the bankruptcy clerk shall, forthwith, transmit a copy of the motion to the District Court clerk, together with copies of the notice of appeal, the judgment, order or decree that is the subject of the proposed appeal, and any memorandum of counsel submitted in support of or in opposition to the motion. The District Court clerk, thereupon, shall treat the matter as a newly filed case.

**(3) Extensions of Time by a Bankruptcy Judge.** Extensions of time for filing notices of appeal may be granted by the bankruptcy judge in accordance with Bankruptcy Rule 8002(c). Extensions of time for filing motions for leave to appeal and designations of the record or issues on appeal may be granted by the bankruptcy judge for a period not to exceed thirty (30) days.

**(4) Dismissal of Appeals by Bankruptcy Judge.** A bankruptcy judge may dismiss an appeal if

(A) the notice of appeal is not filed within the time specified in Bankruptcy Rule 8002;

(B) the appellant has failed to file a designation of the record or a statement of the issues within the time specified in Rule 8006 or any extension thereof; or

(C) the appellant has failed to comply with paragraph (5)(C) of this subsection.

**(5) Record on Appeal.** In addition to any other applicable requirements, an appellant, including a party whose motion for leave to appeal has been granted, shall ensure that the record transmitted by the bankruptcy clerk to the District Court clerk includes:

(A) the judgment, order or decree of the bankruptcy judge that is the subject of the appeal;

(B) any written decision(s) and a transcript of any oral decision(s) by the bankruptcy judge stating the reasons for the judgment(s), order(s) and/or decree(s) referred to in subparagraph (A);

(C) the record on appeal, as to which the appellant shall be responsible for seeing that each document is tabbed and arranged in reverse chronological order so that the documents appear in the same order as shown on the docket sheet;

(D) a statement of the issues on appeal; and,

(E) a certified copy of the docket sheet.

(6) **Form of and Schedule for Filing Briefs.** Unless otherwise ordered by the District Court or provided in these rules, the form and schedule for filing appellate briefs and memoranda shall be governed by Bankruptcy Rule 8009, except that:

(A) all briefs, memoranda and appendices thereto shall conform to the applicable requirements of LR Cv 7; and

(B) two (2) copies of any brief or memorandum shall be provided to the district judge to whom the appeal or motion for leave to appeal is assigned.

(g) **Stays Pending Appeal to the District Court.** When a motion is made in the District Court to stay a judgment, order or decree of a bankruptcy judge or for any other relief pending appeal, the movant shall file the following with its motion:

(1) a copy of the judgment, order or decree that the movant seeks to have stayed;

(2) a copy of the bankruptcy judge's order denying the movant's motion to stay;

(3) any written decision(s) and/or transcript(s) of any oral decision(s) of the bankruptcy judge stating the reasons for the orders referred to in paragraphs (1) and (2) of this subsection; and

(4) a memorandum of law setting forth the reasons why a stay should be granted and the legal authorities supporting the motion for a stay.

Such motion and any related objection(s) and replies shall be governed by the applicable provisions of LR Cv 7.

(h) **Local Bankruptcy Rules.**

(1) **Authority.** The bankruptcy judge(s) may make and amend rules governing practice and procedure in all matters referred to and pending before them;

provided, however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court.

(2) **Notice to District Court.** The bankruptcy court must give notice to the District Court of any amendment to the bankruptcy court's local rules prior to such rules taking effect. After notice is given, such amendment shall take effect on the date specified by the bankruptcy court, unless abrogated by the District Court.

(i) **Applicability of Local Rules.** In proceedings before a bankruptcy judge, the local bankruptcy rules shall apply. In proceedings before the District Court, these Local Rules shall apply unless the Court otherwise directs.

(j) **Discretion of District Court.** This rule is not intended to restrict the District Court's discretion as to any aspect of any appeal.

**COMMENTS**: Subsection (h) (2) of the proposed Local Rule deviates from the current practice in Rhode Island Bankruptcy Court. Presently, Local Bankruptcy Rule 9010-1 permits the Bankruptcy Court to admit lawyers to practice before the Bankruptcy Court *pro hac vice*. It is our understanding that this Local Bankruptcy Rule was developed through a committee process and was carefully and thoughtfully discussed before it was adopted. The Local Bankruptcy Rule should not be abrogated, and the current practice should be continued.

**RECOMMENDATION**: Amend subsection (h) (1) as follows:

(h) **Local Bankruptcy Rules.**

(1) **Authority.** The bankruptcy judge(s) may make and amend rules governing practice and procedure in all matters referred to and pending before them~~;~~ ~~provided, however, that any rule governing eligibility to practice before bankruptcy judge(s) shall require that counsel first be admitted to practice before the District Court~~.

**PROPOSED RULE:**

**LR Gen 110 DISCLOSURE OF NON-PUBLIC INFORMATION**

Unless authorized to do so by the Court, no counsel, party, court employee, intern, court security officer, United States Marshal or Deputy United States Marshal, shall disclose or disseminate to any unauthorized person information relating to any pending case that is not a part of the public record.

**COMMENTS:** The Court has received numerous comments on this proposed rule and it is not our intent to repeat these comments. We and the attorneys to whom we have spoken share the concerns that the proposed rule is overbroad and raises constitutional concerns.

We respectfully submit that any rule seeking to limit the speech of attorneys must take into consideration the various issues and circumstances discussed in Rhode Island Rule of Professional Conduct 3.6 (and present L.R. 39, which tracks Rule 3.6). Limiting the speech rights of parties via a blanket rule is even more problematic.

Should the Court wish to regulate the speech of Court employees or personnel, we respectfully suggest that such a rule might be better dealt with outside the context of Local Rules – which are addressed to litigants and their attorneys.

Finally, since the proposed rules were published, the Court has indicated that this rule was intended to apply to confidential information. We respectfully suggest that inclusion of the word "confidential" in the proposed rule would not eliminate the substantial problems raised by the rule's application to various entities (parties, counsel, court personnel) in various, diverse situations (civil cases v. criminal cases, instances where counsel or parties are compelled to respond to matters already in the public arena, jury v. non-jury trials, etc.) What constitutes "confidential" information is undefined and has been the subject of frequent litigation in various contexts including the need for sealing or protective orders.

We note that there are other rules that can deal with the need to protect confidential information. Proposed L.R. Gen. 102 provides for the sealing of records on motion and after a judicial determination. Treatment of such orders via a motion to seal allows for a hearing with adequate notice to all interested parties, and for appellate review based upon specific findings that disclosure poses a substantial risk to some compelling state interest. F. R. Civ. P. 26(c) allows for protective orders upon a showing a good cause. Finally, proposed L.R. Gen. 208 incorporates Rhode Island Rule of Professional Conduct 3.6.

**RECOMMENDATION:**

Eliminate proposed L.R. Gen. 110 and rely on the incorporation of R.I. Rule of Professional Conduct 3.6, proposed L.R. Gen 102, Rule 26 and, most importantly, case specific orders as needed to regulate the conduct of attorneys and litigants.

**PROPOSED RULE:**

**LR Gen 111 PHOTOGRAPHING; RECORDING; BROADCASTING**

(a) **Recording and Broadcasting Prohibited.** Unless expressly authorized by the Court, no person shall photograph, record, or broadcast any proceeding, event or activity in or from any portion of the United States Courthouse or the John O. Pastore Building that is occupied by the Court. No devices of any kind, having the capability for sending or receiving communications, for making sound or video recordings, or for making, recording, or transmitting photographs or videos, shall be brought into such areas unless expressly authorized by the Court.

(b) **Ceremonies.** Among the limited exceptions that may be made, from time to time, by the Court are exceptions for photographing or tape recording ceremonial proceedings, such as the administration of oaths of office, dedication ceremonies and naturalization proceedings. Any such exceptions shall be subject to any terms and conditions established by the Court.

(c) **Handwritten Notes.** Nothing in subsection (a) of this Rule shall prevent any person from taking handwritten notes during a proceeding in Court, provided that such note-taking has been authorized by the presiding judicial officer.

**COMMENTS:** While "[t]he trial justice has inherent power to regulate the admission of spectators to the courtroom and to restrict attendance at trial as conditions and circumstances may reasonably demand in order to preserve order and decorum in the courtroom, or to protect the right of the parties and the witnesses, or generally to further the administration of justice," Roberts v. Alprin, 443 A.2d 433, 435 (R.I. 1982), "A strong presumption of openness exists for all court proceedings." Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla. 1988); see also Craig v. Harney, 331 U.S. 367 (1947) ("A trial is a public event. What transpires in the court room is public property.... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.").

The Florida Supreme Court in Barron found that the closure of all or part of a court proceeding should only occur when necessary and should be narrowly drawn to protect the legitimate state interest. Although the proposed rule does not close court proceedings, it places significant restrictions on counsel, litigants and public that are not narrowly drawn to serve the purpose of maintaining courtroom order. For example, the rule presumes that all note-taking will unreasonably interfere with court proceedings. This presumption does not appear to be well-founded. As written, the rule bars even counsel of record from taking contemporaneous notes as a witness testifies.

A more tailored approach might replace the blanket ban on note-taking and with the simple statement that the Court retains its common law power to restrict note-taking and other activities by observers if found to be disruptive or if such activities threaten the rights of the parties or witnesses.

Moreover, there appears to be no purpose served by treating note-taking, in subpart (c), separately from other activities designed to record court proceedings in subpart (a). As the rule is presently drafted, the Court in both cases will permit such activities only with special permission granted.

The second sentence of subpart (a) does not appear to be necessary, given the broad proscription of the first sentence of that paragraph. That sentence can include cell phones, laptop computers and text messaging devices that are helpful and, in some cases, essential to counsel to effectively represent their clients in ADR proceedings and in other court business. At the very least, attorneys should be permitted to bring voice and data transmission devices into the courthouse, as presently permitted under Administrative Order No. 2002-02.

We concur with the comments of the Silha Center For The Study of Media Ethics and Law, ACLU and E&A on this rule.

**RECOMMENDATION:** Amend as follows:

(a) **Recording and Broadcasting Prohibited.** Unless expressly authorized by the Court, no person shall photograph, record, or broadcast any proceeding, event or activity in or from any portion of the United States Courthouse or the John O. Pastore Building that is occupied by the Court. ~~No devices of any kind, having the capability for sending or receiving communications, for making sound or video recordings, or for making, recording, or transmitting photographs or videos, shall be brought into such areas unless expressly authorized by the Court.~~

(b) **Ceremonies.** ~~Among the limited exceptions that may be made, from time to time, by t~~ The Court ~~are exceptions for~~ may permit photographing or tape recording ceremonial proceedings, such as the administration of oaths of office, dedication ceremonies and naturalization proceedings, ~~. Any such exceptions shall be~~ subject to any terms and conditions established by the ~~Court~~ presiding judicial officer.

(c) **Handwritten Notes.** Nothing in subsection (a) of this Rule shall prevent any person from taking handwritten notes during a proceeding in Court, provided that such note-taking has not been ~~authorized~~ prohibited by the presiding judicial officer because it is disruptive to judicial proceedings or hinders the rights of the parties or witnesses.

**PROPOSED RULE**:

**LR Gen 112 SANCTIONS FOR NON-COMPLIANCE WITH LOCAL RULES**

(a) **In General.** Any counsel and/or party who violates these Local Rules may be sanctioned by the Court. Sanctions may include, but are not limited to, a monetary penalty to be paid (1) into a disciplinary account of the Court established for that purpose, and/or (2) to another party as compensation for any expenses and/or reasonable attorneys' fees, incurred by that party as a result of the violation.

(b) **Notice and Opportunity To Be Heard.** Before any sanction may be imposed for violation of these rules, the Court shall inform the attorney, party or individual that sanctions are being considered and afford such attorney, party or individual a reasonable opportunity to be heard.

**COMMENTS**: We question the need for an additional sanction mechanism, beyond those already created by the Federal Rules of Civil and Criminal Procedure and available in the inherent power of the Court. As long as the other mechanisms are adequate to address serious attorney misconduct, the only other purpose for this additional sanction is to put the power of the Court to work policing technical violations of the Local Rules. This is particularly troubling in this district where the old Local Rules became obsolete and, for many years, attorneys in this district had to struggle to understand what they meant. In addition, in many respects, local practice drifted away from the requirements of the Local Rules as the rules gradually lost touch with changes to the Rules of Civil and Criminal Procedure.

We urge the Court to leave this Local Rule empty for now and to let some time pass before revisiting whether there is a real need for a Local Rule of this type. At that point, a sanction rule can be tailored to the perceived need.

**RECOMMENDATION:** Delete the rule.

**ADDITIONAL COMMENTS:** In the event that Court presently believes that an additional and specific sanction addressed to violations of the Local Rules is needed, we urge that the Local Rule be limited to serious and willful violations that obstruct justice or prejudice that parties, other counsel, the administration of the judicial proceedings or the Court. A suggested alternative rule taking this approach is set out below. The suggested edit is based in part on language in Rule 16 (g)(1) of the Local Rules of the District of Connecticut.

**ALTERNATIVE RECOMMENDATION**: Amend as follows:

(a) **In General.** Any counsel and/or party who willfully violates these Local Rules may be sanctioned by the Court <u>if the violation causes obstruction of the effective and</u>

efficient administration of justice or causes actual injury to the parties, to other counsel, to the administration of the proceedings, or to the Court. Sanctions may include, but are not limited to, a monetary penalty to be paid (1) into a disciplinary account of the Court established for that purpose, and/or (2) to another party as compensation for any expenses and/or reasonable attorneys' fees, incurred by that party as a result of the violation.

(b) **Notice and Opportunity To Be Heard.** Before any sanction may be imposed for violation of these Local Rules, the Court shall inform the attorney, party or individual that sanctions are being considered and afford such attorney, party or individual a reasonable opportunity to be heard. Any decision to impose sanctions shall include specific findings with respect to the willfulness of the violation and the injury caused by the violation.

**PROPOSED RULE:**

**LR Gen 113 AMENDMENTS TO LOCAL RULES**

**(a) In General.** The Court may amend these Rules at any time with or without the assistance of any Local Rules Review Committee.

**(b) Local Rules Review Committee.**

> **(1) Establishment and Duties.** A Local Rules Review Committee may be established by the Court for the purpose of reviewing these Rules and recommending proposed amendments to the Court after consulting with the Bar and the public. The committee shall report to the Court annually, or more frequently if required, on proposed amendments to these Rules.
>
> **(2) Members.** The committee shall consist of individuals who are members of the Bar of this Court and who regularly practice before this Court, as well as such *ex officio* members as the Court may designate.
>
> **(3) Terms of Service.** Members of the committee shall serve staggered three-year terms with the terms of one-third of the members expiring each year. At the expiration of his or her term, a Member who has served three years or less may be reappointed for one additional three-year term.

**(c) Comments from Members of the Bar**. Except as provided in subsection (d) of this Rule, prior to the adoption of any proposed amendment to these Rules, the Court will provide notice and opportunity for public comment by interested members of the bar in accordance with Fed. R. Civ. P. 83 and Fed. R. Crim. P. 57.

**(d) Emergency Amendments**. The Court may adopt *sua sponte* and without public comment any rule necessary to meet any condition of emergency. If such emergency rule is promulgated, public notice of it shall be given promptly after its adoption, and it shall be submitted for public consideration in accordance with subsection (c) during the next regular amendment cycle.

**(e) General Orders / Administrative Orders**. Nothing contained in these Rules shall restrict the Court from promulgating such General Orders, Administrative Orders, standing orders and/or other directives as its business may require.

**COMMENTS:** The Court's authority to adopt local rules is governed by Civil Rule 83, Criminal Rule 57, and related statutes. Civil Rule 83 provides:

> Rule 83. Rules by District Courts; Judge's Directives
> (a) Local Rules.
> (1) Each district court, acting by a majority of its district judges, may, after giving appropriate public notice and an opportunity for comment, make and amend rules

> governing its practice. A local rule shall be consistent with--but not duplicative of--Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075, and shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States. A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit. Copies of rules and amendments shall, upon their promulgation, be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public.
>
> (2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.
>
> (b) Procedures When There is No Controlling Law. A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

We believe that subparagraphs (a) and (e) should be omitted as duplicative of Civil Rule 83 and Criminal Rule 57.

General Rule 113 should announce as its operating premise that, in the future, all rules amendments, modifications and additions will be developed through the Rules Advisory Committee, and that the Court's decision to act without first consulting with its committee will be limited to the need to adopt emergency rules. The presumption in favor of reliance upon a rules advisory committee will not impede the Court's ability to adopt emergency rules and will assist the Court in taking advantage of the organized bar's expertise and interest in assisting the Court in the formulation and modification of rules of practice and procedure. It will also track the national federal model.

We believe that the proposed language of rule 113(d) arguably fails to conform to the spirit, if not the letter, of Civil Rule 83 and Criminal Rule 57, which require that "appropriate public notice and an opportunity for comment" *precede* the adoption or amendment of local rules. Accordingly, we suggest that rule 113(d) be revised to provide an expiration date if the emergency rule is not confirmed within a fixed period of time after its initial adoption.

While most comments will likely be from members of the bar, the Court's recent experience makes clear that this is not necessarily the case. Because the enabling rules (CvR 83 and Cr 57) speak in terms of *public* notice and opportunity for comment, the proposed local rule should omit the restriction in subparagraph (c) to soliciting comments "from members of the Bar."

**RECOMMENDATION:** Amend as follows:

~~**(a) In General.** The Court may amend these Rules at any time with or without the assistance of any Local Rules Review Committee.~~

**(a~~b~~) Local Rules Review Committee.**

> **(1) Establishment and Duties.** A Local Rules Review Committee ~~may~~ shall be established by the Court for the purpose of reviewing these Rules and recommending proposed amendments to the Court after consulting with the Bar and the public. The committee shall report to the Court annually, or more frequently if required, on proposed amendments to these Rules.
>
> **(2) Members.** The committee shall consist of individuals who are members of the Bar of this Court and who regularly practice before this Court, as well as such *ex officio* members as the Court may designate.
>
> **(3) Terms of Service.** Members of the committee shall serve staggered three-year terms with the terms of one-third of the members expiring each year. At the expiration of his or her term, a Member who has served three years or less may be reappointed for one additional three-year term.

**(b ~~c~~) Public Notice and Comments ~~from Members of the Bar~~**. Except as provided in subsection ~~(d)~~ (c) of this Rule, prior to the adoption of any proposed amendment to these Rules, the Court will provide notice and opportunity for public comment ~~by interested members of the bar~~ in accordance with Fed. R. Civ. P. 83 and Fed. R. Crim. P. 57.

**(c ~~d~~) Emergency Amendments**. The Court may adopt *sua sponte* and without public comment any rule necessary to meet any condition of emergency. If such emergency rule is promulgated, public notice and request for comment ~~of it~~ shall be given promptly after its adoption, and, unless confirmed by the Court after notice and comment, shall expire within 180 days of its initial effective date. ~~it shall be submitted for public consideration in accordance with subsection (c) during the next regular amendment cycle.~~

~~**(e) General Orders / Administrative Orders**. Nothing contained in these Rules shall restrict the Court from promulgating such General Orders, Administrative Orders, standing orders and/or other directives as its business may require.~~

**PROPOSED RULE:**

**LR Gen 201 PRACTICE BEFORE THIS COURT**

**(a) Requirement of Membership in Local Bar.** In order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court unless these Local Rules expressly provide otherwise.

A person who is not a member of the Bar of this Court may not file any document in a case or sign any pleading or motion filed on behalf of a party unless these Local Rules expressly provide otherwise

.

**(b) Exceptions to Requirement of Membership.** Notwithstanding the provisions of subsection (a), the following individuals may appear and/or practice before this Court:

> **(1) Attorneys for the United States.** An attorney who is a member in good standing of the bar of another federal district court and each jurisdiction in which that attorney has been admitted to practice may appear and practice in this Court as an attorney for the United States or for any agency of the United States or for an officer of the United States in his or her official capacity.
>
> **(2) *Pro Hac Vice* Counsel.** An attorney who satisfies the requirements of LR Gen 204(b) may appear and practice in this Court if admitted as *pro hac vice* counsel in accordance with the provisions of LR Gen 204.
>
> **(3) Attorneys in Removal Cases.** An attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. §1441 et seq other than a party joining in the removal request, may appear and practice in this Court in that case.
>
> **(4) Parties Appearing *Pro se*.** An individual who is not represented by counsel and who is a party to a pending case, may appear on his or her own behalf subject to the limitations set forth in LR Gen 205. A *pro se* party shall be subject to and required to comply with all other applicable provisions of these rules.

**(c) Filing of Documents.** The Clerk shall not accept for filing any document tendered by anyone who is not authorized to practice before this Court in accordance with the provisions of these Rules.

**COMMENTS:** Proposed Rule 201(c) *directs* the Clerk to refuse to file "any document tendered by anyone who is not authorized to practice before" the Court. This languages presents two problems, one stylistic and one substantive.

There is the stylistic problem with the use of the word "tendered" since most documents will be physically delivered by someone (*e.g.*, messenger, mail carrier, paralegal, etc.) other than the attorney signing the document. If the Court retains some version of subparagraph (c), this stylistic issue can, and should, be clarified to make clear that documents submitted (signed/authored) for filing by a person not authorized to appear in the District are subject to being stricken by the Court.

The substantive problem is more significant. Rule 201(c), in directing and authorizing the Clerk to reject a document and refuse to file it because it does not bear the signature of an attorney or other person authorized to practice in the District, contravenes the requirements of Rule 5(e) of the Federal Rules of Civil Procedure and therefore exceeds the authority of the Court to adopt local rules as governed by Civil Rule 83 and related statutory authority.

Rule 5(e) of the Federal Rules of Civil Procedure states that "the clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Applying this language in *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995), the Fifth Circuit stated that "Rule 5(e), by using the word 'shall,' removes from the clerk of court any discretion in the decision to accept a technically deficient pleading." The Court also cited the 1991 Advisory Committee notes reflecting that the rule change recognized that "this is not a suitable role for the office of the clerk...the enforcement of these rules and of the local rules is a role for a judicial officer." "Accordingly, the clerk does not possess the power to reject a pleading for lack of conformity with form requirements, and a pleading is considered filed when placed in the possession of the clerk of the court." *McClellon*, 66 F.3d at 101. *See also Ennis v. KMart Corp.*, 131 N.M. 32 (N.M.App. 2001) (collecting federal cases).

A document which does not bear the signature of a person authorized to appear in the District under Rule 201 is subject to being stricken by a judicial officer upon notice and opportunity to be heard. Civil Rule 5(e) mandates that the document, once tendered to the clerk, must be accepted for filing. The decision whether or not it bears any or all required signatures–particularly where the outcome may render a filing outside a statute of limitations or court-imposed deadline–may not and should not be made by a court clerk.

**RECOMMENDATION:**

Amend subparts (a) and (c) as follows:

**(a) Requirement of Membership in Local Bar.** In order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court unless these Local Rules expressly provide otherwise. ~~A person who is not a member of the Bar of this Court may not file any document in a case or sign any pleading or motion filed on behalf of a party unless these Local Rules expressly provide otherwise.~~

* * *

**(c) Filing of Documents.** Documents which do not bear at least one signature of a person ~~The Clerk shall not accept for filing any document tendered by anyone who is not~~ authorized to ~~practice~~ appear before this Court in the matter in accordance with the provisions of these Rules may be stricken from the docket by a judicial officer after notice and opportunity to be heard.

**PROPOSED RULE:**

**LR Gen 203 CONTINUATION OF MEMBERSHIP IN BAR**

(a) **Requirements.** Unless otherwise permitted by the Court for good cause shown, in order to remain a member of the Bar of this Court, an attorney must:

(1) Remain a member in good standing of the court(s) that provided the certificate(s) referred to in LR Gen 202(b)(1); and

(2) Not be suspended, disbarred or found unfit, for any reason, to continue practicing law by this Court or by any other court or body having disciplinary authority over attorneys; and

(3) Not have been convicted of a "serious crime" as defined in LR Gen 213(a)(3); and

(4) Renew his or her membership when and as required by subsection (c) of this Rule.

Upon failure to satisfy any of the foregoing requirements, an attorney's membership in the Bar of this Court shall immediately cease and such attorney no longer shall be a member of the Bar of this court unless and until reinstated in accordance with the provisions of LR Gen 215.

(b) **Notifications.**

(1) **By Counsel.** Each member of the Bar of this Court shall promptly notify the court of:

(A) Any change in the member's name, address, telephone number, fax number, e-mail address, and/or law firm name shown on such member's application for admission; or, if the member has renewed his or her membership, on the most recent renewal application filed by the member.

(B) Any disciplinary proceedings initiated or disciplinary action taken against such member and/or any restrictions placed on such member's practice by any court or body having disciplinary authority over attorneys; and

(C) Any conviction of such member for any crime regardless of whether the conviction resulted for a plea of guilty or *nolo contendere*, was not followed by a term of imprisonment, and/or is pending appeal.

(2) **By the Court.** Any notice sent to a member of the Bar of this Court shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided by such member pursuant to subsection (b)(1)(A) of this Rule.

(c) **Expiration and Renewal of Membership.**

(1) **Expiration.** The membership of all members of the Bar of this Court shall expire on March 31, 2006, unless renewed in accordance with this subsection (c).

Thereafter, memberships may be renewed for successive two (2) year periods ending on March 31, of each second year ("Membership expiration dates").

Membership for attorneys admitted after March 31,2006 shall be for the period from the date of admission to the next membership expiration date.

(2) **Application for Renewal of Membership.** A member may apply for renewal of his or her membership by:

(A) Completing and filing a renewal application on the form provided by the Clerk which form shall include a certification that the applicant satisfies all of the requirements for continuation of membership set forth in Rule 203(a); and

(B) Paying the applicable renewal fee.

The application for renewal of membership shall be filed and the applicable fee shall be paid no later than twenty (20) days before membership expires.

(3) **Review of Application.**

(A) The Clerk shall examine the application; and, if the Clerk finds that it has been properly completed and that the applicant's answers indicate that the applicant satisfies all of the requirements for continued membership set forth in Rule 203(a), the Clerk shall place the applicant's name on a list for renewal of membership and shall submit the list to the Chief Judge for approval. If the Clerk finds that the application has not been properly completed or that the applicant does not satisfy the requirements for continuation of membership set forth in Rule 203(c), the Clerk shall notify the applicant and the Chief Judge.

(B) If the Clerk denies renewal of membership, the applicant may file a petition for review with the Chief Judge within thirty (30) days after being notified of the denial. A final decision on the renewal application shall be made by the Chief Judge who shall direct the clerk to notify the applicant of the decision.

(4) **Effect of Failure to Renew.** Upon failure to renew membership in accordance with the foregoing provisions of this subsection (c), an attorney's membership will expire and that attorney may regain admission only by reapplying for admission pursuant to Rule 202.

(5) **Resignation.** A member of the Bar of this Court may voluntarily resign from membership by informing the Chief Judge in writing.

**COMMENTS:** We are supportive of the goal of periodic registration renewal and payment of a modest fee by all practitioners who appear before this Court. We are concerned, however, that the proposed procedure to implement this change from current practice may prove a trap for the unwary. We have reviewed local rules from many districts and periodic registration renewal is seldom a requirement. Where we found such a requirement (e.g, D. Md.) the clerk of court initiates the renewal process by mailing the application to members of the bar prior to the date on which the application is due. This is also the procedure in most (if not all) state courts for renewal of bar membership. We respectfully suggest that the Clerk provide notice to each member, with the prescribed renewal form, for the attorney to sign and return with the periodic fee and that the Court provide attorneys notice and a short period of time to cure a failure to timely renew membership in this Court prior to losing admission to practice before this Court.

We also suggest that any fee charged be modest, given the Court's desire for two year renewal periods. By way of illustration, the U. S. District Court in Maryland charges a fee of $30 for 3 years or $60 for six years. See http://www.mdd.uscourts.gov/WebDataPages1/forms/attorneyadmissioninformation.pdf We respectfully suggest that the amount of the proposed fee and the purposes for which the funds can be used be set forth in the proposed rule so that these matters can be the subject of public review and comment.

Finally, we believe that review of the application and certification should be conducted by the Clerk and if it meets all requirements that should suffice for the renewal application to be granted. If the Court disagrees with that suggestion, we believe standards should be established if the Court intends to exercise discretion in granting or denying an otherwise facially valid application.

**RECOMMENDATION:** Amend subparts (c)(1), (2), (3) and (4) as follows.

**(c) ~~Expiration and~~ Renewal of Membership.**

(1) **~~Expiration.~~ Renewal.** ~~The membership of all members~~ Each member of the Bar of this Court shall ~~expire~~ be required to renew membership in the bar on or before ~~unless renewed~~ March 31, 2006, in accordance with this subsection (c).

Thereafter, memberships may be renewed for successive two (2) year periods ending on March 31 of each second year ("~~m~~Membership ~~expiration~~ Renewal ~~d~~Dates").

Membership for attorneys admitted after March 31,2006 shall be for the period from the date of admission to the next ~~m~~Membership ~~expiration~~ Renewal ~~d~~Date.

(2) **Application for Renewal of Membership.** A member may apply for renewal of his or her membership by:

(A) Completing and filing a renewal application on the form provided by the Clerk to each member 60 days prior to the Membership Renewal Date, which form shall be in a form prescribed by the Court and shall include a

certification that the applicant satisfies all of the requirements for continuation of membership set forth in Rule 203(a); and

(B) Paying the applicable renewal fee of $ ____.

The application for renewal of membership shall be filed and the applicable fee shall be paid no later than twenty (20) days ~~before membership expires~~ prior to the Membership Renewal Date.

(3) **Review of Application.**

(A) The Clerk shall examine the application; and, if the Clerk finds that it has been properly completed and that the applicant's answers indicate that the applicant satisfies all of the requirements for continued membership set forth in Rule 203(a), ~~the Clerk shall place the applicant's name on a list for renewal of membership and shall submit the list to the Chief Judge for approval~~ the renewal application shall be granted. If the Clerk finds that the application has not been properly completed or that the applicant does not satisfy the requirements for continuation of membership set forth in Rule 203(c), the Clerk shall notify the applicant and the Chief Judge.

(B) If the Clerk denies renewal of membership, the applicant may file a petition for review with the Chief Judge within thirty (30) days after being notified of the denial. A final decision on the renewal application shall be made by the Chief Judge, after notice to the applicant and an opportunity to be heard, who shall direct the clerk to notify the applicant of the decision.

(4) **Effect of Failure to Renew.** Upon failure to renew membership in accordance with the foregoing provisions of this subsection (c), which failure is not cured within thirty (30) days following the Membership Renewal Date and notice from the Court by filing of the application, fee and a late fee of $50, an attorney's membership ~~will expire~~ in the bar of this Court will be stricken and that attorney may regain admission only by reapplying for admission pursuant to Rule 202.