**PROPOSED RULE:**

**L.R. Cv 5(f) FORM AND FILING OF DOCUMENTS; REJECTION OF NON-CONFORMING DOCUMENTS**

> **(f) Non-Conforming Documents.** Any document that does not comply with all pertinent requirements of these Rules shall be temporarily retained by the Clerk, who shall afford the attorney or party filing the document an opportunity to cure the deficiency. If the deficiency is not cured within a reasonable time, the Clerk shall forward the document to a judicial officer for appropriate action.

**COMMENTS:** We concur with the comments of E&A and the ACLU that L.R. CIV. 5(f) be deleted or amended so that the Clerk is not permitted to refuse to accept for filing a "non-conforming" document. The Local Rule, as proposed, conflicts with Fed. R. Civ. P. 5(e) and violates Fed. R. Civ. P. 83 (local rules are to be consistent with Acts of Congress and rules adopted under 28 U.S.C. §§2072 and 2075).

A search of the local rules of 91 United States District Courts found that an overwhelming number, 90 districts, have no similar rule. A very few (3) gave the court power to reject a non-conforming document after it had been accepted for filing. Only one (W.D. Tenn.) authorized the Clerk to accept only motions filed in civil actions which were accompanied by a supporting memorandum and certificate of service.

Accordingly, as required by Fed. Rs. Civ. P. 5(e) and 83 and consistent with the local rules adopted by virtually every other district court, we respectfully recommend deletion or amendment of Proposed Local Rule 5(f) so as to remove the authority of the Clerk to refuse to accept a document for filing.

**RECOMMENDATION:** Delete rule 5(f).

**PROPOSED RULE:**

## LR Cv 7 MOTIONS

**(a) Form and Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons for the motion and any applicable points and authorities supporting the motion. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons.

**(b) Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.

(2) The movant may file and serve a reply memorandum not later than five (5) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion.

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

**(c) Copies.** Two (2) copies of every motion and memorandum shall be filed along with the original. The originals shall be retained in the Court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

**(d) Memoranda and Supporting Documents**

**(1) Page Limits.**

(A) <u>Memoranda of Law</u>. Unless permitted by the Court for good cause shown, memoranda in support of or in opposition to a motion shall not exceed ten (10) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, or a magistrate judge's report and recommendation shall not exceed twenty (20) pages. Reply memoranda may not exceed five (5) pages.

(B) <u>Appendices and Other Supporting Documents</u>. Except as provided in paragraph (d)(2) of this Rule, appendices, exhibits and any other documents whatsoever, regardless of how they are labeled, that are attached to or filed in connection with a motion or any other document filed with the motion may

not exceed a total of five (5) pages in the aggregate. Appendices, exhibits and other supporting documents filed in connection with a motion to dismiss or motion for summary judgment may not exceed a total of twenty (20) pages, exclusive of the statement of undisputed facts required by these Rules. The statement of undisputed facts and any statement of disputed facts may each not exceed ten (10) pages.

**(2) Exceptions to Page Limitations.** The page limitations on memoranda shall apply in all cases. The page limitations on appendices and other supporting documents shall not apply to:

(A) The record in:

(i) Bankruptcy appeals;

(ii) Cases alleging wrongful denial of ERISA benefits;

(iii) Administrative appeals, including but not limited to Social Security appeals and IDEA appeals; or

(iv) Any other case involving appeals from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below;

(B) discovery documents submitted with a motion to compel discovery;

(C) transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or 2255; or

(D) photocopies of statutes, cases and other authorities cited in memoranda of law. Such photocopies shall not be filed unless requested by a judicial officer. When requested, these materials shall be packaged together and clearly labeled with the name and number of the case, the identity of the party submitting them, and the title of the motion or other matter in that case to which they relate. Such material shall not be docketed but shall be delivered by the Clerk directly to the Judge to whom the case has been assigned.

**(3) Form of Memoranda.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cv 5(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately tabbed.

**(4) Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify the page and format restrictions for memoranda, appendices and/or exhibits shall be made by motion.

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall explain why a lengthier memorandum or appendix is required and state the length of the proposed memorandum. The proposed memorandum shall not be submitted with the motion to exceed page limits and shall not be filed unless and until the motion is granted.

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**COMMENTS :**

**Time Periods**

We suggest that the Court clarify the time periods for filings under subsections (b)(1) and (2). This has been the source of some confusion in the past.

**Page Limitations on Memoranda**

We respectfully request modification of the page limitations contained in the proposed rule. These proposed limitations track present Administrative Order 2002-01. Practitioners in the federal court now have some experience in attempting to comply with the page limitations in the current Administrative Order. We and those who have spoken with us agree that the present and proposed page limitations are unduly restrictive. The limitations are more restrictive than in neighboring districts and, indeed, more restrictive than the limitations in even the busiest district courts in the country.

As demonstrated by the attachment to the comments submitted by the A.C.L.U., the page limitation for reply memoranda adopted by every other district court in New England is higher than the proposed rule for this Court. The proposed page limit for non-dispositive motions falls below the limitations in five of the six neighboring jurisdictions surveyed. The proposed limitation for dispositive motions falls below the limitations in four of the six neighboring jurisdictions.

We also reviewed page limitations in the Local Rules of all United States District Courts with more than 5000 filings per year, as reported on www.uscourts.gov, Judicial Caseload Profile Report. The results of that review are set forth in the following chart:

| State | Non-Dispositive Motions | Dispositive Motions | Reply | Attachments |
|---|---|---|---|---|
| **California C.D** | **25 pages** | **25 pages** | **25 pages** | **None** |
| **California N.D.** | **25 pages** | **25 pages** | **15 pages** | **None** |
| **Florida M.D.** | **20 pages** | **20 pages** | **20 pages** | **None** |
| **Florida S.D** | **20 pages** | **20 pages** | **10 pages** | **None** |
| **Illinois N.D.** | **15 pages** | **15 pages** | _ | **None** |
| **Minnesota** | **12,000 words** | **12, 000 words** | **12,000 words** | **None** |
| **New Jersey** | **40 pages** | **40 pages** | **15 pages** | **None** |
| **Pennsylvania E.D.** | **None** | **None** | **None** | **None** |
| **New York E.D.** | **None** | **None** | **None** | **None** |
| **New York S.D.** | **None** | **None** | **None** | **None** |
| **Texas N.D.** | **25 pages** | **25 pages** | **10 pages** | **None** |
| **Texas S.D.** | **None** | **None** | **None** | **None** |

Of the twelve districts with more than five thousand filings per year, four have no page limitations at all. One district's page limitations is expressed in number of words, 12,000, which translates to in excess of twenty-five pages. Of the remaining seven districts, none have page limits as low as ten pages for non-dispositive memoranda. None have page limitations as low as the proposal for reply memoranda. Five of the eight districts with page limitations allow for more pages than the proposed rule applicable to dispositive motions. In total, nine of the districts allow for memoranda exceeding the proposed twenty page limitation for dispositive motions.

We recommend that the Court adopt page limits that fall within the middle of the ranges adopted by the District Courts in neighboring New England jurisdictions. In the experience of the attorneys practicing in the District Court, having to comply with the proposed page limitations, which are the most restrictive in New England and, on average, more restrictive than the limitations in even the busiest district courts in the country, has led to increased expense to clients. We and those who have spoken to us report that they have spent substantial time (which translates into costs for clients) editing and revising memoranda to meet page limitations. Non-dispositive issues that arise in federal court litigation are often complex, factually and legally. Complying with the ten page limit has often proven difficult. Likewise, it is often difficult to present or respond to arguments in support of dispositive motions, within the proscribed limitations. This is particularly true with respect to reply memoranda if a new or unaddressed argument is raised in an objection. The low page limitations have also led to frequent requests to exceed the page limitations. While these requests are frequently granted, they inject further cost and uncertainty into the process.

Practitioners understand the need for the Court to control the amount of paper it must review. As advocates, we are mindful that we have an interest in facilitating meaningful review of what we submit on behalf of our clients. Litigants and the Court share an interest in arguments being presented efficiently. We suggest that adopting page limitations in line with the majority of the federal district courts reviewed for this submission will ease the burden and expense on litigants and counsel and still serve the needs of the Court. Accordingly, we respectfully request that proposed L. R. Civ. 7(d) be amended to provide the following page limitations: non-dispositive memoranda, 20 pages; dispositive motions, 25 pages; and reply memoranda, 10 pages.

**Page Limitations for Appendices and Other Supporting Documents**

We urge the Court to adopt the recommendation contained in several comments to the proposed rules that the Court eliminate entirely the page limitations on Appendices and Other Supporting Documents. The arbitrary limitation can be replaced with language that requires parties to submit only those documents, or portions of documents, necessary for resolution of the motion. Many attorneys have raised concerns that this limitation prejudices their clients' rights to effectively advocate for their clients and to create a record both in the District Court and for appeal. Counsel have routinely found that the five page limitation on attachments for non-dispositive motions and the twenty page limitation applicable to dispositive motions does not allow them to present important and relevant information to the Court. Further, the proposed rule already contains numerous exceptions. Several other exceptions, which appear to have merit, have been suggested in comments to the proposed rules. Requests to exceed the page limitations on attachments have become frequent. As with memoranda, these requests add uncertainty and expense to the litigation process. Eliminating this limitation will greatly simplify the proposed rule and practice in the District Court.

The ACLU pointed out that a survey of neighboring districts revealed that none of those courts have similar restrictions on supporting documents. Likewise, as reflected in the chart set forth above, none of the twelve busiest district courts in the country place page limitations on the attachments or exhibits submitted in support of motions or memoranda.

**RECOMMENDATIONS:** Amend L.R. Cv. 7(b) and (d) as follows:

**(b) Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection. <u>This period of time shall not include weekends or federal holidays as set forth in Fed. R. Civ. P. 6(a).</u>

(2) The movant may file and serve a reply memorandum not later than five (5) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion. <u>The movant may file and serve a reply memorandum no later than ten (10) days after service of the objection.</u>

This period of time shall not include weekends or federal holidays as set forth in Fed. R. Civ. P. 6(a)

**(d) Memoranda and Supporting Documents**

**(1) Page Limits.**

(A) Memoranda of Law. Unless permitted by the Court for good cause shown, memoranda in support of or in opposition to a motion shall not exceed ~~ten (10)~~ twenty (20) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, or a magistrate judge's report and recommendation shall not exceed ~~twenty (20)~~ twenty-five (25) pages. Reply memoranda may not exceed ~~five (5)~~ ten (10) pages.

(B) Appendices and Other Supporting Documents. ~~Except as provided in paragraph (d)(2) of this Rule, A~~Aappendices, exhibits and any other documents whatsoever, regardless of how they are labeled, that are attached to or filed in connection with a motion or any other document filed with the motion shall include only those documents or portions of documents reasonably necessary for resolution of the motion, and shall not include, but rather shall refer the Court by specific citation or reference, to material already in the record. ~~May not exceed a total of five (5) pages in the aggregate. Appendices, exhibits and other supporting documents filed in connection with a motion to dismiss or motion for summary judgment may not exceed a total of twenty (20) pages, exclusive of the statement of undisputed facts required by these Rules.~~ The statement of undisputed facts and any statement of disputed facts may each not exceed ~~ten (10)~~ twenty/thirty (20/30) pages.

~~**(2) Exceptions to Page Limitations.** The page limitations on memoranda shall apply in all cases. The page limitations on appendices and other supporting documents shall not apply to:~~
~~(A) The record in:~~
~~(i) Bankruptcy appeals;~~
~~(ii) Cases alleging wrongful denial of ERISA benefits;~~
~~(iii) Administrative appeals, including but not limited to Social Security appeals and IDEA appeals; or~~
~~(iv) Any other case involving appeals from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below;~~
~~(B) discovery documents submitted with a motion to compel discovery;~~
~~( C) transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or 2255; or~~
~~(D) photocopies of statutes, cases and other authorities cited in memoranda of law. Such photocopies shall not be filed unless requested by a judicial officer. When requested, these materials shall be packaged together and clearly labeled with the name and number of the case, the identity of the party submitting them, and the title of the motion or other matter in that case~~

~~to which they relate. Such material shall not be docketed but shall be delivered by the Clerk directly to the Judge to whom the case has been assigned.~~

**PROPOSED RULE:**

**LR Cv 23 CLASS ACTIONS**

(a) **Form of Pleading.** Any pleading asserting a claim by or against a class shall:

(1) bear, next to the caption, the designation "Class Action"; and

(2) contain a section entitled "Class Action Allegations" immediately after the allegation of jurisdictional grounds which shall contain:

(A) a reference to the specific provision(s) in Rule 23(b) of the Federal Rules of Civil Procedure, under which it is claimed that the action may be brought as a class action; and

(B) sufficient allegations to support the claim that the action may be brought as a class action, including but not limited to:

(i) the number or approximate number of the members of the class;

(ii) a description of who is in the class;

(iii) the basis upon which it is claimed that the party asserting the claim will fairly and adequately protect the interest of the class, or, if the claim is asserted against a class, that the named members of the class will fairly and adequately protect the interests of that class; and

(iv) the questions of law or fact claimed to be common to the class.

(b) **Certification of Class.** Within thirty (30) days after filing a pleading asserting a class action claim, the party asserting that claim shall file a motion to certify the class and to maintain the action as a class action. If a party asserting a class action claim fails to file such a motion, the Court *sua sponte*, or on motion of another party, may dismiss the class action claim and may award costs, expenses and counsel fees against the party asserting the class action claim.

(c) **Settlement of Class Action Claims.**

(1) **Motion for Approval.** Parties desiring to settle a class action claim shall file a "Joint Motion for Preliminary Approval of Proposed Class Action Settlement." The motion shall include:

(A) a copy of the settlement agreement describing all of the terms of the proposed settlement;

(B) a proposed order of notice that includes a proposed form of notice to class members, a description of the manner proposed for communicating notice to class members and the manner in which interested parties may communicate objections to the proposed settlement;

(C) a detailed explanation of how the settlement proceeds are to be distributed among the members of the class, including an itemization of the amounts allocated for attorneys' fees and expenses and the amount to be paid to each class member; and

(D) a proposed form of order to be entered by the Court preliminarily approving the proposed settlement.

(2) **Preliminary Review.** Upon receipt of the motion and any objection thereto, the Court shall preliminarily review the proposed settlement for the purpose of ascertaining whether it is sufficiently within the range of fairness, reasonableness and adequacy to justify notifying class members. The Court may appoint an expert or special master to assist in its determination. The Court, in its discretion or upon motion by the parties, may hold a hearing in connection with its preliminary review.

(3) **Notice.** If the proposed settlement is found to warrant the notification of class members, notice of the proposed dismissal, discontinuance, or settlement shall be given to all members of the class in such manner as the Court directs. The Court may make any other order it deems appropriate.

(4) **Approval of Class Action Settlement.** After reasonable notice has been given to all interested parties, the Court shall conduct a hearing to determine that the proposed settlement is fair, reasonable, and adequate.

(5) **Certificate of Compliance.** Not later than ninety (90) days after final approval of any settlement, counsel shall file a certification, properly documented, that the proceeds of the settlement have been disbursed as set forth in the order of final approval.

**COMMENTS**: We question that a Local Rule is necessary to amplify the requirements of Rule 23, which was amended in 2003 to cure concerns about the timing of the motion for class certification and the extent to which the court must remain involved in the settlement process to protect the interests of the absent class members. We reviewed the Local Rules for the Southern District of New York, the Eastern District of New York, the District of New Jersey, the District of Massachusetts and the District of Connecticut. All of these courts have significant experience with class actions (particularly the Southern District of New York), yet none has any Local Rule

amplifying Rule 23, (except for a Local Rule in the Southern District of New York governing the need separately to apply for attorney's fees).

**RECOMMENDATION:** Delete the Local Rule in its entirety.

**ADDITIONAL COMMENTS:**

Beyond being unnecessary, the proposed Local Rule has several significant problems:

Proposed Local Rule 23 (b) requires that, within thirty days after filing a pleading asserting a class action claim, the party must file a motion to certify the class. This thirty-day requirement compels the filing of the motion at an artificially early point, likely prior to the appearance by the defendant(s). Such an unrealistically early motion will force the parties to expend time and resources to file an early placeholder motion for class certification, and a second, real, motion for class certification at the point appropriate to the circumstances of the case. Moreover, since the motion for class certification will nearly always be required before the defendant has appeared, an *ex parte* motion to extend is likely to be the only way to avoid the requirement.

This Local Rule will cause confusion and extra expense in virtually every serious class action. The unreasonably early filing requirement is exacerbated by the power of the Court *sua sponte*, or on motion of another party, to dismiss the class action claim and award costs, expenses and counsel fees against the party asserting the class action claim.

Federal Rule 23 (c) (1) (A) requires that the motion for class certification be made "at an early practicable time." This language reflects the extensive experience of courts dealing with class actions. We suggest that it does not need amplification in the Local Rule, particularly amplification that is at variance with the spirit of the Federal Rule, which looks to what is "practicable."

Local Rule 23 (c) (1) is inconsistent with the 2003 amendments to Federal Rule 23, which now makes court approval of settlement mandatory only for class actions in which the class has been certified.

Local Rule 23 (c) (5) requires that every class fund must be disbursed by 90 days after final approval. Ninety days is likely to be artificially short in many cases. Instead, the Court presiding over the fairness hearing should calibrate the time for disbursement and the making of a final report to the individual circumstances of the particular case.

**ALTERNATIVE RECOMMENDATION:** Amend as follows:

**(a) Form of Pleading.** Any pleading asserting a claim by or against a class shall:

(1) bear, next to the caption, the designation "Class Action"; and

(2) contain a section entitled "Class Action Allegations" immediately after the allegation of jurisdictional grounds which shall contain:

(A) a reference to the specific provision(s) in Rule 23(b) of the Federal Rules of Civil Procedure, under which it is claimed that the action may be brought as a class action; and

(B) sufficient allegations to support the claim that the action may be brought as a class action, including but not limited to:

(i) the number or approximate number of the members of the class;

(ii) a description of who is in the class;

(iii) the basis upon which it is claimed that the party asserting the claim will fairly and adequately protect the interest of the class, or, if the claim is asserted against a class, that the named members of the class will fairly and adequately protect the interests of that class; and

(iv) the questions of law or fact claimed to be common to the class.

(b) **Certification of Class.** ~~Within thirty (30) days after filing a pleading asserting a class action claim, the party asserting that claim shall file a motion to certify the class and to maintain the action as a class action.~~ At the Rule 16 conference, the Court shall establish a schedule for briefing the motion for class certification. If a party asserting ~~a~~ class action ~~claim~~ allegations fails to file such a motion within the time established by the Court, the Court *sua sponte*, or on motion of another party, may dismiss the class action ~~claim~~ allegations and may award costs, expenses and counsel fees against the party asserting the class action ~~claim~~ allegations.

(c) **Settlement of Class Action Claims ~~of a Certified Class~~.**

(1) **Motion for Approval.** In any case where a class has been certified, parties desiring to settle ~~a class action~~ claims of a certified class shall file a "Joint Motion for Preliminary Approval of Proposed Class Action Settlement." The motion shall include:

(A) a copy of the settlement agreement describing all of the terms of the proposed settlement;

(B) a proposed order of notice that includes a proposed form of notice to class members, a description of the manner proposed for communicating notice to class members and the manner in which interested parties may

communicate objections to the proposed settlement;

(C) a detailed explanation of how the settlement proceeds are to be distributed among the members of the class, including an itemization of the amounts allocated for attorneys' fees and expenses and the amount to be paid to each class member; and

(D) a proposed form of order to be entered by the Court preliminarily approving the proposed settlement.

(2) **Preliminary Review.** Upon receipt of the motion and any objection thereto, the Court shall preliminarily review the proposed settlement for the purpose of ascertaining whether it is sufficiently within the range of fairness, reasonableness and adequacy to justify notifying class members. The Court may appoint an expert or special master to assist in its determination. The Court, in its discretion or upon motion by the parties, may hold a hearing in connection with its preliminary review.

(3) **Notice.** If the proposed settlement is found to warrant the notification of class members, notice of the proposed dismissal, discontinuance, or settlement shall be given to all members of the class in such manner as the Court directs. The Court may make any other order it deems appropriate.

(4) **Approval of Class Action Settlement.** After reasonable notice has been given to all interested parties, the Court shall conduct a hearing to determine that the proposed settlement is fair, reasonable, and adequate.

(5) **Certificate of Compliance.** ~~Not later than ninety (90) days after final approval of any settlement, counsel shall~~ <u>In the order approving the class action settlement, the Court shall require class counsel, at a specified point in time after final approval of any settlement, to</u> file a certification, properly documented, that the proceeds of the settlement have been disbursed as set forth in the order of final approval.

**PROPOSED RULE:**

**LR Cv 39.2 CONTINUANCES**

**(a)** **In General**. A request to continue a trial or hearing will be granted only for good cause shown. Any request for continuance shall be made as soon as counsel learns, or in the exercise of due diligence should have learned, of the reason for the request and, except in emergencies, far enough in advance to permit the Court to reschedule the matter without creating any hardship on other parties or interfering with the efficient conduct of the Court's business.

**(b)** **Unavailability of Witnesses.** The unavailability of a witness ordinarily will not constitute good cause for a continuance. Counsel shall take all reasonable steps necessary to ensure the presence of witnesses.

**COMMENTS:** Subpart (b) should be stricken because it does not consider that the unavailability of a witness may be – and often is – for reasons beyond a party's, lawyer's or the witnesses' control and may constitute good cause for a continuance. Of the New England District Courts, only New Hampshire has a similar provision. If the Court is concerned about witnesses not appearing for sufficient reasons, then it might consider a provision similar to D. Mass. L.R. 40.3(c) which requires that the unavailability of a party or witness on grounds of illness be substantiated with a current medical certificate. We concur with the comments of Andrew Berg and E&A pertaining to this rule.

**RECOMMENDATION:** Strike subpart (b).

**PROPOSED RULE:**

**LR Cv 39.3 MOTIONS IN LIMINE**

In order to avoid delays during trial, a motion in limine shall be filed at least seven (7) days before empanelment. Unless allowed by the Court for good cause shown, untimely motions in limine will not be considered.

**COMMENTS:** The rule should be revised to tie the deadline for moving in limine to a party's receipt of an opposing party's pretrial memorandum. A party's receipt of an opposing party's pretrial memorandum may be that party's first notice of the witnesses and exhibits to be offered at trial. If an opposing party is late in filing its pretrial memorandum, then the seven-day deadline in the current draft could lapse before the party has fair notice of the witnesses and exhibits to be offered at trial. We concur with the comments of Adler, Pollock & Sheehan on this rule.

**RECOMMENDATION:** Amend as follows:

In order to avoid delays during trial, a motion in limine shall be filed ~~at last seven (7) days before empanelment.~~ no more than 60 days after receipt of the opposing party's pretrial memorandum. Unless allowed by the Court for good cause shown, untimely motions in limine will not be considered.

**PROPOSED RULE:**

**LR Cv 39.4 SETTLEMENT**

(a) **General.** When a case has been settled, counsel shall immediately notify the Court and shall file a dismissal stipulation or consent judgment within ten (10) days thereafter. In cases where a dismissal stipulation has not been filed or a consent judgment has not been filed and entered by the Court prior to the time of impanelment and/or trial, counsel shall appear for impanelment and/or trial, unless excused by the Court.

(b) **Jury Costs.** In cases that are settled later than one week before the date scheduled for impanelment of a jury, jury costs and/or attorneys' fees may be assessed equally against the parties and/or their counsel unless a party demonstrates to the Court's satisfaction that:

(1) The fees should be borne entirely or primarily by one or more parties on the ground that the tardiness of the settlement was due to that party's failure to make a good-faith effort to settle the case earlier; or

(2) No costs should be assessed because all parties made a reasonable good faith effort to settle the case earlier.

(c) **Settlements on Behalf of Minors or Incompetents.** In order to obtain court approval of any settlement on behalf of a minor or incompetent, a motion for approval must be filed and approved by the Court. Motions for approval shall be accompanied by the following:

(1) a report from the guardian, guardian *ad litem* or next friend explaining why the proposed settlement is in the best interest of the minor or incompetent and should be approved;

(2) a statement setting forth the terms of the settlement and precisely how and to whom the settlement proceeds will be distributed, including the amounts to be paid to counsel as fees and/or reimbursement for expenses incurred;

(3) a copy of any settlement agreement and/or release that is to be executed on behalf of the minor or incompetent;

(4) an explanation as to how the proceeds payable to the minor or incompetent are to be safeguarded to ensure that they will be applied to his or her benefit;

(5) a copy of any trust or other document establishing the method by which the funds payable to the minor or incompetent will be safeguarded to ensure that any amounts payable to the minor or incompetent will be applied for the minor's or

incompetent's benefit; and

(6) in personal injury cases, a complete description of the injuries sustained, whether any of them are permanent, copies of all relevant medical reports, and an itemized statement of all past and future medical expenses that may have been or are likely to be incurred.

The documents referred to in paragraphs (4) - (6) may be filed under seal if necessary to safeguard the privacy of the minor or incompetent person.

**COMMENTS:** We are not aware of any local rule in any district court in New England that sets such broad standards for assessing jury costs. L.R. 54.2 of the District of New Hampshire recognizes the possibility of taxation of jury costs in the event a civil matter settles after 3:00 p.m. the business day preceding trial. The rule should recognize that some cases settle only shortly before trial despite the best efforts of parties and counsel to achieve a settlement earlier in the proceedings. We do not think it reasonable to infer that counsel or parties have in bad faith refused to explore settlement solely from the fact that a case settles shortly before impanelment.

The proposed rule is also vague about the assessment of attorneys' fees. It makes little sense to assess each party's attorneys' fees against each other, as the proposed rule suggests. The rule is unclear about whether the attorneys' fees to be assessed relate only to jury empanelment, or other aspects of the case.

We concur with the comments of the ACLU and E&A on this rule.

**RECOMMENDATION:** Amend subpart (b) as follows:

**(b) Jury Costs.** In cases that are settled ~~later than one week before the date scheduled for~~ <u>after</u> impanelment of a jury, jury costs ~~and/or attorneys' fees~~ may be assessed equally against the parties and/or their counsel unless a party demonstrates to the Court's satisfaction that:

(1) The fees should be borne entirely or primarily by one or more parties on the ground that the tardiness of the settlement was due to that party's failure to make a good-faith effort to settle the case earlier; or

(2) No costs should be assessed because all parties made a reasonable good faith effort to settle the case earlier.

**PROPOSED RULE:**

**LR Cv 54.1 ATTORNEYS' FEES**

**(a) Time of Request.** Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.

**(b) Supporting Affidavits.**

(1) A motion for attorneys' fees shall be accompanied by an affidavit of counsel that includes:

(A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized;

(B) a statement of the reason(s) why these services were reasonably necessary;

(C) the fee customarily charged by counsel in like cases;

(D) a description of any fee agreement made with counsel's client regarding the case; and

(E) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.

(2) A motion for attorneys' fees also shall be accompanied by an affidavit regarding the reasonableness of the requested fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

**COMMENTS:** Proposed LR Cv 54.1(a) is designed to supplement Rule 54(d)(2) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> (2) *Attorneys' Fees.*
>
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed

by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

(C) On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule 43(e) or Rule 78. The court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court. The court shall find the facts and state its conclusions of law as provided in Rule 52(a).

(D) By local rule the court may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings. In addition, the court may refer issues relating to the value of services to a special master under Rule 53 without regard to the provisions of Rule 53(a)(1) and may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.

Civil Rule 83 directs that "[a] local rule shall be consistent with--but not duplicative of--Acts of Congress and rules adopted under 28 U.S.C. §§§§ 2072 and 2075." Proposed LR Cv 54.1(a) duplicates, but does not add to, the provisions of Rule 54(d)(2)(A) and (B) of the Federal Rules of Civil Procedure governing the time for filing a motion (14 days from entry of judgment) or the types of claims that the provision applies to (claims for attorneys' fees which are not an element of damages). Thus, subparagraph (a) should be omitted in its entirety as duplicative of the existing rule.

Civil Rule 54(d)(2)(D) expressly contemplates that district courts may establish by local rule special procedures to resolve fee claims "without extensive evidentiary hearings," and it appears that LR Cv 54.1(b) was intended to further that goal.

However, the timing, volume and substance of the information required appears counterproductive to that goal.

First, the rule requires extensive materials which cannot conceivably be produced–in all but the most unusual of cases–within the page limitations of Local Rule 7, including time transcriptions, affidavits of trial counsel, and supporting affidavit of a disinterested attorney.

Second, the materials required by the local rule are not realistically attainable within the time constraint of 14 days. In contrast, Civil Rule 54 makes clear that all that is required within the 14-day post-judgment window is a "fair estimate" of what is sought, to accord the losing party timely information, in evaluating whether or not to appeal, of the existence of the claim and its parameters. At a time when each side may be addressing post-judgment motions, the requirement of a full-blown presentation of the fee application within 14 days of judgment appears unduly burdensome and costly. It may also prove unnecessary, where the later grant of a post-judgment motion in favor of the losing party removes the basis for the fee claim.

Third, we urge the removal of the requirement that the fee *application* be supported by an "affidavit regarding the reasonableness of the requested fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases." As written, the rule requires that an attorney otherwise unrelated to the litigation study the application and provide an expert opinion on the "reasonableness of the requested fee." By requiring an opinion on the ultimate question, and not simply an affidavit concerning reasonable or market fee rates, the rule requires the successful litigant to hire yet another attorney who, within 14 days of judgment, can review the entire record and transcript of time and cost entries to undertake the evaluation which the Court will also conduct. While there may be some cases where a litigant will consider this a worthwhile expense (and perhaps one which should be then assessed against the losing party), the courts should not be requiring it as a necessary element of *every* fee application.

We believe that the requirement of an affidavit from a disinterested attorney should be limited to addressing the reasonableness of the "requested rate" and not the "requested fee."

Moreover, there may be cases where the relevant market is *not* Rhode Island, and the requirement should not inflexibly require that an attorney admitted to practice in Rhode Island provide the affidavit, but rather an "attorney who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases." *See Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983); *R.I. Medical Society v. Whitehouse*, 323 F. Supp. 2d 283, 292 (D.R.I. 2004).

**RECOMMENDATION:** Amend as follows:

~~**(a) Time of Request.** Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.~~

**(<u>a</u> ~~b~~) Supporting Affidavits.**

(1) A motion for attorneys' fees <u>presented under F.R.Civ.P. 54(d)(2)</u> shall be ~~accompanied~~ <u>supported</u> by an affidavit of counsel that includes:

(A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized;

(B) a statement of the reason(s) why these services were reasonably necessary;

(C) the fee customarily charged by counsel in like cases;

(D) a description of any fee agreement made with counsel's client regarding the case; and

(E) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.

(2) A motion for attorneys' fees also shall be ~~accompanied~~ supported by an affidavit regarding the reasonableness of the requested fee rate(s) from a disinterested attorney ~~admitted to practice in Rhode Island~~ who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the relevant legal community who have comparable experience in similar cases.

(3) The party filing the fee motion may seek additional time to submit the required affidavits. In such event, the party filing the motion shall include in the motion an estimate of the number of hours and billing rate sought for each attorney or paralegal.

(4) The affidavits required under this rule shall not be subject to the page limitations of Local Rule 7.

**PROPOSED RULE:**

**LR Cv 56 MOTIONS FOR SUMMARY JUDGMENT**

**(a) Statement of Undisputed Facts.**

(1) In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law.

(2) Each "fact" in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed.

(3) For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion.

(4) An objecting party also may file a Statement of Disputed and/or Undisputed Facts setting forth disputed facts and/or additional undisputed facts that the objecting party contends preclude summary judgment. Any denied or controverted fact must be supported by affidavit or other evidentiary materials.

(5) Statements and denials of "undisputed facts" shall be considered representations of counsel subject to the provisions of Fed. R. Civ. P. 11.

**(b) Supporting Documents.** Unless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments permitted by Rule 7(d) of these Local Rules.

**(c) Successive Motions.** No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown.

**COMMENTS:** L.R. 56(a)(3) arguably conflicts with F.R.C.P. 56(c) to the extent that the rule of civil procedure states that the judgment sought shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue...." L.R. 56(a)(3) appears to authorize summary judgment based on facts for which there may be no evidentiary support where the opposing party simply fails to present evidence sufficient to controvert that fact.

L.R. 56(a)(5) duplicates F.R.C.P. 11 and should be omitted.

L.R. 56(c) appears to conflict with F.R.C.P 56(a) and (b) providing that parties may "at any time" move for summary judgment. In its 1946 report, the Advisory Committee on the Federal Rules of Civil Procedure said:

> The committee did not accept the suggestion that there should be an amendment expressly authorizing more than one motion for summary judgment. *It no doubt felt that the Rule as it now exists permits any number of such motions.*

5 F.R.D. 339, 345 (emphasis added). Inasmuch as subsequent amendments to Rule 56 have not addressed this issue, the report on the 1946 amendments continues to provide relevant guidance with respect to the frequency in which motions for summary judgment may be made.

The proposed rule is also arguably inconsistent with the policy of judicial economy. Summary judgment has been widely recognized as a valuable tool in conserving judicial resources. See, e.g., Gallace v. U.S. Dep't. of Agriculture, 273 F. Supp. 2d 53 (D.D.C. 2003) ("Summary Judgment is not a disfavored procedural shortcut; rather it is a way to provide a just, speedy and inexpensive determination of every action." (citation omitted)).

We are unaware of any similar proscription in the local rules of any district court within New England. The proposed rule does not recognize that serial motions for summary judgment may be necessary and appropriate such as in cases where there are material amendments to pleadings or significant information is revealed in the course of discovery. Moreover, because some pretrial orders require that motions for summary judgment be made as soon as a party discovers a basis for so moving, counsel may be constrained to so move before all of possible bases for summary judgment have been investigated.

The rule is also unclear about how a party obtains leave to file more than one motion for summary judgment. If by motion, or request for a pre-motion for summary judgment conference, that additional step would appear only to add to the expense and delay of litigating a case where serial motions for summary judgment are justified.

**RECOMMENDATION:** Amend subpart (a)(3) as follows:

For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts, properly supported in accordance with F.R.C.P. 56, shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion.

Strike subparts (a)(5) and (c).

**PROPOSED RULE:**

**LR Cr 16 DISCOVERY**

**(a) Discovery and Pretrial Motions.** Within five (5) days after arraignment, the attorney for the government and the attorney for the defendant shall exchange written requests for disclosure of material and information pursuant to Fed. R. Crim. P. 16(a) and (b), unless within the five-day period, the party entitled to disclosure notifies the other in writing that it is waiving all or part of its discovery rights provided under Fed. R. Crim. P. 16(a) or (b).

**(b) Pretrial Disclosures.** Unless otherwise agreed by the parties or ordered by the Court:

**(1) Disclosure by the Government.** All disclosures made by the government pursuant to Fed. R. Crim. P.16(a)(1) shall be made within five (5) days of any such request.

**(2) Disclosure by the Defendant.** All disclosures made by the defendant pursuant to Fed. R. Crim. P. 16(b)(1) shall be made within ten (10) days of the government's compliance with that defendant's discovery request.

**(c) Deadline for Discovery.** All discovery shall close on the 20th day following arraignment, unless the Court otherwise orders.

**COMMENTS:** We believe that requiring a defendant discloses discovery within ten days of the government's disclosure is unrealistic, especially in a matter involving expert testimony. We believe that rather than a set time period, the Court, at the initial pre-trial conference, should set discovery deadlines based on the complexity of the case and the likelihood of expert witness testimony.

**RECOMMENDATION:** Amend as follows:

**(a) Discovery and Pretrial Motions.** Within five (5) days after arraignment, the attorney for the government and the attorney for the defendant shall exchange written requests for disclosure of material and information pursuant to Fed. R. Crim. P. 16(a) and (b), unless within the five-day period, the party entitled to disclosure notifies the other in writing that it is waiving all or part of its discovery rights provided under Fed. R. Crim. P. 16(a) or (b).

~~(b) **Pretrial Disclosures.** Unless otherwise agreed by the parties or ordered by the Court:~~

~~(1) **Disclosure by the Government.** All disclosures made by the government pursuant to Fed. R. Crim. P.16(a)(1) shall be made within five (5) days of any such request.~~

~~(2) **Disclosure by the Defendant.** All disclosures made by the defendant pursuant to Fed. R. Crim. P. 16(b)(1) shall be made within ten (10) days of the government=s compliance with that defendant=s discovery request.~~

~~(c) **Deadline for Discovery.** All discovery shall close on the 20th day following arraignment, unless the Court otherwise orders.~~

**PROPOSED RULE:**

## LR Cr 23 COURTROOM PRACTICE

**(a) Opening Statements.** An opening statement shall not be argumentative and shall not exceed thirty (30) minutes unless otherwise permitted by the Court. Counsel for the defendant may make an opening statement either after the opening statement of the government, or after the government has rested. Counsel for a defendant may not make an opening statement after the government has rested unless evidence will be presented on behalf of that defendant.

**(b) Recorded Conversations or Testimony.**

(1) At least two weeks prior to empanelment, counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall furnish the Court and counsel with:

(A) a chronologically arranged list showing the date of, participants in, and approximate playing time of each such recording; and

(B) a transcript of each such conversation.

(2) Before offering any recorded conversation, counsel shall edit out footage that contains no audible discussion or contains irrelevant material so that the jury will not be required to listen for protracted periods of time to portions of recordings that provide little or no assistance in determining the pertinent facts. In order to achieve that objective, counsel shall meet and confer, in advance, in an effort to resolve any disputes with respect to editing.

(3) Within seven (7) days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of an objection that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted portion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

(4) Any objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

(5) Any dispute regarding editing and/or the accuracy of transcripts shall be called to the Court' attention promptly.

(6) Failure to comply with the provisions of this subsection (b) may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**(c) Time Limits.**

(1) The Court, in its discretion, may limit the time for any trial, hearing, or other proceeding, for any argument, or for the examination of any witness or completing the examination of any witness in such manner and upon such terms as may be just under the circumstances and with due regard for the defendant=s constitutional right to a fair trial.

(2) Upon request by a party, the Court, in its discretion, may extend any time limits established pursuant to subsection (c)(1) of this Rule. In determining whether to extend such time limits, the Court may consider:

(A) whether the party has adequately explained the purposes for which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter;

(B) whether the party has effectively and efficiently made full use of the time allocated to that party; and

(C) any other matters that may be relevant.

**COMMENTS:** We believe that seven days does not provide enough time for counsel to object, review transcripts and tape recorded conversations in order to determine whether to dispute the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript the committee suggests that twenty one days is a more realistic time period, especially in complex cases that involve many hours of transcribed audio conversations.

**RECOMMENDATIONS:** Amend LR Cr 23(b)(3) as follows:

(3) Within ~~seven (7)~~twenty one (21)days after such transcripts have been furnished, counsel for any party disputing the audibility, completeness, or admissibility of any such recording or the accuracy of such transcript shall file an objection identifying the recording and/or transcript or the particular portion to which objection is being made as well as the nature of and grounds for the objection. In the case of an objection that any portion of a recorded conversation has been omitted, the party making such objection shall set forth the omitted portion(s) of the recording(s) together with a statement explaining why the omitted portion(s) should be included.

**PROPOSED RULE:**

**LR Cr 26 MOTIONS IN LIMINE**

Unless otherwise permitted by the Court, for good cause shown, motions in limine shall be filed at least seven (7) days before empanelment. Untimely motions in limine will not be considered.

**COMMENTS:** We believe the Court should not limit the time period within which to file motions in limine in criminal cases. As the Court is aware, a defendant often does not receive so-called "Jenks" material within seven days of trial. Thus, the rule may prohibit a defendant from moving in limine to exclude material before disclosure.

**RECOMMENDATION:** Strike the rule in its entirety.

**PROPOSED RULE:**

**LR Cr 44.1 REPRESENTATION OF MULTIPLE DEFENDANTS**

**(a)** **In General.** Unless otherwise expressly permitted by the Court, no attorney, or group of attorneys who are associated together in the practice of law, shall represent multiple defendants, witnesses or targets of a grand jury investigation in the same criminal case.

**(b)** **Certification.** In order to assist the Court in determining whether joint representation should be permitted, counsel seeking to provide joint representation shall provide the Court with the following:

(1) a written certification by counsel that, after careful investigation of potential conflicts of interest, it is clear that no actual conflict is foreseeable; and

(2) a written certification by each person to be represented, giving informed consent to such multiple representation and waiving the right to separate representation and, when applicable, waiving the attorney/client privilege.

Such certifications shall be in a form substantially as set forth in **Form 3** annexed to these rules.

**COMMENTS:** We believe that limiting the attorney's representation to one witness in a grand jury investigation, or trial of a criminal case, is unwarranted. Often, there are a number of witnesses whose interests are not adverse to each other who are subpoenaed to testify before a grand jury or at a criminal trial. Often, these individuals are employed by the same organization. Requiring multiple attorneys in such situations will unnecessarily increase costs. Moreover, requiring an attorney to present a motion to the court for permission to represent multiple witnesses would also increase costs, as well as require the court to consider unnecessary motions.

**RECOMMENDATION:** Amend LR Cv 44.1(a) as follows:

**(a)** **In General.** Unless otherwise expressly permitted by the Court, no attorney, or group of attorneys who are associated together in the practice of law, shall represent multiple defendants, ~~witnesses~~ or targets of a grand jury investigation in the same criminal case.

**PROPOSED RULE:**

**LR Cr 47 MOTIONS AND SUPPORTING DOCUMENTS**

**(a) Content.** Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion. In addition, every motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and be accompanied by a separate memorandum of law setting forth the reasons why such relief should be granted and any applicable points and authorities supporting the request. A motion to extend time or to compel discovery shall include within the motion a brief statement of reasons.

**(b) Objections and Replies.**

(1) Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a memorandum setting forth the reasons for the objection and any applicable points and authorities supporting the objection.

(2) The movant may file and serve a reply memorandum not later than five (5) days after the service of the objection. A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments originally made in support of the motion.

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

**(c) Copies.** Two (2) copies of every motion, objection and reply and memorandum in support, together with any permitted appendices, shall be filed along with the original. The originals shall be retained in the court file. The Clerk shall transmit the copies to the chambers of the judge to whom the case has been assigned.

**(d) Memoranda and Supporting Documents.**

**(1) Page Limits.**

(A) <u>In General</u>. Unless otherwise permitted by the Court for good cause shown, memoranda in support of motions and objections shall not exceed fifteen (15) pages. Reply memoranda may not exceed five (5) pages.

(B) <u>Appendices and Other Supporting Documents</u>. Except as provided in paragraph (d)(3) of this Rule, appendices, exhibits and any other documents of any kind, however denominated, that are attached to or filed

in connection with a motion or objection may not exceed a total of fifteen (15) pages in the aggregate.

(2) **Format.** The text of all memoranda in support of motions, objections and replies shall be double-spaced and typed in at least 12-point font. Footnotes shall be in at least 10-point font and may be single-spaced. In addition, all motions, objections and replies shall conform with the requirements of LR Cr 57(a) of these Rules. Page margins shall be at least one inch on all sides, and only one side of each page may be used. Each item attached to the memorandum shall be separately tabbed.

(3) **Requests to Modify Page and Format Restrictions.**

(A) Any request to exceed page limits or to otherwise modify the page and format restrictions for memoranda, motions, objection, replies, appendices and/or exhibits shall be made by motion.

(B) Any such motion shall be filed far enough in advance of the due date to permit the Court to rule on it before that time. If the time required to rule on the motion is likely to extend beyond the deadline, the motion shall be accompanied by a motion to extend the deadline.

(C) A motion to exceed page limits shall state the reasons for the request and the number of pages in the proposed document(s). The proposed document(s) shall not be submitted unless and until the motion to exceed is granted.

**(e) Need for Evidentiary Hearing.** All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

**COMMENTS:**

**Page limitations on appendices**

For the reasons stated in its comments on L.R. Civ. 7(b), we believe that the elimination of page limitations with respect to appendices and other supporting documents is advisable. We note that parties may file a motion to modify these page limitations and believe that courts will routinely grant such motions to ensure the protection of the Sixth Amendment right to present evidence in criminal trials. As such, the proposed rule may complicate rather than simplify the litigation process by requiring the Court to review and decide unnecessary motions. Moreover, given the short time period for filing and responding to motions in criminal cases, there may not be sufficient time to file a request to exceed the page limits before the pleading itself is due.

**Page limitations on memoranda**

We incorporate comments regarding LR Cv 7. For the reasons set forth in the comments with respect to LR Cv. 7 we respectfully request that LR Cr 47 be modified to provide for page limitations of 25 pages for memoranda in support of motions and for 10 pages for reply memoranda.

**RECOMMENDATION:** Amend subpart (d) as follows:

**(d) Memoranda and Supporting Documents.**

**(1) Page Limits**

(A) In General. Unless otherwise permitted by the Court for good cause shown, memoranda in support of motions and objections shall not exceed ~~fifteen (15)~~ twenty five (25)pages. Reply memoranda may not exceed ~~five (5)~~ ten (10) pages.

~~(B) Appendices and Other Supporting Documents. Except as provided in paragraph (d)(3) of this Rule, appendices, exhibits and any other documents of any kind, however denominated, that are attached to or filed in connection with a motion or objection may not exceed a total of fifteen (15) pages in the aggregate.~~

Respectfully Submitted:

Phillip M. Weinstein, Esq.
President
Rhode Island Bar Association

George Lieberman, Esq.
President
Federal Bar Association
Rhode Island Chapter